# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>ESET, LLC, et al.,<br><br>       Defendants. | Case No. 16-cv-03731-JD<br><br>**ORDER RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 69 |

This Order resolves the impasse between the parties on the scope of the patent prosecution bar in the protective order. Dkt. No. 69. On November 22, 2016, Finjan asked the Court to modify the District's Model Protective Order to allow Finjan's attorneys who receive confidential information in this litigation to participate in *inter partes* review proceedings, but not in amending claims. Dkt. No. 64 at 1. Finjan said that its lawyers are currently defending Finjan's patents in nine *inter partes* review proceedings. *Id.* The Court granted Finjan's request, limited to the nine pending proceedings. Dkt. No. 67. Finjan now seeks a broader exemption that would allow its litigation counsel to represent it in any future-filed post-grant proceedings. Dkt. No. 69. The request is granted in part.

Generally, "a party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of the activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of propriety competitive information." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010). In this district, the model protective order establishes a presumption of a "prosecution bar," which includes a bar on original prosecution, reissue and reexamination proceedings. *Grobler v. Apple Inc.*, No. C-12-01534 JST (PSG), 2013 WL

3359274, at *1 (N.D. Cal. May 7, 2013); *see also Kelora Sys., LLC v. Target Corp.*, No. C-10-04947 CW (LB), 2011 WL 6000759, at *2 (N.D. Cal. Aug. 29, 2011).  Under these circumstances, the burden is shifted to the patentee to "establish that an exemption from the bar is appropriate." *Grobler*, 2013 WL 3359274, at *1.

Finjan has met that burden and the Court adopts its proposal, with one modification.  In addition to not participating in claim amendment, Finjan's counsel may handle only review proceedings initiated by third-parties, and only to defend the validity of a challenged patent.  While the Court recognizes that reexamination or review proceedings do not involve the broadening of patent claims, there is still some risk that confidential information could be misused in claim restructuring.  *Id*.  This limitation is consistent with the principles of the model protective order and the practice of allowing litigation counsel a "limited role" in review and reexamination proceedings when highly confidential information such as source code is involved.  *See EPL Holdings, LLC v. Apple Inc.*, No. C-12-04306 JST (JSC), 2013 WL 2181584, *3-4 (N.D. Cal. 2013).  ESET says it is concerned that the prosecution bar cannot be reasonably enforced, but that risk is inherent in protective orders and does not warrant a broader prosecution bar in this instance.  *See Grobler*, 2013 WL 3359274, at *4.  ESET is assured that the Court will promptly address any violations with a firm hand.

Parties will submit a protective order conforming to this Order by **January 20, 2017**.

**IT IS SO ORDERED.**

Dated: January 9, 2017

JAMES DONATO
United States District Judge