UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>                                   Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>                                   Defendants. | Case No.: 3:17-cv-0183-CAB-(BGS)<br><br>**ORDER ON ESET LLC'S MOTION TO DISMISS**<br>**[Doc. No. 47]** |

Before the Court is Defendant ESET LLC's Rule 12(b)(6) motion to dismiss Plaintiff Finjan, Inc.'s complaint for willful infringement of six patents. [Doc. No. 47.]  This motion comes to the Court with an unusual procedural history.

**I.    Background**

Finjan's complaint was filed in the Northern District of California on July 1, 2016 ("N.D. Case").  Earlier that same day, ESET filed a complaint in the Southern District of California, 16-cv-1704, for declaratory judgment of non-infringement of one the patents at issue in the Finjan complaint ("S.D. Case").  On July 26, 2016, Finjan moved to dismiss the S.D. Case in light of the N.D. Case.  On July 27, 2016, ESET moved to dismiss the N.D. Case in light of the S.D. Case.  On September 1, 2016, District Judge James Donato

stayed the N.D. Case while this Court considered Finjan's motion to dismiss the S.D. Case. On September 26, 2016, this Court granted Finjan's motion to dismiss the S.D. Case.

At a hearing on October 6, 2016, Judge Donato lifted the stay in the N.D. Case and discussed with the parties setting a case management conference and issuing a scheduling order. [Doc. No. 56-3, at 10-11.] Judge Donato instructed the parties to proceed with initial disclosures in accordance with the local patent rules and submit a proposed scheduling order. [*Id.*] The court also discussed the negotiation history between the parties and mediation potential.

Although an answer had not yet been filed, there was no discussion regarding ESET filing a responsive pleading to the complaint. Defense counsel stated ESET would file a motion for change of venue, which was filed November 14, 2016 [Doc. No. 60], he never apprised the court however that ESET would also file a motion to dismiss pursuant to Rule 12(b)(6) to challenge the adequacy of the pleadings under Rule 8. [Doc. No. 56-3 at 16.] On October 20, 2016, the parties filed a Joint Case Management Statement [Doc. No. 49] as directed by the court, and at the same time ESET filed this motion to dismiss for failure to state a claim, that is now before this Court.

On November 14, 2016, despite the pending motion to dismiss the complaint, Judge Donato entered a Scheduling Order [Doc. No. 61] that among other things required: (1) the parties make initial disclosures by November 21, 2016; (2) Finjan provide infringement contentions by December 9, 2016 and make a Preliminary Election of Asserted Claims by January 11, 2017 [Doc. No. 72]; and (3) ESET provide invalidity contentions by January 20, 2017 and make a Preliminary Election of Prior Art by January 25, 2017 [Doc. No. 74]. On January 26, 2017, without ruling on the motion to dismiss, Judge Donato granted ESET's motion for change of venue and ordered this case transferred to the Southern District of California [Doc. No. 75] and it was ultimately assigned to the undersigned by low number rule [Doc. No. 84] with the motion to dismiss still pending. On March 20, 2017, the Court heard argument on the motion.

## II. Discussion

ESET challenges the sufficiency of the pleadings with regard to the allegations of direct infringement, inducing infringement and willful infringement of the six patents at issue. Although a motion to dismiss is based on the adequacy of the pleading itself, the Court does not believe in the context of this particular case that it would be a proper application of Rule 1, which directs the Court and the parties to construe and administer the rules of civil procedure to secure the just, speedy and inexpensive determination of every action and proceeding, for the Court to simply ignore all that has transpired since the complaint was filed. The Court will therefore consider ESET's motion to dismiss in light of all the information that has been disclosed between the parties regarding the allegations of patent infringement in this case pursuant to the Scheduling Order entered by Judge Donato.

1. <u>Dismissal of all Patents Based on Unsupported Allegations All Claims Infringed.</u>

Defendant moved in part to dismiss the complaint as to all asserted patents because the complaint alleges infringement of every claim of each asserted patent without providing plausible allegations specific to each and every claim as to what accused product infringes each element of each claim and how. Plaintiff has however at this point, pursuant to the court's scheduling order, narrowed the list to 25 total claims and provided claim charts for each of those asserted claims directed to an accused product. The Court therefore deems the matter of the sufficiency of the pleadings with regard to the now unasserted claims to be moot.[1]

Based on Finjan's Preliminary Election of Asserted Claims and Preliminary Infringement Contentions the following claims are presently at issue before the Court:

/////

---

[1] This determination does not preclude Finjan from seeking to renew allegations of infringement as to the withdrawn claims of the patents at issue should Finjan contend it necessary to do so following claim construction or with leave of court upon a showing of good cause.

| Patent | Claim | Type of Infringement Alleged |
|---|---|---|
| 6,154,844 | Independent Claim 1 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 7 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 11 | Direct 271(a) and Inducing 271(b) |
| | Independent Claim 15 | Direct 271(a) |
| | Dependent Claim 16 | Direct 271(a) |
| | Dependent Claim 21 | Direct 271(a) |
| 6,804,780 | Independent Claim 9 | Direct 271(a) |
| | Dependent Claim 13 | Direct 271(a) |
| | Independent Claim 18 | Direct 271(a) |
| 7,975,305 | Independent Claim 1 | Direct 271(a) |
| | Dependent Claim 2 | Direct 271(a) |
| | Dependent Claim 7 | Direct 271(a) |
| | Dependent Claim 11 | Direct 271(a) |
| 8,079,086 | Independent Claim 1 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 2 | Direct 271(a) and Inducing 271(b) |
| | Independent Claim 9 | Direct 271(a) |
| | Dependent Claim 10 | Direct 271(a) |
| | Independent Claim 24 | Direct 271(a) |
| 9,189,621 | Independent Claim 1 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 5 | Direct 271(a) and Inducing 271(b) |
| | Independent Claim 10 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 13 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 15 | Direct 271(a) and Inducing 271(b) |
| 9,219,755 | Independent Claim 3 | Direct 271(a) and Inducing 271(b) |
| | Dependent Claim 6 | Direct 271(a) and Inducing 271(b) |

2. <u>Dismissal of Direct Infringement Claims of '621, '755 and '305 Patents.</u>

Defendant moved to dismiss the allegations of direct infringement of the '621 patent and '755 patent because they cover systems that include computer hardware elements such as a processor and memory, and the '305 patent because it covers a system that includes the element of a network interface housed within a computer. The accused products are security software products so Defendant asserts it does not make, use or sell a product that Finjan can plausibly allege meets all the limitations of these system claims. Finjan's infringement contentions however include user guides for the accused software that describe hardware system components required to operate the software. To ascertain the required or recommended hardware components needed to utilize the software, it is plausible that ESET uses a system within the scope of the claims. Unauthorized use of the patented system, even for the purpose of developing, testing and improving the software products ESET sells can constitute infringement.[2] Finjan's infringement contentions provide a sufficient basis for a plausible claim of direct infringement, and the Court finds it unnecessary for Plaintiff to amend the complaint to incorporate the information set forth in the contentions to meet Rule 8 requirements.[3] The motion to dismiss the claims of direct infringement of the '621, '755 and '305 patents is denied.

3. <u>Dismissal of the Indirect Infringement Claims.</u>

With regard to the allegations of inducing infringement which requires prior knowledge of the patents by the Defendant, based on the Plaintiff's narrowed infringement contentions, there are presently four patents to which this allegation is asserted: Claims 1,

---

[2] ESET denied such use at the hearing, but for purposes of the motion to dismiss such use is a plausible allegation.

[3] This determination is limited to whether a sufficient pleading under Rule 8 was, or could be provided. It is not a determination in any way on the merits of Plaintiff's direct infringement allegations. Nor does it preclude Finjan from establishing an alternative theory of direct infringement. In its opposition Finjan contended that ESET directly infringes the claimed systems by putting the invention into service, i.e., controlling the system as a whole and obtaining benefit from it. *Centillion Data Sys., LLC v. Quest Commc'ns Int'l, Inc.,* 631 F.3d 1279, 1284 (Fed. Cir. 2011).

7 and 11 of the '844 patent; Claims 1 and 2 of the '086 patent; Claims 1, 5, 10, 13, and 15 of the '621 patent; and Claims 3 and 6 of the '755 patent.

The complaint on its face alleges that Defendant was notified of the '844 patent in or about January 22, 2015. [Doc. No. 1 at ¶ 48.] There is no specific date alleged that Defendant became aware of the '086 patent [*id.* at ¶ 96], but at argument Plaintiff represented it could establish Defendant was notified of the '086 patent no later than February, 2015. The complaint alleges that the parties engaged in in-person and telephonic meetings from October 2015 through April 2016 at which Plaintiff offered element by element explanations of its infringement allegations and Defendant nevertheless continued to engage in the alleged infringing activities.[4] The Court does not find it necessary at this juncture for Plaintiff to amend to add the February date of notice of the '086 patent to plausibly state an inducement claim.

As for the '621 patent and the '755 patent, the complaint does not adequately allege that the Defendant had knowledge of these two patents prior to the filing of the lawsuit. There is a generic recitation that Defendant was aware of Plaintiff's patent portfolio, but that is not sufficient to demonstrate that Defendant specifically knew of these two patents, that issued on November 17, 2015 and December 22, 2015, respectively, prior to the filing of the lawsuit. Plaintiff did not offer that it could establish a date Defendant knew of these two patents earlier than the filing of the lawsuit.

Defendant therefore argued that the requisite knowledge for inducing infringement cannot be established by the filing of the complaint for subsequent acts, citing *Mallinckrodt Inc. v. E-Z-EM Inc.,* 670 F.Supp.2d 349, 354 (D. Del. 2009). Plaintiff however countered that knowledge of the patents based on the filing of a complaint is sufficient to meet the knowledge requirement for an induced infringement claim. *See Bascom Research LLC v.*

---

[4] In light of Plaintiff's reliance in the complaint and in opposition to this motion on the pre-lawsuit negotiations as evidence to support allegations of inducing infringement and willful infringement, the Court determines that Defendant may also rely upon and use in its defense evidence from those same negotiations.

*Facebook, Inc.,* 2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013).  There is a split among District Courts, but the weight of authority in the Northern District of California, where this case was originally filed, is that knowledge of the patents can be established through the filing. *Id.*  The claim for induced infringement is however, limited to the post-filing conduct, which this Court adopts for this case.  Consequently, Plaintiff may proceed on the inducement claims for the '621 and the '755 patents for post-filing conduct.

As with the allegations of direct infringement, the subsequently produced infringement contentions provide sufficient allegations that Defendant instructed customers in the use of the accused products in systems or methods that would infringe the asserted claims.  The information is sufficient to put Defendant on notice of what is asserted and the Court does not find it necessary in the context of this particular case for the Plaintiff to amend to establish plausible claims of inducing infringement.

The motion to dismiss the inducement claims as to the '844 and '086 patents is denied. The motion to dismiss the inducement claims as to the '621 and '755 patents is denied, but the allegation for these two patents is limited to post-filing conduct.

4. <u>Dismissal of the Willful Infringement Allegations</u>.

The complaint alleges that prior to the filing of the lawsuit Finjan put ESET on notice of its contentions ESET's products infringe the patents at issue.  Despite that notice and related meetings between the parties to address those contentions, the complaint asserts that ESET continues to sell products alleged to infringe.

Willfulness is measured by reference to the knowledge of the accused infringer at the time of the challenged conduct.  *See Halo Electronics Inc. v. Pulse Electronics, Inc.,* 136 S. Ct. 1923, 1933 (2016).  The complaint states sufficient facts to allege ESET's continued sales are willful.  ESET may introduce evidence of its response to Finjan's notice of infringement and the steps it took to address those contentions.  The motion to dismiss the willful infringement allegations is denied.

### III. Conclusion

ESET is ordered to file an answer to the complaint no later than April 3, 2017 in accordance with this order. The parties are further ordered to file a joint proposed schedule for a tutorial and claim construction hearing no later than April 3, 2017. The parties are instructed to meet and confer to determine a maximum of 15 claim terms or phrases that require construction and are deemed the most significant to resolution of this matter. Additional terms or phrases may only be submitted for construction upon a showing of good cause. Finally, plaintiff is directed to lodge with the Court any claim construction orders issued by any other courts on these patents no later than April 3, 2017.

It is **SO ORDERED**.

Dated: March 21, 2017

Hon. Cathy Ann Bencivengo
United States District Judge