UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-0183-CAB-(BGS)<br><br>**ORDER ON ESET SPOL'S MOTION TO DISMISS**<br>**[Doc. No. 55]** |

　　　　Before the Court is Defendant ESET spol s.r.o.'s motion to dismiss Plaintiff Finjan's complaint against it for patent infringement for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Doc. No. 55.] Finjan filed an opposition. [Doc. No. 63.] ESET spol filed a reply. [Doc. No. 65.] The Court heard argument on March 20, 2017. For the reasons set forth on the record and summarized below the motion is **DENIED**.

　　　　ESET spol, headquartered in Bratislava in the Slovak Republic, is the parent company of co-defendant ESET LLC. Finjan has accused both ESET spol and ESET LLC of making, using, selling and importing products that infringe, or inducing the infringement, of six Finjan patents. In its complaint Finjan alleges that ESET spol and

1

ESET LLC both do sufficient business in the Northern District of California[1] to establish minimum contacts for personal jurisdiction. ESET LLC, a California corporation with its principal place of business in San Diego does not dispute this general allegation. ESET spol however does.

Personal jurisdiction issues in patent cases are governed by Federal Circuit law. The plaintiff bears the burden of making a *prima facie* showing that a defendant is subject to personal jurisdiction. The Court is required to resolve any factual conflicts in the plaintiff's favor. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind.*, 563 F.3d 1285, 1292 (Fed. Cir. 2009). Finjan contends that ESET spol's minimum contacts with the United States are sufficient to establish specific personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure.

Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if: (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process. *Id*. at 1293-94. It is undisputed in this case the Plaintiff's claims for patent infringement arise under federal law and that the Defendant is not subject to suit in the courts of general jurisdiction of any state. The Plaintiff must therefore establish the third requirement, that the Defendant has affiliating contacts with the entire United States sufficient to justify the exercise of personal jurisdiction. *Id.* at 1295.

Due process requires only that in order to subject a defendant to a judgment in personam, the defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l. Shoe Co. v. Washington*, 326 U.S. 319 316 (1945). To be subject to specific

---

[1] This matter was transferred to this judicial district at the request of defendant ESET LLC while the motion to dismiss was pending. The analysis of personal jurisdiction for ESET spol, however is not dependent on its contacts with a specific judicial district but on the evidence of sufficient minimum contacts with the United States.

jurisdiction, (1) the defendant must purposefully direct its activities at residents of the forum, (2) the claim must arise out of or relate to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair. A substantial connection with a forum arising out of a single act can support jurisdiction. *Synthes*, 563 F.3d at 1297.

Finjan provided evidence that ESET spol develops the software products accused of infringement. It has registered numerous U.S. trademarks and copyrights related to the accused software. ESET spol is the registered owner and administrator of the website eset.com. The accused software is advertised, sold, and serviced through this website. U.S. consumer queries to ESET spol's website, eset.com, are automatically routed to ESET spol's North American subsidiary ESET LLC. ESET LLC does not however operate its own website. ESET LLC receives its consumer traffic through the website owned and administered by ESET spol.

The End–User license agreement for purchasers of the accused software states it is "executed by and between ESET, spol s.r.o., having its registered office at Einsteinova 24, 851 01 Bratislava, Slovak Republic, registered in the Commercial Register administered by Bratislava I District Court, Section Sro, Entry No 3586/B, Business Registration Number 31 333 535 or another company from the ESET Group" and the buyer. The agreement provides no specific identification of any other ESET company, such that a buyer would have any understanding that he or she was entering into a license agreement with any entity other than ESET spol. ESET LLC uses this form of license and does not provide a separate form for U.S. customers identifying ESET LLC as the licensor.

Resolving conflicts in favor of Finjan, the Court finds that Finjan has made a *prima facie* showing that ESET spol had purposefully directed activities that relate to the claims at issue to residents of the United States and has sufficient contacts such that the exercise of jurisdiction in this case over ESET spol is reasonable, under Rule 4(k)(2). The motion to dismiss for lack of personal jurisdiction is denied.

With regard to the request to dismiss for failure to state a claim under Rule 12(b)(6), ESET spol is correct that the complaint does not differentiate between ESET spol and ESET LLC regarding the allegations of infringement. The Court separately found in ESET LLC's motion to dismiss [Doc. No. 105] that the subsequent infringement contentions and election of claims served by Finjan generally resolved the specificity concerns raised by the Defendants.[2] Finjan contends that ESET spol is liable for the direct and indirect infringement of its patents through the importation of the software and operation of the website. The Court finds the allegations at this point in the litigation sufficiently described to put ESET spol on notice of Finjan's claims. The motion to dismiss for failure to state a claim is therefore denied.

ESET spol is ordered to file an answer no later than April 3, 2017 in accordance with the Court's order issued at Doc. No. 105.

It is **SO ORDERED**.

Dated: March 21, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] As noted in the order on ESET LLC's motion to dismiss, significant work has been done by Finjan to narrow and more particularly identify the claims of infringement pursuant to the scheduling order entered before the case was transferred. Consequently, the Court finds the need to amend the complaint to provide adequate notice to the defendants has become generally moot.