1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

**SAN DIEGO DIVISION**

11

12    FINJAN, INC.,

13              Plaintiff,

14    v.

15

16    ESET, LLC, and ESET SPOL, S.R.O.,

17

18                         Defendants.
              Defendants.

19

Case No.: 3:17-cv-00183-CAB-BGS

**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

[ECF No. 97]

20

21        The parties Joint Motion for Entry of Stipulated Order Regarding Discovery of

22    Electronically Stored Information is **GRANTED** as follows.

23    ///

24
25
26
27
28

**Purpose**

1.      This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the Civil Local Rules, and any other applicable orders and rules.  The parties' agreement to the terms of this Order should not be deemed an acknowledgement that any information hereby excluded from discovery would or would not be discoverable in the absence of this Order.  Nothing in this Order shall waive in whole or in part any objection raised by a party in its written responses to specific discovery requests served in this action.

**Cooperation**

2.      The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

**Modifications**

3.      This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**Liaison**

4.      The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Finjan's liaisons include Cristina Martinez, Aakash Jariwala and Aaron Frankel.  ESET's liaisons include Scott Penner and Justin Gray.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**Preservation**

5.      The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Each party will preserve all ESI that is relevant to the claims and defenses in this litigation that was created or received on or after July 1, 2010;

b) Each party will preserve, regardless of date, all ESI concerning the Patents-in-Suit, any products or services related to the conception or reduction to practice of or covered by the Patents-in-Suit, any products or services accused of infringement in this action and any information specifically regarding the other party;

c) For the purposes of this litigation, the parties agree that ESI from the following data sources will be considered not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and the parties agree they need not preserve the following:  (i) recorded voice messages; (ii) instant messaging communications that are not ordinarily printed or maintained in a server dedicated to instant messaging; (iii) temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system; (iv) on-line access data such as temporary Internet files, history, cache, cookies, and the like; (v) device-to-device (pin-to-pin) messages sent to or from mobile devices (e.g., Android, iPhone, and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere; (vi) other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere; (vii) logs of calls made from mobile devices; (viii) server, system or network logs; (ix) electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

3

d) For the purposes of this litigation, the parties agree that ESI from the following data sources could contain relevant information and should be preserved, but under the proportionality factors need not be searched, reviewed or produced absent good cause shown by the requesting party:  (i) backup tapes intended for disaster-recovery purposes that are not indexed, organized, or susceptible to electronic searching and that are substantially duplicative of data more accessible elsewhere, and (ii) deleted data remaining in fragmented form only accessible by forensics.  If a producing party contends that responsive ESI from any sources other than (i)-(ii) above (and other than sources that need not be preserved per paragraph 6(c) above) need not be searched, reviewed or produced, that party shall timely identify such ESI with reasonably particularity and shall provide the receiving party with the basis for declining to produce such ESI.  The parties shall negotiate in good faith regarding the production of any such ESI.

**Production Format**

6.      Documents will be produced in single-page TIFF format with full-text extraction and database load files, with the exception that spreadsheets shall be produced in native format.  If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file.  All text files should be produced as document level text files with a path to the text file included in the database load file; extracted text/OCR should not be embedded in the load file itself.  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format to the extent reasonably accessible.  Additionally, in the event that production of a document in TIFF image file format would be impracticable, the producing party shall have the option of producing such document in native format.

4

**Metadata**

7.      The following metadata shall be provided within the delimited file described above for each document to the extent reasonably accessible: Extracted text, Parent-Child relationships.

8.      Additionally, for emails, the following additional metadata shall be provided to the extent it exists and is reasonably accessible: To, From, CC, BCC, Date Sent, Time Sent, Subject and Parent-child relationships.

9.      Should additional metadata exist that if provided would significantly aid a receiving party in understanding or using a particular document(s), if requested, the producing party shall not unreasonably withhold such metadata if such metadata is reasonably accessible.

**Email**

10.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  Email production requests shall be governed by the search term process outlined below.

11.      A requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The parties shall meet and confer as soon as possible to identify the custodians who are most likely to have responsive or relevant emails.

12.      Each requesting party shall limit its email production requests to a total of five search terms per custodian.  The parties may jointly agree to modify this limit without the Court's leave.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or

phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  A disjunctive string of patent numbers that are asserted in this litigation shall only count as a single search term.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  If the producing party is aware that the requesting party's search parameters would fail to locate a substantial amount of responsive emails, the producing party shall promptly notify the requesting party of such fact and the parties shall meet and confer to identify appropriate search parameters.

14.     If a party determines that additional custodians or search terms are required and the parties are unable to reach agreement regarding the request following good faith meet and confer efforts, the party requesting additional custodians and/or search terms may seek relief from the Court based on a showing of good cause pursuant to the procedures set forth in the Civil Local Rules and Chambers' Rules governing discovery disputes.

15.     Nothing in this Order or the parties' agreement to limit email using the foregoing search parameters shall relieve the parties of any obligations they may have to produce responsive ESI that they know about but that may not fall within the parties' agreed-upon search parameters.  To the extent a party is aware or made aware of a substantial amount of responsive ESI that has not fallen within the parties' agreed-upon search parameters, it agrees to promptly notify the requesting party and to meet and confer with the requesting party to modify the parties' agreed-upon search parameters in order to encompass such ESI.

**Other ESI**

16.     For all other ESI that must be preserved and searched, reviewed and produced, and which does not qualify as email ESI as set forth above, a producing party shall be subject to its general obligation to conduct a reasonable search to locate and produce any responsive information (subject to its objections) pursuant to Federal Rule of Civil Procedure 34.  Such search may include using search terms (such as those identified above and/or any other search terms necessary to retrieve documents responsive to the requesting party's requests for production of documents) to search ESI on central databases, servers, or individual hard drives, or producing all ESI from particular electronic folders or files likely to contain responsive information, and/or any other appropriate method to capture the responsive information.

**Privilege and Lack of Waiver**

17.     The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected except to challenge the privilege or protection.

18.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

19.     The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.


**IT IS SO ORDERED**.

Dated:  March 24, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge

7

17cv183 CAB (BGS)