UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER ON RULE 30(b)(6) DEPOSITIONS**<br><br>[ECF No. 201] |

On November 15, 2017, the Court ordered the parties to present their arguments in a joint statement regarding the location of the depositions of Defendants' Rule 30(b)(6) witnesses.

## BACKGROUND

Plaintiff served a Rule 30(b)(6) notice on Defendants ESET LLC and ESET SPOL. S.R.O. ("ESET" unless otherwise distinguished) for San Diego.[1]  ESET identified 10 witnesses, 9 of whom are located in Slovakia, where Defendant ESET LLC's parent, Defendant ESET SPOL, has its principal place of business.  Finjan moves this Court to

---

[1] The deposition notice the parties submitted identifies Finjan's counsel's offices in Menlo Park, California as the location for the depositions, however, the Joint Statement indicates Finjan seeks to conduct the depositions in San Diego. (ECF No. 201 at 3, 6.)

1

order the depositions to take place in San Diego, whereas ESET moves for an order requiring the depositions to take place in Slovakia.

## DISCUSSION

Both Parties in their joint statement concur that there is a presumption that Rule 30(b)(6) depositions of corporate witnesses are held at a company's headquarters. (ECF No. 201 at 4-5.) However, since ESET in effect is seeking a court order setting the location of the place of deposing these witnesses to Slovakia, a location other than the noticed location of San Diego, the Court views ESET as requesting a protective order under Federal Rule of Civil Procedure 26(c).

The general rule for setting the location of a corporate party's deposition is that it should ordinarily take place at its principal place of business. *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005)(citation omitted). However, the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order designating a different place. *Id.* (citations omitted). The Court may for good cause issue an order to protect a party from undue burden or expense including specifying time and place for discovery. *See* Rule 26(c)(1)(B).

In determining whether to impose a protective order, the Court considers the initial presumption that a corporate defendant should be deposed in the district of the corporation's principal place of business. However, a number of factors serve to dissipate the presumption, which include location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court, whether the persons sought to be deposed often engage in travel for business purposes, and the equities with regard to the nature of the claim and the parties' relationship. *Cadent Ltd.*, 232 F.R.D. at 628-629 (citations omitted). Whether the defendant will suffer financial hardship is a main consideration. *See id.* at 629 (citations omitted). The Court addresses each.

///

1. Location of Counsel in the Forum District

Although all counsel are in California, only ESET's counsel are in the forum district. However, since ESET's counsel are located in the forum district, they would not suffer any financial hardship were the Court to order the depositions in San Diego. This factor weighs in favor of the depositions being conducted in San Diego.

2. Number of Corporate Representatives to be Deposed

ESET has identified 10 witnesses with knowledge of the thirty-nine 30(b)(6) topics noticed by Finjan. Seven of these witnesses are in Bratislava, Slovakia, and two are in Krakow, Poland. According to ESET, and not objected to by Finjan, five of these witnesses lack passports or visas to travel to the United States. (ECF 201 at 6.) According to ESET, were these witnesses ordered to be deposed here, the cost would be nearly nine lost man-weeks of work. (*Id.*) Further, some of these witnesses have knowledge as to only a single topic, and their deposition may take only a few hours. (*Id.*)

Judicial economy and the convenience of the parties, unnecessary trouble and expense due to being required to travel a great distance are proper considerations in deciding where the depositions should take place. *Cadent Ltd.*, 232 F.R.D. at 629 (citations omitted). The Court finds this factor weighs heavily in favor of ordering the depositions to take place in Slovakia.

3. Likelihood of Discovery Disputes

To date there have been no discovery disputes regarding objections during depositions. Neither party in their Joint Statement mention this factor. The Court finds this factor is neutral.[2]

4. Whether the Witnesses Often Engage in Travel for Business Purposes

Neither party has proffered information on this issue. However, ESET asserts that

---

[2] Although due to time zone differences the Court would not be able to address issues that might arise during a deposition while it is taking place, counsel can arrange to contact the Court for resolution telephonically shortly after any dispute might arise.

five of the 10 witnesses do not have passports or visas to travel to the U.S. This factor appears to favor ESET, at least as to these five witnesses.

5. Equities Regarding the Nature of Claim and Parties Relationship

Neither party has proffered any information on this factor.

Considering all the factors, the Court finds that the *Cadent* factors weigh in favor of ESET, and therefore finds that the presumption that Rule 30(b)(6) depositions of corporate witnesses are held at a company's headquarters has not been rebutted. It appears from the Joint Statement that holding Finjan's depositions of ESET's 30(b)(6) witnesses in Slovakia is more convenient, less time consuming, and less expensive. Therefore, the Court orders these depositions be taken in Bratislava, Slovakia.[3]

## CONCLUSION

The Court orders the Rule 30(b)(6) depositions be taken in Bratislava, Slovakia.

Dated: November 29, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[3] Finjan requests that if the depositions are ordered to take place in Slovakia, ESET be barred from bringing those witnesses at trial, represent its productions and other discovery responses are complete prior to the scheduling of the depositions, and bring those witnesses to the United States for deposition if ESET provides new discovery relevant to their testimony after they have been deposed in Slovakia. (ECF 200 at 4-5.) The Court does not find these conditions are justified or necessary at this time.