UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER ON DISCOVERY DISPUTE REGARDING INTERROGATORY NO. 6**<br><br>[ECF 215] |

Plaintiff Finjan, Inc. ("Finjan") seeks to compel further responses to Finjan's Interrogatory No. 6 ("ROG 6") which seeks ESET, LLC and ESET spol. S.R.O.'s ("ESET") noninfringement contentions. (Joint Statement on Discovery Issue Relating to ESETs Response to Finjan's Interrogatory No. 6, ECF 215 at 1-3[1].) ESET opposes providing any further response. (*Id.* at 4-6.) For the reasons set forth below, Finjan's request is **GRANTED in part and DENIED in part**.

---

[1] The Court references the CM/ECF pagination. ECF 215 corresponds to the parties' Joint Statement and ECF 215-1 corresponds to Exhibit A, ESET's Response to Plaintiff's Second Set of Interrogatories.

1

## I. BACKGROUND

ROG 6 states:

> Separately for each Asserted Claim of the Asserted Patents, identify all legal and factual bases for your contention that ESET does not infringe such claim, including a chart that identifies each claim element that ESET contends is not satisfied by the Accused Instrumentality(ies) for that claim, and a substantive, particularized description of how and why that element is not satisfied, including citation to specific components and functions of the Accused Instrumentality(ies) and all documents and things in support of your position, including source code modules.

(ECF No. 215-1 at 8.)

ESET responded without waiving its general and specific objections. (ECF No. 215-1 at 8.) As to each patent-in-suit it provided a chart which listed in italics the limitations the accused instrumentalities do not infringe. (*Id.* at 10-20.) As to some of the patents-in-suit ESET also provided a brief explanation as to how the products do not infringe the asserted claims. For example, "it does not practice the claimed methods" (ECF 215-1 at 11, 15); "its products only function downstream of the web server" (*id.* at 11); "[it] does not provide 'memory storing a first rule set'" (*id.*); "it does not provide the 'network interface' component of the system" (*id.* at 14); "its products do not modify Downloadables to append any information to the end of the Downloadable, nor do any of the products generate a Downloadable Security Profile" (*id.* at 16); "it does not supply at least the 'processor,' 'memory,' 'operating system probes,' or 'interrupter.'" (*Id.* at 18.)

## II. DISCUSSION

Finjan argues that ESET's response is insufficient. As to ESET's chart, Finjan seeks explanation why any element is not met since Finjan's infringement contentions explain how that element is in fact met. (ECF No. 215 at 2.) Finjan cites to various districts' local patent rules and decisions applying them that require detailed explanations in support of noninfringement contentions. (*Id.* at 3 nn. 1-4.) As to the additional descriptions ESET set forth as to some of the patents-in-suit, (detailed above), Finjan complains that ESET does not tie these short descriptions to claim elements nor does

ESET provide any support for its position. (*Id.*) Finjan claims prejudice for this conclusory response in that it is not on fair notice of ESET's noninfringement contentions, and it cannot focus its discovery efforts and develop its case. (*Id.* at 4.)

ESET argues the ROG goes beyond the permitted 25 interrogatories, is premature, and overly burdensome. (ECF No. 215 at 5.) Further, it asserts that its response is sufficient, identifying the specific elements missing from the claims, and has explained why those elements are missing. (*Id.*) ESET contends it cannot prove a negative. (*Id.* at It is not possible for it to identify specific source code and documents to prove what ESET's code does not do. (*Id.* at 7.)

### A. Legal Standards

In general, the Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in determining what is relevant regarding discovery. *Facedouble, Inc. v. Face.com*, No. 12cv1584 DMS (MDD), 2014 WL 585868, at *1 (S.D. Cal. Feb. 13, 2014). Limits on discovery may be issued where the "burden or expense outweighs the likely benefits." *Id*. (citing Fed. R. Civ. P. 26(b)).

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Furthermore, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). In certain circumstances the responding party has the option to answer the interrogatory by specifying responsive records and making those available to the interrogating party. Rule 33(d).

Contention interrogatories are distinct from interrogatories seeking the identification of witnesses or documents related to allegations. *In re Grand Casinos Inc. Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998). Contention interrogatories may ask another party to state all the facts on which it bases its contentions. *Id.* Further, a contention interrogatory is appropriate during the early phases of discovery where

3

answering them would "'contribute meaningfully' to (1) clarifying the issues of the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56." *HTC Corp. v. Tech. Props. Ltd.*, No. C08-00882, 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011) (quoting *In re Convergent Techs. Sec.Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)). "A non-infringement contention interrogatory is appropriate where plaintiff has provided its infringement contentions with corresponding claim charts, thereby allowing defendant to respond." *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, No. 13cv1523 BEN (BLM), 2014 WL 4961437, at *3 (S.D. Cal. Oct. 3, 2014); *see also Facedouble, Inc.* 2014 WL 585868, at *2.

### B. Analysis

#### 1. Waiver of Objections

In its response to ROG 6, ESET objected generally and specifically, alleging in part that it was premature and well beyond the twenty-five limit for interrogatories. (ECF No. 215-1 at 8-9.) However, ESET then responded "subject to and without waiving" these objections. (*Id.* at 9.) This language is typically referred to as a conditional response.

Written responses to requests for production of documents must be unconditional, and may not reserve the right to raise objections in the future. Language such as "without waiving objections" preserves nothing. *Consumer Elecs. Ass'n v. Compras and Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fl. Sept. 18, 2008). Objections preceding such language are deemed waived, and the response to the discovery request stands. *Estridge v. Target Corp.*, No. 11-61490-CIV, 2012 WL 527051, at *2 (S.D. Fla. Feb. 16, 2012). Notwithstanding, if the response puts the requesting party on notice that the responding party is withholding certain documents, that objection is preserved so long as the requesting party is not left guessing as to what documents are being withheld. *Sprint Commc'ns Co., v. Comcast Cable Commc'ns, LLC*, Nos 11-2684, 2685, 2686 –JWL, 2014 WL 1569963, at *3 (D. Kan. April 18,

2014). In such a case the objection is not waived. Instead, the proper procedure is to challenge the objection by bringing a motion to compel and requiring the responding party to defend the merits of its response.

The Court finds that ESET's objections based on prematurity and excessive interrogatories waived. However, it finds ESET's response to ROG 6 has preserved its objections as to overly broad and unduly burdensome.

## 2. Whether the Scope of Interrogatory 6 is Overly Broad and Burdensome; and Whether Supplemental Responses are Necessary

As an initial matter, the Court notes that ROG 6 asks ESET to "identify *all* legal and factual bases," as well as citations to *all* documents and things in support" of its position. (ECF 215-1 at 8 (emphasis added).) The Court finds this request is overly broad and unduly burdensome. An interrogatory may reasonably ask for the material and principal facts which support a contention. However, to require all facts, applications of law, all documents and things "would too often require a laborious, time consuming analysis." *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998). The burden to answer then outweighs its benefit. *Id.* The request's excessively burdensome nature becomes especially clear when considering Finjan's stated purpose for asking it: to be given fair notice of ESET's noninfringement contentions and to be able to focus its discovery efforts. (ECF No. 215 at 4.) Satisfying these purposes does not however, require ESET to reply with the entire body of legal and factual evidence in its possession. Therefore, the Court narrows this interrogatory to require ESET to state the principal and material factual and legal bases for asserting its non-infringement contentions, including identifying the principal and material evidence upon which it relies. *See e.g. High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 197875, at *2 (D. Kan. Jan. 20, 2011) (citing *Anderson v. UPS, Inc.*, No. 09-2526, 2010 WL 4822564, at *6 (D. Kan. Nov. 22, 2010)).

Applying this narrower interrogatory to ESET's response to ROG 6, the Court find ESET needs to supplement its response. ESET's chart lists the elements missing from the accused instrumentalities without further explanation as to how they do not infringe the particular element. Various jurisdictions have found that a "recit[ation of the] various claim terms and . . . unexplained denials of infringement" is not a sufficient response to a non-infringement contention. *G. Vincent, Ltd. v. Dux Area, Inc.*, No. C09-383, 2009 WL 5125387, at *1 (W.D. Wash. Dec. 18, 2009); *see also Emcore Corp. v. Optimum Corp.*, No. 06-1202, 2007 WL 852557, at *2 (W.D. Pa. Mar. 16, 2007). The Court concurs with these courts, and finds that ESET's merely listing the missing elements is not an adequate response.

ESET asserts that its chart explains why the elements are not present in the Accused Instrumentalities by listing the missing elements in italics. (ECF No. 215 at 5.) ESET contends that Finjan's request does not ask ESET to explain why any element is not met, based on Finjan's infringement contentions. (*Id.* n.5.)

Interrogatory Number 6 states:

Separately for each Asserted Claim of the Asserted Patents, identify all legal and factual bases for your contention that ESET does not infringe such claim, including a chart that identifies each claim element that ESET contends is not satisfied by the Accused Instrumentality(ies) for that claim, and a substantive, particularized description of *how and why that element is not satisfied*, including citation to specific components and functions of the Accused Instrumentality(ies) and all documents and things in support of your position, including source code modules.

(ECF No. 215-1 at 8 (emphasis added).)

It is clear that ROG 6 is requesting ESET to answer "how" and "why" each element is not satisfied. And the Court's narrowing of the interrogatory does not modify ESET's obligation to respond accordingly.

ESET asserts that "Finjan's contention interrogatory seeks the impossible by asking ESET to prove a negative." (ECF No. 215 at 5.) ESET argues that Finjan is

seeking proof of "where in the ESET documents and source code the missing elements are not described." (ECF No. 215 at 5.) Finjan argues it is not asking ESET to prove a negative, but rather to explain why any element is not met based on Finjan's infringement contentions showing how that element is in fact met. (*Id.* at 4.) Accordingly, the Court finds that to the extent that Finjan has in fact shown how that element is met, ESET is to supplement its chart in accordance with this order by stating the principal and material factual and legal bases for asserting its non-infringement contentions, including identifying the principal and material evidence upon which it relies.

As regards source code, pursuant to *Audatex*, if a party seeks to support its non-infringement arguments with source code, it must "provide citations to the appropriate sections of the code." *Audatex*, 2014 WL 4961437, at *4. Such citations are used as a guide for the opposing party, and could be in the form of a narrative, index, or table of contents, etc. *Facedouble, Inc*. 2014 WL 585868, at *2. Therefore, if any of ESET's non-infringement arguments are supported by certain aspects of its source code, it must provide citations to the appropriate sections thereof. If, on the other hand, ESET does not intend to rely on its source code to argue noninfringement, it should so state in its supplemental response.

ESET also claims that it has satisfied Finjan's request by incorporating Section 1.A of its Invalidity Contentions which provides explanations as to how it does not infringe. (ECF No. 215 at 6.) ESET also points to its particularized descriptions of how and why the elements are not satisfied.[2] (*Id.* at 5.) Finjan in turn argues that these purported

---

[2] ESET has asserted numerous reasons for non-infringement, including: invalidity (ECF No. 215-1 at 10, 12, 13, 14, 17, & 18); "it does not practice the claimed methods" (*id*. at 11 & 15); "its products only function downstream of the web server" (*id*. at 11); "[it] does not provide 'memory storing a first rule set'" (*id*.); "it does not provide the 'network interface' component of the system" (*id*. at 14); "its products do not modify Downloadables to append any information to the end of the Downloadable, nor do any of the products generate a Downloadable Security Profile" (*id*. at 16); "it does not supply at least the 'processor,' 'memory,' 'operating system probes,' or 'interrupter'" (*id*. at 18.)

"descriptions" do no more than briefly state for certain patents (but not all) that its products do not perform certain functions without tying these statements to claim elements or providing any support. (*Id.* at 2.)

Pursuant to this Order, the Court makes no determination as to whether ESET's incorporation of Section 1.A of its Invalidity Contentions as well as its particularized descriptions satisfactorily fill in the missing information in ESET's chart. The Court concurs that "[i]t is not the role of the judge to state what constitutes specific reasons and relevant distinctions. Rather, it is my role to determine if [Defendant] has complied with the spirit of the rule." *Emcore Corp. v. Optimum Corp.*, No. 06-1202, 2007 WL 852557, at *2 (W.D. Pa. Mar. 16, 2007). ESET will have to supplement its chart so that it complies with this Court's order.

## III. CONCLUSION

Therefore, for the reasons stated above, the Court grants Finjan's request in part, and orders ESET to supplement their response to Plaintiff's Interrogatory Number 6 in accordance with this Order.

**IT IS SO ORDERED.**

Dated: March 23, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge