UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> ESET, LLC and ESET SPOL. S.R.O., <br> Defendants. | Case No.: 17-cv-00183-CAB-BGS <br><br> **ORDER ON MOTION TO SAY** <br> **[Doc. No. 224]** |

The motion before the Court is a motion to stay litigation while the patents at issue are subject to review under the *Inter Partes* Review (IPR) procedures of the U.S. Patent Office. The Court finds the motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion is denied in part and granted in part.

**I.  Background**

Plaintiff Finjan, Inc. ("Finjan"), filed the initial complaint in this matter on July 1, 2016 [Doc No. 1] against Defendants ESET, LLC and Eset Spol. S.R.O., (collectively "Defendants" or "Eset") alleging infringement of United States Patent Nos. 6,154,844 (the "'844 Patent"); 6,804,780 (the "'780 Patent"); 7,975,305 (the "'305 Patent"); 8,079,086 (the "'086 Patent"); 9,189,621 (the "'621 Patent"); and 9,219,755 (the "'755 Patent"). In

April 2017, Eset filed its answers, asserting twelve affirmative defenses and sixteen counterclaims. [Doc. Nos. 118, 119.]

The litigation has proceeded through the regular rounds of motion practice, including motions to dismiss, motions to transfer and an earlier motion to stay. On September 25-26, 2017 a claim construction hearing was held and a Preliminary Claim Construction Order issued. [Doc. Nos. 172, 174, 178-1.] The Court requested and received supplemental briefing on certain constructions. [Doc. Nos. 178-1, 181, 182, 183, 186, 187, 190, 191.] On November 14, 2017, a Claim Construction Order issued. [Doc. No. 195.]

Additionally, Finjan filed a Motion for Reconsideration of the Claim Construction Order. [Doc. No. 188.] Defendants filed a response in opposition [Doc. No. 194.] and Plaintiff filed its reply. [Doc. No. 196.] Finjan sought reconsideration on the grounds that the Court had not given appropriate deference to six decisions from three other district court judges regarding the term "before a web server makes the Downloadable available to web clients" in claims 1 and 15 of the '844 patent. [Doc. No. 188-1.] The motion was denied at the February 26, 2018 case management conference. [Doc. No. 225.]

On February 20, 2018, Defendants filed the motion to stay the litigation pending final resolution of ESET's IPR petition on the sole unexpired patent in suit, the '305 Patent. [Doc. No. 224.] Finjan opposed the motion. [Doc. No. 232.] Defendants filed a reply. [Doc. No. 238.] In addition, Finjan filed a Notice of Supplemental Authority Regarding Pending Motion to Stay. [Doc. No. 240.]

**II.     Legal Standard**

Courts have inherent power to manage their dockets and stay proceedings. Factors to be considered are: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving. *TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014), citing *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

### III. Discussion

With regard to timing, the pleadings are finalized. Discovery is ongoing, with completion of document discovery anticipated on June 22, 2018, fact discovery closing on August 3, 2018 and expert discovery ending on September 28, 2018. [Doc. No. 214.] There has been a hearing on claim construction, [Doc. Nos. 172, 174], the issuance of a claim construction order [Doc. No. 195], and a trial date of February 4, 2019, has been set. [Doc. No. 214.]

Whether the stay would simplify the issues for trial is disputed. Defendants contend that following the IPR on all claims of the '305 patent, the Patent Trial and Appeal Board ("PTAB") will "invalidate those claims, thus significantly streamlining this litigation" and, as a result, the damages discovery and analysis will also be simplified. [Doc. No. 224-1 at 10.] Relatedly, Eset asserts that should the '305 claims survive IPR, the Board's decision would engender a narrowing of the prior art available for invalidity defenses. [*Id.*] Finjan counters that the '305 patent will likely be confirmed at the conclusion of the IPR proceeding. [Doc. No. 232. at 14-15.] The fact that the '305 patent is currently in IPR weighs in favor of staying litigation of this specific patent.

Further, Defendants assert a stay of the entire case is warranted because of: (1) the September 22, 2017, petition for IPR filed by Cisco Systems Inc., challengingly the validity of claims 1, 4, 5, 7, 8, 11, 15, 16, 21, and 43 of the '844 patent; (2) the ongoing IPR initiated by Blue Coat Systems LLC, on March 1, 2017, challenging the validity of claims 1, and 6 – 10 of the '621 patent and; (3) the ongoing IPR initiated by Blue Coat Systems LLC, on July 15, 2016, challenging the validity of the claims 1, 5, 10, 13, and 15 of the '621 patent. Defendants posit that these third party actions provide additional grounds for staying the entire action because these decisions could affect the claims in this litigation. [Doc. No. 224-1 at 10-12.] Yet interestingly, while Defendants point to these instituted IPRs as grounds for a stay they have categorically stated on the record that they will not be bound by any determinations that they consider adverse to their position. The Court is not persuaded that these third party actions provide grounds for issuance of a stay. Further, as

Finjan have demonstrated, the '086 patent IPR has been terminated, the '621 patent IPR will be terminated shortly, and the PTAB denied Cisco Systems' petition to institute IPO on the '844 patent on April 3, 2018. [Doc. Nos. 232 at 9-11; 240.] Therefore, "as it stands, there is only one instituted IPR for only one of the six Asserted Patents." [Doc. No. 232 at 8.]

Finally, although the parties dispute whether Finjan will suffer undue prejudice or a clear tactical disadvantage beyond the delay inherent in the stay, the Court concludes that it would. Finjan's efforts to develop and bring new products and services to market as well as license the patents-in-suit will be negatively impacted by a stay.

At this time, the Court does not consider holding up litigation on five other patents while it awaits a determination from PTAB on the only other remaining patent at issue in the case to be a judicious use of its or the parties' time and resources. The Court considers the most efficient route for this litigation is for it to proceed on all but the '305 patent. As to the '305 patent, any other pending and further proceeding related to the '305 patent are **STAYED** until the issuance of the Board's decision. Consequently, Defendants' motion to stay is **denied in part** and **granted in part**. [Doc. No. 224.]

**IT IS SO ORDERED**.

Dated: May 7, 2018

Hon. Cathy Ann Bencivengo
United States District Judge