UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br>                         Defendants. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER ON JOINT STATEMENT ON DISCOVERY ISSUE RELATING TO DOCUMENT REQUEST NO. 11 IN SUBPOENA TO BEY AND COTROPIA**<br><br>[ECF 278] |

      ESET, LLC and ESET SPOL. S.R.O ("ESET") and Third Party Bey and Cotropia have filed a Joint Statement on a dispute regarding ESET's Document Request No. 11 to Bey and Cotropia. (ECF 278.) The Court rules as follows.

## BACKGROUND

      On June 14, 2018, the Court held a telephonic discovery conference regarding Bey's objections to ESET's Document Request No. 11. It demands:

> Documents and Things sufficient to show the dollar amount of the billings, on an annual basis by You to Finjan from November 28, 2000 to present, and facts and circumstances surrounding those billings.

1

17CV183 CAB (BGS)

ESET seeks the above documents and things from attorney Dawn-Marie Bey ("Bey"), with Bey and Cotopia. Bey was Finjan's patent prosecution counsel for the patents-in-suit. The parties are seeking an expedited ruling on Bey's objections because Bey is scheduled to be deposed on June 27, 2018. Given the positions of the parties during the telephonic conference, the Court gave them the opportunity to spell out their positions in a joint statement. The Joint Statement was filed on June 19, 2018. (ECF 278.) In view of the request for expediency, this Order incorporates each parties' positions in the Joint Statement, but does not repeat them fully in this Order.

## DISCUSSION

In sum, ESET states that Request No. 11 is relevant to its Counter Claim 13, Prosecution Laches, and its Counter Claims 16-17, Inequitable Conduct and Bias. Bey objects primarily on relevance grounds.

### I. Counter Claim 13: Prosecution Laches

ESET seeks the discovery, to the extent it is non-privileged, in order to show an unreasonable and unexplained delay in the prosecution of '086, '621, and '755 patents. ESET argues that because Bey was responsible for prosecuting each of these patents, the billing records would show when each particular prosecution matter was opened, how long it took between the initial opening and when the application was first filed, what activities occurred during prosecution of each application, when each activity occurred, and how much time was spent on the activity. (ECF 278 at 3.)

Bey concurs that ESET has to prove unreasonable and unexplained delay, but contends that the dollar amount of the annual billings is not relevant to this claim. Bey's annual billings would not demonstrate what she worked on and when. Any substantive descriptions of her work that could possibly be relevant would be protected by privilege. (*Id.* at 7-8.)

The Court agrees that the annual amount of billing for her work on the patents that are the subject of this claim for prosecution laches is not relevant to proving unreasonable and unexplained delay. However, non-privileged billing records that regard her work on

the patents alleged in this claim are relevant to the extent they demonstrate when each particular prosecution matter was opened, how long it took between the initial opening and when the application was first filed, what activities occurred during prosecution of each application, when each activity occurred, and how much time was spent on the activity. In that request no. 11 also seeks facts and circumstances surrounding the billings, to the extent these documents exist, and are not privileged, Finjan should produce them.

**II. Inequitable Conduct: Counter Claims 16-17**

ESET seeks the amount of money received by Bey in order to prove the specific intent prong of the inequitable conduct claim. (ECF 278 at 4). Specifically, ESET claims that documents showing significant sums of money that have passed between Finjan and Bey in relation to the Finjan patents demonstrate Bey's clear financial interest in keeping Finjan happy and keeping Finjan as a client. Therefore, they are relevant to show intent to deceive. (*Id.*) ESET is requesting Bey's entire period of billing arguing that the cumulative amount of the billings would tend to establish an inference that Bey has a financial motive to deceive the PTO. (*Id.* at 5, n.4.)

Bey argues that ESET cannot meet the stringent standard of proving that Bey had knowledge of a material reference and a deliberate decision to withhold it. (*Id.* at 10.) As Finjan argued in its motion to dismiss, it argues here also that "ESET cannot show intent to deceive since Ms. Bey and Finjan disclosed, and even called particular attention to, various documents relating to the '962 validity finding." (*Id.*) Bey argues that specific dollar amounts "do not make specific intent to deceive more or less probable in this case, let alone lend any support that is the 'single most reasonable inference.'" (*Id.* at 10-11 (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc)).

"To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1290 (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366

(Fed. Cir. 2008)). "A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement. *Id.* (citing *Kingsdown Med. Consultants Ltd. v. Hollister, Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988)). When a case involves nondisclosure, "clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference." *Id.* (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)). "In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.*

ESET has narrowed this discovery request to the specific intent to deceive element of the inequitable conduct defense. *Therasense* lays out the high burden that ESET will have to meet in order to prevail on these claims. However, this is a discovery request, not a motion for summary judgment. As such, ESET is entitled to any non-privileged matter that is relevant to the subject involved in the pending litigation. FRCP 26(b)(1). The annual amount of compensation Bey received from Finjan to work on the patents at issue in Counter Claims 16-17, '621 and '755 respectively, could raise an inference of Bey's financial motive to deceive. ESET is entitled to know how much annual compensation Bey received to work on these two patents.

### III. Bias

ESET seeks payments made to Bey over the course of her relationship with Finjan as relevant to attack her credibility if she were to testify as a witness at trial to rebut ESET's inequitable conduct and prosecution laches counter claims. (ECF 278 at 5.) It argues that the amount of fees an attorney has received from a client may be probative of her bias when called as a fact witness. (*Id.*)

Bey in effect claims the amount of money Bey bills to Finjan is unnecessary to show bias. She was a patent prosecution attorney for Finjan who prosecuted the '086, '621, and '755 patents and was paid an hourly rate for her services. She is not testifying as an expert. (*Id.* at 11.)

If Bey is called to testify to refute the claims that regard inequitable conduct and prosecution laches, the amount of money she received could lead to an inference of bias for Finjan. The court has already found ESET is entitled to the amount of annual compensation she received from Finjan for the two patents in Counter Claims 16-17 on the grounds that it could raise an inference of financial motive to deceive. Bey's testimony at trial would be to rebut those two specific counter claims. The additional probative value added by her annual compensation for all work performed for Finjan seems questionable. Notwithstanding, although arguably intrusive, her compensation for prosecuting the patents-in-suit is relevant to her credibility. Therefore, the Court orders her annual billing for the patents-in-suit she prosecuted for Finjan.

## CONCLUSION

Bey shall produce non-privileged billing records that regard her work on the patents alleged in Counter Claim 13, but only subject to the limitations set forth in Section I above. Additionally, Bey shall produce information on her billings for the patents-in-suit on an annual basis.

Dated: June 25, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge