# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>         Defendants. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER ON DISCOVERY DISPUTES RE: ESET'S INTERROGATORIES 4 AND 6** |

   This Order addresses two discovery disputes currently pending before the Court, ESET's Interrogatory Nos. 4 and 6 to Finjan. Each has been raised by the parties, discussed during a discovery conference, and briefed in joint statements. (ECF 300.)[1] The Court rules as set forth below as to each.

///
///
///

---

[1] There are additional discovery disputes raised in this joint statement that the Court will address separately.

1

# DISCUSSION

## I. Interrogatories 4 and 6

ESET seeks further responses to two of its contention interrogatories. Interrogatory No. 4 seeks very specific information in a chart regarding Finjan's positions on ESET's positions on invalidity of the patents-in-suit. Interrogatory No. 6 seeks a chart providing priority dates on a claim-by-claim basis with mapping of each claim element to the portions of the specification in support.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in determining what is relevant. *Facedouble, Inc. v. Face.com*, No. 12cv1584 DMS (MDD), 2014 WL 585868, at *1 (S.D. Cal. Feb. 13, 2014). And, the 2015 Amendments to Rule 26 made clear that "[r]elevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case." *In re Bard IVC Filters Prods. Liability Litig.*, 317 F.R.D. 562, 564) D. Ariz. 2016). Limits on discovery may be issued where the "burden or expense outweighs the likely benefits." *Facedouble, Inc.*, 2014 WL 585868, at *1 (citing Fed. R. Civ. P. 26(b)). "The court's responsibility, using all the information provided by the parties, is to consider these, [undue burden or expense and importance of information sought,] and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26 advisory committee's notes.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). Interrogatories that seek an opposing party's contentions on a topic within the scope of

Rule 26(b) are permitted. Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.") Contention interrogatories are generally distinguished by, as the name suggests, their request for an opposing party to state its position, or contention, on a particular point. *See In re Grand Casinos Inc. Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998). They may also ask the opposing party to identify the facts, law, or evidence supporting the party's contention. *Id.* Among other reasons, contention interrogatories are used to "narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, Case No. 12-CV-1535-WHO, 2013 WL 5513275, * 1 (N.D. Cal. 2013) (quoting *Lexington Ins. Co. v. Commonwealth Ins. Co.*, C98-3477CRB (JCS), 1999 WL 33292943, *7 (N.D. Cal. Sept. 17, 1999)). They are often considered more appropriate after substantial discovery is completed. *Id.* at *2.

### A. Interrogatory No. 4 – Invalidity Positions

ESET's Interrogatory No. 4 seeks Finjan's contentions regarding ESET's invalidity contentions. It broadly seeks "all legal and factual bases" for Finjan's contention that a claim is valid and very specifically requests the answer in the form of a claim chart broken out by each claim element Finjan contends is not covered by the prior art identified by ESET, a particularized description of how and why it is not covered with citation to specific portions of prior art, and "all Documents and Things" in support. It requests the response include a complete explanation for any disagreements with ESET's invalidity contentions.

ESET argues the interrogatory is equivalent to a Finjan interrogatory seeking ESET's position on which elements of the asserted claims were not practiced by ESET's accused products and seeks the response in a similar chart format. In essence, ESET argues Finjan should have to provide the same level of detail explaining its position with

regard to ESET's invalidity contentions as Finjan demanded of ESET regarding its position on Finjan's infringement contentions.

Finjan has responded to the interrogatory, incorporating its response to Interrogatory No. 3 which includes citation of prior decisions of the Patent Office, district court, and Federal Circuit decisions addressing the validity of the patents-in-suit. Finjan's response also indicates that it disagrees that any of the alleged prior art references invalidates any element of the asserted claims.[2] Finjan argues the detail demanded and the chart format is unduly burdensome, seeks explanations that are the subject of expert opinions that will be provided later, and that it cannot provide a detailed response to ESET's invalidity contentions when the underlying invalidity contentions ESET seeks a response to are not detailed enough to permit the response demanded. Finjan also argues the interrogatory is compound with numerous subparts and improperly shifts the burden of proof on validity to Finjan.

As a threshold issue, Finjan argues that requiring it to explain why its patents are valid shifts the burden of proving invalidity, ESET's burden, to Finjan. However, importantly "[t]he ultimate burden of invalidity . . . does not dictate the scope of discovery. *SPH Am., LLC v. Research in Motion, Ltd.*, No. 13CV2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Aug. 15, 2016) (quoting Rule 26(b)(1) regarding scope of discovery). If ESET is able to present a *prima facie* case of invalidity, Finjan would need to present rebuttal evidence as to validity. *Innovative Scuba Concepts, Inc. v. Feder Indus.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994). To the extent ESET has set out its position on invalidity, it is essentially asking for Finjan's rebuttal positions. That ESET always has the burden of proving invalidity, does not mean Finjan's positions on validity are not relevant or potentially within the scope of permissible discovery. *See Apple, Inc. v. Wi-LAN Inc.*, Case No. 14CV2235 DMS (BLM), 2018 WL 733740, at *5 (S.D. Cal. Feb. 6,

---

[2] The Court is not addressing any objections that haven not been specifically raised with the Court.

2018) ("not required to establish a *prima facie* case of invalidity before . . . seeking discovery on . . . validity contentions"). However, as noted above, relevance alone is not sufficient, the discovery sought must also be proportional to the needs of the case.

Interrogatory No. 4 is overbroad. As the Court explained in a prior order on an interrogatory propounded by Finjan, asking the opposing party to "identify all legal and factual bases" and for "all documents and things in support" of a position is overly broad and unduly burdensome. (March 23, 2018 Order on Finjan's Interrogatory No. 6 at 5.) In addition to the additional limitations set forth below, the Court narrows this interrogatory to only require Finjan to state the principal and material factual and legal bases for its positions. (*Id.*)

As to whether the interrogatory is unduly burdensome based on the format and specificity required, the parties principally rely on two cases., *SPH Am., LLC v. Research in Motion* and *Apple, Inc. v. Wi-LAN. SPH Am., LLC*, 2016 WL 6305414, at *1-3; *Apple*, 2018 WL 733740, at *5.[3] However, the interrogatories in these cases did not request a response as detailed as that demanded by ESET here and, even though both courts required a complete response to less burdensome interrogatories, neither required a response in a chart. *SPH Am.*, 2016 WL 6305414, at *1-2 (requiring complete explanation for any disagreements with defendant's invalidity contentions, but not in a chart); *Apple*, 2018 WL 733740, *5 (requiring "comprehensive responses to these interrogatories, including the factual and legal bases for . . . validity contentions," but denying claim charts for each asserted prior art reference for each asserted claim as unduly burdensome).[4]

---

[3] The parties cite other cases in their briefing on this interrogatory, but those cases address different issues.
[4] *Friskit v. Real Networks*, also found a plaintiff was not required to produce and element-by-element validity claim chart, but relied primarily on the absence of a requirement for it under the Patent Local Rules and the presumption of validity addressed above. No. C 03-5085 WWS (MEJ), 2006 WL 1305218, at *2 (N.D. Cal. May 11, 2006).

5

17CV183 CAB (BGS)

The Court finds this interrogatory unduly burdensome both in terms of the format required as well as the specificity demanded, particularly given the response is in rebuttal to ESET's invalidity contentions. The Court finds requiring this particular response in a chart unduly burdensome. *Apple*, 2018 WL 73374, at *5 (finding creation of claim charts for each of 63 asserted prior art references and for each asserted claim of six patents-in-suit). ESET's only argument in support of this format is that Finjan requested ESET's response regarding non-infringement in the same format. As discussed below, substantively, there is some difference between the two, but the point is well taken. In attempting to resolve the many discovery disputes that have arisen in this case, the burdensome nature of both parties' discovery requests has become apparent. Although, there can be important distinctions and the Court must address the issues as they arise, the parties should be cautious in demanding more from each other than they would be willing to respond to themselves. That said, the chart format adds a layer of burden to an already very burdensome interrogatory without sufficient benefit to justify it.

The information demanded is itself unduly burdensome. As noted above, in the cases the parties rely on, the courts were ordering parties to explain their disagreements with the opposing parties' invalidity contentions or to provide comprehensive responses explaining the factual and legal bases for its validity contentions. Here, ESET is demanding a substantive and particularized explanation on an element-by-element basis with citation to specific portions of prior art and, as relevant, source code modules. Even if not in a chart, this level of detail is unduly burdensome. Additionally, the burden is exacerbated by ESET's invalidity contentions, the basis for Finjan's response. Rather than explaining why they are sufficient for purposes of Finjan's response, ESET argues Finjan cannot raise the insufficiency of ESET's invalidity contentions because it failed to timely move to strike them. However, the issue here is not the sufficiency of the invalidity contentions independently, an issue not raised by the parties or addressed by the Court. The issue is not even whether the invalidity contentions are clear enough that Finjan is capable of providing the very specific response ESET demands in response to

them, itself questionable. The issue is whether responding to them, and specifically as ESET demands, is too burdensome given the benefit. Fed. R. Civ. P. 26(b)(1) ("whether the burden or expense of the proposed discovery outweighs its likely benefit."). As discussed above, knowing Finjan's positions on ESET's invalidity positions is relevant for rebuttal purposes, however, the benefit of it is not great enough to justify responding with this level of detail and analysis when the underlying contentions lack a similar level of specificity or analysis of ESET's positions that Finjan could respond to. The rebuttal to ESET's positions on invalidity is necessarily limited by what it is rebutting.

Finjan's similar interrogatory to ESET as to non-infringement does not alter the Court's conclusion that as propounded, Interrogatory No. 4 is unduly burdensome and overbroad. One of ESET's primary arguments for compelling Finjan to respond to this interrogatory is that Finjan propounded a similar interrogatory on it with regard to its positions on infringement. Finjan argues that asking its positions regarding invalidity based on prior art (*others'* products or technologies) identified by ESET, is not comparable to Finjan asking ESET's position regarding infringement as to its *own* products or technologies. Although the Court recognizes the persuasiveness of an argument that that parties should not propound burdensome discovery unless they are not willing to respond to the same, ESET's demands for Finjan's positions on invalidity are not equivalent to Finjan's demands from ESET regarding infringement. As one court explained, "unlike the non-infringement contentions . . . which hinge on . . . insight into and understanding of the functionality of its own products – neither side has a better understanding of how or whether prior art references and combinations asserted by . . . disclose each of the claim elements at issue here." *Implicit Networks, Inc. v. Juniper Networks, Inc.*, No. C 10-04234 SI, at 2 (N.D. Cal. June 6, 2012). Requiring Finjan to explain why claim elements are valid over all the prior art cited by ESET is more burdensome than ESET identifying why its own products do not infringe.

///

///

The Court's conclusion that this interrogatory is unduly burdensome as propounded does not mean no further response is required. As noted above, Finjan's rebuttal positions on invalidity are relevant. Additionally, given the litigation history of Finjan's patents, Finjan is likely to have some insight into the validity of its patents over prior art.

Finjan has provided ESET some information by reference to numerous decisions on these patents in federal courts and before the Patent Office, presumably attempting to set forth its positions on the validity of the patents over prior art. However, it is not clear that Finjan has explained which of these decisions address which prior art cited by ESET or if Finjan has other principal and material factual and legal bases for its positions that the patents-in-suit are valid over the cited prior art other than the conclusions reached in these decisions. To the extent it has not, Finjan should provide ESET with any validity decisions that address the prior art cited by ESET for the patents-in-suit, indicating which decisions correspond to which cited prior art. Additionally, Finjan should attempt to explain the principal and material factual and legal bases for it position that the patents-in-suit are not invalid based on the prior art cited by ESET. It need not be in a chart or as detailed as the interrogatory demands. Rather, Finjan need only explain its rebuttal positions to the invalidity positions provided by ESET. The Court recognizes that the response will necessarily be limited depending on the specificity or vagueness of the underlying invalidity contentions.

The response also is not required to include any analysis requiring an expert opinion. "[I]interrogatories are improper where they ask the respondent to provide expert opinion." *Amgen*, 2017 1352052, at *2 (citing *Montgomery v. Wal-Mart Stores, Inc.*, 2015WL 11233384, at *6 (S.D. Cal. July 17, 2015)); *Amgen Inc. v. Sandoz, Inc.*, No. 14-cv-4741-RS (MEJ), 2017 WL 1352052, at *2(N.D. Cal. April13, 2017) (finding interrogatories not improper "to the extent they seek only facts, not how an expert would construe those facts."). Neither party has explained why expert opinion would or would not be necessary to respond to this interrogatory. The Court is not going to speculate.

Given the limited information, the Court can only indicate that to the extent Finjan can respond with factual information, "not how an expert would construe those facts," and subject to the other limitations set by the Court above, it must. *Amgen*, 2017 WL 1352052, at *2.

Finjan shall supplement its response to Interrogatory No. 4, as set forth above, by October 15, 2018.

### B. Interrogatory No. 6 – Priority Dates Claim Chart

In Interrogatory No. 6, ESET seeks all legal and factual bases and all documents and persons supporting Finjan's contention the asserted claims are entitled to the priority dates identified in Finjan's Amended Infringement Contentions. It specifically requires Finjan to provide a claim chart, based on the Court's claim construction ruling, mapping each claim element of the asserted claims to the portion of the specification that supports that claim element and the priority date for each piece of support in the specification. Essentially, it requires Finjan to provide a claim-by-claim mapping of each asserted claim element to the portion of the specification that justifies the priority dates Finjan claims.

ESET claims this information is relevant to its defense of invalidity based on anticipating prior art. ESET, relying on *Technology Licensing Corp. v. Videotek, Inc.* 545 F.3d 1316, 1327 (Fed. Cir. 2008), argues that if it can meet its burden to come forward with evidence of prior art, Finjan will have to produce evidence that either the identified prior art does not invalidate the claim or that the prior art identified is not really prior art because the asserted claim is entitled to an earlier priority date. As to this second option, ESET argues Finjan will have to show why the written description of the earlier application supports each of the elements of the asserted claims. Hence, ESET claims it is entitled to a mapping of each claim element to the supporting portion of the specification, presumably in the earlier applications, to justify the priority date that precedes the prior art identified by ESET.

///

///

Finjan does not dispute the burdens of proof set forth in *Technology Licensing*, but accurately points out that it says nothing about obtaining detailed claim charts on these issues via an interrogatory.[5] Finjan does not argue priority dates are not relevant, but rather argues the interrogatory is unduly burdensome and compound, far exceeding reasonable and appropriate discovery. Additionally, Finjan points to everything it has already produced and the opportunities already provided to ESET to obtain relevant discovery on this point: priority dates for each asserted patent, document citations, infringement contentions that identify priority dates, and opportunities to depose Finjan's inventors. Finjan also argues that to the extent ESET wants more, it is the subject of expert opinion and notes that there is no requirement under the Patent Local Rules to provide the claim charts ESET demands.

As with Interrogatory No. 4, the Court must consider whether this interrogatory is proportional to the needs of the case. ESET has explained why the information it seeks is relevant to invalidity, but does not explain why such a detailed mapping is required, why the information has to be in this format, or explain why the information it has already obtained (other than priority dates by patent) are insufficient. ESET has explained why this information is relevant to invalidity, but being relevant is not the end of the inquiry. The Court must consider whether it is proportional to the needs of the case.

Although this interrogatory is framed in terms of claim-by-claim priority dates, the request for mapping claim elements to particular portions of specifications, albeit to justify the associated priority dates, seems to make it more like some sort of written description contentions. And, although the Court does not find parties are absolutely precluded from seeking discovery in a chart format unless specified in the Patent Local Rules as Finjan seems to argue, the Court recognizes that demanding this level of specificity in a claim chart, particularly the mapping it demands, is a significant burden.

---

[5] Neither party cites any authority for obtaining or not obtaining this type of discovery.

It, as with Interrogatory No. 4, is the type of "scorched earth," "no stone unturned" (potentially numerous times) approach to discovery the changes to Rule 26 were intended to curb. *See Roberts v Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 604 (D. Nev. 2016) (discussing the 2015 Amendments to Rule 26). Given the other avenues for discovering this information already provided and the burden imposed in responding to it, the Court finds no further response to the interrogatory is required.

**IT IS SO ORDERED.**

Dated: October 3, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge