UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ESET, LLC AND ESET SPOL. S.R.O,<br><br>        Defendant. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER ON DISCOVERY DISPUTES RE: FINJAN'S APPLIANCE AND ESET'S CURRENT PRODUCTS** |

This order addresses two discovery disputes currently pending before the Court, Finjan's Appliance and current versions of ESET's Accused Products that Finjan attempted to purchase ("Current Products")[1]. Each has been raised by the parties, discussed during a discovery conference, and briefed in a joint statement. (ECF 334.) The Court rules as set forth below.

## BACKGROUND

ESET requests Finjan's Appliance be provided to it for non-destructive testing at a location of ESET's choice. Finjan has opposed providing it for any testing, arguing it is irrelevant and has only be previously used as a trial demonstrative. The Court ordered

---

[1] This was the scope of the dispute raised. It does not encompass anything more.

1

Finjan to provide it for testing, but also ordered the parties to meet and confer regarding testing protocols. The parties were unable to agree to any protocols and also dispute the location for testing, with Finjan insisting it be done at its counsel's offices and ESET insisting it be taken off site. Finjan agreed not to use it at trial in this case, but ESET still wants to conduct non-destructive testing of it at a location of its choice.

As to Finjan's access to current versions of ESET's Accused Products, ESET argues they are irrelevant because the patents-in-suit expired before the Current Products were released so they cannot infringe. Having requested and been denied operational samples of the prior Accused Products within the patent term, Finjan seeks ESET's Current Products. ESET asserts the earlier versions no longer exist. Thus, Finjan requests ESET's Current Products, as they are most similar to the versions used during the term of the patents.

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, Federal Rule of Civil Procedure 26(b)(2)(C) instructs courts that discovery must be limited where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action," where the discovery is "unreasonably cumulative or duplicative," where the discovery is obtainable in a less burdensome way, or where the discovery is outside the scope of Rule 26. *Flowrider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15cv1879-BEN (BLM), 2016 WL 6522808 at *10 (S.D. Cal. Nov. 3, 2016).

///
///

## I. Finjan's Appliance

ESET argues the Appliance is relevant because it is marked with multiple patents that are associated with this case, Finjan has used it at trial to help explain the Vital Security product it contains, and Finjan will rely on the industry praise for Vital Security and distinctiveness of it in this case. Finjan argues the Appliance is irrelevant because it will not rely on it at trial in this case, it is not an operational sample because Finjan purchased it from a third party, it is not authentic as a Vital Security product because, again, it was purchased from a third party, and ESET has the source code for Vital Security, making this unnecessary.

The Appliance has been used in prior trials and, although the relevance is not great, particularly when Finjan has stipulated it will not use it at trial in this case, the Court finds the burden on Finjan is minimal. While Finjan argues that ESET could obtain its Appliance from a third party just as Finjan did, obtaining the Appliance from a third party may be less reliable than getting the Appliance Finjan already has in its possession and has relied on, at least as a demonstrative, in prior trials.[2] Further, there is no less burdensome way to obtain this information. Obtaining an Appliance from a third party could be burdensome for ESET, but obtaining the Appliance from Finjan directly places almost no burden on Finjan. Because the testing of the Appliance will be non-destructive, there is no burden on Finjan. Finjan must produce the Appliance to ESET for non-destructive testing.

## II. ESET's Current Products

Finjan seeks access to ESET's Current Products. As there are no earlier operational versions available, Finjan wants the Current Products essentially in lieu of the older

---

[2] In addressing this dispute, the Court makes no finding or determination as to the authenticity of the Appliance for evidentiary purposes. It appears that point is very much in dispute even as to the Appliance Finjan has because it was purchased from a third party and has only been used as a demonstrative.

version even though they post-date the term of the patents. This would be fairly clear cut if operational versions of the Accused Products were available and the Current Products were completely independent from the prior versions. However, since ESET has represented that there are no prior operational versions available and it is not clear the new versions are sufficiently distinct from the prior versions, it presents a closer question.

Although the relevancy is partially dependent on how different the Current Products are from prior version, the Court finds they are at least somewhat relevant, particularly given there are no operational versions of the Accused Products from the patent term available. While the Current Products would be duplicative and unnecessary if those were available, the lack of those versions leave little other option for operational samples. Additionally, the availability of the source code for the Accused Products does not entirely negate the value of any operational version of the products. The relevancy may not be great, but the burden on ESET is minimal. ESET's concern that Finjan may be motivated to review its Current Products for purposes of future litigation is noted, but speculative. And, given Finjan has agreed to purchase the Current Products at its own cost, there is little burden and no expense to ESET.

## CONCLUSION

For the foregoing reasons, this Court orders Finjan to provide the Appliance to ESET for non-destructive testing by October 10, 2018 and ESET provide Finjan its Current Products, at Finjan's expense, by October 10, 2018.

**IT IS SO ORDERED.**

Dated: October 4, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge