1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8             SOUTHERN DISTRICT OF CALIFORNIA
9

10   FINJAN, INC.,                        Case No.:  3: 17-cv-00183-CAB-BGS
11                          Plaintiff,
                                          **ORDER ON ESET, LLC AND ESET**
12   v.                                   **SPOL. S.R.O.'S MOTION FOR**
                                          **REVIEW OF MAGISTRATE**
13   ESET, LLC, et al.,                   **JUDGE'S OCTOBER 3, 2018**
                                          **ORDER**
14                          Defendants.   **[Doc. No. 355]**
15

16   AND RELATED COUNTERCLAIMS.
17

18

19       Defendants ESET LLC and ESET SPOL. S.R.O (collectively "ESET") object to the
20   Magistrate Judge's ruling that Plaintiff Finjan need not provide its position on invalidity of
21   the patents in suit (Interrogatory No. 4), nor provide a chart with priority dates on a claim-
22   by-claim basis for the asserted patents (Interrogatory No. 6).  [Doc. No. 355-1.] Defendants
23   filed their motion on the grounds that the rulings in the Order concerning ESET's
24   Interrogatory Nos. 4 and 6 are clearly erroneous, arbitrary in light of the Magistrate Judge's
25   previous rulings and significantly impact ESET's preparation for its upcoming expert
26   report on invalidity.  [*Id.*]
27
28

                                         1

District court review of magistrate judge orders on non-dispositive motions is limited. A motion relating to discovery, such as the one here, is considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(1); *see also* Fed. R. Civ. P. 72(a). "A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard." *Meeks v. Nunez,* Case No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).

The court has wide latitude in controlling discovery. *In re State of Arizona*, 528 F.3d 652, 655 (9th Cir. 2008); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005). This includes broad discretion "to permit and deny discovery, and [a court's] decision to deny discovery will be not disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." *Computer Econ., Inc. v. Gartner Grp., Inc.,* 50 F. Supp. 2d 980, 983 (S.D. Cal. May 25, 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)); *see also Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. Dec. 16, 2003) (citations omitted).

The "contrary to law" standard "allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cnty. of Kern,* 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md,* 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000); *see also Computer Econ.,* 50 F. Supp. 2d at 983 n. 4;

*see also Green*, 219 F.R.D., at 489. A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin*, 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y Oct. 17, 2006)) (internal quotation marks omitted).

On July 11, 2018, the parties contacted Magistrate Judge Skomal regarding discovery disputes as to Finjan's responses to ESET's Interrogatories 4 and 6. [Doc. No. 285.] On July 26, 2018, the parties submitted a joint statement on a myriad of discovery issues that included Interrogatories 4 and 6. [Doc. No. 300.] On October 3, 2018, Magistrate Judge Skomal issued an order that addressed the two discovery disputes in question. [Doc. No. 337.]

Separately for each asserted claim, and in reference to each claim chart in ESET's invalidity contentions, Interrogatory No. 4 asks Finjan to:

> identify all legal and factual bases for [Finjan's] contention that a claim is valid, including: (i) a chart that identifies each claim element that Finjan contends is not covered by Prior Art identified for that claim; (ii) a substantive, particularized description of how and why that element is not satisfied, including citation to specific portions of the Prior Art; and (iii) all Documents and Things" in support of [Finjan's] position, including source code modules (if applicable). [Finjan's] response should include a complete explanation for any disagreements [Finjan] have with the asserted invalidity of the Patents-In-Suit, as described in [ESET's] Invalidity contentions.

[Doc. No. 355-4 at 12.]

Magistrate Judge Skomal found the "all legal and factual bases" and "all Documents and Things" portion of the request to be overbroad and unduly burdensome and narrowed the interrogatory so that Finjan was only required "to state the principal and material factual and legal bases for its positions."[1] [Doc. No. 337 at 5.] Regarding the requested chart and

---

[1] The order also notes that the court had explained to Finjan in a prior order that propounding interrogatories asking for "all legal factual bases" and "all documents and thing in support" of a position is an overly broad and unduly burdensome request. [Doc. No. 337 at 5.]

level of specificity format, Judge Skomal also found this to be unduly burdensome, "particularly given the response is in rebuttal to ESET's invalidity contentions" and noting that "the chart format adds a layer of burden to an already very burdensome interrogatory without sufficient benefit to justify it." [*Id.* at 6.]

Regarding the portion of the order related to Interrogatory No. 4, Defendants are objecting on the grounds the supplemental response it required Finjan to make was "so vague as to be useless" and that the court disregarded the case law by focusing on the requested chart format in ESET's Interrogatory No. 4. Further ESET posits that Interrogatory No. 4 "seeks Finjan's substantive response to ESET's patent invalidity contentions" and that it is inequitable to require ESET to lay out its non-infringement contentions in response to Finjan's Interrogatory No. 6 while absolving Finjan from providing similar information to it concerning invalidity. [Doc. No. 355-1 at 8.]

However, in denying the request, Magistrate Judge Skomal distinguished the request from the cases the parties relied on, applied the standard set forth in Federal Rule of Civil Procedure 26(b)(1), and concluded that the burden or expense of the proposed discovery did not outweigh the likely benefit.[2] In making this determination Judge Skomal was not persuaded by ESET's argument that Finjan should respond to Interrogatory 4 because Finjan propounded a similar interrogatory on ESET with regard to ESET's positions on infringement, explaining that "[r]equiring Finjan to explain why claim elements are valid over all prior art cited by ESET is more burdensome than ESET identifying why its own products do not infringe." [Doc. No. 337 at 7.] Furthermore, Judge Skomal did require Finjan to supplement its responses by: (1) providing ESET with any validity decisions before the Patent Office that address the prior art cited by ESET for that patents-in-suit,

---

[2] Specifically, Magistrate Judge Skomal noted that "knowing Finjan's position on ESET's invalidity positions is relevant for rebuttal purposes, however, the benefit of it is not great enough to justify responding with this level of detail and analysis when the underlying contentions lack a similar level of specificity or analysis of ESET's positions that Finjan could respond to. The rebuttal to ESET's positions on invalidity is necessarily limited by what it is rebutting." [Doc. No. 337 at 7.]

3: 17-cv-00183-CAB-BGS

indicating which decisions correspond to which cited prior art; (2) attempting to explain the principal and material factual and legal bases for its proposition that the patents-in-suit are not invalid based on the prior art cited by ESET. [Doc. No. 337 at 8.]

In Interrogatory No. 6, ESET asks Finjan to:

> describe in detail all legal and factual bases, including an identification of all Documents and Persons, supporting [Finjan's] contention that each of the Asserted Claims is entitled to the priority date set forth in Plaintiff Finjan Inc.'s Amended Infringement Contentions Pursuant to Patent Local Rules 3-1 and 3-6 served on June 12, 2017 (or any future amendments thereto). [Finjan's] response must include a claim chart, based on the Court's claim construction ruling, showing each claim element mapped to the portion of the specification that provides the alleged support for the respective claim element and the priority date for each piece of support in the specification. [Finjan's] answer should also explain why there is a difference, if any, between the priority dates, alleged in [Finjan's] Infringement Contentions and the priority dates used before the Patent and Trademark Office in any post-grant proceedings.

[Doc. No. 355-4 at 13.]

Magistrate Judge Skomal summarized ESET's request as essentially requiring Finjan provide a claim-by-claim mapping of each asserted claim element to the portion of the specification that justifies the priority dates Finjan claims. [Doc. No. 337 at 9.] Because of the burden imposed in responding to the request and given that other avenues for discovering the information had already been provided to ESET, Judge Skomal determined that no further response to Interrogatory No. 6 was required. [Doc. No. 337 at 11.]

Regarding the portion of the order related to Interrogatory No. 6, Defendants are objecting on the grounds that the complicated web of applications that resulted in the asserted patents necessitates a more detailed explanation of the bases of the priority dates of the claims. ESET concedes that Finjan has disclosed the specific priority dates it claims each asserted patent is entitled to, but it asserts that "a proper substantive response requires that Finjan respond on a claim-by-claim basis, not patent-by-patent. Even a claim-by-claim

analysis will require Finjan to identify on an element-by-element basis where in the alleged priority document the written description support appears for each claim element." [Doc. No. 355-1 at 11.] Further, ESET argues that all it is seeking is Finjan's factual identification supporting its asserted claims and alleged priority dates.

In support of its position, Defendants assert that Magistrate Judge Skomal did not perform an analysis to show how burdensome it would be for Finjan to provide the requested information, positing that in reality its request would impose little burden on Finjan because Finjan must have already performed the element-by-element analysis in order to meet its Rule 11 obligations. Relatedly, ESET contends that Judge Skomal erroneously relied on the fact that the parties had other avenues for discovery of the information being sought in support of his denial of the request additional responses.

But, after consideration of both parties' positions, Judge Skomal found that:

> ESET has explained why the information it seeks is relevant to invalidity, but does not explain why such a detailed mapping is required, why the information has to be in this format or explain why the information is has already obtained (other than priority dates by patent) are insufficient. ESET has explained why this information is relevant to invalidity, but being relevant is not the end of the inquiry. The Court must consider whether it is proportional to the needs of the case.

Doc. No. 337 at 10.

Judge Skomal went on to evaluate the proportionality of the request and recognized "that demanding this level of specificity in a claim chart, particularly the mapping it demands, is a significant burden." [Doc. No. 337 at 10-11.]

A review of the order demonstrates that Magistrate Judge Skomal had a thorough understanding of the parties' positions and discovery history, referenced specific arguments made by the parties, and was familiar with, and in fact discusses, the relevant case law. *See generally,* Doc 337. He found both requests to be the "the type of 'scorched earth, no stone unturned (potentially numerous times) approach to discovery the changes

1 to Rule 26 were intended to curb." [Doc. No. 337 at 11] (internal quotation marks and
2 citation omitted).

3 Given the broad discretion of the court in conducting discovery, the rulings of
4 Magistrate Judge Skomal were not an abuse of discretion. Defendants have failed to show
5 that the discovery order was "clearly erroneous or contrary to law." The Magistrate Judge's
6 order was thorough and well-reasoned, and Defendants' request that this Court order Finjan
7 to provide a full response to ESET's Interrogatory Nos. 4 and 6 is therefore **DENIED**.

8 It is **SO ORDERED.**

9 Dated: November 21, 2018

10

_____
Hon. Cathy Ann Bencivengo
United States District Judge