UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>                           Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. SR.O.,<br><br>                         Defendant. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER ON CMPS DISCOVERY DISPUTE**<br><br>[ECF 428] |

The parties have filed a Joint Statement addressing a dispute that has arisen as to compliance with the Court's prior Orders on the parties' dispute regarding Eset's Cloud Malware Protection System ("CMPS"). (ECF 428)

**I.    Sandboxing(CMPS): Clarification of November 28, 2018 Order (ECF 398)**

In the Court's November 8, 2018 Order, the Court ordered Finjan to provide its good faith basis premised on a reasonable inquiry to support its contention "that Eset's cloud-based sandboxing is *put into service in the U.S. where the system is exercised and beneficial use of the system obtained.*" (ECF 383 at 6 (emphasis added).) Finjan, in support of its good faith basis that ESET uses the CMPS (sandboxing) system in the United States, provided a declaration of Michael Lee with supporting exhibits. (ECF 388). In his declaration, and as part of his proffer that CMPS was exercised in the U.S. and its beneficial use was obtained in the U.S., Mr. Lee declared that "Eset strategically

placed these servers ████████, in part, because that location makes it easier to provide the accused CMPS services to U.S. and foreign customers, including those in North America and Asia." (*Id.* at 2). Based on Mr. Lee's declaration and exhibits, the Court found that Finjan had established a good faith basis that the LiveGrid Reputation System servers ████████ may be used to provide Eset's customers with automated detections derived from the CMPS system. (ECF 398 at 3). The Court now clarifies that Order to include only Eset's customers who are in the United States, which was its original intent based on the proffer of Mr. Lee quoted above.

As the Court stressed in its November 28, 2018 Order, the only issue raised by the parties in this discovery dispute was whether Finjan had a good faith basis to believe the CMPS system satisfied the jurisdictional requirements of 35 U.S.C. § 271(a). (ECF 398 at 3.) It was for this reason the Court required Finjan to put forth how CMPS is exercised in the U.S. and how the beneficial use of that system is obtained in the U.S.

The territorial reach of § 271(a) is limited. Section 271(a) is only actionable against patent infringement that occurs within the United States. *NTP, Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282, 1313 (Fed. Cir. 2005) *abrogated on other grounds by Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012). Pursuant to § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." In terms of the infringing act of "use," it is to be construed broadly. *NTP,* 418 F.3d at 1316-1317. The use of a claimed system under § 271(a) is the place at which the system as a whole is put into service, *i.e.*, the place where control of the system is exercised and beneficial use of the system obtained. *Id.* at 1317.

In the present case, the Court, based on Finjan's proffer, found that the results of the CMPS system may be passed to customers via the LiveGrid Reputation System servers ████████. The Court now clarifies that only the U.S. customers that receive these results from those ████████ servers are included in its Order. For purposes of obtaining discovery only, the CMPS system results to Eset's U.S. customers

2

17CV183 CAB (BGS)

would satisfy the "use" test under § 271(a), *i.e.*, the place where control of the system is exercised and beneficial use of the system obtained.

In conclusion, the Court's November 28, 2018 Order, (ECF 398), is clarified as follows. To the extent that the LiveGrid Reputation system servers ▓▓▓▓▓▓ are used to provide Eset's U.S. customers the results of the CMPS system, Finjan is entitled to the discovery requested in its RFPs.

## II. Present Dispute

The parties' current dispute arises from apparent confusion by what the Court meant in its November 28, 2018 Order, which stated that "[t]he Court finds that Finjan has established a good faith basis to believe that the LiveGrid Reputation servers ▓▓▓▓▓▓ may be used to provide ESET's customers with automated detections derived from the CMPS system. Therefore, to the extent that the LiveGrid Reputation servers ▓▓▓▓▓▓ are used to perform this service, Finjan is entitled to the discovery as related to that use."[1] (ECF 398.)

The Court will not summarize the parties' arguments for purposes of expediency. Their Joint Statement recites their respective interpretations of this language. (*See* ECF 428.) To understand what the Court meant by its ruling, the parties need only to revisit the source of this discovery dispute. The only dispute raised by Eset was whether the discovery requested by Finjan in its RFPs was irrelevant under § 271(a) because the alleged infringement took place outside the U.S. (ECF 383 at 2.) The parties did not raise any dispute regarding what documents are being sought or parsing of the language of the RFPs regarding CMPS. And to the extent there is any dispute as to the language or scope of the RFPs, it is waived because it was not raised in the briefing. (ECF 383 at 6, n 7.)

---

[1] This holding is now clarified to apply only to Eset's U.S. customers as explained in Section I. of this order.

As such, interpreted in view of the only issue raised, the Court found in its November 28, 2018 Order that for the purposes of discovery only, Finjan had established a sufficient good faith basis that the "use" element of § 271(a) was met. (ECF 398.) This in turn meant that the discovery requested was relevant, but only to the extent Eset's U.S. customers received the CMPS results via its ███████████. The Court's November 28, 2018 Order did not narrow the scope of the actual RFPs, since Eset did not raise any such issues. (ECF 398.) The narrowing of the scope was only to the use concerns of § 271(a), namely to Eset's U.S. customers who received the beneficial use of the CMPS system by receiving the results of that system via Eset's ████████ servers. In all other respects, Eset was to respond to Finjan's RFPs.

Therefore, if Eset does not provide its U.S. customers with CMPS results via the ████████ servers, then the dispute is moot since there will be no required disclosure of discovery. If this is the case, Eset must provide a declaration from an appropriate representative so stating.

However, if Eset does provide the above, then Eset will be required to respond to the RFPs as they regard those U.S. customers. To be clear, if Eset's U.S. customers receive the results of the CMPS system via the LiveGrid Reputation system servers in the U.S. Eset has to respond to the RFPs as they relate to Eset's U.S. customers. This Order is subject to Section III.

## III.  Federal Rule of Civil Procedure 26(b)(2)(C)(i)-(iii)

Pursuant to the above cited section, the Court has a duty sua sponte to limit discovery as detailed in these subsections. In the Court's November 8, 2018 Order, (ECF 383), the Court considered these sections, but determined at that time that ESET was not arguing the discovery was cumulative or over burdensome. (ECF 383 at 7.) However, in the Joint Statement filed for this present dispute, ESET details the extensive discovery concerning CMPS provided to Finjan, including the source code used in that service, as well as the countless hours of individual and corporate testimony regarding that documentation and source code. (ECF 428 at 6-7.) Eset further proffers that on

November 30, 2018 Finjan served three expert reports totaling more than 3,000 pages in which it laid out its position regarding the operation of CMPS as a basis for its infringement claims. (*Id.* at 7). Eset also lays out the burden and expense it would incur by responding to Finjan's RFPs. (*Id.*)

Given the limits imposed by Rule 26(b)(1) and this Court's duty to limit discovery that fits within Rule 26(b)(2)(C)(i)-(iii), the Court orders the parties to meet and confer to limit the scope of the discovery requested in Finjan's RFPs to comply with the rule 26(b)(2(C) limits. The parties are to accomplish this by January 23, 2019. If they cannot reach an agreement as to what discovery remains outstanding that is not cumulative, is relevant to important issues at stake, and not over burdensome to Eset, then they must contact the Court by January 25, 2018.[2]

**IT IS SO ORDERED.**

Dated: January 18, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[2] Of course this meet and confer is not required if ESET does not provide the CMPS results to U.S. customers via its ▮▮▮▮▮▮ servers.