UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>ESET, LLC, et al.,<br><br>                                    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.:  3: 17-cv-00183-CAB-BGS<br><br>**ORDER ON FINJAN's MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER ON DISCOVERY DISPUTE AS TO ESET'S INTERROGATORY NO. 23**<br>**[Doc. No. 408]** |

Plaintiff Finjan objects to the Magistrate Judge's ruling that it provide Defendants ESET LLC and ESET SPOL. S.R.O. (collectively "ESET") with information regarding legal fees paid in connection with the settlement of previous litigation.  [Doc. No. 408-1.] Plaintiff filed its motion on the grounds that the ruling regarding Interrogatory No. 23 is clearly erroneous and contrary law and as a result, it seeks the return and destruction of the supplemental discovery provided in response to the Magistrate Judge Skomal's order.  [*Id*.]

As the Court has explained previously, its review of magistrate judge orders on non-dispositive motions is limited.  A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's

order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(1); *see also* Fed. R. Civ. P. 72(a). "A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard." *Meeks v. Nunez,* Case No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." *Computer Econ., Inc. v. Gartner Grp., Inc.,* 50 F. Supp. 2d 980, 983 (S.D. Cal. May 25, 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)); *see also Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. Dec. 16, 2003) (citations omitted).

The "contrary to law" standard "allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cnty. of Kern,* 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md,* 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000); *see also Computer Econ.,* 50 F. Supp. 2d at 983 n. 4; *see also Green*, 219 F.R.D., at 489. A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin*, 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y Oct. 17, 2006)) (internal quotation marks omitted).

On October 30, 2018, Magistrate Judge Skomal held a telephonic discovery conference which including a discussion regarding ESET's Interrogatory No. 23, with the parties being ordered to submit a joint statement on the issue. [Doc. No. 377.] On November 7, 2018, the parties submitted the requested joint statement [Doc. No. 381] and on November 20, 2018, Magistrate Judge Skomal issued on order that addressed the dispute surrounding Interrogatory No. 23 [Doc. No. 392].

ESET's Interrogatory No. 23 asks Finjan to:

> identify all dollar amount and date of each contingency payment made by Finjan for legal services in connection with settlement of each litigation initiated by Finjan from January 2005 to August 2018.

[Doc. No. 381 at 2.]

Magistrate Judge Skomal accurately summarized the parties' positions as set forth in the joint statement. [Doc. Nos. 381, 392.] Finjan argued that the discovery sought was irrelevant and unnecessary, especially since the information regarding settlement agreements would ultimately be inadmissible. [Doc. No. 392 at 1.] Further, Finjan asserted that it had already provided information that it claimed adequately explained what Finjan does consider in licensing negotiations, that "this is what ESET's experts should be considering in determining how settlement amounts are calculated, not how or if legal fees are factored into the settlement agreements." [*Id.* at 2.] ESET, in turn, argued that its expert may need to take the contingency fee payments into consideration in determining the value of Finjan's settlement agreements, and, ultimately, the value of the asserted patents. [*Id.*] Further, ESET argued that its and Finjan's experts should be given the information regarding any settlements and the contingency fee payments stemming from them in order to provide an actual value of the settlement, that the experts could then choose to accept or reject. [*Id.*] ESET disputed Finjan's assertion that Finjan does not take contingency payments into consideration when determining the value of its settlement agreements, characterizing it as a "self-serving statement." [*Id.*] Judge Skomal concluded that Finjan could not deny ESET information that could potentially be relevant to its expert's determination of a reasonable royalty based solely on the fact that Finjan does not factor contingency fees into its settlement agreements. [*Id.*] Finjan was therefore compelled to provide a response to Interrogatory No. 23. [*Id.* at 3.]

Plaintiff is objecting on the grounds that payments by Finjan to its outside counsel for legal services have no relevance to damages in this action as a matter of law. Plaintiff argues that the purpose of a hypothetical negotiation, as explained in *Carnegie Mellon*

*University v. Marvell Technology Group, Ltd*, 807 F.3d 1283, 1303-04 (Fed. Cir. 2015), is "to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before the infringement began." [Doc. No. 408 at 9.] While Finjan concedes that settlement agreements may be considered as one of the 15 factors that may affect the outcome of hypothetical negotiations, it posits that such information may not always be informative because the circumstances under which they were entered can vary considerably, citing for the first time *LaserDynamics, Inc v. Quanta Computer, Inc.* 694 F.3d 51, 77 (Fed. Cir. 2012). [*Id.* at 9.] Plaintiff contends, therefore, that the court failed to properly consider its explanation of damages law, informing that if the court had, it would have become evident that payments to attorneys should not be deducted from the value of settlement agreements, thereby making ESET's proposed calculation incorrect. [*Id.* at 9-11.] Further, Plaintiff asserts that the order is clearly erroneous because there is no factual basis for claiming Finjan's payments to its attorneys are relevant. [*Id.* at 11-13.] Finally, Plaintiff argues that the information is not discoverable under Rule 26. [*Id.* at 13-15.]

But, after consideration of both parties' positions, Magistrate Judge Skomal found that:

> Finjan cannot deny ESET information that may be relevant to ESET's expert's determination of a reasonable royalty based solely on Finjan's assert that it does not factor contingency fees into its settlement agreements. Similarly, in terms of the relevancy of the discovery, ESET is not limited to considering only the things Finjan's witnesses generally and somewhat vaguely identify as factors it considers in calculating its settlement agreements. ESET is not required to take them at their word as to how they calculate it to the exclusion of any other possible factors that might have mattered. ESET's proposed calculation, deducting the contingency fees from the settlement amount to arrive at the true value of the agreement, may not ultimately hold up or be admissible, but that does not mean it is outside the scope of discovery.

[Doc. No. at 392 at 3.]

In so finding, Magistrate Judge Skomal distinguished the request from the singular case Finjan relied on in the joint statement, applied the standard set forth in Federal Rule

of Civil Procedure 26(b)(1), concluded the information was relevant and the burden of responding was minimal.

A review of the order demonstrates that Magistrate Judge Skomal had a thorough understanding of the parties' positions and discovery history, referenced specific arguments made by the parties, and was familiar with, and in fact discusses, the relevant case law. *See generally,* Doc. No. 392. Given the broad discretion of the court in conducting discovery, the ruling of Magistrate Judge Skomal was not an abuse of discretion. Plaintiff has failed to show that the discovery order was "clearly erroneous or contrary to law." Plaintiff's request that this Court order ESET to return and destroy the supplemental discovery provided in response to Interrogatory No. 23 is therefore **DENIED**.

It is **SO ORDERED.**

Dated: January 24, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge