UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>         Defendant. | Case No.: 17CV183 CAB (BGS)<br><br>**ORDER DENYING FINJAN'S MOTION TO COMPEL DISCOVERY REGARDING ESET'S PAYMENTS TO ATTORNEYS**<br><br>[ECF 425] |

Finjan raised this discovery dispute in which it seeks to compel Eset to produce information relating to Eset's payments to its attorneys to the extent that Finjan must provide information concerning its payments to Finjan's attorneys as ordered by the Court in its November 20, 2018 Order. (ECF 392.) The Court allowed Finjan to bring a motion to compel (ECF 425), to which Eset filed an oppostion (ECF 429), and Finjan replied (ECF 432). For expediency the Court will not repeat the arguments made in these filings, but will address the merits relevant to this issue.

Finjan claims its initial RFPs 1-2, 4, 41, 44-46, served on October 14, 2016, sought damages related discovery, which included Eset's attorney payments. The Court, having reviewed these RFPs finds that Finjan did not request this information. In fact, none of the RFPs identified by Finjan requests specifically information concerning damages.

1

Finjan also admits it did not pursue this discovery because it was of the view it was not relevant. The Court finds Finjan never requested Eset produce payments made to its attorneys pursuant to these RFPs.

Notwithstanding, and assuming arguendo the RFPs request this information, Finjan's raising of this dispute more than 2 years after the requests were made is not timely. The dispute is clearly outside of this Court's chambers rules limit of 30 days to raise a dispute with the Court. The Court gives no weight to Finjan's contention that since these requests were made before the case was transferred to this District Finjan did not have to abide by the Court's chambers rules post transfer. Finjan's compliance with the Court's 30-day time limit throughout this case contradicts this position. Further, Finjan's attempt to somehow justify this late dispute by arguing it fits within the dispute raised by Eset's ROG 23, (ECF 392), makes no sense. ROG 23 was a timely raised dispute in which Eset had specfically requested Finjan's payments to its attorneys. Finjan objected to this ROG, and timely raised the dispute. Finjan's RFPs listed above were responded to by Eset in November 2016. Finjan did not raise this dispute regarding these RFPs. Eset's ROG 23 and Finjan's initial RFPs are two separate and distinct discovery issues, and are treated as such. Finjan chose not to raise any dispute, and therefore it waived any dispute per this Court's chambers rules.

Even if the Court was to interpret Finjan's raising of this dispute as a request to re-open fact discovery so it can now request Eset's attorneys fees, such request is denied. Federal Rule of Civil Procedure 16 states that a schedule may be modified only for good cause and with the judge's consent. In the absence of good cause, the court will not modify the scheduling order. *See Johnson v Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir. 1992). The inquiry under Rule 16(b)'s good cause standard first focuses on the diligence of the party seeking the amendment. *Id.* at 609. Carelessness is not the same as diligence and offers no reason for a grant of relief. *Id.* If the party was not diligent, the inquiry should end. *Id.*

///

When the motion to extend time is made after time has expired, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P 6(b)(1). The determination of excusable neglect takes into account: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith. *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007).

Without even considering excusable neglect, a higher burden than the good cause standard under Rule 16, the Court cannot find that Finjan was diligent. The excuse that it did not raise this issue because it thought such a request was not relevant, and admitting that it intentionally did not pursue this discovery, is not due diligence, much less excusable neglect. Finjan had over 2 years to request this discovery, but failed to do so. Fact discovery closed over 4 months ago, and Finjan has served its expert report on damages. The Court finds that Finjan has had ample time to seek this discovery but has chosen not to. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). Finjan's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 4, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge