# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> ESET, LLC, a California Limited Liability and ESET SPOL. S.R.O., a Slovak Republic Corporation, <br> Defendants. | Case No.: 3:17-cv-0183-CAB-(BGS) <br><br> **ORDER ON ESET'S MOTION FOR RECONSIDERATION** <br><br> **[Doc. No. 708]** |

On October 16, 2019, the Court entered an order denying ESET's motions for summary judgment of non-infringement of three of the patents-at-issue[1] and summary judgment on Finjan's claim for willful infringement. [Doc. No. 699.] ESET now moves for reconsideration of that order pursuant to Fed.R.Civ.P. 60(b)(6), on the grounds that the determination of the non-infringement motions is a matter of law, not a factual dispute, and that Finjan has no competent evidence to support a claim of willful infringement, so it is error for the Court to send these issues to the jury. [Doc. No. 708.] The motion for reconsideration is Denied in Part and Granted in Part.

---

[1] Specifically, ESET challenged Finjan's expert analysis of infringement of U.S. Patents Nos. 6,154,844; 6,804,780; and 8,079,086, as legally deficient in light of the Court's claim constructions.

1

Reconsideration of a prior order is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah Cty. V. ACandsS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir. 2003).

In the motion for reconsideration, ESET reargues its position that the infringement evidence presented by Finjan's experts does not properly apply the Court's claim constructions and factually mispresents the operations of the accused systems and software. In the context of a motion for summary judgment the Court must not weigh the credibility of the evidence and determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Further the non-movant's evidence is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Id.*, at 255. The Court concluded that "there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250. The motion for reconsideration does not establish that the Court's order denying the motions for summary judgment of non-infringement were clearly erroneous.

If at trial, it becomes apparent that plaintiff has not applied the Court's claim construction, as ESET contends, or that Finjan has not produced evidence upon which a jury could properly proceed to find a verdict of infringement by a preponderance of the evidence, ESET may procedurally move for a verdict pursuant to Fed.R.Civ.P. 50 (a). However, on the documentary evidence before the Court on the motions for summary judgment of non-infringement, the Court will not reconsider its determination that material facts are in dispute. The request for interlocutory appeal is also denied as the motions were denied based on factual disputes, not as a matter of law.

Regarding the request to reconsider the dismissal of Finjan's claim of willful infringement, the Court GRANTS the motion. In its opposition to ESET's motion for reconsideration, Finjan has not cited to any evidence that ESET had knowledge of the

patents-at-issue in this litigation prior to January 2015 and the entry of the parties' Standstill Agreement, and that ESET acted in willful disregard of Finjan's patent rights. Finjan recites again general knowledge of Finjan's existence as a company with an extensive patent portfolio, a statement by outside counsel that will not be attributed to ESET, and Dr. Cole's opinion, all which the Court excluded. Finjan proffered no evidence that ESET was aware of any of the patents-at-issue prior to January 2015 or that it entered licensing negotiations in bad faith. Failure to reach a licensing agreement alone is not evidence of bad faith.

The Court admonished Finjan in its order on the motion for summary judgment that Finjan would be required "to produce evidence at trial that ESET had knowledge of each of the asserted patents and committed subjective willful infringement as of the dates it became aware of those patents." Further, "the evidence of ESET's knowledge cannot be based on disclosures made by Finjan during the Standstill Agreement, but rather must be independent of those discussions." [Doc. No. 66.]

On reconsideration, in the context of the Court's admonitions, ESET argues that Finjan has produced no evidence that would sustain this claim and it should be dismissed. In response to the motion for reconsideration Finjan does not raise material facts, it only offers the same excluded evidence and opinions, and the conclusory statements of counsel that ESET should have known of Finjan's patents and that it negotiated with no intent to enter a license agreement. Finjan has provided no evidence upon which a finder of fact can reasonably resolve this claim in its favor. The motion for reconsideration of Finjan's willfulness claim is Granted and the claim for willful infringement is dismissed.

IT IS SO ORDERED.

Dated: December 30, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge