NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS <br><br> **ESET, LLC AND ESET, SPOL. S.R.O.'S MEMORANDUM IN SUPPORT OF MOTIONS *IN LIMINE*** <br><br> Date:  February 21, 2020 <br> Time:  2:00 p.m. <br> Place: Courtroom 4C <br> Judge: Hon. Cathy Ann Bencivengo |

17cv0183

43934393.1

## I.   ESET'S MOTIONS *IN LIMINE*

### A.   Motion *in Limine* #1 – Finjan Should Be Precluded From Presenting Evidence or Argument Concerning *Inter Partes* Review Proceedings.

Finjan's Asserted Patents were the subject of several *inter partes* review ("IPR") petitions. Many of these IPR petitions were filed by parties other than ESET, and some were denied on procedural grounds. In addition, ESET filed a request for joinder on an IPR for the '086 patent that was denied, not on the merits, but because the pending IPR was too far along to introduce a new party who had requested revised claim constructions. The Court should preclude Finjan from presenting evidence or argument about these irrelevant IPR proceedings because such evidence is likely only to confuse, rather than assist, the jury.

IPR proceedings are based on different standards and different evidence than a jury trial. A determination by the USPTO to deny review or rehearing is not "a decision on the merits," nor is it based on a full presentation of evidence or argument. *InterDigital Commc'ns, Inc. v. Nokia Corp.*, No. 13-10, 2014 U.S. Dist. LEXIS 182856, at *2-3 (D. Del. Sept. 19, 2014). In denying a petition, the PTAB makes "no explicit, or even implicit, decision on the validity of the patent." *Wisconsin Alumni Research Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 875 (W.D. Wis. 2015). Moreover, IPR proceedings are subject to "different standards, purposes and outcomes" than the proceedings in district court. *Id.* at 874-75. Thus, the minimal probative value of the PTAB's rulings is "substantially outweighed by the risk of unfair prejudice, as well as the risk of jury confusion" if the plaintiff were permitted to tell the jury about the PTAB's rulings. *Id.*

Having a trial-within-a-trial about these IPR proceedings would confuse the jury and invite them to displace their own judgment for that of the USPTO. The denied IPRs are not relevant to this case and any probative value is outweighed by the risk of unfair prejudice to ESET. The unfair prejudice of the IPR denials is heightened for those proceedings to which ESET was not a party. *InterDigital Commc'ns, Inc. v. Nokia Corp.*, No. 13-10-RGA, 2014 U.S. Dist. LEXIS 199880, at *6 (D. Del. Aug. 28, 2014) ("A PTO

non-merits decision not involving Defendants has little or no probative value, and would require a lot of explanation for the jury to be able to understand."). Courts have often, including in a prior Finjan trial, excluded evidence of IPR proceedings. *See, e.g., Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 U.S. Dist. LEXIS 189272, at *45-46 (N.D. Cal. Aug. 22, 2016); *Wisconsin Alumni Research Found.*, 135 F. Supp. at 874-75; *InterDigital*, 2014 U.S. Dist. LEXIS 182856, at *2-3; *Ziilabs Inc. v. Samsung Elecs. Co.*, No. 2:14-cv-203-JRG-RSP, 2015 U.S. Dist. LEXIS 191430, at *15-16 (E.D. Tex. Oct. 28, 2015); *Ivera Med. Corp. v. Hospira, Inc.*, No. 14-cv-1345-H-RBB, 2015 U.S. Dist. LEXIS 180560, at *3-5 (S.D. Cal. July 21, 2015).

### B. Motion *in Limine* #2 – Finjan Should Be Precluded From Mentioning Other "Finjan" Entities.

Finjan, Inc. is the only named plaintiff in this case and is the owner of the Asserted Patents. But there are also other entities that bear the name "Finjan", including Finjan Holdings, Inc. (the parent of Finjan, Inc.), Finjan Mobile, Inc. (a subsidiary of Finjan Holdings, Inc. that is described as a "mobile security business"), and Finjan Blue, Inc. (another subsidiary of Finjan Holdings, Inc. that has acquired over 100 patents from IBM for licensing purposes). Declaration of Nicola A. Pisano in Support of ESET, LLC and ESET, spol. s.r.o.'s Motions *in Limine* ("Pisano Decl.") Ex. A at 4, 9. These other "Finjan" entities are not relevant to the claims or defenses in this case, no discovery was provided regarding them, none of Plaintiff's Initial Disclosures referenced them, and they are not parties to this litigation. *See* Pisano Decl. Ex. B (Finjan's Second Amended Initial Disclosures) at 1 (defining Finjan as only "Finjan, Inc."), 2-16 (listing witnesses with relevant information and failing to identify anything related to any other Finjan entity). Accordingly, Finjan should be precluded from referencing any of these entities at trial as such reference would only serve to confuse the jury.

## C. Motion *in Limine* #3 – Finjan Should Be Precluded From Referencing Any Testing Conducted On Products That Were Released After Expiration of the Asserted Patents.

Four of the five Finjan Asserted Patents (the '844, '086, '621, and '755 patents) expired on January 29, 2017. The fifth Finjan Asserted Patent (the '780 patent) expired on November 6, 2017. In Finjan's technical expert reports concerning infringement, Finjan's experts all describe testing they allegedly performed on certain ESET Accused Products as they then-existed on *September 28-29, 2018*, well after all of Finjan's Asserted Patents had expired. D.I. 511-6 (Cole Report) at ¶¶ 32-52; D.I. 511-12 (Mitzenmacher Report) at ¶¶ 27-46; D.I. 511-13 (Medvidović Report) at ¶¶ 33-41. The products that Finjan's experts tested in September 2018 are *not* the products that were being sold before Finjan's patents expired. Testing of post-expiration releases of ESET's Accused Products is therefore irrelevant because the tested software included functionality or features that only existed after the expiration of Finjan's Asserted Patents. Finjan and its experts should therefore not be permitted to mention any testing of ESET's products that were released after the Asserted Patents expired.

Additionally, Finjan's expert Dr. Bims relies on a newsletter called "ESET Threat Intelligence" ("ETI") as well as a product called "ESET Dynamic Threat Defense" ("EDTD") throughout his expert report. *See generally* D.I. 474-4. It is undisputed that neither ETI nor EDTD were available in the U.S. during the damages period in this case. D.I. 511-16 at 235:23-236-2; D.I. 511-7 at 116:7-11; D.I. 511-11 at ¶ 5. Finjan and its experts should not be permitted to reference either ETI or EDTD at trial.

## D. Motion *in Limine* #4 – Finjan's Technical Experts Should Be Precluded From Referencing Each Other.

Finjan has *seven* technical experts in this case:

- Eric Cole, Ph.D. is Finjan's infringement expert for the '844 patent;
- Michael Mitzenmacher, Ph.D. is Finjan's infringement expert for the '780 and '086 patents;

43934393.1

- Nenad Medvidovic, Ph.D. is Finjan's infringement expert for the '621 and '755 patents;
- Trent Jaeger, Ph.D. is Finjan's validity expert for the '780, '086, and '844 patents;
- Michael Goodrich, Ph.D. is Finjan's validity expert for the '621 and '755 patents;
- Alessandro Orso, Ph.D. is Finjan's expert on secondary considerations of non-obviousness for all of Finjan's asserted patents; and
- Harry Bims, Ph.D. is Finjan's "technology tutorial" expert.

There is no reason for Finjan's seven technical experts to reference each other at trial, as each expert has his own discrete set of opinions that do not rely on any other Finjan technical expert. ESET raised this issue with this Court during the February 26, 2018 hearing, explaining that in prior Finjan trials, Finjan's technical experts referenced and reinforced one another's testimony, rendering cross-examination of Finjan's experts difficult, if not impossible. Pisano Decl. Ex. C at 20:21-23:13. Finjan's experts should not be permitted to "pat each other on the back" during trial, which would only serve to confuse the jury. Such cross-referencing testimony also makes effective cross-examination virtually impossible if a later Finjan expert misstates or changes the nuance of the testimony of an earlier Finjan expert, since the earlier expert is already off the stand and attempting to rebut such misstatements or nuances will require retreading the prior witnesses' testimony with the current witness, waste time, and unduly prejudice ESET. Nor is there any reason for Finjan's technical experts to reference Dr. Bims, who Finjan intends to call to provide a "tutorial" on the technology at issue in this case, but who will not opine on any issues of validity or infringement. During the February 26, 2018 hearing, in response to ESET raising this issue, the Court stated that "I'm not going to have the experts vouching for each other and bolstering each and repeating each other's testimony." *Id.* at 23:6-7. ESET's motion *in limine* should therefore be granted.

43934393.1

### E. Motion *in Limine* #5 – Finjan Should Be Precluded From Referencing Any Finjan or Trustwave Branded Product as Practicing Any Claim of Any of the Asserted Patents or as Evidence of Commercial Success.

During fact discovery, Finjan asserted in its Infringement Contentions that a certain Finjan/Trustwave-branded product called "Vital Security appliance" either "incorporates or reflects" certain independent claims of the '844 and '780 patents. Pisano Decl. Ex. D at 16. However, none of Finjan's seven technical experts have provided any opinions supporting Finjan's naked assertions in this case that the Vital Security appliance actually practiced any claim of any of the Finjan Asserted Patents. Finjan therefore has no competent witness that can testify that any Finjan or Trustwave branded product actually practices any claim of any of the Asserted Patents, and Finjan should not be able to assert otherwise at trial. More specifically, Finjan's discovery responses identified Mr. Ben-Itzhak as knowledgeable about whether Finjan's own products practiced the patents, yet Finjan has not identified Mr. Ben-Itzhak as a trial witness. As such, Finjan has no fact witnesses that could testify that its products practiced any of the Asserted Patents.

Finally, the '086 patent issued in 2011 and the '621 and '755 patents issued in 2016. It is impossible for any of Finjan's products to have practiced those patents as Finjan had sold its products to a company called M86 by 2009. Pisano Decl. Ex. A at 5. For all these reasons, Finjan should also be precluded from using any Finjan or Trustwave branded products to claim that any of the Asserted Patents were commercially successful as part of the invalidity portion of this case.

### F. Motion *in Limine* #6 – Finjan Should Be Precluded From Referencing the Include Security Report.

Each of Finjan's technical experts relies on a purported "reverse engineering" report of an unspecified, undated ESET product prepared by a firm called "Include Security." *See, e.g.*, D.I. 511-6 (Cole Report) at ¶¶ 17, 53-68; D.I. 511-12 (Mitzenmacher Report) at ¶¶ 47-59; D.I. 511-13 (Medvidović Report) at ¶¶ 42-55.

43934393.1

Include Security was tasked by PacketInsight (another Finjan consultant) to reverse engineer an unspecified version of that unspecified ESET product in support of Finjan's unsuccessful infringement case asserting European Patent No. 0965094 B1 against ESET's German subsidiary in Dusseldorf District Court. D.I. 511-5 (Cole Dep. Tr.) at 126:24:127-15. Finjan submitted that report in the German litigation on June 28, 2017. D.I. 511 at ¶ 11; D.I. 511-5 at 128:24-129:24 (Dr. Cole testifying that the Include Security report was used as part of the German matter). Despite knowing about the Include Security report, Finjan *never* updated its Initial Disclosures to identify Include Security (or PacketInsight) as having information relevant to this case, and Finjan did not produce the Include Security report or any of the materials relating to that report *in this case* until it appeared for the first time in Finjan's expert reports served on November 30, 2018, long after fact discovery closed. D.I. 511 at ¶ 12; Pisano Decl. Ex. B.

Notwithstanding, ESET, with the assistance of Magistrate Judge Skomal, secured Include Security's compliance to respond to a properly noticed third-party 30(b)(6) deposition and document subpoena; the deposition took place on March 22, 2018. D.I. 511 at ¶ 8. Mr. Eric Cabetas appeared as Include Security's designated witness in response to the subpoena, but testified that a Mr. Eissler, located in Brazil, had been contracted to prepare the report. Mr. Cabetas testified that he knew little of the content of the report and made no effort to contact Mr. Eissler to obtain relevant information in preparation for this deposition. *See, e.g.*, D.I. 511-29 (Cabetas Dep. Tr.) at 63:12-64:4, 82:7-83:9, 92:3-95:17, 104:6-105:6, 145:8-11. None of Finjan's experts ever communicated with Mr. Eissler to find out what he did to prepare the report or to assist them in interpreting its findings. Instead, Finjan's experts' reports incorporate nearly-identical passages of the Include Security report in their expert reports, and opine extensively about what that report purportedly shows – even though those opinions are squarely at odds with the text of the report itself. Importantly, had Finjan timely disclosed its intention to rely on the Include Security report during fact discovery, ESET may have had an opportunity to take meaningful discovery by pursuing assistance from

43934393.1

the Brazilian authorities; Brazil is not a member to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.

Instead, Mr. Cabetas's deposition was a charade, and effectively precluded ESET from examining Mr. Eissler regarding what he did, how he did it, and what the statements in the Include Security report mean. Finjan contended that because discovery is closed (an argument that Magistrate Judge Skomal repeatedly rejected) and because Mr. Eissler is only a contract-employee of Include Security and beyond this Court's subpoena power, Finjan and its experts are entitled to rely on the Include Security report.

The Include Security report was commissioned long before Finjan served its infringement contentions in this case, and Finjan should have identified that report in those contentions and in its Initial Disclosures if it ever intended to rely upon it here. Doing so would have enabled ESET to investigate the nature of the Include Security analysis when it was fresh in the minds of the witnesses as well as the opportunity to pursue international discovery as needed. Instead, Finjan knowingly and intentionally withheld material information from ESET by choosing not to identify the Include Security report as supporting any of its infringement theories for the Asserted Patents until it served its infringement experts' reports in this case on November 30, 2018.

Because Finjan violated this Court's Patent Local Rules by failing to identify the Include Security report in its Infringement Contentions pursuant to L.R. 3.1, 3.2 and 3.6, and deliberately frustrated ESET's ability to take meaningful discovery regarding the content of that report, this Court should not permit Finjan or its experts to reference the Include Security report at trial.

**G.     Motion *in Limine* #7 – Finjan's Fact Witnesses Mr. Hartstein and Mr. Garland Should Be Precluded From Testifying at Trial Regarding the Concept of a "Reasonable Royalty" or What They Believe an Appropriate "Reasonable Royalty" Is in This Case.**

Neither Mr. Hartstein (Finjan's CEO) nor Mr. Garland (Finjan's Director of Business Development) was ever identified by Finjan as an expert witness for this case,

43934393.1

1 and neither should be permitted to provide any testimony at trial regarding the concept of a "reasonable royalty," how a reasonably royalty if computed, or lay opinion as to what a reasonable royalty should be in this case.  Such testimony is not a proper lay opinion under Fed. R. Evid. 701 and instead constitutes expert testimony under Fed. R. Evid. 702.

To the extent that either of Finjan's fact witnesses possesses sufficient work experience to be qualified as an expert witness, the Court should not permit Finjan to do so at this late date.  Finjan has complied with none of the requirements for its fact witnesses to provide expert opinion testimony, nor has ESET been afforded any opportunity to learn what those opinions might be. *See, e.g.,* Fed. R. Evid. 702-704; Fed. R. Civ. P. 26(a)(2).  In addition, neither of Finjan's fact witnesses should have had access to any of ESET's confidential information sufficient to form an opinion regarding any of the relevant *Georgia-Pacific* factors.  Accordingly, Finjan's fact witnesses should be excluded from providing lay opinion regarding what in their view would constitute a reasonable royalty for the Asserted Patents.

Dated:  February 7, 2020                    Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:      858.252.6502
FACSIMILE:       858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

43934393.1