1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Defendants. | Case No. 3:17-cv-00183-CAB-BGS<br><br>**PRETRIAL ORDER**<br><br>Trial Date: March 9, 2020<br>Time: 8:30 a.m.<br>Courtroom: 4C |
| ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>FINJAN, INC., a Delaware Corporation,<br><br>Counterclaim-Defendant. | |

Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil Local Rule 16.1.f.6, **IT IS SO ORDERED**:

## NATURE OF THE CASE

This is an action for patent infringement.  The patents at issue are U.S. Patent Nos. 6,154,844 (the "'844 Patent"), 6,804,780 (the "'780 Patent"), 8,079,086 (the "'086 Patent"), 9,189,621 (the "'621 Patent"), and 9,219,755 (the "'755 Patent") (collectively, the Asserted Patents).  The Asserted Patents generally relate to the field of cyber security, and more specifically to defending against cyber security attacks.  Plaintiff Finjan, Inc. (hereinafter, "Finjan") owns the Asserted Patents and alleges that certain of Defendants ESET, LLC's and ESET spol. s.r.o.'s (collectively, "ESET") products infringed claims 1, 7, 11, 15, and 16 of the '844 Patent, claims 9, 13, and 18 of the '780 Patent, claims 1-2, 9, 10, 24, and 42 of the '086 Patent, claims 1, 5-7, 10-11, and 13-14 of the '621 Patent, and claims 3 and 5-8 of the '755 Patent (the "Asserted Claims").  Finjan has the burden of proving that the accused products infringed these claims by a preponderance of the evidence.

ESET denies that the accused products infringed any of the Asserted Claims.  ESET also alleges that all of the Asserted Claims are invalid.  ESET has the burden of proving that the Asserted Claims are invalid by clear and convincing evidence.

## CAUSES OF ACTION

**I.   Finjan's Causes of Action**

Finjan filed its Complaint [Doc. No. 1] on July 1, 2016 originally alleging thirteen counts of patent infringement, including:

- **Count 1:** Direct Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(a);

- **Count 2:** Induced Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(b);

- **Count 3:** Direct Infringement of the '780 Patent pursuant to 35 U.S.C. § 271(a);

- **Count 4:** Induced Infringement of the '780 Patent pursuant to 35 U.S.C. § 271(b);

- **Count 5:** Direct Infringement of the '305 Patent pursuant to 35 U.S.C. § 271(a);[1]

- **Count 6:** Induced Infringement of the '305 Patent pursuant to 35 U.S.C. § 271(b);

- **Count 7:** Direct Infringement of the '086 Patent pursuant to 35 U.S.C. § 271(a);

- **Count 8:** Induced Infringement of the '086 Patent pursuant to 35 U.S.C. § 271(b);

- **Count 9:** Direct Infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a);

- **Count 10:** Induced Infringement of the '621 Patent pursuant to 35 U.S.C. § 271(b);

- **Count 12:** Direct Infringement of the '755 Patent pursuant to 35 U.S.C. § 271(a);

- **Count 13:** Induced Infringement of the '755 Patent pursuant to 35 U.S.C. § 271(b).

Finjan alleges that the following ESET products infringe claims 1, 7, 11, 15, and 16 of the '844 Patent directly (literally or under the doctrine of equivalents) (Count 1) or by inducement (Count 2)[2]:

---

[1] The '305 Patent is currently stayed pending a final resolution on ESET's *inter partes* review petition and will not be adjudicated in this trial. *See* Dkt. No. 447.

[2] ESET objects to Finjan's claim that any ESET products infringe (present tense) the Asserted Patents, as all Asserted Patents have expired (and thus all claims for infringement should be in the past tense).

2

- The **"'844 Cloud Products"** which collectively include LiveGrid Reputation System, LiveGrid Feedback System, ThreatSense.Net, Cloud Malware Protection System ("CMPS"), Enterprise Cloud Malware Protection System ("ECMPS"), LiveGrid Cloud, ESET Dynamic Threat Defense ("EDTD"), and Threat Intelligence;[3]

- The **"'844 Gateway Products"** which collectively include the ESET Small Business Security Pack products, ESET Mail Security for Linux/BSD, ESET Mail Security for Kerio, ESET Gateway Security for Linux/BSD, and ESET Gateway Security for Kerio and ESET Security for Virtual Environment, and ESET Virtualization Security (per Host, per Processor and per VM).

Finjan alleges that the following ESET products infringe claims 9, 13, and 18 of the '780 Patent directly (literally or under the doctrine of equivalents) (Count 3) or indirectly (Count 4), and claims 1, 2, 9, 10, 24, and 42 of the '086 Patent directly (literally or under the doctrine of equivalents) (Count 7) or by inducement (Count 8):

- The **"'780/'086 Cloud Products"** which collectively include LiveGrid Reputation System, LiveGrid Feedback System, ThreatSense.Net, Cloud Malware Protection System ("CMPS"), Enterprise Cloud Malware Protection System ("ECMPS"), LiveGrid Cloud, ESET Dynamic Threat Defense ("EDTD"), and Threat Intelligence;

- The **"'780/'086 Endpoint Products"** which collectively include (N) ESET Multi-Device Security Pack, (N+N) ESET Multi-Device Security Pack, ESET NOD32 Antivirus, ESET Smart Security, ESET Internet Security, ESET Smart Security Premium, ESET Multi-Device Home Office, ESET Small Office Security Pack, ESET Small Business Security Pack, ESET Endpoint Antivirus for Windows,

---

[3] ESET objects to Finjan's various groupings of ESET's products in this portion of the Pretrial Order because (1) these backend services are not "products" and (2) some of these services, specifically ECMPS, EDTD, and Threat Intelligence were not released prior to expiration of the Asserted Patents. In addition, other listed "products" are not products but marketing bundles of other products. "ESET Multi-Device Home Office" is one such marketed bundle but does not consist of any actual products, instead it offers licenses to a number of other products that can be used.

PRETRIAL ORDER                    CASE NO.: 3:17-cv-00183-CAB-BGS

ESET Endpoint Security for Windows, ESET Cyber Security, ESET Cyber Security Pro, ESET Endpoint Antivirus for Mac OS X, ESET Endpoint Security for Mac OS X, ESET NOD32 Antivirus for Linux, and ESET Endpoint Antivirus for Linux, ESET Internet Security, and ESET Security for Virtual Environment;

- The **"'780/'086 Server Products"** which collectively include ESET Mail Security for Microsoft Exchange Server, ESET File Security for Microsoft Windows Server, ESET Security for Microsoft SharePoint Server, ESET Security for Virtual Environment, ESET Mail Security for IBM Domino, ESET Mail Security for Kerio, ESET Gateway Security for Kerio, ESET Gateway Security for Linux/BSD, ESET Mail Security for Linux/BSD, and ESET File Security for Linux/BSD.

Finjan alleges that the following ESET products infringe claims 1, 5-7, 10-11, and 13-14 of the '621 Patent directly (literally or under the doctrine of equivalents) (Count 9) or by inducement (Count 10), and claims 3 and 5-8 of the '755 Patent directly (literally or under the doctrine of equivalents) (Count 12) or by inducement (Count 13):

- The **"'621 Cloud Products"**[4] which collectively include all ESET products that operate on Windows, LiveGrid Reputation System, LiveGrid Feedback System, ThreatSense.Net, Cloud Malware Protection System, and Threat Intelligence;

- The **"'621/'755 Endpoint Products"** which collectively include all ESET products that operate on Windows, ESET Multi-Device Security, ESET NOD32 Antivirus, ESET Smart Security, ESET Internet Security, ESET Smart Security Premium, ESET Multi-Device Home Office, ESET Small Office Security Pack, ESET Small Business Security Pack, ESET Endpoint Antivirus for Windows, ESET Endpoint Security for Windows, ESET Cyber Security, ESET Cyber Security Pro, ESET Multi-Device Security, ESET Multi-Device Home Office, and ESET Security for Virtual Environment;

- The **"'621/'755 Windows and Domino Server Products"** which collectively all ESET products that operate on Windows, including ESET Mail Security for Microsoft Exchange Server, ESET File

---

[4] The '621 Cloud Products are not asserted against the '755 Patent.

PRETRIAL ORDER                    CASE NO.: 3:17-cv-00183-CAB-BGS

Security for Microsoft Windows Server, ESET Security for Microsoft SharePoint Server, ESET Security for Virtual Environment and ESET Mail Security for IBM Domino.

As set forth in Finjan's Complaint, Finjan seeks monetary and equitable relief. Finjan is seeking a reasonable royalty for ESET's infringement, and separately, injunctive relief for future infringement.[5]  Finjan also seeks an accounting of past damages for infringement up to the date of the payment, along with prejudgment and post-judgement interest. Finjan also seeks a declaratory judgment that ESET infringes all asserted claims and that each and every asserted claim is valid and enforceable. Finjan's Complaint originally identifies the following points of relief:

- an entry of judgment that ESET has directly infringed and is directly infringing the '844 Patent, the '780 Patent, the '086 Patent, the '621 Patent, and the '755 Patent, or inducing the infringement of the '844 Patent, the '780 Patent, the '086 Patent, the '621 Patent, and the '755 Patent;

- a preliminary and permanent injunction against ESET and those in privity with ESET from infringing the asserted patents;

- an award of damages in the form of a reasonable royalty;

- a determination that ESET's infringement has been willful, wanton, and deliberate and that Finjan is entitled to trebled damages on this basis;[6]

- a finding that this case is exceptional;

- as award of Finjan's costs and reasonable attorneys' fees permitted under 35 U.S.C. § 285;

---

[5] Finjan is not seeking injunctive relief at trial because all of the Asserted Patents have expired.

[6] The Court dismissed Finjan's willfulness claim in D.I. 720.

- an accounting of ESET's infringing sales and revenues, along with prejudgment and post-judgement interest from the first date of infringement to the present; and

- any further relief that the Court may deem proper and just.

## II.   Defendants' Defenses and Causes of Action

ESET, LLC and ESET spol. s.r.o. each filed an Amended Answer and Counterclaims to the Complaint.  D.I. 142, 143.  ESET has denied infringement of each Asserted Claim and alleged that each Asserted Claim is invalid (including, but not limited to, inventorship, utility, novelty, non-obviousness, enablement, definiteness, and written description) and unenforceable.  D.I. 142 at 22-29; D.I. 143 at 22-29.  ESET has also raised defenses of prosecution history estoppel, patent misuse, limitation of damages and costs, no immediate or irreparable injury, no exceptional case, failure to mark, no willful infringement, acquiescence, prosecution laches, and license.  D.I. 142 at 22-29.  ESET filed Counterclaims seeking declaratory judgment that the Asserted Claims are invalid and were not infringed.  D.I. 142 at 30-36; D.I. 143 at 30-37.  ESET also filed Counterclaims seeking declaratory judgment that each and every claim of the '621, '755, and '086 patents are unenforceable due to prosecution laches.  D.I. 142 at 37-39; D.I. 143 at 37-40.  ESET also filed Counterclaims seeking declaratory judgment that all of the Asserted Patents are unenforceable due to patent misuse.  D.I. 142 at 39-41; D.I. 143 at 40-41.  ESET also filed Counterclaims seeking declaratory judgment that the '086, '621, and '755 patents are unenforceable due to inequitable conduct.  D.I. 142 at 41-56; D.I. 143 at 41-56.  ESET has the burden of proving that each Asserted Claim is invalid or unenforceable by clear and convincing evidence.  ESET seeks a judgment that the Asserted Claims are invalid, not infringed, and unenforceable, in addition to costs, expenses, and attorneys' fees, a finding of exceptional case, and any other relief, in law or equity, to which this Court finds ESET are entitled.  D.I. 142 at 56; D.I. 143 at 56-57.

# WITNESS LIST

**I.   Finjan's Descriptions of Witnesses It Expects to Call**

    **A.   Witnesses expected to be called to testify at trial:**

- **Philip Hartstein.**  Mr. Hartstein is the Chief Executive Officer of Finjan.  He is expected to testify regarding Finjan, its business operations, and its licensing practices.

- **John Garland**. Mr. Garland is the Director of Business Development at Finjan.  Mr. Garland expects to testify regarding Finjan's business and licensing efforts during the time with Finjan.

    **B.   Expert Witnesses expected to be called to testify live at trial:**

- **Dr. Harry Bims**. Dr. Bims is an expert in the field of networking and communications technology.  He is expected to testify regarding his background and qualification, general concepts relating to computer networking, high-level web communication, web traffic, email and high-level email communication, secure communications, routers and low-level internet communication, computer network security, viruses and malware, sandboxing, databases and additional tools that can be used to aid the detection of security threats.  In his testimony, Dr. Bims will present a general tutorial of technology involved in this case, including terms and concepts involved with the technology discussed in the Asserted Patents. Dr. Bims may also provide a high-level background regarding ESET's products.

- **Dr. Eric Cole**. Dr. Cole is an expert in cyber security and technical information security.  Dr. Cole expects to offer testimony consistent with his expert report including, his background and qualifications, the claimed invention of the '844 Patent, ESET's products, services and technologies, including ESET's accused Cloud and Gateway

7

Products.  Dr. Cole will testify that the asserted claims of the '844 Patent are infringed by ESET's Cloud and Gateway Products, and about how ESET's activities both in the U.S. and abroad constitute infringement of the '844 Patent. Dr. Cole will also testify regarding ESET's lack of noninfringing alternatives or design arounds.

- **Dr. Michael Mitzenmacher**.  Dr. Mitzenmacher is an expert in computer science, networking, and network security. Dr. Mitzenmacher expects to offer testimony consistent with his expert report including, his background and qualifications, the technology described in the '780 and '086 Patents, ESET's products, services and technologies, including ESET's accused Cloud, Endpoint and Server Products.  Dr. Mitzenmacher will testify that the asserted claims of the '780 and '086 Patents are infringed by ESET's Cloud, Endpoint and Server Products, and about how ESET's activities both in the U.S. and abroad constitute infringement of the '780 and '086 Patents. Dr. Mitzenmacher will also testify regarding ESET's lack of noninfringing alternatives or design arounds.

- **Dr. Nenad Medvidovic**. Dr. Medvidovic is an expert in computer science, networking, and network security.  He expects to offer testimony consistent with his expert report including, his background and qualifications, the technology described in the '621 and '755 Patents, ESET's products, services and technologies, including ESET's accused Cloud, Endpoint and Windows and Domino Server Products.  Dr. Medvidovic will testify that the asserted claims of the '621 Patent are infringed by ESET's Cloud, Endpoint and Windows and Domino Server Products and the asserted claims of the '755 Patent are infringed by ESET's Endpoint and Windows and Domino

Server Products, and will testify about how ESET's activities both in the U.S. and abroad constitute infringement of the '621 and '755 Patents. Dr. Medvidovic will also testify regarding ESET's lack of noninfringing alternatives or design arounds.

- **Mr. Kevin Arst**. Mr. Arst is a Senior Managing Director of Ankura Consulting Group LLC in Ann Arbor, MI, which is a professional services firm focused on IP valuation, litigation consulting, IP strategy and IP transactional services. Mr. Arst will offer testimony at trial consistent with his expert report. He will testify regarding damages owed to Finjan.

- **Dr. Trent Jaeger**. Dr. Jaeger is an expert in computer software, computer security, and network security. He expects to offer testimony consistent with his expert report including, his background and qualifications, the background of the '844, '780 and '086 Patents, including the teachings of the patents, proceedings related to the patents in district courts and before the Patent Office and relevant prior art, relevant considerations concerning related patents, the correct priority and conception dates for claims of the patents, and the knowledge of a person of ordinary skill in the art at the time of the inventions, which applies to the prior art asserted.

- **Dr. Michael Goodrich**. Dr. Goodrich is an expert in computer science, information security, and computer networking. He expects to offer testimony consistent with his expert report including, his background and qualifications, the background of the '621 and '755 Patents, including the teachings of the patents, proceedings related to the patents in district courts and before the Patent Office and relevant prior art, relevant considerations concerning related patents, the

correct priority and conception dates for claims of the patents, and the knowledge of a person of ordinary skill in the art at the time of the inventions, which applies to the prior art asserted.

- **Dr. Alessandro Orso**. Dr. Orso is an expert in computer science, program analysis, and computer security. He expects to offer testimony consistent with his expert report including, his background and qualification, relevant secondary considerations of non-obviousness of the Asserted Patents.  Dr. Orso's discussion of secondary considerations will include:  recognition of a problem, a long felt need for the claimed invention, failed attempts by others, praise by others and industry recognition, copying by others, licensing of the patents and commercial success.

**C.    Witnesses Finjan reserves the right to call:**

- **David R. Kroll**. Mr. Kroll is a former employee of Finjan and co-inventor of the '086 Patent.  Mr. Kroll expects to testify regarding the work on developing new technologies, business, and engineering efforts at Finjan during the time of his employment at Finjan.

- **Shlomo Touboul.** Mr. Touboul is the founder of Finjan.  He will testify regarding Finjan's business, engineering, and technology pursuits during his employment with Finjan.

- **Albro, Alexandra.** Finjan may call Ms. Albro by deposition to testify regarding ESET, including its knowledge regarding ESET's first awareness of Finjan.

- **Bono, Christopher.** Finjan may call Mr. Bono by deposition to testify regarding ESET's products, services, and documentation.

PRETRIAL ORDER                                CASE NO.: 3:17-cv-00183-CAB-BGS

- **Gabryszewski, Marcin.** Finjan may call Mr. Gabryszewski by deposition to testify regarding the functionality of Eset's products and services.
- **Goretsky, Aryeh.** Finjan may call Mr. Goretsky to testify by deposition regarding security and virus research and his knowledge of prior art.
- **Janosik, Juraj.** Finjan may call Mr. Janosik to testify by deposition regarding his knowledge of ESET's products and services.
- **Kosinar, Peter.** Finjan may call Mr. Kosinar to testify by deposition regarding the development, design, and functionality of ESET's products, source code development, prior art analysis and functionality and publication of prior art anti-virus software.
- **Kovac, Peter.** Finjan may call Mr. Kovac to testify by deposition regarding the distribution and availability of prior art products.
- **Kovacik, Michal.** Finjan may call Mr. Kovacik to testify by deposition regarding the development, design, and functionality of ESET's products and services.
- **Krizan, Matej.** Finjan may call Mr. Krizan to testify by deposition regarding the development, design, and functionality of ESET's products and services.
- **Luka, Pavel.** Finjan may call Mr. Luka to testify by deposition regarding general corporate knowledge of ESET, LLC and ESET spol. s.r.o.
- **Malcho, Juraj.** Finjan may call Mr. Malcho to testify by deposition regarding the development, design, and functionality of ESET's products and services.

11

- **Marko, Richard.** Finjan may call Mr. Marko to testify by deposition regarding general corporate knowledge of ESET spol, s.r.o. and the design, development, and publication of prior art anti-virus software.

- **Michalakova, Jana.** Finjan may call Mr. Michalakova to testify by deposition regarding financial information associated with ESET's products and services.

- **Pasko, Robert.** Finjan may call Mr. Pasko to testify by deposition regarding the development, design, and functionality of ESET's products and services.

- **Paulen, Vladimir.** Finjan may call Mr. Paulen to testify by deposition regarding the development, design, and functionality of ESET's products and services.

- **Simovic, Viliam.** Finjan may call Mr. Simovic to testify by deposition regarding the development, design, and functionality of ESET's products and services.

- **Skora, Wojciech.** Finjan may call Mr. Skora to testify by deposition regarding the development, design, and functionality of ESET's products and services.

- **Somlo, Ivan.** Finjan may call Mr. Skora to testify by deposition regarding the development, design, and functionality of ESET's products and services.

- **Stapleton, Brett.** Finjan may call Mr. Stapleton to testify by deposition regarding the sales of ESET's products.

- **Sucansky, Patrik.** Finjan may call Mr. Sucansky to testify by deposition regarding the development, design, and functionality of ESET's products and services.

PRETRIAL ORDER                                    CASE NO.: 3:17-cv-00183-CAB-BGS

- **Sustek, Juraj.** Finjan may call Mr. Sustek to testify by deposition regarding the development, design, and functionality of ESET's products and services.
- **Vrabec, Jan.** Finjan may call Mr. Vrabec to testify by deposition regarding competitive analysis.
- **Vrana, Peter.** Finjan may call Mr. Vrana to testify by deposition regarding how ESET sells and markets its products and services.
- **Wojcik, Mateusz.** Finjan may call Mr. Wojcik to testify by deposition regarding the development, design, and functionality of ESET's products and services.

## II.    ESET's Descriptions of Witnesses It Expects to Call

### A.    Witnesses expected to be called to testify at trial:

- **Marcin Gabryszewski**.  Mr. Gabryszewski is a Senior Developer at ESET spol.  He is expected to testify live concerning HIPS and Exploit Blocker.
- **Juraj Janosik**.  Mr. Janosik is a Senior Software Engineer at ESET spol. He is expected to testify live concerning automated sample processing by CMPS, and automated analysis of certain files, creation of blacklist hashes, and creation of signatures from log files.
- **Peter Kosinar**.  Mr. Kosinar is a Technical Fellow at ESET spol.  He is expected to testify live concerning the development, design, and functionality of the accused products, source code development, source code collection efforts, functionality and publication of prior art ESET software, and non-infringing alternatives to the Asserted Patents.  Mr. Kosinar is also expected to testify on the release date of Augur, ESET Threat Intelligence, Enterprise Inspector, and ECMPS/EDTD.

13

- **Peter Kovac**.  Mr. Kovac is expected to testify live concerning the distribution and availability of prior art products, including HVMS and NOD iCE.

- **Juraj Malcho**.  Mr. Malcho is the Chief Technology Officer at ESET spol. He is expected to testify live concerning the content of ESET marketing documents, compartmentalization of R&D and software development at ESET, and provide a general overview of ESET product components and services.

- **Richard Marko**.  Mr. Marko is the Chief Executive Officer at ESET spol. He is expected to testify live concerning the founding and growth of ESET during his tenure, recognition of ESET as an industry leader in anti-malware and cybersecurity, and the design, development, and publication of prior art anti-virus software.

- **Wojciech Skora**.  Mr. Skora is a Software Engineer at ESET spol.  He is expected to testify live concerning the functionality of the Advanced Heuristics features in ESET's accused products.  Mr. Skora is also expected to testify about the release date of Augur.

- **Patrick Sucansky**.  Mr. Sucansky is a Senior Software Engineer at ESET spol.  He is expected to testify live concerning the functionality of ESET LiveGrid Feedback System, CMPS, and LiveGrid Reputation System.  Mr. Sucanksy is also expected to testify regarding the release date of ECMPS/EDTD.

- **Mateusz Wojcik**.  Mr. Wojcik is a Senior Specialized Software Engineer at ESET spol.  He is expected to testify live concerning the functionality of HIPS, Exploit Blocker (including Java Exploit Blocker) and Advanced Memory Scanner features of ESET's accused products.

PRETRIAL ORDER                                    CASE NO.: 3:17-cv-00183-CAB-BGS

- **Righard Zwienenberg**. Mr. Zwienenberg is a consultant to ESET. He is expected to testify live concerning prior art anti-virus software development, distribution, functionality, and availability, including, but not limited to, Thunder Byte.

B. **Expert Witnesses expected to be called to testify live at trial:**

- **Thomas W. Britven**. Mr. Britven is President of ASQ Consulting, which is a professional services firm that provides a multitude of services including litigation consulting, business strategy, infrastructure development, investment banking, and private equity. Mr. Britven is expected to testify, consistent with his expert report, concerning the amount of damages due Finjan, if any, and to respond to the expert testimony of Finjan's expert, Mr. Kevin Arst, if any.

- **Sylvia Hall-Ellis, Ph.D**. Dr. Hall-Ellis is an Adjunct Professor in the School of Information at San Jose State University. Dr. Hall-Ellis is expected to testify, consistent with her expert report, concerning the public availability of certain prior art documents.

- **Eugene H. Spafford, Ph.D**. Dr. Spafford is a Professor of Computer Science at Purdue University. Dr. Spafford is expected to testify, consistent with his expert reports, concerning non-infringement of the Asserted Claims, non-infringing alternatives to the Asserted Patents, invalidity of the Asserted Claims, the knowledge of a person of ordinary skill in the art at the time of the earliest claimed priority or filing dates of each of the Asserted Patents, the state of the art and the existing technology at that time, the proper priority date for each of the claimed inventions, and that ESET's products are licensed under certain of the Asserted Patents based on Finjan's license agreement with Microsoft Corporation.

PRETRIAL ORDER                                    CASE NO.: 3:17-cv-00183-CAB-BGS

- **Roger Thompson**.  Mr. Thompson is the Chief Executive Officer of TCSL Research, which is dedicated to computer security at the firmware level.  Mr. Thompson is expected to testify, consistent with his expert report, regarding commercial feasibility of Finjan products, as well as opinions offered by Finjan's experts, if any, regarding the alleged capabilities of Finjan's products and software to detect malware.

C.   **Witnesses ESET reserves the right to call:**

- **Yuval Ben-Itzhak**.  Mr. Ben-Itzhak is a named inventor on the '086 patent.  ESET may call Mr. Ben-Itzhak by deposition to testify concerning inventorship of the '086 patent, financial history of Finjan, Finjan's purported technology, and marking of Finjan products.

- **Dawn-Marie Bey**.  Ms. Bey was the prosecuting attorney for the Asserted Patents.  ESET may call Ms. Bey by deposition to testify concerning inequitable conduct committed during prosecution of certain of the Asserted Patents.

- **Erik Cabetas**.  Mr. Cabetas is the Managing Partner of Include Security.  ESET may call Mr. Cabetas by deposition to testify concerning creation of the Include Security Report.

- **John Garland**.  Mr. Garland is the President of Garland IP Services.  ESET may call Mr. Garland by deposition to testify concerning Finjan's licensing practices.

- **Philip Hartstein**.  Mr. Hartstein is the Chief Executive Officer for Finjan.  ESET may call Mr. Hartstein by deposition to testify concerning Finjan's failure as a operating company, its exchange listing via reverse merger, dividends to common shareholders, and Finjan's licensing practices.

- **Michal Kovacik**.  Mr. Kovacik is a Specialized Software Engineer for ESET spol.  ESET may call Mr. Kovacik by deposition to testify concerning the ScriptAlg and Linescript features of ESET's products.
- **David Kroll**.  Mr. Kroll is a named inventor on the '086 patent.  ESET may call Mr. Kroll by deposition to testify concerning inventorship of the '086 patent.
- **Pavel Luka**.  Mr. Luka is the Chief Operating Officer for ESET spol. ESET may call Mr. Luka by deposition to testify concerning the release date of ETI.
- **Vladimir Paulen**.  Mr. Paulen is the Chief Information Officer for ESET spol.  ESET may call Mr. Paulen by deposition to testify concerning location of certain servers employed in ESET's LiveGrid System and costs associated therewith.
- **Viliam Simovic**.  Mr. Simovic is a Senior Software Engineer for ESET spol.  ESET may call Mr. Simovic by deposition to testify concerning ESET's Mac and Linux products, and the shared local cache.
- **Ivan Somlo**.  Mr. Somlo is a Specialized Software Developer for ESET spol.  ESET may call Mr. Somlo by deposition to testify concerning the functionality and design of ESET's backend tools.
- **Juraj Sustek**.  Mr. Sustek is a Software Developer for ESET spol.  ESET may call Mr. Sustek by deposition to testify concerning ESET's backend storage systems and statistical packages.
- **Shlomo Touboul**.  Mr. Touboul is a named inventor on all of the Asserted Patents.  ESET may call Mr. Touboul by deposition to testify concerning the invention of the Asserted Patents, marketing of Finjan's technology, reliance on marketing documents, Finjan's financials, inventorship of the Asserted Patents, the Microsoft license agreement, understanding of

signature scanning, understanding of heuristics, presentations to Finjan inventors, Finjan's products before the sale to M86, and scope of the term "Downloadable."

- **Nimrod Vered**.  Mr. Vered is an Engineering Manager for Microsoft, worked for Finjan from 1998-2000, and is a named inventor on the '086 patent.  ESET may call Mr. Vered by deposition to testify concerning inventorship of the '086 patent, his history with Finjan, importance of avoiding false positives, and Finjan's financial success.

## EXHIBIT LIST

A list of exhibits to be offered at trial, together with objections, are submitted herewith.  Appendix A is a list of Finjan's exhibits and ESET's objections thereto.  Appendix B is a list of ESET's exhibits and Finjan's objections thereto.

## STATEMENT OF STIPULATIONS

The following stipulations were agreed upon by the parties, are made a part of this Pretrial Order, and may be read to the jury pursuant to CivLR 16.1(f)(6)(c)(5).

1. Finjan is a Delaware corporation with its principal place of business at 2000 University Ave., Ste. 600, East Palo Alto, California 94303.

2. ESET LLC is a California Limited Liability Corporation with its principal place of business at 610 West Ash Street, Suite 1700, San Diego, California 92101.

3. ESET spol. s.r.o. is a Slovak Republic Corporation with its principal place of business at Aupark Tower, 16th Floor, Einsteinova 24, 851 01 Bratislava, Slovak Republic.

4. Shlomo Touboul and Nachshon Gal are listed as inventors on the '844 Patent.

5. The '844 Patent was filed on December 22, 1997.

6. The '844 Patent issued on November 28, 2000.

PRETRIAL ORDER                                  CASE NO.: 3:17-cv-00183-CAB-BGS

7.    The '844 Patent expired on January 29, 2017.

8.    Yigal Mordechai Edery, Nimrod Itzhak Vared, David R. Kroll, and Shlomo Touboul are listed as inventors on the '086 Patent.

9.    The '086 Patent was filed on May 26, 2009.

10.   The '086 Patent issued on December 13, 2011.

11.   The '086 Patent expired on January 29, 2017.

12.   Shlomo Touboul is listed as the inventor on the '780 Patent.

13.   The '780 Patent was filed on March 30, 2000.

14.   The '780 Patent issued on October 12, 2014.

15.   The '780 Patent expired on November 6, 2017.

16.   Shlomo Touboul is listed as the inventor on the '621 Patent.

17.   The '621 Patent was filed on February 11, 2015.

18.   The '621 Patent issued on November 17, 2015.

19.   The '621 Patent expired on January 29, 2017.

20.   Shlomo Touboul is listed as the inventor on the '755 Patent.

21.   The '755 Patent was filed on June 5, 2015.

22.   The '755 Patent issued on December 22, 2015.

23.   The '755 Patent expired on January 29, 2017.

The following additional stipulations were agreed upon by the parties, are made a part of this Pretrial Order, but should not be read to the jury.

1.    ESET agrees not to use the following terms to describe Finjan: "patent troll," "paper patent," and "shell corporation."

2.    The parties agree not to reference Finjan's U.S. Patent No. 7,975,305 in front of the jury.

3.    The parties agree not to reference any discovery disputes in front of the jury.

PRETRIAL ORDER                          CASE NO.: 3:17-cv-00183-CAB-BGS

4.      The parties agree that their respective experts' direct examination testimony is limited to the contents of their respective expert reports.

5.      The parties agree they will not reference any expert testimony that has been stricken by this Court in front of the jury.

## DEPOSITION DESIGNATIONS

A list of deposition transcripts by page and line that Finjan intends to offer at trial and list of designation of discovery responses that Finjan intends to offer at trial is attached hereto as Appendix C.

A list of deposition transcripts by page and line that ESET intends to offer at trial is attached hereto as Appendix D.

## JURY INSTRUCTIONS

In addition to filing proposed jury instruction in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties must e-mail the proposed instructions in Word to Chambers. If a party disagrees with a particular instruction, the party must submit an alternate instruction.

## JURY TRIAL

This case will be tried by Jury, with the exception of the equitable claims to be tried to the Court, following the completion of the jury trial as necessary.

## LENGTH OF TRIAL

Trial is estimated for 12 trial days.  Each side is allocated 25 hours to present its case inclusive of opening and closing.

It is **SO ORDERED**.

Dated:  February 25, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge