NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS <br><br> **ESET, LLC AND ESET, SPOL. S.R.O.'s STATUS UPDATE REGARDING THE '305 PATENT AND OTHER TRIAL ISSUES** <br><br> Judge:    Hon. Cathy Ann Bencivengo |

17cv0183

44985722.1

Defendants ESET, LLC and ESET, spol. s.r.o. file this status update pursuant to this Court's May 12, 2020 Order (D.I. 786).

## I. STATUS OF '305 PATENT

As a result of an *ex parte* reexamination, the Patent Office cancelled independent claims 1 and 13, along with dependent claims 2 and 5 of the '305 patent. The Federal Circuit affirmed the cancellation of those claims. A second *ex parte* reexamination was filed by Sonicwall earlier this year that seeks cancellation of the remaining independent claim and several additional dependent claims, based on the same art used to cancel claims 1, 2, 5, and 13. The Sonicwall *ex parte* reexamination has already been instituted. A third *ex parte* reexamination was filed by ESET last month seeking cancellation of the remaining claims of the '305 patent, again based on the same art. To date, two of the three independent claims of the '305 patent already have been cancelled, the third independent claim—which is nearly identical to the other two—is the subject of an instituted *ex parte* reexamination. The remaining dependent claims also have been challenged by Sonicwall and ESET. In addition, ESET has until August 10, 2020 to seek a petition for a writ of certiorari on its IPR. Detailed information relating to the various post-grant proceedings is set forth below.

To date, no discovery has been taken regarding the '305 patent: no fact depositions regarding the alleged instrumentalities or potential prior art, no expert reports have been served regarding invalidity or infringement, and no expert depositions have been scheduled or taken. Prior art witnesses relevant to invalidity of the '305 patent reside in Israel and England, while ESET's witnesses relevant to the infringement allegations reside in Slovakia and Poland.

ESET believes that a continued stay of the '305 patent is warranted because: two of the independent claims have already been canceled by the Patent Office (and that decision affirmed on appeal by the Federal Circuit); the same prior art has been found sufficient to institute a new reexamination proceeding on the remaining independent claim; additional dependent claims are likely to be invalidated in connection with the

44985722.1

newly instituted reexamination proceeding; the remaining dependent claims are challenged in ESET's pending *ex parte* reexamination request; taking international discovery on the '305 patent issues would be costly and difficult in light of the ongoing global pandemic; and resolution of the existing patent claims may enable the parties to resolve the dispute on the '305 patent without a further trial.

### A.   ESET's IPR and Appeal

On July 1, 2016, Finjan filed suit against ESET alleging infringement of six U.S. patents. (D.I. 1.) On July 4, 2017, ESET filed an IPR seeking invalidation of all claims of the '305 patent. (D.I. 224-4.) The Patent Trial and Appeal Board ("Board") instituted ESET's IPR on January 31, 2018. (D.I. 224-5.) On February 20, 2020, shortly after the Board instituted the IPR, ESET sought a stay of this case pending the outcome of the IPR. (D.I. 224-1.) The Court granted-in-part ESET's request by severing the '305 patent from the five remaining patents and staying all deadlines relating to the '305 patent. (D.I. 251.)

On January 24, 2019, the Board issued a final written decision that the claims of the '305 patent were not unpatentable over the prior art identified in ESET's IPR. On April 1, 2019, ESET filed a notice of appeal with the Federal Circuit raising, *inter alia,* constitutional issues that affected the proceeding. On April 9, 2020, notwithstanding ESET's arguments that it had been denied due process throughout the conduct of the IPR, the Federal Circuit *sua sponte* cancelled oral argument in light of the ongoing COVID-19 public health emergency. On May 11, 2020 the Federal Circuit issued a Rule 36 affirmance. On July 2, 2020, the mandate from the Federal Circuit issued. Given the Board's arbitrary and capricious handling of the IPR, ESET continues to consider whether to petition the Supreme Court for a writ of certiorari. ESET has until August 10, 2020 to file such a petition.

### B.   Proofpoint *Ex Parte* Reexamination

On December 11, 2015 Proofpoint filed a request for an *ex parte* reexamination of claims 1, 2, 5, and 13 the '305 patent. (*See* Reexamination Request 90/013,660.) On

January 19, 2016, reexamination was ordered for all requested claims. On August 24, 2016, the Examiner issued a final rejection of all challenged claims. On November 22, 2016, Finjan filed a notice of appeal to the Board. Following briefing and oral argument, on July 2, 2018 the Board affirmed the unpatentability of the cancelled claims. On September 4, 2018, Finjan appealed the Board's decision to the Federal Circuit. On October 28, 2019, the Federal Circuit affirmed the Board's decision, affirming cancelation of all the challenged claims. On January 29, 2020, the Patent Office issued a Reexamination certificate, cancelling claims 1, 2, 5, and 13 of the '305 patent. Thus, two of the three independent claims in the '305 patent have been cancelled.

### C.   Sonicwall's *Ex Parte* Reexamination

On March 19, 2020, following the issuance of the reexamination certificate issued as a result of the Proofpoint *ex parte* reexamination, Sonicwall filed a request for *ex parte* reexamination of dependent claims 6, 9, 11, 12, 17, and independent claim 25 of the '305 patent. (*See* Reexamination Request 90/014,447.) The Sonicwall petition relies on the same art as the Proofpoint *ex parte* reexamination. On May 7, 2020, the Patent Office ordered reexamination of all the claims of the '305 patent that Sonicwall had requested. No further action has yet taken place in that proceeding. Claim 25, the only remaining independent claim, is nearly identical to previously cancelled independent claims 1 and 13.

### D.   ESET's *Ex Parte* Reexamination

On June 19, 2020, ESET filed an *ex parte* reexamination of all remaining claims of the '305 patent. (*See* Reexamination Request 90/014,535.) ESET's petition relies on the same art as that cited in the Proofpoint and Sonicwall requests. On June 29, 2020, Finjan filed a petition with the Patent Office to terminate ESET's *ex parte* reexamination as allegedly estopped under 35 U.S.C. § 315(e). On June 30, 2020, the Patent Office confirmed the *ex parte* reexamination was properly filed and assigned the case to the same examiner handling the Sonicwall *ex parte* reexamination. On July 13, 2020, ESET filed a response to Finjan's petition explaining why the *ex parte* petition was not barred

44985722.1

by 35 U.S.C. § 315(e) and Finjan's improper petition should be dismissed.[1]

## II. OTHER PRE-TRIAL RELATED MATTERS

### A. Renewal of ESET's Request for Partial Summary Judgment Regarding the Priority Date of the '844 Patent

On April 23, 2019, ESET moved for partial summary judgment that the '844 patent was not entitled to claim priority to the provisional application. (D.I. 483-1 at 3-7). On October 16, 2019, this Court ruled on the pending summary judgment motions and stated "The Court…was prepared to adopt the IPR decision that the inventors of the '844 patent were not in possession of the subject matter of the challenged claims of that patent any time prior to the December 22, 1997 filing date of the 08/995,648 application. [Doc. No. 483-20, at 21-25; Doc. No. 697, at 51.]  The parties represented that there had been further developments in the Patent Office regarding that determination.  The matter therefore remains under submission pending updates from the parties." (D.I. 699 at 4.)

On April 7, 2020, the PTAB issued a final written decision regarding the validity of the '844 patent.  IPR2019-00026, Paper 46.  While the Board determined that the claims were not unpatentable in view of the art presented in that IPR petition, the Board "concluded that the challenged claims were not entitled to a priority date any earlier than the December 22, 1997, filing date of the application for the '844 patent, and accordingly, we also concluded that Abadi, which issued from an application filed December 1, 1997, is prior art." *Id.* at 21.

This Court stated that it was prepared to grant ESET's motion regarding the priority date for the '844 patent but put its decision on hold pending the Board's determination in the IPR.  The Board determined, as this Court was prepared to do and as ESET's summary judgment motion explained, that the '844 patent is not entitled to claim priority to the provisional application.  ESET requests that the Court now grant its motion

---

[1] A copy of ESET's filing is attached as Exhibit 1 to the Declaration of Scott A. Penner in Support of ESET, LLC and ESET, SPOL. S.R.O.'s Status Update Regarding the '305 Patent and Other Trial Issues, concurrently filed herewith.

and find that the '844 patent is not entitled to a priority date any earlier than December 22, 1997, the filing date of the application for the '844 patent.

### B. Renewal of ESET's Request for Summary Judgment Regarding Indefiniteness of the Term Downloadable

On April 23, 2019, ESET moved for summary judgment that the patents-in-suit were invalid due to indefiniteness of the term "Downloadable." (D.I. 478). On October 16, 2019, this Court denied ESET's motion "without prejudice to ESET demonstrating this invalidity defense at trial."

At trial, Dr. Cole testified that the term "small" meant "an executable that doesn't require installation when it runs on your system." *See, e.g.,* 2020-03-12 Trial Transcript (Day 3) at 396:2-5. Yet Dr. Cole admitted that his "definition" of the term would include files up to at least 2-terabytes in size. *Id.* at 464:17-22. Computers in 1996, when the patents were written, generally had a hard drive capacity of 2 gigabytes. *Id.* at 410:8-16. Therefore, according to Dr. Cole's own testimony a "small" file would be one that was 100x LARGER than the size of the entire hard drive on computers at the time of the alleged invention.

Beyond the absurdity that the definition of "small" could be "larger than your hard drive" (in fact Dr. Cole's definition means there is no actual size limit), the record demonstrates that Dr. Cole's testimony is entirely divorced from the patent specifications, ignores the analysis that this Court performed when properly construing the term, and is at odds with the deposition testimony of Finjan's other experts.

Moreover, this Court's definition of "small" comes directly from the '962 specification which states: "A Downloadable is a small *executable* or interpretable application program which is downloaded from a source computer *and run* on a destination computer." Nothing in the specification suggests that whether something is "executable" depends upon whether or not it is installed. Dr. Cole reads into the term Downloadable a limitation (i.e. the requirement for installation) that has no support in the Court's construction or the specification. And Dr. Cole's "installed" definition differs

44985722.1

from his deposition testimony.

At his deposition, Dr. Cole was asked if "Internet Explorer" could be considered a Downloadable. Rather than saying "no because Internet Explorer is installed," Dr. Cole testified "if you were downloading a new version of it, I guess it could be...it would depend on the context." 2019-03-19 Deposition of Cole at 166:7-14. And further, when asked "What context would I have to be looking at in order to know if it [the word small] can be used?" Dr. Cole pointedly did not testify that it had anything to do with whether the file was installed. Instead, he testified that the context was "Just on what you're downloading, what is *the size relative to other things that are being downloaded*." *Id.* at 169:11-15.

Dr. Cole's new theory at trial that "small" means the file is "not installed" is devoid of support in the patents, contradicted by the claims of the patents, at odds with his previous testimony, and now produces the absurd result that files of nearly infinite size should be considered "small." Dr. Cole's deposition and trial testimony, in the aggregate, demonstrates precisely why the term Downloadable is indefinite as used in all asserted patents.

ESET requests permission to file an amended motion for summary judgment in light of Dr. Cole's trial testimony. A finding in ESET's favor would be case dispositive and save the parties countless time and expense involved in a retrial.

### C. Prosecution History Estoppel Prevents Assertion of the '844 Patent Against Gateway Devices in Light of Ji

During the trial conducted in March, this Court acknowledged that ESET had raised a prosecution history estoppel claim with respect to the applicability of the '844 patent to gateway servers and told counsel "I'm going to decide the prosecution estoppel claim, which I have not reached yet." (2020-03-12 Day 3 Transcript at 432:9-14.) As the Court acknowledged, resolution of this issue is one for the Court. If, as the record shows, Finjan is estopped from asserting the '844 patent against ESET's gateway servers, then the case will be significantly reduced in scope. ESET suggests that the parties be allowed

44985722.1

to brief the issue for the Court's consideration and resolution prior to any rescheduled trial.

### D. Prioritization of Bench Trial Regarding Unenforceability of the '621, '755, and '086 Patents

The enforceability of the '621, '755, and '086 patents is an equitable issue that must be tried to the Court. ESET understands that only a single witness will be called by the parties relating to unenforceability: Ms. Dawn-Marie Bey, the prosecutor of the patents. ESET further understands that Ms. Bey is outside the subpoena power of the Court and that Finjan will not make her available for live testimony. Therefore, the inequitable conduct trial can take place over video or with minimal personnel in Court to present arguments, documents, and the videotaped deposition of Ms. Bey. ESET anticipates no more than ten total hours of trial time (split equally between the parties) would be required to present the case.

In light of the ease with which the inequitable conduct portion of the trial can be conducted (compared to the logistics of a three-week trial involving travel from all parts of the United States and Europe), ESET suggests the Court schedule the inequitable conduct portion of the case prior to the retrial on all other issues.[2]

---

[2] Because of the ongoing public health emergency and travel restrictions for ESET's international witnesses, ESET believes it would not be feasible to schedule a date for the full retrial at this time. Instead, ESET suggests this Court schedule a status conference at the Court's convenience sometime after September 15, 2020.

| | | |
|---|---|---|
| 1 | Dated:  July 16, 2020 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |
| 4 | | */s/ Scott A. Penner* |
| | | NICOLA A. PISANO, CA Bar No. 151282 |
| | | NicolaPisano@eversheds-sutherland.com |
| | | JOSE L. PATIÑO, CA Bar No. 149568 |
| | | JosePatino@eversheds-sutherland.com |
| | | JUSTIN E. GRAY, CA Bar No. 282452 |
| | | JustinGray@eversheds-sutherland.com |
| | | SCOTT A. PENNER, CA Bar No. 253716 |
| | | ScottPenner@eversheds-sutherland.com |
| | | 12255 EL CAMINO REAL, SUITE 100 |
| | | SAN DIEGO, CALIFORNIA  92130 |
| | | TELEPHONE:    858.252.6502 |
| | | FACSIMILE:     858.252.6503 |
| | | Attorneys for Defendants and Counter-Plaintiffs ESET, LLC and ESET, SPOL. S.R.O. |

44985722.1