PAUL ANDRE (SBN 196585)
pandre@kramerlevin.com
LISA KOBIALKA (SBN 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (SBN 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Defendants. | Case No. 3:17-cv-00183-CAB-BGS<br><br>**LETTER BRIEF TO THE COURT REGARDING THE STATUS OF THE '305 PATENT** |
| ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>FINJAN, INC., a Delaware Corporation,<br><br>Counterclaim-Defendant. | |

In response to the Court's May 12, 2020 Minute Order (Doc. No. 786), Finjan submits its brief regarding the status of the '305 Patent and other issues that should be addressed prior to trial. The parties are awaiting a new trial date after the previous trial was terminated on March 16, 2020 due to health and safety concerns in the midst of the COVID-19 pandemic.

**I.   Trial Should Proceed with All Asserted Patents for Efficiency Reasons**

Finjan seeks relief from the Court and requests that the Court lift the stay and open discovery relating to Eset's infringement of U.S. 7,975,305 ("the '305 Patent") so that all asserted patents can be tried in a single jury trial when rescheduled.

On May 7, 2018, the Court ordered a stay of any proceedings related to the '305 Patent "until the issuance of the Board's decision." Doc. No. 251 at 4 (staying the '305 Patent until there was a Final Written Decision). Technically, the stay lifted on January 24, 2019, when the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision on Eset's IPR, finding that Eset had not shown by a preponderance of the evidence claims 1-25 of the '305 Patent to be unpatentable. *See Eset, LLC v. Finjan, Inc.*, No. IPR2017-01738, 2019 WL 328479, at *16 (P.T.A.B. Jan. 24, 2019). The Court should formally lift the stay on the '305 Patent issues, so discovery regarding Eset's infringement of the '305 Patent can be completed in time for the retrial. Including all pending causes of action in a single trial would greatly reduce the resources required by the Court and the parties. Significant judicial resources will be unnecessarily consumed by two separate trials, which can lead to two separate appeals. Many of the same experts and witnesses will have to testify in two cases if they proceed separately, including regarding issues of damages on products that overlap with the other patents at issue in the case. Since Eset's invalidity challenge on all claims of the '305 Patent resulted in a finding that all such claims are patentable, it is collaterally estopped from challenging the '305 Patent again. Furthermore, this case has already gone on for four years, and requiring a separate trial for the '305 Patent after the retrial

would delay resolution of the case for several more years and greatly prejudices Finjan with increased costs and delay.

## II. The Validity of the Asserted Claims of the '305 Patent have been Upheld

Finjan is currently asserting claims 3, 4, 6, 7, 11, 21, 23, and 25 of the '305 Patent against Eset in this case. Of these, claims 3, 4, 7, 21, and 23 of the '305 Patent were deemed patentable and are not currently being challenged in any procedurally valid Patent Office proceeding.

The Court's stay of the '305 Patent lifted on January 24, 2019 when the PTAB issued a Final Written Decision on Eset's IPR challenging the patentability of all claims of the '305 Patent. *See Eset*, 2019 WL 328479, at *16; *see also* Doc. No. 251 at 4. The Final Written Decision held that Eset failed to show that any claims of the '305 Patent are unpatentable. *Eset*, 2019 WL 328479, at *16. On May 11, 2020, the U.S. Court of Appeals affirmed the Final Written Decision upholding the patentability of all the claims that Eset challenged. *Eset, LLC v. Finjan, Inc.*, 809 F.Appx. 1005, 1006 (Fed. Cir. May 11, 2020).

No other resolved or pending actions before the Patent Office undermine the opening of discovery into the '305 Patent. First, while third-party Proofpoint Inc. filed an *Ex Parte* Reexamination (Reexamination No. 90/013,660) against the '305 Patent that resulted in a Reexamination Certificate canceling claims 1, 2, 5, and 13, this is irrelevant because Finjan is not asserting those claims. Second, while Eset filed an *Ex Parte* Reexamination request (Control Number 90/014,535), on June 19, 2020, challenging the patentability of claims 3-4, 7-8, 10, 14-16, and 18-24, this request was procedurally invalid and should be denied outright. This request relies only on prior art that was known to Eset when it filed its IPR petition, meaning that Eset is estopped from raising this art against the '305 Patent. *See* attached Ex. 1. The Patent Office has not yet issued a decision on whether to grant Eset's request for Reexamination. This procedurally invalid *Ex Parte* Reexamination request was filed less than one month ago

2

and is a blatant attempt by Eset to further delay these proceedings. Any further delay unjustifiably and prejudicially costs Finjan time and resources. Third, while there is a separate pending request for *Ex Parte* Reexamination, it should not cause the Court to exclude the '305 Patent from the upcoming retrial. The *Ex Parte* Reexamination request was filed by Rapid7 and SonicWall (Control Number 90/014,477) and challenges the patentability of claims 6, 9, 11-12, 17, and 25, and is currently under review by the Patent Office. However, asserted claims 3, 4, 7, 21, and 23 were not challenged, meaning that even if this challenge was successful, a trial on any unchallenged claims would still go forward.

### III. Limited Additional Discovery Would be Needed

Only limited additional discovery would be necessary to try the '305 Patent along with the other five patents. Specifically, Finjan would need discovery for damages, Eset's production of technical documents, interrogatory responses, and one 30(b)(6) deposition. Finjan anticipates such discovery could be concluded within two months of opening discovery. Furthermore, Finjan would rely on the same experts for the '305 Patent as for the other patents already at issue for the retrial, saving time and resources for the Court and the parties.

### IV. Other Trial Issues

Finjan is unaware of any other trial issues that need to be addressed by the Court at this time.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | DATED:  July 16, 2020 | By:  *s/ Lisa Kobialka* |
| 3 | | Paul Andre (State Bar. No. 196585) |
| 4 | | Lisa Kobialka (State Bar No. 191404)<br>James Hannah (State Bar No. 237978) |
| 5 | | **KRAMER LEVIN NAFTALIS &**<br>    **FRANKEL LLP** |
| 6 | | 990 Marsh Road |
| 7 | | Menlo Park, CA  94025 |
| 8 | | Telephone: (650) 752-1700<br>pandre@kramerlevin.com |
| 9 | | lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com |
| 10 | | |
| 11 | | *Attorneys for Plaintiff*<br>FINJAN, INC. |

4

STATUS UPDATE REGARDING
THE '305 PATENT

CASE NO. 3:17-cv-00183-CAB-BGS

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing via electronic mail to counsel of record.

DATED: July 16, 2020                    By: *s/ Lisa Kobialka*
                                              Lisa Kobialka