PAUL ANDRE (SBN 196585)
pandre@kramerlevin.com
LISA KOBIALKA (SBN 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (SBN 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Defendants. | Case No. 3:17-cv-00183-CAB-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS OF THE TERM "DOWNLOADABLE"**<br><br>Judge:  Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |
| ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>FINJAN, INC., a Delaware Corporation,<br><br>Counterclaim-Defendant. | |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................. 1

II.  PROCEDURAL BACKGROUND ......................................... 2

    **A.**  This Court Construed "Downloadable" to Include "Small" ...................... 2

    **B.**  Dr. Spafford and Eset Understood and Applied the Term Downloadable And "Small" During Discovery ................................................. 3

    **C.**  Finjan's Experts Understood and Applied the Term Downloadable And "Small" During Discovery ................................................. 4

    **D.**  The Court Denied Eset's Summary Judgment Motion On Indefiniteness Pending Trial Testimony .............................................. 4

III.  ARGUMENT ...................................................................... 6

    **A.**  Dr. Cole's Testimony Does not Support Indefiniteness .............................. 7

        **1.**  Dr. Cole's Mistrial Testimony Clearly Explains "Small" And Is Consistent With The Patent Specifications ........................ 8

        **2.**  Dr. Cole's Mistrial Testimony Is Consistent With Finjan's Experts' Deposition Testimony ..................................... 9

    **B.**  Eset's Has No Expert Testimony to Rebut Finjan's Experts and has Itself Demonstrated that Downloadable can be Applied as Construed ............... 13

    **C.**  To the Extent Any Issue Surrounding "Small" Remains, It Is An Issue of Fact .................................................................. 16

IV.  CONCLUSION ................................................................. 16

MEMO IN SUPPORT OF FINJAN'S
OPP. RE: DOWNLOADABLE

CASE NO. 3:17-cv-00183-CAB-BGS

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
**Federal Cases**

4
*Acumed v. Stryker Corp.*,
5
    483 F.3d 800 (Fed. Cir. 2007) .............................................................16

6
*BASF Corp. v. Johnson Matthey Inc.*,
7
    875 F.3d 1360 (Fed. Cir. 2017) .............................................6, 12, 15

8
*Biosig Instruments, Inc. v. Nautilus, Inc.*,
9
    783 F.3d 1374 (Fed. Cir. 2015) ..................................................6, 11

10
*Cox Commc'ns, Inc. v. Sprint Commc'n Co.*,
11
    838 F.3d 1224 (Fed. Cir. 2016) ........................................................13

12
*DDR Holdings,LLC v Hotels.com, L.P.*,
13
    773 F.3d 1245 (Fed. Cir. 2014) ........................................................11

14
*Elekta Instrument S.A. v. O.U.R. Sci. Int'l, Inc.*,
    214 F.3d 1302 (Fed. Cir. 2000) ........................................................12

15
*Enzo Biochem, Inc. v. Applera Corp.*,
16
    599 F.3d 1325 (Fed. Cir. 2010) ........................................................11

17
*Finjan, Inc. v. Blue Coat Sys., Inc.*,
18
    No. 13-cv-3999-BLF, 2014 WL 5361976 (N.D. Cal.) .........................2

19
*Finjan, Inc. v. McAfee, Inc.*,
20
    No. 10:cv-00593-GMS, 2012 WL 12905833 (D. Del.) ......................2

21
*Finjan, Inc. v. Proofpoint, Inc.*,
22
    No. 13-cv-5808-HSG, 2015 WL 7770208 (N.D. Cal. Dec. 3, 2015)..................2

23
*Finjan, Inc. v. Symantec Corp.*,
    No. 14-CV-02998-HSG, 2017 WL 550453 (N.D. Cal. Feb. 10, 2017) .............2

24
*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*,
25
    488 F.3d 982 (Fed. Cir. 2007) ........................................................15

26

27

28

MEMO IN SUPPORT OF FINJAN'S        CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE

*Interval Licensing LLC v. AOL, Inc.*,
    766 F.3d 1364 (Fed. Cir. 2014) ........................................................12

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
    424 F.3d 1374 (Fed. Cir. 2005) ........................................................11

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
    720 Fed. Appx. 623 (Fed. Cir. 2018)...........................................13, 14

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    572 U.S. 898 (2014)..................................................................6, 8, 11

*PPG Industries v. Guardian Industries Corp.*,
    156 F.3d 1351 (Fed. Cir. 1998) ........................................................16

*Ruckus Wireless, Inc. v. Innovative Wireless Solutions, LLC*,
    824 F.3d 999 (Fed. Cir. 2016) .....................................................1, 7, 12

*Sonix Tech. Co. v. Publ'ns. Int'l, Ltd.*,
    844 F.3d 1370 (Fed. Cir. 2017) .............................................12, 14, 15

*X One, Inc. v. Uber Techs., Inc.*,
    No. 16-CV-06050-LHK, 2017 WL 3581184 (N.D. Cal. Aug. 18, 2017) ...........6

**Rules**

Fed. R. Civ. P. 37(c)(1) ..........................................................................15

**Other Authorities**

*Finjan Software Ltd. v. Secure Computing Corp.*,
    No. 06-cv-369, Dkt. No. 142 (D. Del. Dec. 11, 2007) ..............................2

*Finjan, Inc. v. Sophos, Inc.*,
    No. 14-cv-1197-WHO, Dkt. No. 54 (N.D. Cal.) ...................................2

*Palo Alto Networks, Inc. v. Finjan, Inc.*,
    IPR2016-00165, Paper No. 7 (P.T.A.B. Apr. 21, 2016) .......................2

iii

## I. INTRODUCTION

Defendants' Eset, LLC and Eset SPOL. S.R.O. (collectively "Defendants" or "Eset") Renewed Motion for Summary Judgment of Invalidity Based on Indefiniteness of the Term "Downloadable" ("Eset's Motion") should be denied because Eset cannot establish by clear and convincing evidence the term cannot be applied with a reasonable level of certainty.

*First*, the evidence shows that both Finjan and Eset, and their respective experts are able to understand and apply the phrase "Downloadable," including where the term was construed to include the word "small" with at least a "reasonable certainty," which is all that is required under the law. Finjan's expert Dr. Cole testified during March 2020 mistrial in a manner confirming the definiteness of this term, explaining that a small executable is one that does not require installation. Eset's own expert Dr. Spafford never opined that Downloadable is indefinite, and instead applied the term for his analysis. As such, Eset does not have <u>any</u> expert testimony supporting its position that the term cannot be applied as construed. Eset also undercuts its position in its invalidity contentions, where Eset applied the term as construed and includes no claim that Downloadable is indefinite.

*Second*, Downloadable should not be found to be indefinite because claims should be construed to preserve their validity when amenable to more than one construction. *Ruckus Wireless, Inc. v. Innovative Wireless Solutions, LLC*, 824 F.3d 999, 1004 (Fed. Cir. 2016) (a claim should be construed to preserve its validity). As multiple other Courts have construed the term "Downloadable" without including the term "small," this shows that the term is amenable to interpretations without the inclusion of this term. Therefore, if inclusion of "small" raises an indefiniteness issue, it should be construed in a manner consistent with these other courts' constructions.

*Third*, at a minimum, the Court should not rule on this Motion without a complete trial record, which it indicated it stated it wanted to see before reaching a decision. Eset

1

apparently seeks to avoid given the timing of its Motion, since additional Finjan experts and Eset's own Dr. Spafford, would provide trial testimony showing that this term is readily understandable within a reasonable certainty.

## II.    PROCEDURAL BACKGROUND

### A.    This Court Construed "Downloadable" to Include "Small"

In its November 14, 2017 Claim Construction Order, this Court construed Downloadable as "a small executable or interpretable application program which is downloaded from a source computer and run on a destination computer." Doc. No. 195 at 2.  Multiple other courts and the Patent Trial and Appeal Board (PTAB) have all construed Downloadable in multiple cases and IPRs without the word "small" and without any issue regarding definiteness. *See, e.g.*, *Finjan Software Ltd. v. Secure Computing Corp.*, No. 06-cv-369, Dkt. No. 142 (D. Del. Dec. 11, 2007) (construing Downloadable as "an executable application program, which is downloaded from a source computer and run on the destination computer"); *Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG, 2017 WL 550453, at *2 (N.D. Cal. Feb. 10, 2017) (same); *Finjan, Inc. v. McAfee, Inc.*, No. 10:cv-00593-GMS, 2012 WL 12905833 (D. Del.) (same); *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-1197-WHO, Dkt. No. 54 (N.D. Cal.) (same); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-5808-HSG, 2015 WL 7770208 (N.D. Cal. Dec. 3, 2015) (same); *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00165, Paper No. 7 (P.T.A.B. Apr. 21, 2016) (same); *Juniper Networks, Inc. v. Finjan, Inc.*, No. IPR2019-00026, Paper 7 (P.T.A.B. Apr. 9, 2019) (same); *Blue Coat Sys. LLC v. Finjan, Inc.*, IPR2017-00997, Paper 7 (P.T.A.B. Sept. 5, 2017) (same); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-3999-BLF, 2014 WL 5361976 (N.D. Cal.) (adopting agreed upon construction of Downloadable for '844 Patent).

**B.     Dr. Spafford and Eset Understood and Applied the Term Downloadable And "Small" During Discovery**

Eset and its expert Dr. Spafford understood and applied the term Downloadable during discovery, including the term "small."  Dr. Spafford submitted invalidity and noninfringement reports on November 30, 2018, and February 15, 2019, respectively. Dr. Spafford offered no opinion in these reports in support of Eset's contention that the term Downloadable or "small" are indefinite.  Dr. Spafford has also never provided any non-infringement position based on "small."  To the contrary, Dr. Spafford understood the term Downloadable and in particular the term "small," as evidenced in his reports where he explains that various programs and applications are "small" and he cites to dictionaries and references using the term "small":

- "… API calls with internal SymEvent routines, called 'stubs.' The ***stubs are small routines*** that examine the incoming requests…." Doc. No. 609, Ex. 2 (Spafford Inv. Rpt.) ¶ 538 (emphasis added).

- "An applet typically is ***a small program*** residing on a server …." *Id.*, Ex. 2 (Spafford Inv. Rpt.) at Exhibit B-1 p. 3 (emphasis added).

- "… a computing device (e.g., first computer 210, third computer, etc.) can download '[a]pplets, which are ***small programs*** compiled to an intermediate form.'" *Id.*, Ex. 2 (Spafford Inv. Rpt.) at Exhibit A-3 p. 16 (emphasis added).

- "… one ordinarily skilled in the art at the time of the alleged invention: 'a ***small application program*** that can be called up for use while working in another application.'" *Id.*, Ex. 2 (Spafford Inv. Rpt.) at Exhibit D-1 p. 13 (emphasis added).

- "A person of ordinary skill in the art would have understood that …***any form of executable***, to Java applications/code as specifically referenced, ***and other form of small applications*** as well…." *Id.*, Ex. 2(Spafford Inv. Rpt.) at Exhibit D-6 at p. 11 (emphasis added).

Thus, Eset's expert contradicts Eset's contention that a skilled person cannot determine whether an executable or interpretable application is "small."

3

Eset's Invalidity Contentions assert various references that use the term "small" application (similar to Dr. Spafford's report), and without claiming any indefiniteness, which further demonstrates that persons skilled in the art understand with reasonable certainty the meaning of a "small" program. Doc. No. 610-12 (Third Amended Invalidity Contentions) at Exhibit B-4, pp. 1-2, 5-6.  Thus, Eset, like its technical expert, understood the term and was able to apply this Court's construction of the term.

### C.   Finjan's Experts Understood and Applied the Term Downloadable And "Small" During Discovery

Finjan's experts, including Drs. Cole, Mitzenmacher, Medvidovic and Goodrich, consistently testified at their depositions about their understanding of Downloadable and "small" as skilled artisans in the technology of Finjan's patents.  These experts explained that based on their understanding of the term in view of the specification, strict numerical limits cannot be placed on "small," and that instead, determining whether an executable is small under the patents depends on the context.  In response to questions seeking examples of "small," they explained that certain examples would be "small," such as embedded web-based content (which does not require installation), and certain examples would not be small, such as Microsoft Word (which requires installation).  Doc. No. 478-5 (Cole Tr.) at 171:15-172:20, Doc. No. 478-7 (Medvidovic Tr.) at 116:12-117:13, Doc. No. 478-6 (Mitzenmacher Tr.) at 71:12-72:5; 72:15-73:10; Doc. No. 478-8 (Goodrich Tr.) at 103:7-105:1.

### D.   The Court Denied Eset's Summary Judgment Motion On Indefiniteness Pending Trial Testimony

Eset first raised its claim that Downloadable is indefinite based on "small" in its April 23, 2019 summary judgment motion seeking invalidity on this basis.  On October 16, 2019, the Court denied Eset's summary judgment motion, noting that Eset would need to "demonstrat[e] this invalidity defense at trial." Doc. No. 699 at 6. During the summary judgment hearing, the Court explained:

4

I'm going to reserve on this motion…[Eset has] a clear and convincing evidence standard on this issue, and I may revisit this ***after I hear testimony and cross-examination*** on what these – it's kind of hard to read this in the context of everybody's cross-opinions.  But ***without*** an invalidity – or I'm sorry, ***a noninfringement opinion that specifically states that no one can understand where the scope of this is***, and maybe it's in there and you can point that out when your expert testifies, ***I'm not convinced by clear and convincing evidence that a person of ordinary skill in the art would not understand based on the examples provided in the patent what we're talking about in terms of these kinds of programs that are downloadable***…"

Wells Ex. 1[1] (Sept. 26, 2019 Hr'g Tr.) at 22:3-15 (emphasis added).  As noted above, Eset's expert Dr. Spafford never offered an opinion in his expert reports that Downloadable was indefinite as construed by the Court.

During the March 2020 trial, Finjan's infringement expert Dr. Cole provided clear testimony—consistent with his and other Finjan experts' deposition testimony—explaining that a small executable is one that does not require installation. *See* Wells Ex. 2 (Day 2 Trial Tr.) at 314:5-333:3.  Following Dr. Cole's testimony and the partial testimony of another Finjan infringement expert Dr. Mitzenmacher, the Court declared a mistrial based on the coronavirus pandemic.  Doc. No. 783. As a result, Finjan had not rested its case-in-chief or presented all of its evidence.  Dr. Mitzenmacher did not complete his testimony, and Finjan's remaining infringement expert Dr. Medvidovic did not testify at all.  No Finjan validity expert testified.  While Dr. Cole did testify, one of the few witnesses to do so, he will be testifying again at the future trial, replacing his testimony from the March 2020 mistrial.

Additionally, no Eset rebuttal witnesses testified.  In particular, Dr. Spafford, Eset's expert regarding infringement and validity issues, did not testify.  Furthermore,

---

[1] Unless otherwise noted, all exhibits are attached to the Declaration of Benu Wells in support of this opposition.

MEMO IN SUPPORT OF FINJAN'S             CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE

and as discussed above, he has no basis to set forth an indefiniteness opinion on the term anyway.  As such, the Court did not hear complete "testimony and cross-examination," which was the Court's basis for reserving on Eset's original motion.

## III.   ARGUMENT

Eset's Motion should be denied because Eset falls far short of raising clear and convincing evidence to show that Downloadable is indefinite, and Downloadable is amenable to constructions not including "small."  At a minimum, there are disputes as to material facts, particularly when viewed in the light most favorable to Finjan, which preclude summary judgment.  Fed. R. Civ. P. 56(a).

First, Eset's unsupported contention that Finjan's patent specifications do not inform a skilled artisan what is meant by "small" goes against all of the evidence, including Finjan's experts' testimony, Eset's invalidity expert opinion and Eset's positioning in the case.  Thus, as discussed in detail below, Eset does not come close to satisfying the clear and convincing evidence standard necessary for establishing indefiniteness. *Biosig Instruments, Inc. v. Nautilus, Inc.,* 783 F.3d 1374, 1377 (Fed. Cir. 2015) (indefiniteness must be proven by clear and convincing evidence).  At a minimum, the meaning of "small" meets the Supreme Court's test for §112, ¶ 2  in *Nautilus*, only requiring "that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty."  *Nautilus, Inc. v. Biosig Instruments, Inc*., 572 U.S. 898, 910 (2014); *see, e.g., BASF Corp. v. Johnson Matthey Inc*., 875 F.3d 1360, 1368 (Fed. Cir. 2017) (finding the term "effective to catalyze" definite where a "skilled artisan would be informed by the specification's numerous examples"); *X One, Inc. v. Uber Techs., Inc*., No. 16-CV-06050-LHK, 2017 WL 3581184, at *26 (N.D. Cal. Aug. 18, 2017) ("[T]he Court finds that the 'stranded motorist or hiker' embodiment does inform the meaning of 'use-specific group' because it gives a concrete example of a 'group'").  At the very

6

least, there are factual disputes raised by the experts' opinions and testimony (which has yet to be completed), precluding summary judgment.

Second, this Court construed Downloadable to include "small" even though it deviated from the way other various other courts and the PTAB have construed Downloadable. Because claims should be construed to preserve their validity when amenable to more than one construction, the Court's construction should not now be a basis for invalidity. *Ruckus Wireless*, 824 F.3d at 1004 (a claim should be construed to preserve its validity).

## A. Dr. Cole's Testimony Does not Support Indefiniteness

As a preliminary matter, Dr. Cole's testimony should not be considered for the purposes of this Motion, as it was the result of a mistrial. Eset has provided no basis to show that this incomplete record and testimony can be considered for the Court to rule on a summary judgment motion. This would be particularly problematic, as at least two Finjan witnesses, Drs. Mitzenmacher and Medvidovic, were still to testify on the term and its application. At a minimum, the Motion should be deferred until there is a full trial record with complete "testimony and cross examination," which the Court sought when it denied Eset's original motion. Doc. No. 699 at 5-6. A severe decision of invalidity should not be made on an incomplete record. Dr. Cole's testimony from the mistrial will be replaced by his testimony at the future trial, and Finjan's other experts will provide complete testimony. If needed, Finjan should have the opportunity to develop the record with these other experts whose deposition testimony Eset cites in purported support of its Motion. Similarly, Eset's expert, Dr. Spafford, did not testify at the mistrial. Finjan should have the opportunity to cross-examine him at trial, including about his ability to readily apply a term that Eset now claims is indefinite.

MEMO IN SUPPORT OF FINJAN'S                    CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE

### 1.    Dr. Cole's Mistrial Testimony Clearly Explains "Small" And Is Consistent With The Patent Specifications

Despite the fact that it should not be considered, as it is part of an incomplete record, Dr. Cole's testimony does nothing but confirm that there is no indefiniteness issue.  Specifically, Dr. Cole explained that a small executable is one that does not require installation. *See* Wells Ex. 2 (Day 2 Trial Tr.) at 314:5-333:3.  This is how a person of ordinary skill in the art would understand the term based on the written description of the '844 Patent, as Dr. Cole explained.  Wells Ex. 3 (Day 3 Trial Tr.) at 401:10-402:5; 405:12-20.  This understanding is consistent with examples in the specification, such as Java applets, ActiveX controls, JavaScript scripts, or Visual Basic scripts, which the Court relied on in part in denying Eset's motion for summary judgment.  Doc. No. 699 at 5-6; '844 Patent at 1:48-56. Therefore, there is no doubt that this term can be understood by a skilled artisan with "reasonable certainty." *Nautilus,* 572 U.S. at 910.

Dr. Cole's explanation of "small" accounts for size, contrary to Eset's claims in its Motion.  As Dr. Cole elaborated during his testimony, a small executable, i.e., one that does not require installation is "self-contained" and is "just running automatically," which is "typical if you go to any website nowadays," whereas an executable that is not small "requires installation" and has "a lot of shared libraries and dlls and other programs" in order to run.  Wells Ex. 3 (Day 3 Trial Tr.) at 457:11-20.   Dr. Cole further testified that his understanding of the criteria for "small" is consistent regardless of time period (*e.g.*, the 1990s or today), Internet speed and other factors related to capacity, even if what fits that criteria may change. *Id.* at 413:21-414:15.  However, as Dr. Cole explained, there is no precise numerical size range for a small executable. *See, e.g.*, *id.* at 400 ("[A]n exact number…isn't the right criteria that's used in determining small").  Following lengthy testimony from Dr. Cole during cross-examination about the meaning of Downloadable and "small" that demonstrated it was readily understood to a

8

person of ordinary skill, Eset's attorney asked Dr. Cole whether a 2 terabyte file that is not installed would be small, and Dr. Cole explained that this would be "extremely unusual." This far-fetched, unreasonable hypothetical regarding a file that does not exist does not come close to showing that the term cannot be understood with "reasonable certainty" as required under the law. Rather, Dr. Cole's full testimony makes clear that a person of skill would readily understand this term.

### 2.    Dr. Cole's Mistrial Testimony Is Consistent With Finjan's Experts' Deposition Testimony

Dr. Cole's explanation during the mistrial is also consistent with his deposition testimony, in which he explains that "small" cannot be defined by numerical cutoffs but rather should be determined based on the relevant context. Doc. No. 478-5 (Cole Tr.) at 168:20-26 ("[Y]ou would have to look at the scenario to see if it fits under the context of downloadable"); 171:1-4 ("I'm not going to be pinned in to an exact number because I didn't do the claim construction and it depends on the context."). Dr. Cole further provided examples of executables during his deposition, including Microsoft Word, which he explained is not a Downloadable because it is not a "small" executable. *Id.* at 168:2-15. In contrast, he explained what would constitute a "small" executable:

> If you look at the '844 and what it was meant for in the claim construction, this is meant for people browsing to sites, small malicious code, small things dropping down.· So if you're going to a website and it's dropping some malicious code on your system, that would be small.· You click on an e-mail that does a downloadable, that would be small.· It's basically for malicious – small malicious content pieces that are running on your system.

*Id.* at 172:4-13.

Dr. Cole's explanation is consistent with the deposition testimony of Finjan's other experts, including Dr. Mitzenmacher, Dr. Medvidovic, and Dr. Goodrich, who confirmed that a person skilled in the art would understand the term Downloadable and

9

"small" with reasonable certainty.  For example, Dr. Medvidovic explained that he does not think "it's possible to ascribe a specific size limit" to "small," and that he "can't give you a specific number and say, this is small and everything larger than that is not small. I don't think that's -- nor do I think that was the intent of the Court in -- in construing the term this way."  Doc. No. 478-7 (Medvidovic Depo. Tr.) at 117:2-13.  Instead, Dr. Medvidovic gave the example of "small" as "something that is part of a piece of content you're downloading as part of a web page" (i.e., something that would not be installed), as opposed to examples of not "small," such as "Office products" (i.e., something that would be installed).  *Id.* at 116:6-22.  Similarly, Dr. Mitzenmacher explained that Internet Explorer and Microsoft Word are not Downloadables, and examples of "small" included "…things that run on a browser."  Doc. No. 478-6 (Mitzenmacher Tr.) at 70:9-71:4; 71:16-72:5, 72:15-73:10.  He further testified that he would not "provide a specific dividing line" in terms of numerical size.  *Id.*

In response to a question about how a person would determine "what qualifies as a downloadable," Finjan's validity expert, Dr. Goodrich, explained that it "will always be clear from the context" and "***the specification** of the '962 Patent, for example, **gives several examples** of this·that would **be easily discernible by a person of ordinary skill in the art.**"* Doc. No. 478-8 (Goodrich Tr.) at 104:3-10.  Dr. Goodrich identified several examples and further stated "that examples of downloadable from the specification itself include Java applets and ActiveX controls.  And it even has, like, Figures 4 and 3 that get into the details of the whole architecture surrounding those downloadables." *Id.* at 104:22-105:1.  Contrary to Eset's claims, Dr. Goodrich never testified at his deposition that Internet Explorer, the example raised by the examining attorney, is small.  In fact, he explained in the context of the patent that "compared to these little applets and little ActiveX controls, those are the downloadables, not the Internet Explorer." *Id.* at 105:3-20.  Thus, like Drs. Medvidovic's and Mitzenmacher's testimony, Dr. Goodrich's testimony is entirely consistent with Dr. Cole's testimony.

MEMO IN SUPPORT OF FINJAN'S          CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE

To the extent Dr. Cole and Finjan's other experts discussed potential size ranges at their depositions, they are consistent with Dr. Cole's explanation of the plain meaning of "small."  Finjan's experts provided this testimony in response to Eset's examining attorneys' questions demanding numerical ranges, and they always qualified by explaining that there is no set numerical size limit and that "small" instead depends on context.  Finjan's experts are by no means required to put an absolute number on the size of an application program under the relevant legal standards.  The Supreme Court rejected any requirements for absolute precision that Eset demands and stated that such absolute requirements are "unattainable." *Nautilus,* 572 U.S. at 910.  Likewise, the Federal Circuit has held that "'a patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement.'" *Invitrogen Corp. v. Biocrest Mfg., L.P.,* 424 F.3d 1374, 1384 (Fed. Cir. 2005) (quoting *Oakley, Inc. v. Sunglass Hut Int'l,* 316 F.3d 1331, 1340 (Fed. Cir. 2003)).  The definiteness standard "must allow for a modicum of uncertainty" to provide incentives for innovation, but must also require "clear notice of what is claimed, thereby appris[ing] the public of what is still open to them." *Nautilis* 572 U.S. at 910; (citing *Minerals Separation, Ltd. v. Hyde,* 242 U.S. 261, 270 (1916) ("the certainty which the law requires in patents is not greater than is reasonable, having regard to their subject-matter."); *Biosig,* 783 F.3d at 1381 (Fed. Cir. 2015) ("Reasonable certainty" does not require "absolute or mathematical precision."); *Enzo Biochem, Inc. v. Applera Corp.,* 599 F.3d 1325, 1335 (Fed. Cir. 2010) (claim term using a term of degree "substantially" was not indefinite even though the construction defined "the term without reference to a precise numerical measurement"); *Invitrogen Corp.,* 424 F.3d at 1384 ("[A] patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement.").  Thus, the Federal Circuit has made it clear that there is no need for numerical boundaries to be definite.

MEMO IN SUPPORT OF FINJAN'S OPP. RE: DOWNLOADABLE                    CASE NO. 3:17-cv-00183-CAB-BGS

The cases that Eset cites in support of its Motion are inapposite and do not support its position. *DDR Holdings,LLC v Hotels.com, L.P.*, 773 F.3d 1245, 1260 (Fed. Cir. 2014). In *DDR*, the Federal Circuit upheld the validity of the claim term "look and feel" where the term had "sufficiently objective meaning in the art" and the patent used "examples [] consistent with the established meaning." *Id.* Similarly, "Downloadable" is definite as the disclosures provide and examples of "small" applications consistent with the established meaning. Further, there is no requirement for an express definition of "small" where the specifications would inform a person skilled in the art of it meaning. *BASF Corp.*, 875 F.3d at 1366 (finding the absence of an express minimum function and measure as an irrelevant observation because the patents are reviewed from the perspective of a person skilled in the art and need not explain every detail) (citing *Wellman, Inc. v. Eastman Chem. Co.*, 642 F.3d 1355, 1367 (Fed. Cir. 2011)).

Additionally, Eset's reliance on *Interval Licensing* to incorrectly argue that the term "small" is indefinite because it is a term of degree is misplaced. *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370 (Fed. Cir. 2014). Indeed, *Interval Licensing* recognized that terms of degree are not necessarily indefinite: "[c]laim language employing terms of degree has long been found definite where it provided enough certainty to one of skill in the art when read in the context of the invention." *Id.* Unlike the facts here, the court in *Interval Licensing* found that the phrase "unobtrusive manner that does not distract a user" was indefinite because the specification failed to inform a person skilled in the art the scope invention with reasonable certainty. *Id.* at 1371. The phrase was entirely subjective to any random user there was no evidence of any objective standard or guidance in the industry. In contrast to *Interval Licensing*, here the specifications provide the necessary context and examples. *Sonix Tech. Co. v. Publ'ns. Int'l, Ltd.*, 844 F.3d 1370, 1379 (holding that specific examples in the specification provided "points of comparison" that helped form an objective standard of the claim's scope).

MEMO IN SUPPORT OF FINJAN'S                    CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE

Finally, Eset's reliance on *Elekta Instrument S.A.* for the broad proposition that courts should not construe claim terms to preserve validity misstates the law. *Elekta Instrument S.A. v. O.U.R. Sci. Int'l, Inc.*, 214 F.3d 1302, 1309 (Fed. Cir. 2000). In *Elekta* the Federal Circuit "concluded that the amended claim is susceptible of only one reasonable construction." *Id.* However, when there is not only one possible construction, the Federal Circuit has explicitly stated that claims should be construed to preserve their validity. *Ruckus Wireless*, 824 F.3d at 1004. That is the case here. Indeed, the Federal Circuit has cautioned that "the dispositive question in an indefiniteness inquiry is whether the 'claims,' not particular claim terms" fail this test. *Cox Commc'ns, Inc. v. Sprint Commc'n Co.*, 838 F.3d 1224, 1231 (Fed. Cir. 2016). For that reason, a claim term that "does not discernably alter the scope of the claims" should not serve as a basis for indefiniteness. *Id.* Thus, Eset has no legal support for its Motion.

As evident from their expert reports and deposition testimony, Finjan's experts uniformly confirmed that a person skilled in the art can ascertain whether an executable or interpretable program is small with reasonable certainty based on the context, and thus can determine whether a program is within the Court's construction. Eset cannot point to any statement where an expert in the case could not determine whether a Downloadable is "small" in the context of the invention. Therefore, Eset cannot meet its heavy burden to show indefiniteness.

**B.    Eset's Has No Expert Testimony to Rebut Finjan's Experts and has Itself Demonstrated that Downloadable can be Applied as Construed**

As a preliminary matter, Eset cannot provide any expert testimony to rebut Finjan's experts, who uniformly agree that Downloadable, as construed can be applied with a reasonable certainty. This is because Eset's technical expert, Dr. Spafford, did not opine in any of his expert reports that the term was indefinite.

13

In fact, both Eset and Dr. Spafford showed that they understood and applied the Court's construction in this case without issue. Dr. Spafford, as an expert for Eset, and who submitted expert reports for Eset, understood and applied the term "small" for his opinions asserting invalidity and noninfringement, demonstrating that "Downloadable" and the Court construction is definite and that Eset has no evidence of indefiniteness. In fact, the Federal Circuit has stated that "evidence of a challenger's own ability to apply a term without unreasonable uncertainty counts against an indefiniteness contention." *Liqwd, Inc. v. L'Oréal USA, Inc.*, 720 Fed. Appx. 623, 631 (Fed. Cir. 2018) (citing *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1368 (Fed. Cir. 2017) (defendant's expert's own work described examples implicitly confirming skilled artisans would understand term); *Sonix Tech. Co. v. Publ'ns. Int'l, Ltd.*, 844 F.3d 1370, 1380 (Fed. Cir. 2017) (expert's application of term "provide evidence that a skilled artisan did understand the scope of this invention with reasonable certainty").

Eset showed that it understood and could apply the term Downloadable. Eset applied the Court's construction *twice* in its Second and Third Amended Invalidity Contentions for the purposes of asserting invalidity theories based on prior art. Doc. No. 610-11 (Second Amended Invalidity Contentions), at Exhibit B-4, pp. 3-4. For example, Eset's Third Amended Invalidity Contentions apply the term "small" in describing applets demonstrating that "small" can be understood with reasonable certainty. Doc. No. 610-12 (Third Amended Invalidity Contentions), at Exhibit B-4, pp. 5-6. Thus, Eset admitted that it could apply the term, and that it was therefore, definite, given it understood and applied the claim term to assert other invalidity theories against Finjan. *Liqwd,* 720 Fed. Appx. 623, 631 ("evidence of a challenger's own ability to apply a term without unreasonable uncertainty counts against an indefiniteness contention") (citing *BASF Corp.* 875 F.3d at 1368; *Sonix,* 844 F.3d at 1379-80).

Additionally, Dr. Spafford showed that he understood the term "Downloadable" and "small," when he cited to industry specific dictionaries and references using the

14

word "small" to describe application programs. For example, Dr. Spafford cited to computer dictionary definitions and industry articles which define the term "applet" — an example of a Downloadable in the asserted patents — to be "small" application or "small" application programs. Doc. No. 609 Ex. 2 (Spafford Inv. Rpt.), Exhibit A-3 p. 16; B-1 p. 3; Exhibit D-1 pp. 12-13; Exhibit D-6 at p. 11. Dr. Spafford also cited to industry articles which explain Java applications/code — another example of a Downloadable in the asserted patents — would be understood by a person skilled in the art to be a "small" application program: "A person of ordinary skill in the art would have understood that …*any form of executable,* to Java applications/code as specifically referenced, *and other form of small applications* as well…." *Id.* at Exhibit D-6 at p. 11 (emphasis added).  Thus, Eset's expert demonstrates that a person skilled in the art could use the examples in the specifications as objective criteria of what "small" means in the context of the invention.  *BASF Corp.,* 875 F.3d 1368 (finding the term "effective to catalyze" definite where a "skilled artisan would be informed by the specification's numerous examples"); *Sonix,* 844 F.3d at 1380 (expert applied term in reports, serving as evidence that skilled artisans understand the scope with reasonable certainty).

Moreover, Dr. Spafford has never offered any opinion that Downloadable is indefinite or any "noninfringement opinion that specifically states that no one can understand where the scope of this is," as the Court stated would be necessary to reach clear and convincing evidence.   Dr. Spafford cannot now change or offer any new opinions at trial that were not in his expert report.  Fed. R. Civ. P. 37(c)(1) (noting sanction for producing an incomplete report include the exclusion of expert testimony that is not disclosed in the written report from trial; *see also Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 995 (Fed. Cir. 2007) (affirming district court's exclusion of expert testimony that fell outside the expert's report). Thus, Eset is

MEMO IN SUPPORT OF FINJAN'S                    CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE

simply unable to come up with anything close to clear and convincing evidence to show indefiniteness.

Thus, Eset has admit that the term could be applied and has failed to set forth clear and convincing evidence of indefiniteness, there is substantial evidence demonstrating that the term "Downloadable" is *definite.*

## C. To the Extent Any Issue Surrounding "Small" Remains, It Is An Issue of Fact

Eset's issue is actually with the *application* of the claim construction of Downloadable, not with the construction itself.  The jury should determine the application of the claim construction as it is a question of fact that is part of the infringement analysis left to the jury. *PPG Industries v. Guardian Industries Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998) ("[A]fter the court has defined the claim with whatever specificity and precision is warranted by the language of the claim and the evidence bearing on the proper construction, the task of determining whether the construed claim reads on the accused product is for the finder of fact."); *see also Acumed v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007) ("[A] sound claim construction need not always purge every shred of ambiguity. The resolution of some line-drawing problems — especially easy ones like this one [identifying how 'sharp' is too sharp]— is properly left to the trier of fact.").  Thus, Eset's Motion should be denied and the jury should determine whether Eset's products satisfy the Downloadable element.

## IV.   CONCLUSION

For the foregoing reasons, Eset's Motion should be rejected.

MEMO IN SUPPORT OF FINJAN'S
OPP. RE: DOWNLOADABLE                    CASE NO. 3:17-cv-00183-CAB-BGS

Respectfully submitted,

Dated: September 11, 2020          By:   */s/ Lisa Kobialka*
                                        Paul Andre (State Bar. No. 196585)
                                        Lisa Kobialka (State Bar No. 191404)
                                        James Hannah (State Bar No. 237978)
                                        KRAMER LEVIN NAFTALIS
                                          & FRANKEL LLP
                                        990 Marsh Road
                                        Menlo Park, CA  94025
                                        Telephone: (650) 752-1700
                                        Facsimile: (650) 752-1800
                                        pandre@kramerlevin.com
                                        lkobialka@kramerlevin.com
                                        jhannah@kramerlevin.com

                                        *Attorneys for Plaintiff*
                                        FINJAN, INC.

17

MEMO IN SUPPORT OF FINJAN'S          CASE NO. 3:17-cv-00183-CAB-BGS
OPP. RE: DOWNLOADABLE