PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Defendants.<br>ESET, LLC, a California Limited Liability Corporation, and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Counterclaim-Plaintiffs,<br>v.<br><br>FINJAN, INC., a Delaware Corporation,<br><br>Counterclaim-Defendant. | Case No. 3:17-cv-00183-CAB-BGS<br><br>**JOINT DISCOVERY PLAN REGARDING U.S. PATENT NO. 7,975,305** |

As directed by the Court in its Order on "(1) Tolling Discovery Disputes (2) Deadlines to Complete Discovery" entered on August 31, 2020 (Doc. No. 811), Finjan, Inc. ("Finjan") and ESET, LLC and ESET SPOL. S.R.O. (collectively, "ESET") submit this joint discovery plan "identifying the discovery needed and deadline(s) when it can be completed" with respect to U.S. Patent No. 7,975,305 (the "'305 Patent").

**Finjan's Position**

Finjan proposes the following schedule to complete written discovery for the '305 Patent:

| Event related to the '305 Patent | Finjan's Proposed Date |
|---|---|
| Eset to complete supplemental production of technical documents and responses to technical interrogatories<br><br>Finjan confirms accused products and asserted claims. | September 30, 2020 |
| Eset to provide:<br>• supplemental source code<br>• supplemental financial documents<br>• supplemental responses to financial interrogatories and interrogatory nos. 6, 10, and 12<br><br>Finjan supplement document production and interrogatory responses if necessary | November 11, 2020 |
| Finjan to provide supplemental infringement contentions<br><br>Last day to serve additional written discovery requests | November 30, 2020 |
| Eset to provide:<br>• supplemental invalidity contentions<br>• supplemental election of prior art | December 21, 2020 |

Finjan's proposed schedule should be adopted because it allows sufficient time

for the parties to supplement discovery in the case. Eset's proposed schedule ignores that significant work has already been done with respect to the '305 Patent. In fact, the claims related to the '305 Patent were stayed late in the case, such that Finjan has already served preliminary infringement contentions with respect to the '305 Patent, and Eset has already served preliminary invalidity contentions for the '305 Patent. As such, a large number of the relevant technical documents should already have been produced, and Eset is only required to supplement its production. In fact, Eset has already had nearly two months to collect information in response to the Court's reopening of discovery in the case. Finjan even identified the handful of technologies that it considers relevant to Eset's technical supplementation about a month ago. Specifically regarding the collection of Eset's source code, Finjan's proposed schedule provides Eset with four months to collect its source code since the opening of discovery into the '305 Patent, which should be sufficient time to prepare a procedure for collecting this information.

**ESET's Position**

| Event related to the '305 Patent | ESET's Proposed Date |
|---|---|
| Finjan to provide an identification of accused products and asserted claims for the '305 patent | September 30, 2020 |
| ESET to supplemental responses to technical interrogatories | October 23, 2020 |
| ESET to provide:<br>• complete supplemental production of technical documents<br>• supplemental source code*<br>• supplemental financial documents<br>• supplemental responses to financial interrogatories and interrogatory nos. 6, 10, and 12 | December 15, 2020 |

| | |
|---|---|
| Finjan to provide:<br>• supplemental responses to interrogatories, including, financial, prior art, and reduction to practice, specifically nos. 1, 2, 3, 8, 9, 10, 11, 12, 14, 15, 18, 19, 21, 23 | |
| Finjan to provide supplemental infringement contentions | January 22, 2021 |
| Last day for parties to serve any additional RFPs, Rogs, or RFAs | February 5, 2021 |
| ESET to provide:<br>• supplemental invalidity contentions<br>• supplemental election of prior art | March 19, 2021 |

This Court should adopt ESET's schedule.

Finjan's proposed schedule completely ignores the difficulties that Covid-19 pandemic impose upon ESET counsel's ability to confer with its clients, whose U.S. and Slovakian headquarters remain closed. Those deadlines also will interfere with ESET's ability to collect and produce responsive documentation and source code.

Specifically, Finjan's proposal provides ESET with only 21 days between the end of November and December 21 to provide updated invalidity contentions after receiving Finjan's supplemental infringement contentions. Moreover, because invalidity contentions necessarily involve an analysis of infringement allegations, ESET will require sufficient time to review the supplemental infringement contentions and then formulate any additional invalidity contentions. Under the Local Rules, a defendant is typically given sixty (60) days to serve invalidity contentions after receiving the infringement contentions. Patent L.R 3.3(a). In addition, counsel notes that the team responsible for this case is also involved in another case in this district for which a pretrial conference is scheduled on December 17. Counsel will therefore be preparing for that conference during the minimal amount of time Finjan has allotted to ESET in Finjan's proposed schedule.

      Second, before ESET supplements its interrogatories, documents, and financial information, Finjan should be required to identify the set of asserted claims and asserted products. Because several previously asserted claims have been declared invalid, Finjan should first identify all claims it still intends to pursue and which products allegedly practice those subset of claims. Once Finjan provides that information, ESET requests sufficient time to correspond with its clients (assuming that at some point they will be permitted to come back to ESET's offices) to gather the necessary documents, review them, and have them produced. In light of the difficulties attendant with gathering documents from overseas and the access restrictions to ESET's headquarters (discussed in more detail below), it is reasonable to provide sufficient time to allow ESET to gather and produce those documents and to then supplement its interrogatory responses.

      Finjan also complains that ESET already has had two months to perform its supplemental document collection. This is simply inaccurate. On July 31, 2020 ESET informed Finjan that Finjan's infringement contentions for the '305 patent are deficient. ESET offered Finjan the opportunity to supplement its infringement contentions, after which ESET would produce documents that remained relevant to the remaining claims and products. Infringement contentions before document production is the appropriate sequencing contemplated by the Patent Local Rules. *See* Patent L.R. 3.2 and 3.3. Nonetheless, for the purposes of reaching agreement on the sequencing of events for the present filing, ESET agreed to supplement its production *prior to* Finjan supplementing its infringement contentions. It is simply not the case that ESET should already have been collecting documents these past months without knowledge of what remains at issue.

      In addition, because the '305 patent expired in August of 2020, it made little sense to rush collection of financial documents, which in any event are not ready accessible due to the pandemic. And doing so would have simply required still further supplementation. By allowing all sales to finalize and all returns to be properly accounted for, ESET's

4

JOINT DISCOVERY PLAN REGARDING
U.S. PATENT NO. 7,975,305                                    CASE NO. 3:17-cv-00183-CAB-BGS

financial production could be finalized without the undue burden arising from multiple document collections.

Third, Finjan's proposal requires ESET to supplement specific interrogatories but absolves Finjan of the need to supplement any specific interrogatory. Under Finjan's proposal it only needs to supplement "if necessary" despite ESET identifying a number of interrogatories that require supplementation. Finjan should be required to supplement the specifically identified interrogatories, the same as ESET is being asked to do.

Fourth, with respect to the collection of source code: to counsel's knowledge, ESET's employees are currently prohibited from returning to ESET's headquarters in Bratislava, Slovakia. Because of the strict protections ESET uses to prevent inadvertent disclosure of its source code, collection of the large amount of additional source code that Finjan is requesting will, to counsel's knowledge, require access to ESET's building. Thus, while ESET will strive to produce its source code prior to the proposed December 15, 2020 date, ESET notes that if it is unable to gain physical access to the servers before that date, a revised schedule may be necessary.

ESET's schedule balances the needs of the parties while understanding that the Court has not yet set a date for the close of discovery or for expert discovery to commence and in light of Finjan's delay in providing supplemental infringement contentions, despite ESET asking for them in July.

|     |                              |                                                      |
| --- | ---------------------------- | ---------------------------------------------------- |
| 1   |                              | Respectfully submitted,                              |
| 2   | Dated: September 11, 2020    | By: */s/ Kris Kastens*                               |

Paul Andre (State Bar. No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

By: */s/ Scott Penner*
Nicola A. Pisano (CA Bar No. 151282)
NicolaPisano@eversheds-sutherland.com
Jose L. Patiño (CA Bar No. 149568)
JosePatino@eversheds-sutherland.com
Justin E. Gray (CA Bar No. 282452)
JustinGray@eversheds-sutherland.com
Scott A. Penner (CA Bar No. 253716)
ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 El Camino Real, Suite 100
San Diego, CA  92130
Telephone: 858.252.6502
Facsimile: 858.252.6503

*Attorneys for Defendants*
ESET, LLC and ESET SPOL. S.R.O.

## **ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that authorization for the electronic signature of any other signatory to this document has been obtained.

By: */s/ Lisa Kobialka*
Lisa Kobialka

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing via electronic mail to counsel of record.

Dated: September 11, 2020                    By:  /s/ Lisa Kobialka
                                                  Lisa Kobialka

JOINT DISCOVERY PLAN REGARDING
U.S. PATENT NO. 7,975,305                            CASE NO. 3:17-cv-00183-CAB-BGS