NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:      858.252.6502
FACSIMILE:      858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., | Case No. 3:17-cv-0183-CAB-BGS |
|     Plaintiff, | **ESET, LLC AND ESET, SPOL. S.R.O.'S REPLY BRIEF IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS OF THE TERM "DOWNLOADABLE"** |
|     v. | |
| ESET, LLC, et al., | |
|     Defendants. | Judge:      Hon. Cathy Ann Bencivengo |
| AND RELATED COUNTERCLAIMS. | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

17cv0183

45240003.3

## I.   __INTRODUCTION__

Finjan's Opposition rewrites this Court's claim construction for "Downloadable," mischaracterizes the irreconcilable testimony of Finjan's expert witnesses and luxuriates in *non sequiturs*.   ESET's renewed motion on indefiniteness of "Downloadable" demonstrated that Finjan's experts are hopelessly unable to assign ***any*** upper bound to the term.  D.I. 806-1.  At trial, Dr. Cole sidestepped the indefiniteness issue by testifying that the term "small" in the Court's construction is ***unrelated*** to size, but instead hinges on "installability" of the Downloadable.  Ignoring this Court's claim construction, Finjan proclaims that "Downloadable" is properly construed as "a ~~small~~ ***non-installed*** executable or interpretable application program which is downloaded from a source computer and run on a destination computer."  Finjan argues that its new definition is totally consistent with its experts' prior testimony.  It plainly is not.

Finjan's Opposition also is at war with itself.  Finjan first argues that the Court cannot decide ESET's motion without hearing from Dr. Spafford.  But Finjan then contends that Dr. Spafford did not opine on "small," and thus should not be permitted opinions at trial "that were not in his expert report."  So, the Court need not wait for Dr. Spafford's testimony after all.  Finjan also argues that fact issues require the Court to hear testimony from Finjan's other experts.  Yet none of those other experts – Drs. Medvidovic, Mitzenmacher, Goodrich, or Jaeger – opined on "small" in their expert reports, and should not be permitted to testify at trial inconsistently with their reports or deposition testimony.  Finjan cannot create a triable issue relying on disagreements between ***its own experts***.[1]

Finjan's Opposition fails to identify a meaningful upper bound for its asserted claims that is consistent with this Court's formulation.  The evidence is abundant, clear, and convincing that the term "Downloadable" is indefinite.

---

[1] Finjan wrongly contends that Dr. Spafford never opined that the term "Downloadable" was indefinite.  But Dr. Spafford testified that Downloadable is indefinite even without the word "small" because it encompasses interpretable and executable programs, which are mutually disjoint.  *See* D.I. 138-1 at 3 and 138-3 at ¶¶ 20-40.

## II.   ARGUMENT

### A.   "Downloadable" As Construed from the Intrinsic Record

Dr. Cole's novel construction of "Downloadable" proffered at trial is utterly at odds with the intrinsic evidence.  As set forth in this Court's claim construction analysis for "Downloadable," the concept of "*a **small** executable or interpretable application program*" is introduced in the definition provided in the '520 patent and the '962 patent. D.I. 195 at 2 (italics in original).  The Court noted that the '194 and '780 patents define "Downloadable" without the "*small*" or "*interpretable application program*" limitations. *Id.* (italics is original).  The '844 patent incorporates by reference the '520 and '194 patents, and is a continuation-in-part of the '962 and '780 patents.  *Id.* at 3.  The '086, '621, and '755 patents are continuations of the '844 patent; none includes a definition of "Downloadable", but incorporates by reference both the '962 and '780 patents.  *Id.*

At the *Markman* Hearing on September 25-26, 2017, the Court noted the asserted patents are continuations of earlier patents that include different definitions of the term Downloadable; thus, there is no principled way to conclude that Downloadable covers both executable and interpretable programs (as Finjan urged) without including "small" – an adjective integral to the inventors' explicit definition.  Based on the record, this Court concluded that "Downloadable" should be consistently construed for all five asserted patents as "a ***small*** executable or interpretable application program which is downloaded from a source computer and run on a destination computer." D.I. 195 at 2.

### B.   No Finjan Expert Could Determine the Scope of "Small."

As demonstrated in ESET's original motion for summary judgment of indefiniteness (D.I. 478-1), ESET sought clarification from Finjan's experts during expert discovery on what one of skill in the art would have understood as the upper boundary of a "Downloadable" to qualify as "small."  If no such upper bound can be identified, the claim is indefinite for failing to fulfill the "public notice" function of claims.  That is, the public, based on the intrinsic evidence, must be able to determine what infringes and what does not.

Finjan's experts are all over the proverbial lot, and do not agree whether there is an upper bound to size within six to nine orders of magnitude, or whether small is static or changes as technology develops. Like the test for obscenity in *Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) ("I know it when I see it"), Finjan's experts' upper bound for "small" was "contextual": every file capable of being processed by ESET's software qualified as "small" for infringement of the asserted patents, even if none could identify a file that was "not small." Finjan's definition of small is infinitely malleable and subjective; Finjan's citations to its experts' testimony provide no clarity: "*reasonable* size" (Dr. Cole); "*part* of a *piece* of content you're downloading as *part* of a web page" (Dr. Medvidovic); "would say *there's a range somewhere*" (Dr. Mitzenmacher); and "small is *a relative term*" (Dr. Goodrich). Opp. at 4:19-20.

## C.   Finjan's Epiphany Regarding Installability

Forewarned by ESET's initial motion for summary judgment, Finjan arrived at trial with a brand spanking new definition of "small" found nowhere in its experts' reports and unuttered during expert deposition. Not wishing to concede to any upper bound, Dr. Cole reluctantly testified at trial that a two *terabyte* file meets his definition of "small" – because "small" has *nothing to do with size*![2] Dr. Cole disavowed his deposition testimony that, for the '844 patent, a small file "wouldn't be multiple gigs," and instead pushed Finjan's new construction that "small" depends only upon whether or not the Downloadable is *installed* on the user's computer. *See, e.g.,* D.I. 805 (Trial Testimony Day 3 – Dr. Cole) at 397:12-400:6; 403:11-404:2. Thus, as Dr. Cole opined, "the definition of *small is not based on a number*. *It's based on whether it requires installation or not* …" *Id.* at 408:2-11 (emphasis added).

Apart from rewriting this Court's construction of Downloadable (which construction is based on the intrinsic materials), Dr. Cole's new construction creates further chaos and ambiguity because it (1) is untethered from the intrinsic evidence; (2) was not understood or apparent to any of Finjan's experts or Dr. Spafford during the

---

[2] A DVD typically holds 4.5 GB; a 2 TB file would fill about 415 DVDs.

45240003.3

expert testimony period; and (3) creates further confusion as to what constitutes a Downloadable.  More particularly, under Dr. Cole's substitute construction, the very same "*file could be small if it doesn't require installation, [but] it won't be small if it requires installation*" and thus "*small depends on the function*."  *Id.* at 414:8-14; 415:7-15.  If the word "small" (the definition of which specifically references size) actually means "non-installed," then size just doesn't matter and the common every day understanding of the word "small" has lost all meaning.  If it doesn't mean non-installed, then the upper bound of "small" remains undefined, and a further definition is required regarding what "installed" means.  Indeed, an executable program may be either installed or not, so under Finjan's new construction, the *same file* could infringe if installed, but not infringe if not installed!  Rather than offering clarity, Dr. Cole's trial definition only descends further down the rabbit hole.  This Court need not, and should not, follow.

D.     **The Arguments in Finjan's Opposition Fail.**

Finjan's brief proffers three points of opposition to ESET's motion: (1)(a) Dr. Cole's trial testimony "confirmed" the definiteness of the term small; (1)(b) Dr. Spafford did not opine that the term "small" was indefinite; (2) the Court should revise its construction of Downloadable to preserve validity by ignoring the word "small" (as other courts have done); and (3) decision of ESET's motion should await creation of a "complete" record.  None of Finjan's arguments is credible, much less persuasive.

1.     Dr. Cole's New Construction Is Confirmed by Nothing.

As discussed *supra*, Finjan's newfound construction of "small" as "installed" did not occur, even to Finjan, until it was confronted with the stark reality that Finjan's experts could not answer the simple question: "how big is not small"?  Finjan's experts' answers diverged from between six to nine orders of magnitude, thus clearly and convincingly establishing indefiniteness of the term "Downloadable."  *See generally*, D.I. 478-1; D.I. 623 at 4:11-20; D.I. 806-1 at 4-11, 16:12-11.  Dr. Cole's revised construction at trial tried to sidestep entirely the issue of relative size.  D.I. 806-1 at

6:16-8:4.  In so doing, however, Finjan concedes it has no viable answer.

Finjan's Opposition struggles unsuccessfully to find a basis for Dr. Cole's new opinion in the patent disclosure.  Opp. at 8:2-14.  Finjan points to a reference to "Java applets, ActiveX controls, JavaScript scripts and Visual Basic scripts."  '844 patent at 1:48-56.  But those file types are merely non-limiting examples.  And as explained by Dr. Spafford, JavaScript and Visual Basic scripts are *interpreted*, thus, they are not "executable application program[s]" as set forth in the definition of Downloadable expressly included in the '844 patent at 1:44-47.  D.I. 138-3 at ¶¶ 24-29.  The only portion of the '844 patent cited in Finjan's Opposition refutes, rather than supports, its position.  Far more informative is Finjan's concession that "as Dr. Cole explained, *there is no precise numerical size range* for a small executable" (Opp. at 8:23-24) (emphasis added) or indeed *any* size range, irrespective of numerical precision.[3]

Finjan contends that Dr. Spafford "understood and applied the term Downloadable during discovery," so he must have understood what "small" means.  Opp. at 3:3-4.  But ESET's original claim construction brief, relying on Dr. Spafford's declaration, explained that the term Downloadable is indefinite *even without use of the term small*.  *See* D.I. 138 at 3:8-4:21; D.I. 138-3 at ¶¶ 21-28.  Specifically, all of the asserted patents except the '780 patent incorporate *two different* definitions for Downloadable as discussed *supra.  Id.*  One definition requires "a small executable or interpretable application program" while the other requires only "executable application programs."  There is nothing in the '844, '086, '621, or '755 patents to dictate which definition controls.  *Id.*  So far as Dr. Spafford was concerned, inclusion of the word "small" in the Court's final construction did not resolve the fundamental dichotomy; in Dr. Spafford's opinion, the term Downloadable already was insolubly ambiguous.  D.I. 138-3 at ¶ 28.

Finjan includes multiple citations to Dr. Spafford's Invalidity Expert Report.  Opp. at 3:12-14.  However, that report recites the Court's construction of Downloadable, and states "I have applied [the Court's] constructions in forming my opinions expressed

---

[3] The analysis relating to numerical precision is discussed in more detail below.

in this report.  For all terms not construed by the Court, I have applied the constructions of the terms ascribed by Finjan in Finjan's infringement contentions as best as I have been able to determine from those contentions…"  D.I. 559-9 at ¶ 27.  Because the word "small" was not construed by the Court, Dr. Spafford simply relied on how Finjan's infringement contentions appeared to define the term.  Those contentions identified every file analyzed by ESET's software as allegedly infringing (hence qualifying as "small").  Applying the well-known patent law axiom: that which infringes if later, invalidates if earlier, Dr. Spafford used the same metric to find that files processed by the invalidating prior art programs were also "small."  *Id.*  His analysis is based on the premise that if Finjan contends file X infringes, then that same file, if processed by a prior art system, demonstrates invalidity.  Nothing about Dr. Spafford's expert report or deposition testimony regarding invalidating prior art touches upon, much less contradicts, the overwhelming evidence of indefiniteness of the asserted claims.

Finjan also is of two minds regarding Dr. Spafford's testimony.  Finjan first urges the Court to await Dr. Spafford's trial testimony before deciding ESET's motion.  *See* Opp. at 2:2-3 ("Dr. Spafford would provide trial testimony showing that this term is readily understandable…") and Opp. at 5:24-25, 6:2-3 ("Dr. Spafford … did not testify … As such, the Court did not hear complete testimony and 'cross-examination.'").  But Finjan then argues that "[Dr. Spafford] has no basis to set forth an indefiniteness opinion on the term anyway" (*id.* at 6:1) and that he "did not opine in any of his expert reports that the term was indefinite" and "cannot now change or offer any new opinions at trial that were not in his expert report."  *Id.* at 13:25-26, 15:21-22.  Applying Finjan's own logic, the Court need not hear Dr. Spafford's testimony before deciding this motion.  The Court can and should decide it now.[4]

---

[4] Dr. Spafford did testify that the term "Downloadable" is indefinite due to the conflicting and mutually disjoint definitions supplied in the incorporated patents.  D.I. 138-3 at ¶¶ 12-28.  Moreover, Finjan's contention that Dr. Spafford somehow should be precluded from testifying in response to Finjan's newfound "installability" construction, which is nowhere in Finjan's expert reports, is risible.

45240003.3

### 2.   Finjan Is Not Entitled to a Different Claim Construction.

Finjan urges this Court to resolve the indefiniteness problem by construing "Downloadable" to preserve validity, just as multiple other courts have done – by excising "small" from its claim construction.  *See* Opp. at 1:18-25 ("if inclusion of "small" raises an indefiniteness issue, it should be construed in a manner with other courts' constructions"); Opp. at 7:3-8 (this Court "deviated from the way other various other courts … construed Downloadable"); Opp. at 2:10 ("Downloadable [construed] in multiple cases and IPRs without the word 'small'").[5]  Finjan thus urges the Court to solve the indefiniteness problem by blue-penciling the word "small."  But as this Court recognized, it cannot properly disregard the words that the inventor chose in the '520 and '962 patents to define the term "Downloadable," nor is there any rational basis for the Court to pick-and-choose only certain of the words from the two conflicting definitions provided in the asserted patents.  If bad drafting results in indefiniteness and invalidity, that is the legally appropriate consequence.

### 3.   The Record Is Adequately Developed.

Finjan's third point of opposition is that Dr. Cole's testimony was incomplete "and will be replaced by his testimony at the future trial."  Opp. at 7:17-18.  Finjan's bold statement suggests that Dr. Cole's testimony will be different, yet again, the next time he testifies.  Finjan also argues that the Court need await the testimony of Finjan's other witnesses, Drs. Medvidovic, Mitzenmacher, Goodrich, and Jaeger.  *Id.* at 7:18-22.

Dr. Cole's testimony on the '844 patent was completed at trial.  He testified at length about the '844 patent, and the extensive cross-examinations and redirects created a complete record on that patent.  As noted in ESET's opening brief, none of Finjan's other experts testified about the upper bound of the term "small" in their expert reports.  Per Finjan's logic on Fed. R. Civ. P. 37(c)(1), *supra*, none of its other witnesses should be permitted to testify about the meaning of "small" unless ESET opens the door or the

---

[5] As ESET has previously noted, no court conducted a detailed analysis of the intrinsic evidence as did this Court to reconcile the conflicting constructions of the term Downloadable the patentee offered throughout Finjan's portfolio.  D.I. 149 at 1:12-19.

Court elects to elicit such testimony *sua sponte*.

Given the highly divergent views of Finjan's other expert witnesses about the term "small," incentive exists for ESET to elicit such testimony – but only to expose their lack of credibility on other issues.  More importantly, none of Finjan's other experts, in their reports or deposition testimony, lend support to Dr. Cole's novel theory that "small" relates only to installability, not size.  Finjan argues that the deposition testimony of Finjan's other experts is "consistent" with Dr. Cole's testimony because none of those other experts could define an upper bound for the term "small" either. Opp. at 9-10.  As an example of this "consistency," Finjan cites to the testimony of Dr. Medvidovic that he could not "give you a specific number and say, this is small and everything larger is not small."  *Id.* at 10:2-3.  Finjan also cites Dr. Mitzenmacher as testifying he would not "provide a specific dividing line in terms of numerical size" (*id.* at 10:12-13) and Dr. Goodrich testifying that small "will always be clear from the context" (*id.* at 10:15-16).  Yet all of that testimony employs a completely subjective standard for what constitutes "small" and only buttresses ESET's indefiniteness claim. Indeed, none of the testimony of Finjan's other experts get within a country mile of Dr. Cole's "installability" definition.  The lack of citations from the deposition testimony of Finjan's other experts corroborating Dr. Cole's new construction speaks volumes. Unless, like Dr. Cole, Finjan's other experts will proffer entirely new opinions of the term "small" in violation of Fed. R. Civ. P. 37(c)(1), the Court need not await that testimony before deciding ESET's motion.

4.    The Case Law Cited by Finjan Provides No Refuge.

Lacking intrinsic evidence supporting Dr. Cole's rewrite of Downloadable, Finjan argues that Federal Circuit precedent does not ***really*** require that the claims be definite. Opp. at 11-13.  Finjan's analysis of the case law is disingenuous, as are its efforts to distinguish ESET's cases.  Neither the facts nor the law favor Finjan's contention.

Finjan clings to *Nautilus* and *Invitrogen* as holding that "mathematical precision" is not required for claims to be definite.  However, those cases require "clear notice of

what is claimed, thereby appris[ing] the public of what is still open to them." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014) (citing *Minerals Separation, Ltd. v. Hyde*, 242 U.S. 261, 270 (1916)). The evidence is clear and convincing that Finjan's patents fail to meet that public notice function; Dr. Cole's rewrite of the term Downloadable from "small" to "non-installed" at trial only further muddies the waters.

Finjan also cites cases where the patents employed understood terms of art, such as *BASF*, or specific examples, like *Sonix Tech.*, where the specification provided the necessary context to understand the claim scope. However, the term "Downloadable" has no meaning in the art (D.I. 138-3 at ¶ 20), nor do Finjan's experts agree to *any* upper bound for the term "small" within at least six to nine orders of magnitude (*i.e.*, a factor of one million to one trillion). *See* D.I. 623 at 4:11-20. Moreover, the examples set forth in the asserted patents offer no guidance: the various specifications give no clue as to the breadth of "Downloadable" and they are internally inconsistent (e.g., cite *interpretable* applications immediately defining Downloadables as *executable* programs). No Finjan expert, in his expert report or deposition, opined that "small" should mean "non-installed," only further highlighting Finjan's "say anything" approach to litigation.

Finjan's feeble efforts to distinguish ESET's case citations are unavailing. For example, Finjan contends that *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364 (Fed. Cir. 2014) is inapposite because there "the specification failed to inform a person of skilled in the art the scope [of the] invention with reasonably certainty." Opp. at 12:13-22. Here, the word "small" is "entirely subjective" and indeed, after Dr. Cole's trial epiphany, has nothing to do with size! Moreover, that case could not be clearer: "[t]he claims, when read in light of the specification and the prosecution history, must provide *objective boundaries* for those of skill in the art." 766 F.3d at 1371 (emphasis added); *see also In re Walter*, 698 F. App'x 1022, 1026 (Fed. Cir. 2017).

Cases supporting ESET's position abound, as to which Finjan has no answer. *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1251 (Fed. Cir. 2008)

45240003.3

("Even if a claim term's definition can be reduced to words, the claim is still indefinite *if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope*." (emphasis added)); *see also Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005) ("*The scope of claim language cannot depend solely on the unrestrained, subjective opinion* ..." (emphasis added)); *Abdou v. Alphatec Spine, Inc.*, No. 12-CV-1804 BEN (RBB), 2014 U.S. Dist. LEXIS 163044, at *26-27 (S.D. Cal. Nov. 19, 2014) (claim term indefinite, "lack of clarity in these claims leave the next inventor in the 'zone of uncertainty,' not knowing what is claimed and what is still open."); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 15-cv-05008-PSG, 2016 U.S. Dist. LEXIS 72935, at *35-36 (N.D. Cal. June 3, 2016) (qualifier "substantially" indefinite where the specification left a "zone of uncertainty"); *Dow Chem. Co. v. Nova Chems. Corp. (Can.)*, 803 F.3d 620, 635 (Fed. Cir. 2015) (claim term indefinite if it "leave[s] the skilled artisan to consult the 'unpredictable vagaries of any one person's opinion'"); *Input/Output, Inc. v. Sercel, Inc.*, No. 5:06-CV-236, 2008 U.S. Dist. LEXIS 124418, at *71 (E.D. Tex. Apr. 28, 2008) ("*small* positive difference" indefinite "because the amount of 'smallness' is subjective" when no standard of measurement provided in patent); *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-522-JRG, 2014 U.S. Dist. LEXIS 118422, at *74 (E.D. Tex. Aug. 26, 2014) (finding indefinite "a pattern of deformities on … sheet or film having a width and length that is *quite small* in relation to the width and length of the sheet or film" because no "indication of the significance of the term 'quite small'.").

### 5. Construction of the Term Downloadable Is Not a Fact Issue.

Finjan's Opposition fails to raise a genuine issue of material fact.  Neither *PPG* nor *Acumed* support Finjan's contention that this Court should let the jury resolve the insolvably ambiguous language embedded in the term Downloadable.  As demonstrated in the briefing on ESET's motion, there is no objective upper bound to the term "small."

This Court should grant summary judgment of invalidity for indefiniteness of the term "Downloadable" in all of Finjan's asserted patents.

10                                                                    17cv0183

1  Dated:  September 25, 2020             Respectfully submitted,

2                                          **EVERSHEDS SUTHERLAND (US) LLP**

3

4                                          */s/ Nicola A. Pisano*
                                           ─────────────────────────────
5                                          NICOLA A. PISANO, CA Bar No. 151282
                                              NicolaPisano@eversheds-sutherland.com
6                                          JOSE L. PATIÑO, CA Bar No. 149568
                                              JosePatino@eversheds-sutherland.com
7                                          JUSTIN E. GRAY, CA Bar No. 282452
                                              JustinGray@eversheds-sutherland.com
8                                          SCOTT A. PENNER, CA Bar No. 253716
                                              ScottPenner@eversheds-sutherland.com
9                                          12255 EL CAMINO REAL, SUITE 100
                                           SAN DIEGO, CALIFORNIA  92130
10                                         TELEPHONE:      858.252.6502
                                           FACSIMILE:      858.252.6503
11

12                                         Attorneys for Defendants and Counter-Plaintiffs
                                           ESET, LLC and ESET, SPOL. S.R.O.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45240003.3