NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ESET, LLC, et al.,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-00183-CAB-BGS<br><br>**ESET, LLC AND ESET, SPOL. S.R.O.'S REPLY BRIEF IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE EFFECTIVE FILING DATE OF U.S. PATENT NO. 6,154,844**<br><br>Judge:   Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

I. **OVERVIEW**

The '844 patent does not include an operative priority claim to the provisional '639 application, and is entitled to an earliest effective filing date no earlier than December 22, 1997. The layers of obfuscation presented in Finjan's Opposition cannot, in the end, obscure that Finjan's claim of priority to the '639 provisional was defective. That defect served as an independent basis – in addition to the lack of written description – upon which the PTAB denied the '844 patent any earlier effective filing date. The PTAB's reasoning was sound, addressed all of Finjan's tired arguments, and should guide a similar determination in this action.

II. **FINJAN'S "FACTS" ARE INCORRECT AND INCOMPLETE.**

Finjan asserts as a "fact" that "the '844 [sic] Patent claims the benefit of the 1996 Application" and that the "PRIORITY REFERENCE TO RELATED APPLICATIONS" includes the words "[t]his application claims benefit of" the 1996 provisional '639 application. *See* D.I. 814 ("Opp.") at 1:23-2:6. That assertion omits critical facts, and was considered and rejected by the PTAB. Instead, the PTAB expressly found that "the 'PRIORITY REFERENCE TO RELATED APPLICATIONS' section of the '844 patent fails to satisfy [37 C.F.R. § 1.78(a)(2)'s] requirement, because it does not 'indicat[e] the relationship' of the '639 provisional, '388 application, and '097 application to the '844 patent" and therefore "the challenged claims are not entitled to any earlier priority date." D.I. 809-3 at 35-36. That determination was independent of, and in addition to, the PTAB's determination that the '388 application also lacked written description support in the '639 provisional.

Finjan contends that it filed a Certificate of Correction for the '844 patent to address its defective priority claim. Opp. at 2. Finjan's contention fails to recognize that the PTAB found that "the Office denied that Request [for a Certificate of Correction] in relevant part, stating that the Request was improper" and that Finjan's request "was an improper attempt to perfect a claim of priority that was not found in the original application." D.I. 809-3 at 36.

Finjan's Opposition is replete with attorney argument about prior litigations, in which Finjan claims Abadi was asserted against the '844 patent, either alone or in combination with other prior art. ESET was not a party to any of those of litigations, which also involved different claim constructions. Opp. at 3. Collateral estoppel does not apply to preclude re-litigation of an issue where the party against whom the estoppel is sought did not have a full and fair opportunity to litigate the issue. *Kendall v. Visa U.S.A., Inc.*, 516 F.3d 1042, 1050 (9th Cir. 2008) (one requirement for collateral estoppel is "the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action"). Unlike Finjan, which had a full and fair opportunity to litigate the priority date of the '844 patent before the PTAB, ESET has not yet had its day in Court. *See, e.g., Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 476 F. Supp. 2d 1143, 1150-51 (N.D. Cal. 2007) (defendant not collaterally estopped from litigating patent validity when defendant's customer litigated the issue in prior litigation).

### III. IT IS UNDISPUTED THAT THE PTAB DETERMINED THAT THE '844 PATENT'S PRIORITY DATE IS ITS ACTUAL FILING DATE.

Finjan does not dispute that the PTAB found that the '844 patent is not entitled to a priority date any earlier than its actual filing date of December 22, 1997. Rather, it wants this Court to ignore the PTAB's well-reasoned analysis so Finjan can have yet another bite at the apple.

#### A. Finjan Does Not Deny That the '844 Patent Fails to Comply with the Requirements of 37 CFR § 1.78.

As set forth in ESET's opening brief, the '844 patent fails to comply with 37 C.F.R. § 1.78(a)(2). This is a standalone reason for concluding that the challenged claims are not entitled to a priority date any earlier than its filing date, and is entirely independent of lack of written description support, as the PTAB also found. *See* D.I. 808-1 at 11-12; *see also Droplets, Inc. v. E*TRADE Bank*, 887 F.3d 1309, 1315 (Fed. Cir. 2018) (a patent application must comply with 37 C.F.R. § 1.78 when referencing an

application to which a claim of priority is sought); MPEP § 1481.03 (to claim benefit to a prior provisional application "all requirements set forth in 37 CFR 1.78(a)(1) and (a)(2) must have been met in the application which became the patent to be corrected"). The PTAB relied on this exact reasoning as "an independent basis for concluding that the challenged claims are not entitled to any earlier priority date." D.I. 809-3 at 35-36.

When a party fails to rebut a fact, the Court properly may consider that fact undisputed and may grant a motion for summary judgment. Fed. R. Civ. P. 56(e); *see also Franklin v. Smalls*, No. 09CV1067-MMA (RBB), 2013 U.S. Dist. LEXIS 33450, at *15-16 (S.D. Cal. Mar. 8, 2013). Here, Finjan's Opposition does not address that the '844 patent fails to comply with 37 C.F.R. § 1.78(a)(2). Instead, Finjan concedes that fact as if it doesn't matter. *See* Opp. at 2-3 ("Notably, the PTAB did not dispute that the '844 Patent claimed priority to the 1996 Application, '194 Patent, or the '520 Patent under 35 U.S.C. § 120, just that **Finjan had not complied with 37 C.F.R. § 1.78(a)(2)** (1997) by not indicating the relationship of the '194 and '520 Patents to the '844 Patent.") (emphasis added); *see also* D.I. 809-3 at 35-36 (noncompliance with 37 C.F.R. § 1.78(a)(2)'s requirements is an independent basis for concluding that the challenged claims of the '844 patent are not entitled to any earlier priority date).

It does matter. Because an application ***must*** comply with 37 C.F.R. § 1.78 in order to claim priority to an earlier application's filing date, and it is undisputed that the '844 patent does not comply with 37 C.F.R. § 1.78, the '844 patent is not entitled to a priority date earlier than its actual filing date of December 22, 1997. The Court need not even consider the extensive arguments in Finjan's Opposition regarding its contention that the '639 provisional contains written description support for the claims of the '844 patent. It does not, as discussed in ESET's opening brief and further below, but whether or not it does is simply irrelevant. The priority claim is valid for failure to comply with 37 C.F.R. § 1.78(a)(2).

### B. The PTAB's Well-Reasoned Analysis Found No Written Support Earlier Than the December 22, 1997 Filing Date.

The PTAB determined that the challenged claims of the '844 patent lack written description support in the '639 provisional. D.I. 809-3 at 32-33.

Finjan zealously argued to the PTAB – much of which it retreads in its Opposition at 9-12 – that Dr. Jaeger opines that the claims of the '844 patent have written support in the '639 provisional. *See*, *e.g.*, D.I. 809-3 at 33-34. The PTAB disagreed with Finjan's arguments pointing to Dr. Jaeger's analysis that a "web server" is disclosed in the '639 provisional, concluding that Finjan "does not identify a *web server* that makes the Downloadable available to web clients *after* such linking, as required by the challenged claims." *Id*. at 34. Failure to support that critical limitation of the '844 patent claims puts an end to the dispute.

That Dr. Jaeger opined he could find other claim limitations in the '639 provisional is irrelevant because the PTAB was "not persuaded that the '639 provisional demonstrates possession by the inventors of linking a DSP to the Downloadable '*before a web server* makes the Downloadable available to web clients.'" D.I. 809-3 at 35. Finjan strives to obscure that requirement by regurgitating Dr. Jaeger's opinion that the "code scanner performs linking and that the linking can be performed before the Downloadable is provided to the client." Opp. at 9. But the PTAB rejected that argument as well, finding "*by the time that the DSP has been linked to the Downloadable* (e.g., *by code scanner* 325, in Patent Owner's mapping), we understand that *the Downloadable has already been received—and hence 'made available'—by the web server*." D.I. 809-3 at 35 (emphasis added). These observations led to the PTAB's unescapable decision:

> In conclusion, therefore, we are not persuaded that the inventors were in possession of the subject matter of the challenged claims at any time prior to the December 22, 1997, filing date of the '648 application.

*Id*.

Finjan also cites Dr. Jaeger to concoct support for the linking element in the '194 and '520 patents, but those arguments also rely on the "code scanner" disclosure rejected by the PTAB. Opp. at 11-12. Specifically, Dr. Jaeger cites to FIG. 3 of the '194 patent as supporting his opinion that "the code scanner 325 is able to determine the DSP data for a Downloadable (and thus links the Downloadable security profile to the Downloadable)." D.I. 608-7 (Jaeger Rpt.) at ¶ 658. But that figure shows the system receiving the downloadable *before* it is sent to the code scanner 325. *Id*. Thus, the PTAB's conclusion applies equally to the disclosure of the '194 patent because "***by the time that the DSP has been linked to the Downloadable*** (e.g., ***by code scanner*** 325, in Patent Owner's mapping) … ***the Downloadable has already been received—and hence 'made available'—by the web server***." D.I. 809-3 at 35 (emphasis added).

The PTAB persuasively reasoned that there is no evidence that the inventors of the '844 patent possessed the claimed invention any time before December 22, 1997. Because the '844 inventors did not have possession of the claimed linking of a DSP to the Downloadable "before a web server makes the Downloadable available to web clients," none of the thread-worn arguments in Finjan's Opposition creates a genuine triable issue that precludes summary judgment.

### C. The Priority Date Determination Was Critical to the PTAB's Analysis.

At the September 26, 2019 Motions hearing, the Court stated that it believed "that the Patent Office shut the door on the '844 claiming priority to the provisional application." D.I. 809-5 at 51:21-24. Finjan argued that the priority date issue was under review in IPR2019-00026. *Id*. at 34:18-23. The Court requested supplemental briefing "[b]ecause this appeared to be dispositive to [the Court] on the '844 issue that the Patent Office had ruled it was not supported … by the earlier date and so the filing date of the '844, December 22nd, 1997 is its priority date." *Id*. at 38:1-9. The PTAB concluded that the earliest effective filing date for the '844 patent was December 22, 1997, and that conclusion was critical to its invalidity analysis.

Finjan argues that it should not be estopped from re-litigating the priority date by the PTAB's ruling because it did not have a full and fair opportunity to litigate that issue, but moreover, the PTAB's decision was not necessary to the decision in the Juniper IPR. During IPR2019-00026, the PTAB conclusively determined that claims 1, 15, and 41 of the '844 patent "were not entitled to a priority date any earlier than the December 22, 1997, filing date of the application for the '844 patent." D.I. 809-3 at 20-21. That determination was a ***necessary threshold determination*** for the PTAB's consideration "whether Abadi is properly considered as prior art." *Id*.

Finjan also had ample opportunity to fully and fairly advocate its priority date position during the IPR, as well as during post-institution briefing, and the PTAB repeatedly rejected Finjan's arguments. *See id.* ("Following consideration of the parties' respective arguments, we concluded that the challenged claims were not entitled to a priority date any earlier than the December 22, 1997, filing date of the application for the '844 patent … Having considered [Finjan's post-institution] additional arguments, we remain unpersuaded … that the challenged claims are entitled to any earlier priority date."). The PTAB's determination that the '844 patent was entitled to an earliest effective filing date of December 22, 1997 was necessary to the PTAB's determination that Abadi was prior art. Under these circumstances, collateral estoppel applies to preclude Finjan from re-litigating, yet again, the same priority date issue. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 U.S. Dist. LEXIS 49202, at *22-24 (N.D. Cal. Apr. 12, 2016); *Abbott GMBH & Co., KG v. Centocor Ortho Biotech, Inc.*, 870 F. Supp. 2d 206, 222-23 (D. Mass. 2012) (finding that USPTO decisions have preclusive effect).

### D. There Is No Evidence of Constructive Reduction to Practice.

Finjan argues that the '844 patent was constructively reduced to practice by the filing of the 1996 provisional application. Opp. at 8. The PTAB's determination that the '639 provisional lacks written description support dooms Finjan argument. As soundly reasoned by the PTAB, there is no written description support in the '639

provisional for "linking" a DSP to the Downloadable "before a web server makes the Downloadable available to web clients." D.I. 809-3 at 35.

### IV. **FINJAN'S SUMMARY JUDGMENT MOTION IS UNAUTHORIZED AND INCORRECT AS A MATTER OF LAW.**

Finjan's Opposition includes – without leave of Court – a one-paragraph cross motion for partial summary judgment. Opp. at 12-13.[1] Finjan appears to suggest that ESET be collaterally estopped from relying on Abadi, but cites no legal authority for its position. It is hornbook law that to invoke collateral estoppel, the party against whom the estoppel is applied must have been a party to the prior litigation, as well as having been afforded an opportunity to fully and fairly litigate the issue to final determination, etc. *Kendall*, 518 F.3d at 1050. ESET was not a party to IPR2019-00026 and did not have an opportunity to advocate its position regarding Abadi. Moreover, the issues litigated by Juniper in that IPR differ from those presented in Dr. Spafford's expert testimony. For at least these reasons, Finjan's unauthorized "motion" has no merit, and ESET requests that the Court strike Finjan's unauthorized motion.

### V. **CONCLUSION**

For all of the reasons explained in the PTAB's decision in IPR2019-00026, some of which Finjan does not and cannot dispute, such as failure to comply with 37 C.F.R. § 1.78(a)(2), the '844 patent is entitled to an earliest filing date no earlier than December 22, 1997.

---

[1] Should Finjan file a reply on its unauthorized "cross motion," that filing would be a *de facto* sur-reply to this paper, and a flagrant violation of this Court's Local Rules. *See* CivLR 7.1(e); *Moriarty v. Cty. of San Diego*, No. 17cv1154-LAB (AGS), 2019 U.S. Dist. LEXIS 65828 (S.D. Cal. Apr. 17, 2019).

| | | |
|---|---|---|
| 1 | Dated: September 25, 2020 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.