UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC and ESET SPOL. S.R.O., <br><br> Defendants. | Case No.: 17CV183 CAB (BGS) <br><br> **ORDER:** <br> **(1) SETTING DISCOVERY DEADLINES AS TO '305 PATENT** <br> **(2) TO FILE AMENDED JOINT DISCOVERY PLAN** <br><br> [ECF 813] |

A stay as to the '305 Patent was granted on May 7, 2018 and lifted on July 23, 2020.  (ECF 251, 802.)  The Order lifting the stay indicated that discovery as to the '305 Patent could proceed at that time.  (*Id.*)  When the parties contacted Judge Skomal's Chambers regarding the potential need to toll discovery issues, the undersigned ordered the parties to meet and confer to identify what discovery was needed as to the '305 Patent that was not cumulative or duplicative of discovery already completed and to file a joint discovery plan to complete discovery.  (ECF 811.)  The Court cautioned the parties that they must proceed diligently with any necessary updates to disclosures and contentions regarding the '305 Patent.  (*Id.*)

1

The parties have submitted competing proposals that only address completion of written discovery and do not address expert discovery. (ECF 813 at 2 6.) Eset seeks a longer schedule than Finjan based on: Finjan not having updated the claims it intends to pursue (based on some previously asserted claims being declared invalid); Eset's anticipated difficulties obtaining documents from overseas and subject to access restrictions in place as a result of Covid-19; and specifically as to source code, anticipated issues gaining physical access to servers with source code that is subject to strict protections. (ECF 813 at 4-9.) Finjan argues the more expedited schedule is appropriate because: significant work has already been done as to the '305 Patent, including preliminary infringement and invalidity contentions; Eset should only need to supplement production of technical documents, and two months have already passed since the stay was lifted. (*Id.* at 2-3.)

The Court ordered the parties to identify what additional discovery was needed as to the '305 Patent and when it could be completed. The Court did not limit the order to written discovery or exclude expert discovery. Accordingly, unless the parties agree that depositions will not be required and there is no need for expert discovery as to the '305 Patent that has not been completed, the parties must file an updated joint discovery plan by **October 9, 2020** that addresses completion of all discovery as to the '305 patent.[1]

The Court reminds the parties that they should have already completed much of the discovery as to the '305 Patent prior to the issuance of the stay on May 7, 2018. Only a month and a half remained for substantial completion of document discovery when it was issued.[2] (ECF 214 at 2; 251.) Anything that should have already been completed as to the '305 Patent prior to the stay should be updated only as necessary and as expeditiously

---

[1] The Court expects the completion of discovery as to this single patent will proceed on a more expedited basis than the discovery as to the other patents for which discovery is now complete. (*See* ECF 214 at 2 (setting case management schedule).)

[2] Fact discovery was to be completed by August 3, 2018.

as possible if the parties have not already done so.[3]  This is not an opportunity to start over with discovery as to this patent, and while the typical sequencing may be appropriate, the timelines proposed should be much shorter given the work that has already been completed.  Any request for a lengthier schedule based on Covid-19 or other geographic restrictions or limitations should be supported by a declaration from counsel or the party that describes the restriction and explains how the restriction makes earlier compliance impossible.[4]

Although the Court finds much of the supplements and updates to discovery the parties have addressed should have been completed earlier, as to the deadline the parties have addressed, the Court orders as follows:

| **Event related to the '305 Patent** | **Deadline[5]** |
|---|---|
| Eset to complete supplemental responses to technical interrogatories | October 19, 2020 |
| Eset to provide:<br>• Supplemental source code<br>• Supplemental production of technical documents<br>• Supplemental financial documents<br>• Supplemental responses to financial interrogatories and interrogatory nos. 6, 10, and 12 | November 9, 2020 |

---

[3] It appears from the parties' filing that they have been able reach agreement and complete some updates as the Court would expect. (ECF 813 at 5.)  However, to the extent there are any remaining disputes concerning the sequencing of updates, the Court would expect the parties to follow the same course they did before the stay absent some good reason for a deviation.

[4] Eset did not err in warning the Court that issues may arise as a result of physical access to offices, particularly as to source code, and the Court recognizes there may be restrictions beyond counsel or a party's control.  However, given restrictions can change at any time and the need to move forward expeditiously, to deviate from the most efficient schedule possible, a declaration with more specificity is required.

[5] Based on the parties' proposals, Finjan should have already provided updated accused products and asserted claims by September 30, 2020.

| | |
|---|---|
| Finjan to provide:<br>• Responses to Supplemental interrogatories, including, financial, prior art, and reduction to practice, specifically nos. 1, 2, 3, 8, 9, 10, 11, 12, 14, 15, 18, 19, 21, 23[6] | |
| Finjan to provide supplemental infringement contentions | November 18, 2020 |
| Last day to serve additional written discovery requests[7] | November 25, 2020 |
| Eset to provide:<br>• Supplemental invalidity contentions<br>• Supplemental election of prior art | December 14, 2020 |

**IT IS SO ORDERED.**

Dated: October 6, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[6] The Court lists the specific interrogatories as to Finjan and Eset to address Eset's concern that Finjan's proposal did not list the individual interrogatories and only required supplemental document productions and interrogatory responses "if necessary." (ECF 813 at 6). However, absent further information not presented here, neither party is required to update discovery responses other than confirming the prior response is still accurate, unless an update is necessary to accurately respond to the document request or interrogatory.

[7] In setting this deadline, the Court is not necessarily authorizing new discovery requests as a general matter or approving either party delaying discovery requests to this deadline. The Court recognizes fact discovery was ongoing when the case was stayed however, as would always be the case, the parties should initiate discovery as soon as possible and responsive discovery should not be cumulative of discovery already provided.