UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FINJAN, INC., Plaintiff, v. ESET, LLC and ESET SPOL. S.R.O., Defendants. | Case No.: 17CV183 CAB (BGS) **ORDER SETTING REMAINING DISCOVERY DEADLINES AS TO '305 PATENT** [ECF 820, 822] |
|---|---|

Discovery as to the '305 Patent was stayed from May 7, 2018 to July 23, 2020. (ECF 251, 802.) After the stay was lifted, the Court ordered the parties to file a joint discovery plan to address completion of discovery. (ECF 811.) The parties submitted competing proposals, however they only addressed completion of written discovery. (ECF 813.) The Court already set the deadlines below based on the proposals previously filed:

| **Event related to the '305 Patent** | **Deadline** |
|---|---|
| Eset to complete supplemental responses to technical interrogatories | October 19, 2020 |
| Eset to provide:<br>• Supplemental source code<br>• Supplemental production of technical documents<br>• Supplemental financial documents | November 9, 2020 |

| | |
|---|---|
| • Supplemental responses to financial interrogatories and interrogatory nos. 6, 10, and 12<br><br>Finjan to provide:<br>• Responses to Supplemental interrogatories, including, financial, prior art, and reduction to practice, specifically nos. 1, 2, 3, 8, 9, 10, 11, 12, 14, 15, 18, 19, 21, 23 | |
| Finjan to provide supplemental infringement contentions | November 18, 2020 |
| Last day to serve additional written discovery requests[1] | November 25, 2020 |
| Eset to provide:<br>• Supplemental invalidity contentions<br>• Supplemental election of prior art | December 14, 2020 |

The Order setting these deadlines also required the parties to provide an updated joint discovery plan that proposed a schedule to complete the remaining discovery as to the '305 Patent.

The parties have again submitted competing proposals for the completion of discovery. (ECF 820.) In summary, Eset argues a longer schedule is appropriate because: (1) the depositions of the two inventors on the '305 Patent will require utilization of the Hague Convention because the deponents are in Israel; (2) Finjan was recently acquired by Fortress Investment Group, LLC, requiring additional discovery; (3) even being conducted remotely, there may be significant challenges in conducting depositions given COVID-19 travel restrictions, time zone differences, and restrictions on access to source code that may make remote depositions on the source code challenging;

---

[1] In setting this deadline, the Court is not necessarily authorizing new discovery requests as a general matter or approving either party delaying discovery requests to this deadline. The Court recognizes fact discovery was ongoing when the case was stayed however, as would always be the case, the parties should initiate discovery as soon as possible and responsive discovery should not be cumulative of discovery already provided.

(4) possible delays in access to source code given Eset's Slovakian headquarters are closed and employees are working from home as a result of rising COVID-19 cases; and (5) anticipated delays resulting from COVID-19 restrictions.  Finjan proposes a shorter schedule, arguing it should be expedited because it only addresses one patent, depositions can be conducted remotely, including those dealing with source code, there is no need for discovery regarding Finjan's acquisition, and Eset should not be deposing the inventors are the '305 Patent.

Having considered the parties arguments,[2] the Court sets the following deadlines for the remainder of discovery.

| Event related to the '305 Patent | Deadline |
| --- | --- |
| Close of fact discovery | January 20, 2021 |
| Opening Expert Reports | February 8, 2021 |
| Rebuttal Expert Reports | February 26, 2021 |
| Close of expert discovery | March 12, 2021 |

In setting these deadlines, the Court is not precluding the parties from seeking extensions as circumstances warrant, particularly those related to COVID-19 restrictions.  The Court recognizes that some of the concerns raised by Eset may result in the need for extension of these deadlines.  However, instead of setting the schedule to accommodate issues that may arise, the Court expects the parties will proceed diligently to attempt to meet the deadlines, meet and confer when they cannot be met, and only seek extensions when the need for an extension arises.  The Court also reminds the parties that any request should be supported by a declaration identifying the discovery that has been

---

[2] The Court is not resolving any of these disagreements and expects that the parties will timely raise any discovery disputes under the Chambers Rules as they arise.

1  completed, the discovery that remains, and explains why the current deadline cannot be
2  met, (Chambers Rule V.C.), and otherwise complies with the Chambers Rules.
3      **IT IS SO ORDERED.**
4  Dated:  November 19, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge