NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:   858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS <br><br> **MOTION FOR ADDITIONAL DISCOVERY AND ISSUANCE OF LETTER OF REQUEST** <br><br> Judge:   Hon. Bernard G. Skomal |

Pursuant to Fed. R. Civ. P. 28(b)(2)(A), Defendants ESET, spol. s.r.o. and ESET, LLC (collectively, "ESET") make this application to the Court to permit a second deposition of Shlomo Touboul on topics that were previously stayed, as well as for issuance of a Letter of Request, in the form attached as Exhibit A. The Letter of Request is to be issued pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Convention"). The letter seeks the assistance of the Israeli Center Authority for The Hague Evidence Convention to compel the deposition of Mr. Touboul, who is living in Israel and is a named inventor on one or more of the patents asserted in this action.[1] The deposition will take place at a mutually agreeable location in Israel to provide testimony under oath concerning matters in this case.[2]

## I. BACKGROUND

On May 7, 2018, this Court stayed discovery as to U.S. Patent No. 7,975,305 ("the '305 patent"). On July 23, 2018, Mr. Touboul was deposed in this action. In view of the stay, ESET did not question Mr. Touboul regarding the '305 patent. Following ESET's examination, Finjan introduced the '305 patent as an exhibit. ESET objected to the exhibit – and each of the following questions regarding the '305 patent – as being outside the scope of the direct examination and in violation of the Court's order for the stay.[3] ESET did not join Finjan in violating the Court's order by questioning the witness about the '305 patent.

Also, in view of the stay, ESET had not yet served amended invalidity contentions to address newly asserted claims of the '305 patent, nor had ESET consulted its expert to address potential issues to be explored during deposition of the inventors of the '305 patent. ESET also did not invest additional time or effort in preparing to take Mr.

---

[1] Following a number of meet-and-confer sessions, the parties agreed to avoid Hague service for Moshe Rubin, another witness living in Israel, and are working cooperatively to schedule his deposition.

[2] To the extent the Israeli authorities permit, and the parties can agree on a time, date, and method, ESET is also amenable to a remote deposition of Mr. Touboul.

[3] July 23, 2018 Deposition of Shlomo Touboul, page 432, lines 15, to page 435, line 22.

Touboul's deposition relating to '305 patent. Now that the stay is lifted and discovery is open as to the '305 patent, ESET seeks to depose Mr. Touboul on discrete topics concerning the '305 patent.

This dispute arose on November 10, 2020, when Finjan's counsel refused service for Mr. Touboul and stated they would oppose ESET's request to examine him on topics that were previously stayed. Specifically, as part of the meet and confer process, counsel for Finjan stated that while Finjan's counsel previously represented Mr. Touboul, they refused to accept service stating that he was no longer represented by Finjan's counsel. Thus, in order to serve Mr. Touboul, who lives in Israel, ESET must use the Hague Convention. Also, despite no longer representing Mr. Touboul, counsel for Finjan stated that Finjan would oppose this request because Mr. Touboul had already been deposed, notwithstanding that he had not been questioned about the '305 patent nor was counsel for ESET required to make such inquiries in light of the stay.

## II. LEGAL STANDARD

Leave of court or a stipulation of the parties is required if the deponent has already been deposed once in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). "The Federal Rules of Civil Procedure treat service under the Hague Convention as the primary means of serving a defendant located in a country which … is a signatory to the Hague Convention." *Wright v. Old Gringo Inc.*, No. 17-cv-1996-BAS-NLS, 2018 U.S. Dist. LEXIS 125491, at *3 (S.D. Cal. July 26, 2018) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 468 U.S. 694, 706 (1988)).

## III. ARGUMENT

Leave to depose Mr. Touboul regarding discrete topics concerning the '305 patent is especially appropriate where, as here, discovery regarding the '305 patent was stayed at the time of Mr. Touboul's first deposition. Indeed, during the June 14, 2018 status conference, this Court expressly acknowledged that ESET was not required to pursue that discovery:

> Okay. Basically the Court's position on this and the order is that to the extent the parties wish to jointly pursue discovery on the '305 for economic and efficiency reasons, particularly with regard to international discovery, the stay is lifted for that purpose. **It doesn't require that you do the discovery.** And if there's an objection to discovery that is being sought in that scope and you don't want to do it and the other side does, you can come back to me on that as opposed to the magistrate judge since it's my order, and I'll decide whether or not it's appropriate.

June 14, 2018 Hearing Transcript at 9:20-10:4 (emphasis added); *see also* May 7, 2018 Order, D.I. 251 at 4 ("As to the '305 patent, any other pending and further proceeding related to the '305 patent are STAYED until the issuance of the Board's decision."). Thus, regardless of whether Finjan chose to ignore the stay and question Mr. Touboul following ESET's examination, the order staying discovery as to the '305 patent remained in place and ESET was under no obligation to question the witness regarding the stayed '305 patent. *See Coleman v. Newsom*, No. 2:90-cv-0520 KJM DB P, 2020 U.S. Dist. LEXIS 107238, at *14 (E.D. Cal. June 17, 2020) (recognizing the "unremarkable proposition that any party bound by a court order may not act unilaterally in violation of that order but, instead, must seek relief from the court that issued the order."). Indeed, "[d]isregard of [a court] order would undermine the court's ability to control its docket … and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Finjan now seeks to be rewarded for its cavalier attitude toward the Court's stay order by seeking to preclude ESET from now properly questioning Mr. Touboul about the '305 patent. Such attempts "would undermine the court's ability to control its docket" and are improper. *Id*.

The purpose of the stay was to allow the parties to avoid incurring additional cost associated with discovery concerning the '305 patent. Accordingly, when the stay

issued, counsel for ESET, ESET's experts, and ESET itself stopped such work. Left uncompleted at that time was ESET's amended invalidity contentions, analysis of the newly asserted claims (including analysis of priority dates, whether there was specification support for the newly asserted claims, and whether any aspect of the newly asserted claims were obvious in light of the prior art, all matters that would be relevant to an inventor deposition), and any discussions with its expert regarding the scope of any inventor deposition relating to the '305 patent. In light of the stay, when Mr. Touboul was deposed in this action, ESET did not question him regarding the '305 patent. Indeed, for ESET to have invested additional time or effort in preparing to take Mr. Touboul's deposition relating to '305 patent would have defeated the purpose of the stay. Instead, now that discovery is open as to the '305 patent, it is appropriate to depose Mr. Touboul on issues limited to the '305 patent despite his prior deposition regarding other topics. *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 U.S. Dist. LEXIS 142858, at *8 (N.D. Cal. Oct. 7, 2014) (noting that when a partial stay is granted to a subset of patents in a multi-patent infringement action, "there is a risk of duplicative discovery because all of the patents subject to a potential stay overlap," and "[s]o long as the case proceeds in part and is stayed in part, the parties risk duplication as a result of overlapping patents, witnesses, and issues"); *Doe v. Indyke*, No. 20cv00484 (JGK) (DF), 2020 U.S. Dist. LEXIS 168258, at *18 (S.D.N.Y. Sept. 14, 2020) ("a partial stay could lead to duplicative depositions, as, once the partial stay is lifted, [defendant] would be ***entitled*** to question any witnesses (including Plaintiff) who may have already been deposed during the pendency of the partial stay") (emphasis added); *Peck Ormsby Constr. Co. v. City of Rigby*, No. CIV. 1:10-545 WBS, 2012 U.S. Dist. LEXIS 36178, at *18-19 (D. Idaho Mar. 15, 2012) (recognizing that "[d]uplicative discovery efforts are extremely likely" in the event of a partial stay); *Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, No. 09-2561, 2010 U.S. Dist. LEXIS 147548, at *2 n.1 (E.D. Pa. June 9, 2010) ("The parties may very well have to re-depose certain witnesses after the stay on Count I is lifted."); *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v.*

*Transworld Mech., Inc.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995) (recognizing that "a partial stay could lead to duplicative discovery efforts" including re-deposing witnesses).

Good cause exists for a witness to be re-deposed when, as here, the witness is a first-hand source of information for which there was not ample opportunity to obtain that discovery. *See FCC v. Mizuho Medy Co.*, No. 07cv189 JAH (NLS), 2009 U.S. Dist. LEXIS 135856 (S.D. Cal. Sept. 24, 2009); *see also Ahdom v. Lopez*, No. 1:09-cv-01874-AWI-BAM (PC), 2015 U.S. Dist. LEXIS 163890, at *4 (E.D. Cal. Dec. 7, 2015) (leave for a second deposition of a witness granted because the defendant "seeks to depose Plaintiff on matters specifically pertaining to him that were not addressed in the previous deposition," and therefore "this second deposition will neither be cumulative nor overly burdensome").

Moreover, it is appropriate for the Court to issue a Letter of Request pursuant to the Hague Convention permitting ESET to take the deposition of Mr. Touboul because he is a non-party living in Israel. *See In re Trans-Pac. Passenger Air Transp. Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2013 U.S. Dist. LEXIS 179129, at *16 (N.D. Cal. Dec. 20, 2013) ("If the witness is located in another country, the party seeking the deposition must utilize the procedures of the Hague Convention or other applicable treaty."); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2014 U.S. Dist. LEXIS 8285, at *6 (W.D. Wash. Jan. 16, 2014) ("Use of Hague Convention procedures is particularly relevant where, as here, discovery is sought from a non-party in a foreign jurisdiction."). Because this will be Mr. Touboul's second deposition, ESET has limited the scope of the discovery in the Letter of Request to those topics relating to the '305 patent, as set forth in Exhibit A.

## IV. CONCLUSION

ESET respectfully requests that the Court permit ESET to depose Mr. Touboul on the limited scope of topics concerning the '305 patent and issue the corresponding Letter of Request in the form attached as Exhibit A.

| | | |
|---|---|---|
| 1 | Dated:  November 23, 2020 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

<div style="margin-left: 3em;">

*/s/ Scott A. Penner*
NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

</div>