Juanita Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff Finjan, Inc.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>    Defendants. | Case No. 17-cv-0183 CAB (BGS)<br><br>**FINJAN, INC.'S RESPONSE TO DEFENDANTS' MOTION FOR ADDITIONAL DISCOVERY AND ISSUANCE OF LETTER OF REQUEST**<br><br>District Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Hon. Bernard G. Skomal |

## I. INTRODUCTION

Plaintiff Finjan, Inc. ("Plaintiff" or "Finjan") opposes Defendants ESET, LLC and ESET SPOL. S.R.O.'s ("Defendants" or "ESET") Motion for Additional Discovery and Issuance of Letter of Request. (D.I. 833) ESET fails to show good cause exists for a costly, redundant, and unrestrained second deposition of nonparty foreign witness, Mr. Shlomo Touboul, which is duplicative of ESET's March 28, 2018 Subpoena to Produce Documents and July 23, 2018 deposition. Failing to show good cause for why nonparty Touboul should sit for a second deposition in this case or why Finjan should have to spend the resources of having to attend the same, Finjan respectfully requests the motion be denied.

## II. BACKGROUND

On May 7, 2018, the Court stayed discovery as to U.S. Patent No. 7,975,305 ("the '305 Patent"), which was subject to review under *Inter Partes* Review ("IPR"). (*See* D.I. 251) However, the Court expressly permitted limited discovery given international nonparty inventor issues, and the Hague Convention. (*See* D.I. 277 at 6:22-10:6) The Court explained "it makes more sense to get an exclusion from the Court to continue to pursue discovery, at least that limited discovery that is out of the country so that if the patent is affirmed and comes back from the PTO, we'll be more ready to go rather than having to start from square one." (D.I. 277 at 6:22-7:7) Thus, the Court ordered "to the extent the parties wish to jointly pursue discovery on the '305 for economic and efficiency reasons, particularly with regard to international discovery, ***the stay is lifted for that purpose***." (D.I. 277 at 9:20-10:6) (emphasis added)

On July 23, 2018, ESET deposed Mr. Touboul, founder of Finjan and a named inventor on the '305 Patent, in Tel Aviv, Israel.[1] (*See* Exh. A) ESET questioned

---

[1] All exhibits are attached to the Decl. of Jason W. Wolff ISO Finjan's Resp. to Mot. for Add'l Discovery, filed contemporaneously herewith.

Mr. Touboul about his July 6, 2018 document production, which he produced in response to ESET's March 28, 2018 subpoena *duces tecum*. (Exh. A at 89:3-95:3; Exh. B) On November 10, 2020, ESET attempted to serve counsel for Finjan with a second notice of subpoena and request for documents to Mr. Touboul. Mr. Touboul, however, is not represented by counsel for Finjan and it cannot accept service on his behalf. ESET subsequently filed its discovery motion on November 23, 2020. Having already incurred the burden and expense of defending nonparty Mr. Touboul's deposition in Israel—which included the ability for ESET to question Mr. Touboul regarding the '305 Patent—Finjan opposes a second deposition.

### III. LEGAL STANDARDS

A nonparty may be commanded by subpoena to testify at a deposition. Fed. R. Civ. P. 45(a). Further, "a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)," if "the deponent has already been deposed." Fed. R. Civ. P. 30(a)(2)(A)(ii). "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1); *see also* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on . . . the length of depositions under Rule 30.").

Moreover, "[a] party seeking a court order to extend the time of a deposition must show good cause to justify such an order." *Evenchik v. Avis Rent A Car Sys., LLC*, 2014 WL 12899139, at *2 (S.D. Cal. Mar. 28, 2014) (citing *Stonebreaker v. Guardian Life Ins. Co. of Am.*, 2012 U.S. Dist. LEXIS 13307, at *5 (S.D. Cal. Feb. 3, 2012)). Rule 30(d)(1)'s reference to Rule 26(b)(2) requires the Court to limit the use of any discovery method if: "(i) the discovery is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed

discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2).

## IV. ARGUMENT

ESET has not met its burden to establish each of the three requirements under Rule 26(b)(2) to take a second deposition of Mr. Touboul—*a nonparty foreign witness*. After failing to reasonably manage the seven hours it was allowed under Rule 30(d)(1), ESET seeks an unrestricted, second full day of deposition on topics that were either covered or could have been covered in his first deposition.

***First***, Rule 26(b)(2) asks whether the discovery sought is "unreasonably cumulative or duplicative." Mr. Touboul was already deposed for a full seven hours. Further, the subject matter of the examination described in ESET's Letter of Request is duplicative of topics covered in Mr. Touboul's July 23, 2018 deposition. For example, ESET seeks to examine Mr. Touboul about his "employment, business relationship, and communications with Finjan; Finjan's products; ESET's products, participation in Finjan litigation; corporate, financial, and marketing history of Finjan, and the state of the art of computer security as of 2000." (D.I. 833 Ex. A at 3 ¶ 5) However, Mr. Touboul has already testified on this at his first deposition, where he described in his role as founder, CEO, and board member of Finjan (Exh. A at 23:19-21, 26:13-27:10, 39:14-40:17); the patents-in-suit (Exh. A at 165:21-172:11, 218:3-223:5, 232:7-236:3); Finjan's Surfin and Vital Security products (Exh. A at 28:1-29:21, 44:7-45:10, 61:18-22, 65:17-68:9, 101:11-104:5, 277:11-279:2; 281:7-283:2, 286:13-288:4); ESET's products, such as NOD32, NOD-iCE, and HMVS (Exh. A at 70:14-72:2); and the corporate, financial, and marketing history of Finjan (Exh. A at 34:18-36:22, 40:18-42:13, 46:21-50:7, 306:6-311:6). Moreover, ESET asked Mr. Touboul about the '780 Patent, grandparent to '305 Patent, and about products embodying the shared disclosure of the '780 Patent. (Exh. A at 171:7-12, 179:7-180:20; 181:10-186:16, 209:7-213:10) And ESET asked about prior art available in the 2000 time period. (Exh. A at 323:3-329:14)

Mr. Touboul testified about documents in his possession and produced in response to the 2018 subpoena, which overlaps the requests in the new subpoena. (Exh. A at 80:17-85:10; 89:3-95:3; *compare* Exh. B at 9-12 (Document Request Nos. 1-10, 12-13, 16, and 18) *with* D.I. 833 Ex. A at 3 ¶ 6)  More discovery is duplicative because Mr. Touboul and his then counsel confirmed his production was inclusive of all relevant, responsive, and non-privileged documents regarding Finjan. (Exh. A at 84:22-85:10)  ESET's sought-after discovery is not limited in scope and covers topics the Court, Finjan, and Mr. Touboul did not restrict ESET from covering in Mr. Touboul's first deposition.  Thus, ESET fails to show the good cause required to subject Mr. Touboul and Finjan to the expense of more discovery.

*Second*, ESET had "ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2).  While ESET was not required to pursue discovery on the '305 patent, it was not prohibited either.  Nonetheless, ESET deposed Mr. Touboul on overlapping topics described above.  Pursuant to the Court's June 14 Order, ESET could have – but ultimately chose not to – pursue discovery on the '305 Patent for efficiency and economic purposes.  Indeed, Finjan warned ESET this would be the appropriate opportunity to ask Mr. Touboul questions regarding the '305 Patent. (*See* Exh. C)  Nonetheless, ESET failed to pursue deposition testimony on the '305 Patent, even after Mr. Touboul testified that he was prepared to do so. (*See* Exh. A at 435:1-22)  Instead, ESET objected to Finjan's examination of Mr. Touboul, and argued that Finjan's questions violated the Court's order for the stay.[2]  (*See id.* at 432:18-20)  Moreover, while estoppel pursuant to 35 U.S.C. § 315(e) applies here, ESET acknowledges it has not yet served amended invalidity contentions to address the '305 Patent; nor has it consulted with its expert to address potential issues to be

---

[2] Finjan did not violate the Court's Order. (*See* D.I. 833 at 1)  Finjan's examination falls squarely within the Court's goal of achieving efficiency by allowing limited discovery on the '305 Patent. (*See* D.I. 277 at 8:17-24)

explored during the deposition of the inventors of the '305 Patent, such as Mr. Touboul. (D.I. 833 at 4)

***Third***, while a second deposition narrowly tailored to issues that could not have been covered regarding the '305 Patent would arguably be within the scope of Rule 26(b)(1), it is not proportional to the needs of the case. Finjan did not object to ESET covering the '305 Patent, and specially requested it do so. (*See* Exh. C) Not only did it fail to budget its time, ESET decided to gamble on whether the Court might permit a second full deposition on duplicative topics. This factor is thus outweighed by the risk of a duplicative deposition, and ESET's failure to take advantage of the opportunity to take discovery when it had ample opportunity to do so.

Finally, Defendants' cited case law is distinguishable. For example, in *Cypress*, the court weighed factors to determine whether to grant a stay pending review by the PTO. *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, 2014 U.S. Dist. LEXIS 142858, at *8 (N.D. Cal. Oct. 7, 2014) (recognizing risk of duplicative discovery when a case is stayed in part and involves overlapping patent technology). Here, the Court recognized the same risk, and determined the most efficient route for this litigation included limited discovery on the '305 Patent. (D.I. 277 at 9) In *Quad/Tech.*, the district court denied plaintiff's request to complete discovery regarding certain claims of a case placed in suspense pending appeal. *Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, 2010 U.S. Dist. LEXIS 147548, at *2 n.1 (E.D. Pa. June 9, 2010) (holding overlap between patent and non-patent claims would force defendants to bear expense of discovery before and after the Federal Circuit rendered judgment on the appeal). In contrast, here, the Court's Order aimed to achieve judicial economy by lifting the stay on the '305 Patent on a limited basis – allowing ESET to take costly and time consuming international discovery of a nonparty whose

testimony was relevant to multiple patents-in-suit.[3]

Given the opportunity ESET had and wasted to question Mr. Touboul regarding the '305 Patent during his first deposition in Israel, it should not force nonparty Touboul to sit for or Finjan to devote the resources of attending a second, duplicative deposition or to respond to additional document requests. This would not only tax nonparty Touboul, but would prejudice Finjan while simultaneously rewarding ESET for its inefficiency and gamesmanship.

Alternatively, to the extent the Court finds good cause for a second deposition, ESET should be required to amend its Letter of Request to limit the number of deposition hours, eliminate duplicative topics, and narrowly focus the topics to issues that Court finds ESET could not have asked in the first deposition.[4] ESET should also be required to cover all costs for a reconvened deposition.

## V. CONCLUSION

For the reasons given, Plaintiff respectfully requests that the Court deny ESET's motion.

DATED: November 30, 2020         Respectfully Submitted,

By:  /s/ Jason W. Wolff
   Juanita Brooks, brooks@fr.com
   Roger A. Denning, denning@fr.com
   Jason W. Wolff, wolff@fr.com

---

[3] ESET's reliance on *Doe v. Indyke*, 2020 U.S. Dist. LEXIS 168258, at *18 (S.D.N.Y. Sep. 14, 2020) and *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995) is inapposite. In both cases, the district court concluded that a stay of a civil case, in its entirety, was appropriate until the conclusion of a parallel criminal prosecution. *Id.*

[4] Duplicative topics include: "employment, business relationship, and communications with Finjan regarding the '305 patent; Finjan's products as they relate to the '305 patent; ESET's products as they relate to the '305 patent; participation in Finjan litigation involving the '305 patent; corporate, financial, and marketing history of Finjan pertaining to the '305 patent; and state of the art of computer security as of 2000 as it pertains to the '305 patent." (D.I. 833 Ex. A at 3)

| | |
|---|---|
| 1 | Michael A. Amon, amon@fr.com |
| 2 | FISH & RICHARDSON P.C. |
|   | 12860 El Camino Real, Suite 400 |
| 3 | San Diego, CA 92130 |
| 4 | Tel: (858) 678-5070 / Fax: (858) 678-5099 |
| 5 | |
| 6 | Lawrence Jarvis (*pro hac vice*) |
|   | FISH & RICHARDSON P.C. |
| 7 | 1180 Peachtree St., NE, 21st Floor |
|   | Atlanta, GA 30309 |
| 8 | Tel: (404) 891-5005/Fax: (404) 892-5002 |
| 9 | |
| 10 | Attorneys for Plaintiff Finjan, Inc. |

7

FINJAN'S RESPONSE TO MOTION FOR
ADDITIONAL DISCOVERY
Case No. 17-cv-0183 CAB (BGS)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 30, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Jason W. Wolff*
Jason W. Wolff