1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11    FINJAN, INC.,                          | Case No.:  17CV183 CAB (BGS)

12                              Plaintiff,   | **ORDER GRANTING IN PART AND**

13    v.                                     | **DENYING IN PART MOTION FOR**
                                             | **ADDITIONAL DISCOVERY AND**
14    ESET, LLC and ESET SPOL. S.R.O.,       | **ISSUANCE OF LETTER OF**
                                             | **REQUEST**
15                             Defendants.

16                                           | [ECF 833]

17

18    **I.      INTRODUCTION**

19          Defendants Eset, spol. s.r.o. and Eset, LLC ("Eset") has filed this motion to permit

20    a second deposition of Shlomo Touboul.  (ECF 833.)  Mr. Touboul's first deposition

21    occurred when the case was stayed as to one of the six patents asserted in this case, U.S.

22    Patent No. 7,975,305 ("'305 Patent").  (*Id.* at 2.[1])  Eset now seeks a second deposition to

23    depose him regarding the '305 Patent.  (*Id.* at 3-5.)  Eset also seeks issuance of a Letter of

24    Request pursuant to the Hague Convention because Mr. Touboul is in Israel.  (*Id.*, Ex. A.)

25    Finjan is opposed to a second deposition.  (ECF 834.)  Finjan argues Eset should have

26

27    ───────────────

28
      [1] Unless otherwise noted, all citations are to electronically generated CM/ECF pagination.

                                              1

1   questioned Mr. Touboul regarding the '305 Patent during the first deposition and Finjan

2   should not have to expend additional resources attending another deposition of Mr.

3   Touboul.  (*Id.* at 4.)  Finjan additionally argues that the topics are duplicative, Eset

4   already used its allotted seven hours of deposition time, and a second full deposition on

5   duplicative topics is not proportional to the needs of the case.  (*Id.* at 4-7.)

6   **II.      DISCUSSION**

7          **A.      Parties' Positions**

8          Eset seeks leave to depose Mr. Touboul a second time under Federal Rule of Civil

9   Procedure 30(a)(2)(A)(ii), which Eset acknowledges requires either the stipulation of the

10  parties or leave of court.  (ECF 833 at 3.)  Eset argues that it should be permitted to

11  depose Mr. Touboul a second time because the case was stayed as to the '305 Patent

12  when he was initially deposed and Eset did not depose him regarding the '305 Patent at

13  his initial deposition.  (*Id.* at 2, 4-6.)  Eset explains that when the case was stayed as to

14  the '305 Patent it stopped working on the case as to the '305 Patent, having not served its

15  amended invalidity contentions to address new asserted claims of the '305 Patent or

16  consulting its expert regarding the '305 Patent.  (*Id.* at 5.)  Eset argues that the additional

17  time and effort it would have had to invest in preparing to depose Mr. Touboul on the

18  '305 Patent would have defeated the purpose of the stay – to avoid the expense of

19  litigating the '305 Patent when that might ultimately be unnecessary.  (*Id.*)  Eset argues

20  that regardless of Finjan's questioning of Mr. Touboul in violation of the stay,[2] Eset did

21  not question him on the '305 Patent because of the stay. (*Id.* at 4.)  Eset, anticipating one

22  of Finjan's challenges to the second deposition, also quotes from the transcript of a status

23  conference in which the assigned district judge specifically indicated that although the

24  parties could jointly agree to pursue '305 discovery for efficiency reasons despite the

25

26

27  [2] Eset indicates that it objected to Finjan's questioning of Mr. Touboul on the '305 Patent
    as being beyond the scope of Eset's direct examination and in violation of the stay.  (ECF

28  833 at 2.)

2

1  stay, "[i]t doesn't require that you do the discovery." (*Id.* at 3-4 (quoting June 14, 2018

2  Hearing Transcript [ECF 277 at 9:24-25).)

3      Finjan first argues that some of the topics identified for the second deposition are

4  duplicative of topics Mr. Touboul testified to at his initial deposition, including about his

5  employment, relationship and communications with Finjan, Finjan's products, Eset's

6  products, participation in Finjan litigation, the history of Finjan, and the state of the art in

7  computer security as of 2009.  (ECF 834 at 4 (citing ECF 833, Ex. A ¶ 5).)  Finjan then

8  proceeds to identify where these topics were already testified to.  (*Id.* at 4.)  Finjan also

9  argues Eset is now seeking documents that overlap with documents requested in the prior

10  subpoena to Mr. Touboul.  (*Id.* at 5.)  Finjan acknowledges that "Eset was not required to

11  pursue discovery on the '305 Patent" when Mr. Touboul was deposed, but seems to argue

12  a second deposition should be denied because Eset *could have* deposed him on the stayed

13  '305 Patent for the sake of efficiency, but declined to.  (*Id.*)  Finjan's argument regarding

14  proportionality is similar.  (*Id.* at 6.)  Finjan acknowledges a second deposition that is

15  narrowly tailored could be within the scope of Rule 26(b)(1), but argues it is not

16  proportional to the needs of the case because Eset could have questioned Mr. Touboul on

17  the stayed '305 Patent at his initial deposition and failed to budget the deposition time

18  appropriately.  (*Id.* at 4, 6.)  In the alternative to prohibiting the deposition entirely,

19  Finjan asks the Court require Eset to amend the Letter of Request to limit the length of

20  the deposition, eliminate duplicative topics, and narrow the topics to those Eset could not

21  have asked in the first deposition.  (*Id.* at 7.)

22      **B.      Legal Standards**

23      Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), "[a] party must obtain leave

24  of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

25  (A) if the parties have not stipulated to the deposition and: . . . (ii) the deponent has already

26  been deposed in the case."  Many courts have applied a good cause standard to the taking

27  of a second deposition even though it is not stated in Rule 30(a)(2), however they disagree

28  as to which party must show good cause. *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D.

1  330, 335 n.7 (S.D. Tex. 2012) ("[T]his Court notes that other district courts have utilized a

2  'good cause' standard when making such determinations pursuant to Rule

3  30(a)(2)(A)(ii).") (collecting cases); *Clark v. Penn Square Mall Ltd. P'ship*, 2013 WL

4  139778, * 1 (W.D. Okla. Jan. 10, 2013) (Explaining "[s]ome courts require parties to show

5  good cause before they can conduct a second deposition" and "[o]ther courts require a

6  showing of good cause to prevent–rather than allow–the second deposition," but finding

7  "[e]ither way, a good cause standard would involve disregard of Rule 30(a)(2)(A)(ii) when

8  its terms mandate leave for a second deposition); *Jade Trading, LLC v. United States*, 64

9  Fed. Cl. 85, 86 (2005) ("Some courts have opined that leave to conduct a second deposition

10  should ordinarily be granted, and that the party opposing the second deposition must

11  demonstrate good cause why the second deposition should not be taken.") (citing *Judicial*

12  *Watch, Inc. v. United States DOC*, 34 F. Supp 2d 47, 54–55 (D.D.C.1998); *Plaisance v.*

13  *Beef Connection Steakhouse*, 1998 WL 214740 (E.D. La. April 30, 1998)); *see also*

14  *Entrata, Inc. v. Yardi Sys., Inc.*, Case No. 2:15-cv-102 CW, 2018 WL 6171890, *2 (D.

15  Utah, Nov. 26, 2018) (Noting the good cause standard is not in Rule 30(a)(2), some courts

16  required a showing of good cause to take a second deposition, and some courts require a

17  showing of good cause to prevent a second deposition).  The Court need not address the

18  variation in courts' standards here because, as discussed below, Eset has shown good cause

19  to conduct a second deposition as limited by the Court to conform with Rule 26(b)(2).

20  　　　Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a

21  deposition is limited to one day of 7 hours."  However, "[t]he court must allow additional

22  time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if

23  the deponent, another person, or any other circumstance impedes or delays the

24  examination."  "The party seeking a court order to extend the examination [beyond the

25  presumptive seven hours of actual deposition time], or otherwise alter the limitations, is

26  expected to show good cause to justify such an order."  Rule 30, Adv. Comm. Notes to

27  2000 amend.

28

1  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-

2  privileged matter that is relevant to any party's claim or defense and proportional to the

3  needs of the case, considering the importance of the issues at stake in the action, the amount

4  in controversy, the parties' relative access to relevant information, the parties' resources,

5  the importance of the discovery in resolving the issues, and whether the burden or expense

6  of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

7  Rule 26(b)(2)(C) also requires the court, on motion or on its own, to limit the

8  frequency or extent of discovery otherwise allowed by the rules if it determines that "(i)

9  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

10 some other source that is more convenient, less burdensome, or less expensive; (ii) the

11 party seeking discovery has had ample opportunity to obtain the information by discovery

12 in the action; or (iii) the proposed discovery is outside the scope permitted by Rule

13 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

14 **C.    Analysis**

15 As limited by the parties' briefing,[3] the primary issues are whether the testimony

16 sought should be denied or limited under Rule 26(b)(2) as "unreasonably cumulative or

17 duplicative," if Eset "has had ample opportunity to obtain the information by discovery in

18 the action," and if the discovery sought it proportional to the needs of the case.  Rule

19 26(b)(1) and (2).

20 ///

21 ///

22 ///

23

24

25 [3] The Court is not addressing unbriefed issues and nothing in this Order should be
   interpreted as such.  For example, as the Court explains below, proportionality is raised

26 but most of the factors are not addressed and the parties do not raise relevancy.  Given
   Finjan's brief acknowledges that Mr. Touboul is the founder of Finjan and a named

27 inventor on the '305 Patent (ECF 834 at 2), the Court can conclude that the relevancy of

28 his testimony is not in dispute, at least for purposes of this Motion.

1

#### 1.    Cumulative or Duplicative

2   The Court finds that the proposed "Subject of Examination"[4] as reflected in Eset's

3   request to depose Mr. Touboul, includes topics that are duplicative of topics previously

4   covered but also includes topics specific to the '305 Patent that Eset did not previously

5   pursue, and was not required to pursue at the time of the initial deposition because of the

6   stay.  (ECF 833, Ex. A ¶ 5.)

7   As Finjan points out in their briefing, Eset previously deposed Mr. Touboul

8   regarding his "employment, business relationship, and communications with Finjan;

9   Finjan's products; Eset's products; participation in Finjan litigation; corporate, financial,

10  and marketing history of Finjan; and state of the art computer security as of 2000."  (ECF

11  833 (citing ECF 833, Ex. A ¶ 5 (describing topics for deposition).)  However, nothing in

12  the record reflects that Eset deposed Mr. Touboul regarding the other topics also included

13  in this section, "the alleged conception, development, reduction to practice, protection,

14  validity, enforceability, and infringement of the '305 Patent."  (*Id.*)  Additionally, the

15  Court recognizes that there might be questions to ask specific to the '305 Patent that

16  relate to the broader topics of ¶ 5 noted above.  The deposition Eset seeks covers material

17  specific to the '305 Patent that has not previously been covered, but it also includes topics

18  Mr. Touboul was previously deposed on.  The inclusion of topics he was previously

19  deposed on creates the potential it will be unreasonably duplicative.

20

21

22

---

23  [4] It states in full:

24  The examination of Shlomo Touboul will concern at least: the alleged
    conception, development, reduction to practice, protection, validity,

25  enforceability, and infringement of the '305 Patent; employment, business
    relationship, and communications with Finjan; Finjan's products; ESET's

26  products; participation in Finjan litigation; corporate, financial, and
    marketing history of Finjan; and state of the art of computer security as of

27  2000.

28  (ECF 833, Ex. A ¶ 5.)

1    As to the document production, the Court agrees that Mr. Touboul should not be

2  required to produce additional documents for his second deposition.  The prior subpoena

3  included documents related to the '305 Patent and the deposition testimony cited by

4  Finjan reflects his searches did not exclude the '305 Patent.[5] (ECF 834-3, Ex. B at 1

5  (definitions section includes '305 Patent within Patents-in-Suit), 9-12 (document requests

6  relying on that definition); ECF 833, Ex. A ¶ 6 (documents to be produced for second

7  deposition).)  This is not an opportunity to revisit previous requests by asking for some of

8  the same documents again or to revisit any issues with the prior productions.

9  Additionally, eliminating this duplicative document production relieves Mr. Touboul of

10  the burden of conducting an additional search for documents when that search was

11  previously conducted and documents produced.  As explained below, this is also

12  significant in the Court' proportionality analysis.  However, this does not mean Eset is

13  precluded from questioning Mr. Touboul regarding previously produced documents

14  specific to the '305 Patent.  As discussed below, because Eset has not yet deposed Mr.

15  Touboul on the '305 Patent, it may question him on it, including documents related to the

16  '305 Patent subject to the limitations imposed by the Court.

17    Accordingly, to avoid a deposition that is unreasonably cumulative or duplicative

18  in violation of Rule 26(b)(2), the Court requires Eset to narrow the scope of the topics of

19  the deposition to those specific to the '305 Patent.  The portion of the Subject of

20  Examination, identified above that is specific to the '305 Patent need not be altered,

21  however, the broader topics that have already been covered more generally in Mr.

22  Touboul's prior deposition, must be eliminated or narrowed to those topics as they relate

23  to the '305 Patent.  And, the Court expects the questioning will strictly address only the

24

25  _____

26  [5] This conclusion presumes that Finjan's counsel did not previously withhold or has since

27  produced any documents related to the '305 Patent that Mr. Touboul provided from his
   searches.  Mr. Touboul testified that he provided everything he located in his searches to

28  Finjan's counsel.

1   '305 Patent.  This is not an opportunity to revisit topics previously covered or clarify

2   prior testimony with further questioning.

3         **2.    Opportunity to Obtain the Information by Discovery in the Action**

4         Finjan attempts to preclude Eset from deposing Mr. Touboul regarding the '305

5   Patent under Rule 26(b)(2)(C) because Eset could have joined Finjan in questioning him

6   on the '305 during his initial deposition.  Finjan points to it having deposed him and

7   Finjan telling Eset at the deposition that it should also question him on the '305 Patent at

8   that time.  Although Rule 26(b)(2)(C)(ii) limits discovery when a party has "had an

9   opportunity to obtain the information," Finjan accurately acknowledges that Eset was not

10  required to depose him on the '305 Patent during his first deposition because of the stay.

11        The parties agree that Eset was not required to seek '305 discovery from Mr.

12  Touboul regarding the '305 Patent at his initial deposition because the case was stayed.

13  (ECF 833 (Eset's Motion; ECF 834 (Finjan's Opp'n) at 5 ("While Eset was not required

14  to pursue discovery on the '305 patent, it was not prohibited either.").)  And, the Court's

15  own review of the transcript of a status hearing that both parties rely on reflects as much.

16  (ECF 277 at 9:20-10:6.)  The parties were allowed to pursue discovery on '305 "to the

17  extent the parties wish to jointly pursue discovery on the '305 for economic and

18  efficiency reasons."  (*Id.* at 10:22-24 (emphasis added).)  To the extent the voluntary

19  nature of that was not clear, it was followed by "It doesn't require that you do the

20  discovery."  (*Id.* at 10:24-25.[6])  The Court cannot now find Eset is precluded from

21  deposing Mr. Touboul regarding the '305 Patent under Rule 26(b)(2) because it "had

22  ample opportunity to obtain the information by discovery in the action" at his initial

23  deposition.  To do so would be the equivalent of requiring Eset to depose Mr. Touboul

24

25  _____

26  [6] This is consistent with the court's prior statement that "I'm not going to force the

27  defendants to take discovery" (ECF 277 at 8:17-18) and Eset's lack of objection "as long
    as the order of the Court is clear we don't have to pursue that discovery . . ." (*Id.* at 9:15-

28  19.)

1   regarding the '305 Patent at his initial deposition.  However, Eset was not required to

2   expend resources preparing to question Mr. Touboul or to actually question him

3   regarding the '305 Patent when initially deposed.  The option was available if the parties

4   jointly wanted to, but it was not required.  In this respect, a second deposition limited to

5   the '305 Patent is not precluded under Rule 26(b)(2)(C)(ii).

6          However, Eset has had the opportunity to depose him on everything else.

7   Accordingly, the Court finds the same restrictions imposed above to avoid duplicative or

8   cumulative discovery are similarly justified to comply with Rule 26(b)(2)(C)(ii)'s

9   prohibition on discovery a party has had ample opportunity to obtain.

10                  **3.     Length of Second Deposition and Proportionality**

11         Finjan argues that a second deposition is not proportional to the needs of the case,

12   but addresses only the final factor, whether the burden outweighs its benefit.  Finjan

13   argues the burden and expense of a potentially duplicative deposition outweighs the

14   benefit of it.  (ECF 834 at 6.)  In the same section of the Opposition, Finjan also argues

15   Eset failed to budget its deposition time or to take advantage of the opportunity to depose

16   Mr. Touboul on the '305 Patent when it could have and instead gambled on obtaining a

17   full deposition on duplicative topics.  (ECF 834 at 6.)  Although note entirely clear, the

18   Court construes this argument and Finjan's assertion that Eset failed to manage the seven

19   hours it was allowed in a different section, (*id.* at 4) as an assertion that the second

20   deposition of Mr. Touboul will exceed the presumptive seven-hour limit in Rule 30(d).

21   However, Finjan has not indicated how long Mr. Touboul was actually deposed.

22   Additionally, Finjan asks that if the Court allows a second deposition that the deposition

23   should be limited in length, although it does not specify a length.  (*Id.* at 7.)  Eset did not

24   address this issue as it was only raised in Finjan's Opposition.

25         The Court finds Eset may exceed the presumptive seven-hour limit, assuming the

26   second deposition will do so, but only for a maximum of two hours.  Eset has not

27   deposed Mr. Touboul on one of the patents-in-suit because the case was stayed as to it at

28   the initial deposition.  Eset has shown good cause for a brief deposition that complies

1    with the limitations set forth above to comply with Rule 26(b)(1) and (2) – strictly

2    narrowed to the '305 Patent without an additional document production.  *See* Rule

3    30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if

4    needed to fairly examine the deponent or if the deponent, another person, or any other

5    circumstance impedes or delays the examination.")  The Court finds that with a narrowed

6    deposition covering only one patent and not revisiting any topics previously covered in

7    the initial deposition, the deposition should be short.  This time limit also significantly

8    limits the burden imposed by the deposition on Mr. Touboul and Finjan for purposes of

9    the burden in assessing proportionality.

10           **4.    Cost Shifting**

11         At the conclusion of its Opposition, when Finjan argues for limits on the

12    deposition if it goes forward, Finjan states "ESET should also be required to cover all

13    costs for a reconvened deposition."  (ECF 834 at 7.)  There is no further explanation for

14    what costs Finjan is seeking or the basis for it.  Accordingly, this unsupported or

15    explained request is denied.

16    **III.    CONCLUSION**

17         The Court **GRANTS in part and DENIES in part** Eset Motion as set forth above.

18    The Court will allow a second deposition of Mr. Touboul, but as limited by this Order.

19    Eset must modify the Letter of Request previously submitted to conform to the

20    limitations in this Order and resubmit it for approval by the Court within 10 days.

21         **IT IS SO ORDERED.**

22    Dated:  December 16, 2020

23    _____

24    Hon. Bernard G. Skomal
       United States Magistrate Judge

25

26

27

28