NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:      858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS <br><br> **ESET, LLC AND ESET, SPOL. S.R.O.'S OPPOSITION TO FINJAN, INC.'S MOTION TO AMEND CAPTION** <br><br> Date:   January 6, 2021 <br> Place:  Courtroom 15A <br> Judge:  Hon. Cathy Ann Bencivengo <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

17cv0183

45599248.3

## I. INTRODUCTION

ESET opposes Finjan's motion to amend the caption of this action following its recent acquisition by Fortress Investments Group LLC ("Fortress"). Finjan refuses to produce non-privileged documents relating to that acquisition, which are expected to show Finjan's valuation of the patents-in-suit, and the value attributed to this litigation in its representations to the acquirer. Finjan's obstructionary tactics should not be rewarded; leave to amend the caption should not be granted unless and until Finjan complies with its discovery obligations.

## II. FACTUAL BACKGROUND

On July 24, 2020, Finjan Holdings, Inc. announced that it was acquired by Fortress Fortress for $43.9 million. *See* Declaration of Regis C. Worley, Jr. in Support of ESET's Opposition to Finjan, Inc.'s Motion to Amend Caption ("Worley Decl."), Ex. A. That acquisition included Finjan Holdings' wholly-owned subsidiary, Finjan, Inc. – the plaintiff here. In a 10-Q filing for the period ending March 31, 2020, Finjan Holdings reported total current assets (not including intangible assets) of $36 million. *See* Worley Decl., Ex. B. Finjan Holdings stated in that 10-Q that its revenue "results from grants of licenses to its patented cybersecurity technology and settlements reached from legal enforcement of the Company's patent rights." Moreover, the 10-Q identified 12 patent infringement actions in which Finjan, Inc. was plaintiff, including the instant action. Apart from its litigation costs in the March to July time-period, Fortress appears to have paid just $8 million more than Finjan's total current assets.

In this litigation, Finjan's damages expert opines in his expert report on the "reasonable royalty" owed by ESET for alleged infringement. See Supplemental Expert Report of Kevin Arst, dated November 20, 2019, D.I. 726-4, at pp. 4-5. Fortress's acquisition price not only significantly discounts the value of the ESET litigation, but appears to discount all of Finjan's other reported litigations, and the value of its intellectual property assets, to *zero*![1]

---

[1] For example, in another recently resolved Finjan case, it has been reported that Finjan sought $142 million in damages, whereas the defendant, had infringement been

The actual valuation that Finjan Holdings assigned to the ESET litigation, the valuations for all of Finjan's other pending litigations, and the valuation of Finjan's intellectual property rights and other assets, as determined by an arm's length transaction, all likely are revealed in Finjan Holdings' representations to Fortress to induce the latter to acquire Finjan Holdings. Such valuations were not publicly disclosed, but are highly relevant to Finjan's representations to this Court regarding its highly-inflated reasonable royalty demand.

## III. LEGAL STANDARD

Absent the existence of certain conditions, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A district court acts within its discretion to deny leave to amend "if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, ***or if the moving party has acted in bad faith***." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 954 (S.D. Cal. 2012) (emphasis added) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

"'If litigants are to have any faith in the discovery process, they must know that parties cannot fail to produce highly relevant documents within their possession with impunity.'" *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12cv2884-BAS-MDD, 2015 U.S. Dist. LEXIS 104100, at *33 (S.D. Cal. Aug. 7, 2015); *OEM-Tech v. Video Gaming Techs., Inc.*, No. C 10-04368 RS, 2013 U.S. Dist. LEXIS 201318, at *17-18 (N.D. Cal. Jan. 8, 2013) (same).

## IV. ARGUMENT

This Court may deny Finjan's request if it finds Finjan is acting in bad faith. *See In re Sony*, 903 F. Supp. 2d at 954. Finjan's refusal to produce highly-relevant, responsive, non-privileged valuation documents establishes as much. As the Ninth

---

established (it was not) would have owed less than $1.8 million. *See* Worley Decl., Ex. C (D. Simpson, Finjan Fights $8.7M Fee Bid For 'BS' Juniper Patent War, LAW360 (Dec. 15, 2020), available at https://www.law360.com/articles/1338065/finjan-fights-8-7m-fee-bid-for-bs-juniper-patent-war).

45599248.3

Circuit recognized: "'Litigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice. When a corporation and its counsel refuse to produce directly relevant information an opposing party is entitled to receive, they have abandoned these basic principles in favor of their own interests.[] The little voice in every attorney's conscience that murmurs turn over all material information was ignored.'" *Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122, 1126 n.1 (9th Cir. 2015).

ESET's request for documents identifying the value that plaintiff has assigned to its intellectual property rights and alleged damages in this case is highly relevant to the issue of a reasonable royalty. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 871 (Fed. Cir. 2003) (purchase price should have been considered as a factor that would have considerably reduced the value of a hypothetical license), *rev'd on other grounds*, *Merck KgaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193, 125 S. Ct. 2372, 162 L. Ed. 2d 160 (2005); *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 U.S. Dist. LEXIS 137077, at *6 (N.D. Cal. July 30, 2020) ("The price paid to acquire all rights to a patent may be considered in assessing a reasonable royalty for a hypothetical license to the patent.").

In a parallel discovery dispute raised before Magistrate Judge Skomal, Finjan has raised specious objections that the arms-length valuation documents sought by ESET are privileged. They are not. *See Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (attorney-client privilege and work product protection are lost when the information is communicated to a third party); *Ayers v. Yiu Lee*, No. 14-cv-542-BGS (NLS), 2018 U.S. Dist. LEXIS 211333, at *10-11 (S.D. Cal. Dec. 14, 2018).

While an exception to the general waiver rule exists for participants in a common litigation defense or individuals with a community of interest, that applies only if specific criteria are met.[2]  *Nidec*, 249 F.R.D. at 578.  As a threshold requirement of the common

---

[2] Because the common interest exception "is an anti-waiver exception, it comes into play only if the communication at issue is privileged in the first instance." *Nidec*, 249 F.R.D. at 578.

45599248.3

interest exception, "the parties must have 'a common legal, as opposed to commercial, interest.'" *Id.* at 579; *see also Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308, 310 (N.D. Cal. 1987) (common legal interest existed due to anticipated joint litigation). Here, no common legal interest existed, nor exists today. *See* Finjan. Inc.'s Notice of Motion and Motion to Amend Caption, D.I. 835, at 2 ("Finjan's parent company, Finjan Holdings LLC, is not a party in this case, and documents regarding its acquisition by yet another non-party are unrelated to whether Finjan, Inc. is now Finjan LLC, and thus whether the caption needs to be modified."). Additionally, "[t]he joint defense exception requires some evidence of an agreement to share information for the specific purpose of coordinating a common legal defense." *Ayers*, 2018 U.S. Dist. LEXIS 211333, at *12-13. Finjan has not even alleged any such coordination. Fortress now may be controlling Finjan's litigation activities, but is not a party to this action. Moreover, Finjan's counsel refuses even to accept a deposition subpoena on Fortress's behalf. *See* Worley Decl., ¶2.

On the contrary, the communications between Finjan Holdings and Fortress relate to an arms-length commercial transaction, in which the parties had opposing interests, and were not undertaken in furtherance of a joint litigation defense. Finjan has no colorable basis for claiming privilege over such valuation documents. *See Nidec*, 249 F.R.D. at 579-580 (common interest doctrine did not apply, noting "Defendants provided the litigation abstract in order to facilitate the [third party's] fund's and other potential bidders' commercial decision whether to buy the majority share in JVC. Thus, ***it was designed to further not a joint defense in this litigation, but to further a commercial transaction in which the parties, if anything, have opposing interests***.") (emphasis added); *Pac. Pictures Corp. v. United States Dist. Court*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("a shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within [the common interest] exception"); *Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. C 10-2037 PSG, 2011 U.S. Dist. LEXIS 123302, *10 (N.D. Cal. Oct. 24, 2011) (no common interest when the communications

relate "to business prospects and strategy" and do not reflect an intent "to assist with the rendering of legal advice").

Finjan's refusal to provide discovery is not made in good faith and Finjan knows that to be the case: its prior counsel unsuccessfully refused to provide similar discovery in Finjan's SonicWall litigation. There, Finjan previously had shared documents with Cisco, a third party, and then attempted to shield those documents from discovery by asserting the common interest doctrine. *See Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467-BLF (VKD), 2020 U.S. Dist. LEXIS 128725 (N.D. Cal. July 7, 2020). The Northern District rejected Finjan's arguments, finding that Finjan "waived any attorney-client privilege it may have had with respect to the disputed materials by voluntarily disclosing them to Cisco." In ordering that the requested documents be produced, the Court noted that "Cisco's investment in Finjan and its status as a board observer, with or without an obligation of confidentiality, did not create a common legal interest between Cisco and Finjan." *Id*. at *11-13. Finjan holds a losing hand and knows it.

## V.  **CONCLUSION**

The valuation documents exchanged between Finjan Holdings and Fortress as part of a commercial transaction are highly relevant to the issue of damages, specifically a reasonable royalty. Finjan's efforts to shield those documents from discovery lacks any reasonable basis. ESET respectfully requests that this Court deny Finjan's request for leave to amend until it complies with its discovery obligations.

| | | |
|---|---|---|
| 1 | Dated: December 23, 2020 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

45599248.3