Juanita Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff Finjan, Inc.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>                Plaintiffs,<br><br>    v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>                Defendants. | Case No. 17-cv-0183 CAB (BGS)<br><br>**FINJAN, INC.'S REPLY IN SUPPORT OF ITS MOTION TO AMEND CAPTION**<br><br>Hearing Date: January, 6, 2021<br>Courtroom:15A<br>Judge: Hon. Cathy Ann Bencivengo<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

Finjan's motion to amend the caption is aimed simply and solely at correcting the caption to reflect the change in entity status of the plaintiff from Finjan, Inc. to Finjan LLC.  In its opposition, Defendant ESET does not dispute that Finjan's name and entity status have changed, nor that the caption would ordinarily change accordingly.  Without any legitimate legal or factual basis for opposing what should be a routine procedural motion, ESET attempts to interject a separate and entirely unrelated dispute as the basis for its opposition.  ESET is wrong to do so, both on procedural grounds and in alleging Finjan has acted in bad faith.

First, ESET cites no case where a routine motion to amend the caption was denied on the basis of a discovery dispute about legitimately objected to discovery on irrelevant documents.

Second, the discovery grievances ESET identified in its opposition have already been raised with Judge Skomal—who will resolve the issue as is the custom in this Court. *See* D.I. 841.  Yet, ESET needlessly rehashes its discovery dispute here in an improper attempt to tie its opposition to Finjan's motion to amend the caption to Finjan's legitimate refusal to produce documents and information protected from discovery by privilege and other legal protections.  Further, ESET makes no attempt and provides no legal rationale to show a nexus between the production of irrelevant and protected acquisition documents to some sort of bad faith related to the timely amendment of the caption.  The reason is simple—there is none.

Third, Finjan's **good faith objections** to ESET's discovery requests are premised on, among other things, a decision by Magistrate Judge Skomal denying the same type of discovery in another case based on the attorney-client privilege and common interest protections.  *See e.g., Morvil Technologies, LLC v. Ablation Frontiers, Inc.*, 2012 WL 760603 (S.D. Cal. March 8, 2012) (Skomal, J.) (denying motion to compel pre-acquisition documents exchanged between two parties under the attorney-client privileged and common-interest protections).  It is neither "specious" nor "in bad faith" for Finjan to base its objections to the requested

discovery on Magistrate Judge Skomal's prior order. Indeed, what is notable is ESET did not attempt to distinguish—or even cite—this decision in its opposition to Finjan's Motion to Amend the Caption when it was previously identified to ESET.

Instead, ESET primarily points (at p. 5) to an opinion in *Finjan v. SonicWall*, Case No. 17-CV-04467-BLF (VKD), to imply Finjan's bad faith. However, that opinion is inapposite—it is not about bad faith, but a discovery dispute. The issue in *SonicWall* involved a dispute concerning information presented at a Finjan board of directors meeting, where a Cisco employee had a board observer seat. *See id.,* D.I. 248 (July 7, 2020) at 2. Notably, the court in *SonicWall* found that the information at issue *was* protected by the attorney work product doctrine, but the protection had been waived because Finjan failed to show that there was a non-disclosure agreement or that Finjan had otherwise taken steps to ensure the material's confidentiality when presented to its board members. *See id.*, D.I. 248 (July 7, 2020) at pp. 7-8. Thus, the *SonicWall* opinion supports Finjan's position that the information ESET seeks is protected from discovery. The question Magistrate Skomal will decide is whether there has been a waiver—there has not.[1]

Given that the dispute ESET identifies in its opposition is entirely unrelated to amending the caption to accurately reflect Finjan's entity status, and that Judge Skomal will resolve the discovery dispute that is the basis for ESET's opposition, the Court should grant Finjan's motion to amend the caption.

DATED:  December 30, 2020            Respectfully Submitted,

By:   */s/ Michael A. Amon*

---

[1] None of the other cases cited in ESET's opposition are about bad faith in context of amending the caption. For example, *In re Sony Gaming Networks & Customer Data Sec Breach Litig.*, 903 F. Supp. 2d 942 (S.D. Cal. 2012) dealt with a motion to amend a complaint alleging fraud, and did not analyze bad faith at all. In *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007), the information sought had been shared with several potential bidders for the Defendant company. And, in *Integra Life Sciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 871 (Fed. Cir. 2003), the Court stated the unsurprising idea that the total price paid to acquire a company—which ESET knows from public information, *see* D.I. 840 at 1—may be considered in the context of determining a reasonable royalty.

|   |   |
|---|---|
| 1 | Juanita Brooks, brooks@fr.com |
| 2 | Roger A. Denning, denning@fr.com |
|   | Jason W. Wolff, wolff@fr.com |
| 3 | Michael A. Amon, amon@fr.com |
| 4 | FISH & RICHARDSON P.C. |
|   | 12860 El Camino Real, Suite 400 |
| 5 | San Diego, CA 92130 |
| 6 | Tel: (858) 678-5070 / Fax: (858) 678-5099 |

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005
Fax: (404) 892-5002

Attorneys for Plaintiff Finjan, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 30, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Michael A. Amon*
Michael A. Amon