IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>        Defendants. | Case No. 17-cv-0183 CAB (BGS)<br><br>**ORDER REGARDING REQUEST TO TOLL DISPUTE REGARDING ESET'S RULE 45 SUBPOENA TO FORTRESS**<br><br>[ECF 855] |
| AND RELATED COUNTERCLAIMS | |

On February 9, 2021, counsel for Finjan, Eset, and Fortress contacted Judge Skomal's Chambers to request to toll a dispute between Eset and Fortress regarding a subpoena issued under Federal Rule of Civil Procedure 45 by Eset to Fortress.

1  (ECF 855.)  Fortress objected to Eset's subpoena on January 15, 2021, but produced
2  no responsive documents or a privilege log.

3       Eset, Finjan, and Fortress all seek to toll the Court's 30-day time limit to raise
4  discovery disputes[1] until the Court rules on the pending discovery dispute between
5  Eset and Finjan.  The parties indicated that the requests to Fortress overlap
6  significantly with the document requests Eset issued to Finjan that are the subject of
7  a pending dispute.  And, although the parties would not agree that the Court's ruling
8  on that dispute would definitively resolve this dispute with Fortress, all agreed the
9  ruling could entirely resolve the dispute between Eset and Fortress and would, at a
10  minimum, narrow the issues to be resolved.  Fortress' counsel indicated that Fortress
11  would consent to the undersigned resolving a motion regarding the subpoena if court
12  intervention were required.

13       The Court need not toll the 30-day rule.  It does not apply in this instance
14  because the dispute involves a non-party subpoenaed under Rule 45.  As to Fortress'
15  offer to consent to this Court addressing the dispute, the Court cannot alter Rule
16  45's requirement that motions related to a Rule 45 subpoena must be filed in the
17  district where compliance is required.[2]  Rule 45 consistently requires the court
18  where compliance is required to rule on any issues regarding a Rule 45 subpoena.
19  Rule 45(d)(2)(B)(i) (As to objections, "the serving party may move the court for the
20  *district where compliance is required* for an order compelling production or
21  inspection"); Rule 45(d)(1) (As to avoiding undue burden or expense, "court for the
22  *district where compliance is required* must enforce this duty and impose an
23  appropriate sanction"); Rule 45(d)(3)(A) (As to quashing or modifying a subpoena,

24  _____

25  [1] The Court's Chambers Rules requires parties to raise discovery disputes within 30
26  days of the date the dispute arises.  (Section V.C.)
27  [2] Fortress' counsel indicated the district where compliance is required is the
Southern District of New York, however the Court has not reviewed the subpoena.

28

1
2
3
4
5
6

"[o]n timely motion, the court for the *district where compliance is required* must quash or modify"); Rule 45(d)(3)(B) (To protect a person subject to a subpoena, "the court for the *district where compliance is required* may, on motion, quash or modify the subpoena"); Rule 45(e)(2)(B) (For inadvertent disclosure of privileged documents, "promptly present the information under seal to the court for the district where compliance is required for a determination").

7
8
9
10
11
12

The Court recognizes that Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." However, counsel did not provide any authority that would allow the parties to skip the initial step of filing an appropriate motion under Rule 45 in the district where compliance is required.[3]

13
14
15
16

Accordingly, if this is not the district where compliance is required (as represented in the call to the Court), Fortress and Eset may not avoid Rule 45's requirement to initially file any motion related to the subpoena in the district where compliance is required or any of Rule 45's requirements regarding when such a

17
18
19
20
21
22
23
24
25
26
27

---

[3] The Court is aware that some courts have decided subpoena-related motions even when filed in the wrong district by relying on the parties' consent. *AngioScore, Inc. v. TriReme Medical, Inc.*, Case No. 12–cv–03393–YGR (JSC), 2014 WL 6706873, at *2 (N.D. Cal. Nov. 24, 2014) (actual consent to court determining); *Edwards v. City of Vallejo*, No. 2:18-cv-2434 MCE AC, 2019 WL 3564168, at *7 (E.D. Cal. Aug. 6, 2019) (consent based on conduct). However, even in these cases, the motion had already been improperly filed in the district where the underlying case was pending and the court's decision to rule on them despite this violation of Rule 45 appeared to be largely a practical one that was accompanied by a warning that future motions should be filed in the proper district. *AngioScore*, 2014 WL 6706873, at *2; *Edwards*, 2019 WL 3564168 at *7. That is not the case here. Even if the Court were willing to circumvent Rule 45's requirements, here, the parties are aware of Rule 45's requirements regarding where a motion must initially be filed.

28

1   motion must be timely filed by consenting to this court resolving it.  Any motion

2   under Rule 45 must be filed in the proper district based on Rule 45's requirements.

3       **IT IS SO ORDERED.**

4

5   Dated:  February 11, 2021

6                                                   _____

7                                                   Hon. Bernard G. Skomal
                                                    United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28