UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, LLC., <br><br>    Plaintiff, <br><br> v. <br><br> ESET, LLC and ESET SPOL. SR.O., <br><br>    Defendant. | Case No.:  17CV183 CAB (BGS) <br><br> **ORDER ISSUING TENTATIVE DECISION ON DISPUTE REGARDING EXTENSION OF EXPERT DISCOVERY AND REQUIRING PARTIES TO MEET AND CONFER** <br><br> [ECF 860] |

    On March 9, 2021, counsel for the parties jointly contacted Judge Skomal's Chambers to raise a dispute regarding amendment of the Scheduling Order.  ESET seeks to extend the expert discovery deadlines[1] to allow its expert to review third-party source code.  Finjan is opposed.

    ESET's counsel explained that its updated invalidity contentions identified these products, and that the expert needs to review this source code in support of an invalidity

---

[1] Expert reports are due March 25, 2021.  Rebuttal expert reports are due April 12, 2021. Expert discovery closes April 30, 2021. (ECF 852.)

1

defense as to the '305 Patent.  The expert has not been able to travel as a result of COVID-19, but will be able to do so by mid-April.  Counsel for ESET represented that the source code must be reviewed on-site and in coordination with the third party.  ESET argues this is expert discovery because the expert is reviewing the source code and they are only seeking a brief extension of the deadlines to accommodate the review.

Finjan opposes extension of the Scheduling Order.  Finjan argues that this request is actually a request to reopen fact discovery because the review ESET seeks to do is fact discovery.  Finjan's counsel asserted that the third-party source code review, while being done by an expert, is actually fact discovery that should have been completed by the '305 fact discovery cut off of February 22, 2021.  Finjan also argues the extended deadlines proposed by ESET do not work with Finjan's schedule.

Having considered the parties' arguments, the Court tentatively rules that the Scheduling Order may be amended to allow ESET's expert to review the third-party source code.  The Court is inclined to limit any extension of the remaining deadlines to 30 days, however, if minimal further extension is necessary to accommodate Finjan, the Court would consider it.

Tentatively, as an extension of expert discovery, the expert avoiding travel based on COVID-19 at this time and based on his particular circumstances would likely constitute good cause for an extension.  And even if the Court assumed this is a request to reopen fact discovery as Finjan argues, *i.e.* that the expert's review of third-party source code is fact discovery rather than expert, it would likely be granted for this limited purpose.  Based on the information obtained during the call and the Court's own knowledge of the record in this case, some factors the Court must weigh in considering whether to reopen discovery favor allowing it, others may weigh against it, and one is neutral.  "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, [the Ninth Circuit] instructs" courts to consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines

established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939 (1997)).  Whether the request is opposed obviously weighs against reopening because it is.  Additionally, although not squarely falling within ESET's diligence in obtaining the discovery under the existing schedule and the foreseeability of the need for it, the Court is concerned that ESET waited this long to seek this extension.  ESET has likely known for some time that its expert was not able to travel, but it is unclear why ESET waited until now to seek an extension for him to review this source code that ESET was aware of no later than December 2020.  However, the Court finds the lack of prejudice to Finjan, presuming any extension accommodates Finjan, and the likelihood the discovery will lead to relevant evidence both weigh in favor of allowing it.  Additionally, although the imminence of trial is largely neutral, the brevity of the extension requested and it's lack of impact on existing deadlines also weighs in favor of allowing the discovery.

Regardless of whether the parties accept or reject the tentative, they must meet and confer regarding a possible schedule that would accommodate the review and both parties by **March 18, 2020**.  If either party rejects the Court's tentative, they must also notify the Court by email to efile_skomal@casd.uscourts.gov by **March 18, 2021** and the Court will either issue a briefing schedule or set a Discovery Conference.

**IT IS SO ORDERED.**

Dated:  March 16, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge