UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, LLC., <br>                                    Plaintiff, <br> v. <br> ESET, LLC and ESET SPOL. SR.O., <br>                                  Defendant. | Case No.:  17CV183 CAB (BGS) <br><br> **ORDER GRANTING EXTENSION OF EXPERT DISCOVERY** <br><br> [ECF 860, 861] |

On March 9, 2021, counsel for the parties jointly contacted Judge Skomal's Chambers to raise a dispute regarding amendment of the Scheduling Order.  ESET seeks to extend the expert discovery deadlines to allow its expert to review third-party source code.  Finjan is opposed.  On March 16, 2021, the Court issued a tentative decision granting the request to extend expert deadlines. (ECF 861 at 2.)  The decision required the parties to meet and confer regarding extended deadlines that would both accommodate ESET's expert's review of the third-party's source code and Finjan's counsel's schedules. (*Id.* at 2-3.)  Finjan had indicated the extended deadlines proposed by ESET conflicted with Finjan's counsel's schedules.

The Court required the parties to submit the proposed dates to the Court by March 18, 2021. The parties were also required to notify the Court if either party rejected the tentative. The parties' proposed dates were submitted on March 18, 2021 and follow here:

| Task | Current Deadline | Proposed Revised Deadline |
|---|---|---|
| Opening Expert Reports | March 25, 2021 | April 30, 2021 |
| Rebuttal Expert Reports | April 12, 2021 | May 28, 2021 |
| Close of Expert Discovery | April 30, 2021 | June 23, 2021 |

Finjan also rejected the Court's tentative. In doing so, Finjan reiterated its position that ESET's expert's review of third-party source code was fact discovery that should have been completed by February 22, 2021. Finjan additionally argued that ESET should have subpoenaed the third party's source code three years earlier and should have also sought this extension from Finjan and the Court earlier. Finjan also indicated that ESET had made no effort to ensure Finjan would have access to the materials ESET was reviewing in the future.

ESET accepted the Court's tentative, provided the dates above with a one-day variation from Finjan's submitted dates, and also reiterated its position on the dispute. Noting the Court's tentative included concern that ESET waited this long to seek this extension, ESET clarified that it had engaged in lengthy discussions with the third party and contacted Finjan regarding the extension the same day it was officially informed that the source code review could not be reviewed by its expert from home, *i.e.* that it had to be reviewed at an outside location. ESET explained it was at this point that it knew it could not timely complete the review and meet the expert report deadline because the expert would not be able to travel to the outside location in time to complete the review and provide his report. ESET also disputed Finjan's suggestion that it should have subpoenaed the third party's source code earlier than when it did, December 4, 2020, and

explained that there have been delays in getting access to the source code, including the third party's request for more time because of limited personnel in the office because of the pandemic and the third-party's objections, which counsel were ultimately able to resolve.

Having considered the parties' prior arguments as well as the new arguments noted above, the Court grants ESET's extension request. The Court relies on the reasons stated in the tentative as well as the following. As an extension of expert discovery, ESET has shown good cause for the extension based on its efforts to obtain access to the third party's source code by subpoena and resolution of objections to it, as well as the delays resulting from the pandemic, both as to the third-party and ESET's expert.

Additionally, as the Court stated in the tentative, even if the Court finds this is a request to reopen fact discovery, the Court is persuaded it is justified. The Court incorporates that analysis here and additionally notes that ESET's December 4, 2020 subpoena could have resulted in timely access to the third-party source code even by the fact discovery deadline. In this sense, ESET was diligent is seeking this discovery within the limits of the existing Scheduling Order.[1] And although the Court still concludes that ESET should have contacted Finjan or the Court earlier, the Court still finds that reopening discovery would be justified if the expert's review of third-party source code were considered fact discovery. Accordingly, for the reasons set forth here and in the

---

[1] As explained in more detail in the Court's tentative, the court must consider a number of factors in reopening discovery, including diligence. "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, [the Ninth Circuit] instructs" courts to consider:
> whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939 (1997)).

Court's tentative (ECF 861), ESET's request to extend expert dates is **GRANTED** and the expert discovery deadlines are extended as set forth above.

As to Finjan's concern about access to the third-party's source code, the parties should meet and confer on this issue. This is exactly the type of issue that the parties are in the best position to resolve between themselves and the third party without judicial involvement. The Court is not inclined to address it, particularly when it appears the parties have not made any meaningful attempt to resolve it themselves.

**IT IS SO ORDERED.**

Dated: March 23, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge