Juanita R. Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
K. Nicole Williams (SBN 291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff & Counter-Defendant FINJAN
LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>Defendants. | Case No. 17-cv-0183 CAB (BGS)<br><br>**PLAINTIFF FINJAN LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Date: May 17, 2021<br>Courtroom: 15A<br>Judge: Hon. Cathy Ann Bencivengo |
| AND RELATED COUNTERCLAIMS | |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................1

II.   PROCEDURAL BACKGROUND ..........................................................2

III.  LEGAL STANDARDS ...........................................................................3

     A.   Motions for Reconsideration ........................................................3

     B.   Summary Judgment ......................................................................3

     C.   Indefiniteness ...............................................................................4

     D.   Offer of Proof ...............................................................................5

IV.   ARGUMENT ..........................................................................................5

V.    CONCLUSION ......................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell N. Rsch., LLC v. Coolpad Techs., Inc.*,
  2019 WL 3766688 (S.D. Cal. Aug. 9, 2019).................................................4

*Finjan, Inc. v. ESET, LLC*,
  2019 WL 7290961 (S.D. Cal. Dec. 30, 2019) ...........................................3

*Heyne v. Caruso*,
  69 F.3d 1475 (9th Cir. 1995) ...................................................................5

*Interval Licensing LLC v. AOL, Inc.*,
  766 F.3d 1364 (Fed. Cir. 2014) ...........................................................11

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
  424 F.3d 1374 (Fed. Cir. 2005) ...........................................................11

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  572 U.S. 898 (2014)........................................................... 1, 4, 5, 7

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ...................................................................3

*Sonix Tech. Co. v. Publications Int'l, Ltd.*,
  844 F.3d 1370 (Fed. Cir. 2017) .........................................4, 8, 10, 11

*Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
  2019 WL 4452986 (S.D. Cal. Sept. 16, 2019) .....................................10

**Statutes**

35 U.S.C. § 112 ...............................................................................1, 4

**Other Authorities**

Fed. R. Evid. 103(a).................................................................................5

L.R. 3-3(d) ...............................................................................................11

# I. INTRODUCTION

In the context of a renewed motion for summary judgment following a mistral due to the COVID-19 pandemic—in which neither party completed its presentation of witnesses and evidence regarding patent infringement, and Defendants did not even begin their case in chief on invalidity—the Court made critical rulings on indefiniteness regarding U.S. Patents Nos. 6,154,844; 6,804,780; 8,079,086; 9,189,621; and 9,219,755 ("the Asserted Patents").[1]  (Doc. No. 869 (the "Order").)

Finjan LLC ("Finjan") respectfully requests the Court to reconsider the Order because (1) there is clear error in requiring Finjan to produce evidence to establish the Asserted Patents are valid—the burden falls squarely on Defendants to prove the contrary; and (2) there is clear error in holding that Finjan did not offer evidence of a range for the size of a "small" executable or interpretable application program, as understood by one of skill in the art in 1997 and based on examples provided in the patent specifications.  (*See* Order at 8.)

First, respectfully, the Court's holding is incorrect as a matter of law.  Based on a single word in the Court's claim construction—namely the word "small"—Defendants ESET, LLC and ESET SPOL. S.R.O. (together, "ESET") have argued the Asserted Patents are indefinite, thus rendering them invalid.  Accordingly, ESET —not Finjan—has the burden of proof to show by clear and convincing evidence that the claims fail to satisfy the definiteness requirement under 35 U.S.C. § 112.  *See, e.g.*, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 912 (2014).  ESET did not meet this burden and indeed had not even begun its invalidity case when the trial was halted due to the pandemic.

---

[1] The Court issued an original Order on March 23, 2021 on Defendants' Renewed Motion for Summary Judgment on Indefiniteness.  (*See* Doc. No. 864.)  The Court issued an Amended Order on March 29, 2021.  (Doc. No. 869.)

Second, the Court's holding ignores critical issues of fact.  The finding of indefiniteness is based on an incomplete presentation of the evidence because the Court evaluated only the testimony of Dr. Eric Cole, Finjan's expert on infringement on one of the five Asserted Patents (the '844 Patent).  The Court did not and could not account for the testimony of Finjan's expert on validity, Dr. Goodrich, who—but for the mistrial—would have explained how a person of ordinary skill in the art ("POSITA") would understand the objective bounds of the claim term "downloadable," based on teachings from the patent specification.  (*See generally* Finjan's Offer of Proof, filed concurrently herewith.)  Moreover, ESET's expert, Dr. Eugene Spafford, who opined on the scope of the claims for purposes of both non-infringement and invalidity—and critically offered no opinion on any alleged indefiniteness of the term "downloadable"—also was not presented or cross-examined at trial.  Accordingly, the Court should reconsider its Order in light of the incomplete factual record and expert testimony that precludes summary judgment.

## II.   PROCEDURAL BACKGROUND

On April 23, 2019, ESET filed a motion for summary judgment of invalidity due to indefiniteness based on the Court's construction of the term, "downloadable." (*See* Doc. No. 478-1.)  The Court heard argument and denied the motion without prejudice, finding that there were factual disputes regarding what a POSITA in 1997 would have understood constituted a "small" downloadable, based on the Court's construction.[2]  (Doc. No. 699.)

A jury trial commenced on March 10, 2020, but was halted shortly thereafter due to the COVID-19 pandemic.  The Court excused the jury and declared a mistrial. (*See* Doc. No. 783.)  On August 21, ESET filed its renewed motion for summary

---

[2] Finjan understands that the Court's construction of the term "downloadable," which includes the word "small," is final.  To be clear, Finjan maintains its objection to the construction.

judgment on indefiniteness. (Doc. No. 806.) The Court allowed ESET to renew its motion because it had heard testimony from one of Finjan's experts, Dr. Cole, regarding what a "small" downloadable was at trial. The specific issue before the Court on the renewed motion was whether a POSITA in 1997 would have understood with reasonable certainty, based on the specification and prosecution history, what was meant by the scope of not just any downloadable, but one that was "small." (Doc. No. 869 at 6.) After reviewing the renewed motion and related briefing, the Court issued its Order, holding that Finjan "never offered evidence of a reasonable range for the size of a small executable or interpretable application program as understood by a skilled artisan in 1997 based on examples provided in the patent specification." (Doc. No. 869 at 8.) The Court did so without hearing all the evidence and testimony for all Asserted Patents regarding what a POSITA would understand a "small" downloadable to mean in the context of the various patents. Soon thereafter, the Court entered an order to sever and stay the litigation of the '305 Patent (Doc. No. 871), and granted Finjan the opportunity to file this motion for reconsideration (Doc. No. 870).

## III. LEGAL STANDARDS

### A. Motions for Reconsideration

Reconsideration of a prior order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). It is respectfully submitted that in shifting the burden of proof to Finjan to prove the term "small" is not indefinite and in deciding the motion on an incomplete record, the Court committed clear error and the Court's decision is manifestly unjust.

### B. Summary Judgment

"In the context of a motion for summary judgment, the Court must not weigh the credibility of the evidence and determine the truth of the matter." *Finjan, Inc. v. ESET, LLC*, 2019 WL 7290961, at *1 (S.D. Cal. Dec. 30, 2019) (citing *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  Further, the non-movant's evidence is to be believed and all justifiable inferences are to be drawn in the non-movant's favor.  *Id.*  In its Order, the Court clearly weighed the credibility of Dr. Cole and did not draw all reasonable inferences in favor of Finjan, the non-moving party.  (Doc. No. 869 at 7-8.)

### C.   Indefiniteness

Section 112 requires that a patent specification "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).  The Supreme Court has read this provision to require that "a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Id.* (citing *Nautilus*, 572 U.S. at 910).  Indefiniteness must be proven by clear and convincing evidence. *Sonix Tech. Co.*, 844 F.3d at 1377.  "The certainty which the law requires in patents is not greater than is reasonable, having regard to their subject-matter," and the inquiry "trains on the understanding of a skilled artisan at the time of the patent application." *Nautilus*, 572 U.S. at 899, 910-11.  "Because language is limited," the Federal Circuit has "rejected the proposition that claims involving terms of degree are inherently indefinite." *Sonix Tech. Co.*, 844 F.3d at 1377.  Thus, "a patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement," so long as it provides "enough certainty to one of skill in the art when read in the context of the invention." *Id.* (internal citation omitted).

Following Supreme Court and Federal Circuit precedent, this Court has held that terms of degree are not indefinite.  For example, "words of degree — such as 'substantially'— are not considered indefinite so long as intrinsic evidence 'provides objective boundaries for those of skill in the art.'" *Bell N. Rsch., LLC v. Coolpad Techs., Inc.*, 2019 WL 3766688, at *2 (S.D. Cal. Aug. 9, 2019) (citing *Interval*

1   *Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370-71 (Fed. Cir. 2014)).  Had the trial
2   been completed in this case, the Court would have had more than sufficient evidence
3   to find that the term "small" did not render the claims indefinite.

4       **D.**    **Offer of Proof**

5       "A proper offer of proof informs the trial court of what counsel expects to prove
6   by the excluded evidence and preserves the record so that an appellate court can
7   review the trial court's decision for reversible error."  *See Heyne v. Caruso*, 69 F.3d
8   1475, 1481 (9th Cir. 1995).  In this case while evidence was not actually excluded
9   due to the mistrial, the evidence had yet to be presented.  Therefore, concurrently with
10   this filing, Finjan is presenting the Court with evidence of what the Court would have
11   heard had the trial been completed, pursuant to Fed. R. Evid. 103(a).

12   **IV.   ARGUMENT**

13       Respectfully, the Court's Order is incorrect as a matter of law and fact.  ***First***,
14   the Court's holding was clearly erroneous as a matter of law because it improperly
15   shifted the burden to Finjan to prove patent validity.  The Court's Order focused on
16   how Finjan "did not provide an explanation as to how that skilled artisan would
17   interpret 'small' or the context in which it would apply."  (Order at 6.)

18       However, Finjan does not have a burden to prove that the claims are not
19   indefinite.  As this Court properly held in its October 2019 Order Denying ESET's
20   Motions for Summary Judgment and Motions to Exclude or Strike (Doc. No. 699 at
21   6), "ESET has the burden of proving indefiniteness by clear and convincing
22   evidence."  (Doc. No. 699 at 6) (citing *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783
23   F.3d 1374, 1377 (Fed. Cir. 2015)).  Thus, as a matter of law, it is, and always has been
24   ESET's burden to prove by clear and convincing evidence that the "patent's claims,
25   viewed in light of the specification and the prosecution history," would not "inform
26   those skilled in the art about the scope of the invention with reasonable certainty."
27   *Nautilus Inc.*, 572 U.S. at 910.  It is not Finjan's burden to prove the contrary.

28       Notably, ESET's expert on invalidity, Dr. Spafford, had no difficulty offering

an opinion on the scope of the claims for non-infringement and invalidity—though he offered no opinion on indefiniteness on the Court's definition of "downloadable"— in his expert reports or deposition testimony.  In his expert report on invalidity, Dr. Spafford gave multiple examples of his understanding of the application of the defined term, "downloadable," and specifically what "small" meant in light of the intrinsic record to a POSITA at the time of the alleged invention.  For example, in his expert report, Dr. Spafford explained:

> "An applet typically is **a small program** residing on a server . . . " (Williams Decl.[3] Exh. 1 (Spafford Inv. Rpt., Ex. B-1) at p. 3 (emphasis added).)

> ". . . a computing device (e.g., first computer 210, third computer, etc.) can download '[a]pplets, which are **small programs** compiled to an intermediate form.'" (Williams Decl. Exh. 2 (Spafford Inv. Rpt., Ex. A-3) at p. 16 (emphasis added).)

> "… one ordinarily skilled in the art at the time of the alleged invention: '**a small application program** that can be called up for use while working in another application.'" (Williams Decl. Exh. 3 (Spafford Inv. Rpt., Ex. D-1) at p. 13 (emphasis added).)

> "A person of ordinary skill in the art would have understood that . . . any form of executable, to Java applications/code as specifically referenced, and other form of **small applications** as well. . . ." (Williams Decl. Exh. 4 (Spafford Inv. Rpt., Ex. D-6) at p. 11 (emphasis added).)

Indeed, Dr. Spafford's opening invalidity report does not even include as an alternative analysis that the term "downloadable" as construed is indefinite, rendering

---

[3] All Exhibits ("Exh.") referenced herein are attached to the accompanying Declaration of K. Nicole Williams.

1    the claims invalid.

2          Moreover, at his March 2019 deposition, Dr. Spafford, testified to his
3    understanding of what would constitute a downloadable under the Court's
4    construction, and at no point during his deposition did he offer that the claim term
5    was indefinite, much less explain why he thought so.  For example, Dr. Spafford
6    provided explanations as to why specific examples (such as HTML web pages, PDFs,
7    JavaScript) would constitute a downloadable under the Court's construction of the
8    term.  (*See* Williams Decl. Exh. 5 (2019-03-13 Spafford Dep.) at 147:10-150:13.)
9    And, Dr. Spafford presented no testimony at trial, as Finjan's affirmative presentation
10   of infringement evidence was interrupted by the mistrial and Defendants' rebuttal and
11   affirmative invalidity case had not begun.

12         Further, also due to the mistrial, Finjan's rebuttal expert, Dr. Michael Goodrich,
13   did not present his rebuttal opinion regarding validity to rebut Dr. Spafford's opinions
14   or confirm the scope of the Court's definition of "downloadable."  With no trial
15   testimony from either expert on validity, ESET could not have met its burden to prove
16   by clear and convincing evidence that the patent claims, viewed in light of the
17   specification and prosecution history, do not inform those skilled in the art about the
18   scope of the invention under *Nautilus*.  Because the Court's holding shifted the burden
19   to Finjan and relied solely on expert testimony from one of Finjan's experts on
20   infringement (who was not one of Finjan's two experts on invalidity), it is clearly
21   erroneous as a matter of law.

22         **Second**, the Court's holding is clearly erroneous as a matter of fact when the
23   Court states that "Finjan **never** offered evidence of a reasonable range for the size of
24   a small executable or interpretable application program as understood by a skilled
25   artisan in 1997 based on examples provided in the patent specification."  (Order at 8
26   (emphasis added).)  Finjan was still in its case in chief on infringement when a mistrial
27   was declared.  One of Finjan's infringement experts, Dr. Michael Mitzenmacher, was
28   in the middle of his testimony when the trial came to a halt.  Another of Finjan's

infringement experts, Dr. Nenad Medvidovic was waiting to testify about infringement of the remaining patents, and two other Finjan experts, Dr. Trent Jaeger and Dr. Michael Goodrich, were waiting to testify about validity.[4]   Had trial continued, Finjan would have offered evidence of what a POSITA would have viewed as a reasonable range for the size of a small executable or interpretable application program.  Finjan also would have elicited testimony on cross- examination of ESET's invalidity expert Dr. Spafford that he *never* opined that the term "small" renders the claims indefinite.  This fact alone is significant and was one of the factors the Federal Circuit, in *Sonix*, considered in reversing the district court's invalidity finding due to indefiniteness.  *Sonix*, 844 F.3d at 1390 ("Appellees' own expert, also did not opine that the claims were indefinite or that a skilled artisan would not have understood the term. . .").

Finjan would have further established during cross-examination that Dr. Spafford was one of skill in the art and that he understood what the term "small" meant when viewed in light of the specification and prosecution history, as confirmed by his infringement and validity opinions relating to the subject limitations.  Finjan would have done this by establishing that Dr. Spafford gave multiple examples in his expert report of what the term "small" meant in relation to the claims.  (*See, e.g.*, Williams Decl. Exh. 1 (Spafford Inv. Rpt., Ex. B-1) at p. 3; Williams Decl. Exh. 2 (Spafford Inv. Rpt., Ex. A-3) at p. 16; Williams Decl. Exh. 3 (Spafford Inv. Rpt., Ex. D-1) at p. 13; Williams Decl. Exh. 4, (Spafford Inv. Rpt., Ex. D-6) at p. 11 (emphasis added).)  Finjan also would have cross-examined Dr. Spafford to establish that all the examples Dr. Spafford identified as meeting the Court's definition of downloadable are the same examples that appear in the specifications of the Asserted Patents, *see, e.g.*, '844 Patent, 1:45-56; '780 Patent, 1:55-61; '086 Patent, 2:2-6; '621 Patent, 3:2-

---

[4] Finjan's Offer of Proof, filed concurrently with this Motion, provides an overview of what these experts would have testified at trial, but for the mistrial.

7; '755 Patent, 2:33-37.  Thus, at the conclusion of ESET's case, Finjan would have moved for JMOL that ESET, the party with the burden of proof, had failed to prove by clear and convincing evidence that the term "small" rendered the claims indefinite.

Had the Court denied the JMOL or taken it under submission, Finjan would have called, at a minimum, Dr. Goodrich in rebuttal.  Dr. Goodrich—who had not testified at all at the time of the mistrial—would have testified consistent with his deposition testimony that, while small is a relative term, it will "always be clear from the context" to one of skill in the art whether something qualifies "as small or not. . ." (Williams Decl. Exh. 6 (excerpts from March 1, 2019 Goodrich Dep.) at 101:8-108:14.)[5]  Dr. Goodrich, again consistent with his deposition testimony, would have given specific examples from the prior art:

> Q. So if one skilled in the art were to pick up a 621 patent or 755 patent, how would they determine what qualifies as a downloadable?
>
> A. **So the specification of the 962 patent, for example, gives several examples of this that would be easily discernible by a person of ordinary skill in the art**.
>
> So, for example, reading from column 1, starting at line 39, it states, "A downloadable is a **small** executable or interpretable application program which is downloaded from a source computer and run on a destination computer. **A downloadable is used in a distributed environment,**

---

[5] Moreover, both Finjan's and ESET's examples of a "small" downloadable do not include programs that require installers, consistent with Dr. Cole's testimony at trial. (*See* Doc. No. 812-1 (Wells Ex. 2 (Cole Trial Tr.) at 314:5-333:3).)  And while Dr. Cole testified about a narrow question on the physical size of a non-installed executable, he was not asked whether this was consistent with the claim scope as a whole, and even noted that such an example was "extremely unusual." (*Id.* (Cole Trial Tr.) at 464:17-22.)

> **such as in the Java distributed environment produced by Sun Micro Systems or in the ActiveX distributed environment produced by Microsoft Corporation."**
>
> And so we already see from that and the further readings that occur after that in the specification, that **examples of downloadable from the specification itself include Java applets and ActiveX controls.** And it even has, like, Figures 4 and 3 that get into the details of the whole architecture surrounding those downloadables.

(Williams Decl. Exh. 6 (excerpts from March 1, 2019 Goodrich Dep.) at 104:3-105:1.) As described above, Finjan would have already established, through the cross-examination of Dr. Spafford, that these examples of "small" executables or interpretable application programs in the prior art are the same examples found in the specifications of the '844, '780, '086, '621, and '755 Patents. Drs. Spafford's and Goodrich's testimony alone would have raised a triable issue of fact as to whether the term "small" renders the claim term "downloadable" indefinite.

Viewing the testimony that would have been elicited from Dr. Spafford and provided by Dr. Goodrich in the light most favorable to Finjan, the non-moving party, the Court should reconsider its holding, and find that there is a genuine dispute of material fact that precludes summary judgment on indefiniteness, especially where all the evidence was not presented due to the mistrial. *See, e.g.*, *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 4452986, at *19 (S.D. Cal. Sept. 16, 2019) (citing *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 979-82 (9th Cir. 1980) (reversing a district court's grant of summary judgment where the parties provided conflicting expert testimony, but the district court granted summary judgment by relying solely on one party's expert testimony)); *see also Sonix*, 844 F.3d at 1381 ("The examiner's knowing allowance of claims based on the term that is now questioned, plus the acceptance of the term by both parties' experts, force us to the conclusion that the term 'visually negligible' is not indefinite.").

***Third***, the law is clear that simply because a term is relative does not mean it is indefinite. As described above, in *Sonix*: "[b]ecause language is limited, we have rejected the proposition that claims involving terms of degree are inherently indefinite." *Sonix*, 844 F.3d at 1377 (citing *Interval Licensing*, 766 F.3d at 1370). Thus, "a patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement." *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1384 (Fed. Cir. 2005) (citation omitted). Indeed, "[c]laim language employing terms of degree has long been found definite where it provided enough certainty to one of skill in the art when read in the context of the invention." *Interval Licensing*, 766 F.3d at 1370 (citation omitted). Here, Dr. Goodrich explains that while context matters given that "small" is a relative term, a POSITA in 1997, would understand that Java applets or Active X controls would constitute downloadables, in light of their small size in comparison to the execution environment, such as the Internet browser. Thus, Dr. Goodrich would have opined on the upper and lower bounds of the term small in the context of the Court's claim construction. (*See, e.g.*, Williams Decl. Exh. 6 (excerpts from March 1, 2019 Goodrich Dep.) at 101:8-108:14)); (*see also* Williams Decl. Exh. 5 (2019-03-13 Spafford Dep.) at 147:10-150:13 (Spafford testimony providing examples of a "downloadable" under the Court's construction).)

***Fourth***, Finjan anticipates that ESET will argue that the offer of proof regarding Dr. Goodrich is based solely on his deposition testimony and not his expert report. However, it is important to note that the indefiniteness argument was not raised as part of ESET's invalidity contentions under Patent L.R. 3-3(d), nor was it raised in ESET's expert opening report on invalidity, or the Pretrial Order. Dr. Goodrich's report was prepared in rebuttal to the opinions in Dr. Spafford's invalidity report and, as discussed above, Dr. Spafford's report was devoid of any reference to the term "small" rendering the claims indefinite. It was only when asked

at his deposition about what he, Dr. Goodrich, thought "small" meant, that Dr. Goodrich was able to expound upon that issue.

## V.   CONCLUSION

For the foregoing reasons, Finjan respectfully requests the Court reconsider the Order and deny ESET's Renewed Motion for Summary Judgment for Indefiniteness.

DATED:  April 12, 2021                    Respectfully Submitted,

By:    */s/ Juanita R. Brooks*
Juanita R. Brooks, brooks@fr.com
Roger A. Denning, denning@fr.com
Jason W. Wolff, wolff@fr.com
Michael A. Amon, amon@fr.com
K. Nicole Williams, nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005
Fax: (404) 892-5002

Attorneys for Plaintiff & Counter-Defendant Finjan LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 12, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.


*/s/ Juanita R. Brooks*
Juanita R. Brooks

FINJAN LLC'S MPA ISO MOTION FOR RECONSIDERATION
Case No. 17-cv-0183 CAB (BGS)