UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>                                 Defendants. | Case No.: 3:17-cv-0183-CAB-BGS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**[Doc. No. 872]** |

On March 29, 2021, the Court granted a motion for summary judgment brought by defendants ESET, LLC and ESET SPOL, S.R.O. (jointly "ESET") invalidating plaintiff Finjan LLC's patents based on indefiniteness. [Doc. No. 869.] Finjan filed a motion for reconsideration of that order on April 12, 2021. [Doc. No. 872.] The time for submitting a response to the motion has expired, and ESET has elected not to file an opposition. The Court finds the motion suitable for determination without argument. The motion for reconsideration is denied.

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *See Sch. Dist. No. 1J, Multnomah Cty., Or. V. ACandS, Inc.,* 5 F.3d

1255, 1262 (9th Cir. 1993).[1] "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." I*d.* at 1263.

Finjan contends that the Court's judgment was clear error and manifestly unjust and should be reversed. The district court has "considerable discretion" in deciding whether to grant or deny the motion, but "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Thus, a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (internal citations omitted); *see also Allstate*, 634 F.3d at 1111 ("In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.").

Finjan argues that the Court clearly erred by shifting the burden to Finjan to prove the validity of their patents and the decision granting the motion was therefore manifestly unjust. This is incorrect. ESET filed a motion of summary judgment arguing that Finjan's evidence, specifically the Rule 26 reports and deposition testimony of Finjan's experts demonstrated by clear and convincing evidence that one of skill in the art would not know with reasonable certainty what constitutes a "small executable or interpretable application program." Each of Finjan's experts had offered widely varying characterizations of the

---

[1] Finjan does not specify either rule as being the basis of its motion.

scope of "small." Although each expert opined on infringement or invalidity based on his own characterization of this claim limitation (including ESET's own experts), there was no consensus among them as to the scope of the claim term to establish that the public would have notice with any reasonable certainty.

The Court initially denied the motion without prejudice to allow for testimony at trial on this subject.  At trial Finjan offered the testimony of one of its experts on infringement.  To establish that the accused systems were covered by the limitation at issue, the expert provided yet another, previously undisclosed, interpretation of the construction of a small application program that was not in accordance with his prior interpretation or the opinions of any of Finjan's other experts. ESET therefore renewed its motion for summary judgment arguing that this testimony further demonstrated that there was no reasonable certainty among those of skill in the art as to what constitutes "small" in the context of the asserted patents.  The Court agreed.

The Court did not shift the burden of proving validity to Finjan, but rather concluded that ESET demonstrated by clear and convincing evidence that Finjan's inconsistent interpretations of a claim term employed in its infringement analyses established that the term was indefinite.  Finjan's proffer that it could offer still further testimony to explain the lack of consensus among its own experts in construing the term only serves to underscore the lack of certainty among those of skill in the art, making the term indefinite and the Court's entry of summary judgment correct.

Finjan disagreement with the Court's conclusions is not grounds for reconsideration of the judgment.  Accordingly, the motion is **DENIED**.

It is **SO ORDERED.**

Dated:  May 19, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge