| | |
|---|---|
| Juanita Brooks (SBN 75934)<br>brooks@fr.com<br>Roger A. Denning (SBN 228998)<br>denning@fr.com<br>Jason W. Wolff (SBN 215819)<br>wolff@fr.com<br>Michael A. Amon (SBN 226221)<br>amon@fr.com<br>K. Nicole Williams (SBN 291900)<br>nwilliams@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Tel: (858) 678-5070<br>Fax: (858) 678-5099<br><br>Lawrence Jarvis (*pro hac vice*)<br>jarvis@fr.com<br>FISH & RICHARDSON P.C.<br>1180 Peachtree St., NE<br>21st Floor<br>Atlanta, GA 30309<br>Tel: (404) 891-5005 / Fax: (404) 892-5002<br><br>Attorneys for Plaintiff & Counter-Defendant FINJAN LLC | Nicola A. Pisano (SBN 151282)<br>NicolaPisano@eversheds-sutherland.com<br>Jose L. Patiño (SBN 149568)<br>JosePatino@eversheds-sutherland.com<br>Justin E. Gray (SBN 282452)<br>JustinGray@eversheds-sutherland.com<br>Scott A. Penner (SBN 253716)<br>ScottPenner@eversheds-sutherland.com<br>EVERSHEDS SUTHERLAND (US) LLP<br>12255 El Camino Real, Suite 100<br>San Diego, California 92130<br>Tel: (858) 252-6502<br>Fax: (858) 252-6503<br><br>Attorneys for Defendants & Counter-Plaintiffs<br>ESET, LLC and ESET, SPOL. S.R.O. |

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>     Plaintiffs,<br><br> v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>     Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 17-cv-0183 CAB (BGS)<br><br>**JOINT STATEMENT PER DKT 881**<br><br>**Status Hearing: January 26, 2023**<br>**Time: 10:00 am**<br><br>District Judge: Hon. Cathy Ann Bencivengo |

Pursuant to the Court's Order Setting Telephonic Appeal Mandate Hearing and Status Hearing (Dkt. No. 881), Plaintiff Finjan LLC ("Plaintiff" or "Finjan") and Defendants ESET, LLC and ESET SPOL. S.R.O. ("Defendants" or "ESET") jointly submit this pre-hearing statement.

On November 1, 2022, the Court of Appeals for the Federal Circuit reversed this Court's claim construction and determined that the term "Downloadable" in U.S. Patent Nos. 6,154,844 ("the '844 Patent"); 6,804,780 ("the '780 Patent"); 8,079,086 ("the '086 Patent"); 9,189,621 ("the '621 Patent"); and 9,219,755 ("the '755 Patent") should be construed as "an executable or interpretable application program, which is downloaded from a source computer and run on a destination computer." *Finjan LLC v. ESET, LLC*, 2021-2093, Dkt. No. 52 at *10 (Nov. 1, 2022). The Federal Circuit vacated the grant of summary judgment based on invalidity due to indefiniteness and remanded for further proceedings consistent with the claim construction. The Federal Circuit mandate issued on January 3, 2023. *Finjan LLC v. ESET, LLC*, 2021-2093, Dkt. No. 57 (Jan. 3, 2023).

The parties previously tried the '844, '780, '086, '621, and '755 Patents in a jury trial in March 2020, which resulted in a mistrial due to the COVID-19 pandemic. At the time of trial, the remaining patent-in-suit ("the '305 Patent") had been stayed since May 7, 2018. *See, e.g.*, Dkt. Nos. 251, 802. The stay as to the '305 Patent was lifted on July 23, 2020, but the Court severed and stayed the '305 patent again on March 29, 2021, while expert discovery and some fact discovery remained pending. *See, e.g.*, Dkt. Nos. 863, 871, 873.

**Finjan's Position**

The '844, '780, '086, '621, and '755 Patents have been fully litigated, with the exception of a complete jury trial. As there is no additional fact or expert discovery necessary, Finjan and its witnesses are prepared to re-try these patents on or around March 24, 2023.

The '305 Patent is differently positioned. At the time of the initial March 2020

trial in this case, the '305 Patent had been stayed due to then-pending proceedings at the United Stated Patent and Trademark Office. Dkt. No. 802. That stay was lifted on July 23, 2020, and the parties were engaged in fact and expert discovery when the '305 Patent was again severed and stayed on March 29, 2021. *See* Dkt. Nos. 871 (Order on Joint Request to Sever and Stay '305 Patent) and 863 (Order Granting Extension of Expert Discovery). Neither party has submitted expert reports on the '305 Patent, and ESET has informed the Court that it is pursuing third-party source code related to that patent. Dkt. No. 863 at 1. Additionally, there is an open discovery dispute regarding certain documents Finjan has withheld as privileged involving the '305 Patent. Dkt. No. 873 at 1-2. Due to the different positioning of the '305 Patent, Finjan suggests the Court keep the stay as to the '305 Patent in place.

Finjan also requests referral to Magistrate Judge Skomal for mediation prior to trial.

### A.  Finjan's Response to ESET's Position

It is very clear, based on ESET's position below, that ESET's goal is to delay Finjan's day in court for as long as possible. To do so, ESET misrepresents both the appellate and district court record.

For example, ESET misrepresents the Federal Circuit opinion on indefiniteness in its argument to continue the stay pending its petition for writ of certiorari. ESET states, "The Federal Circuit, for decades, has suggested that where a patentee acts as his own lexicographer, the inventor's definition of a newly-coined claim term controls. The panel opinion's ruling on Finjan's appeal of this Court's indefiniteness decision ignores its prior precedent regarding such lexicography." In fact, the Federal Circuit expressly considered the '844 and '780 Patents' description of the term "Downloadable" and determined that the "definition is not limited to 'small' executable application programs." *See Finjan LLC v. ESET, LLC*, 541 F.4th 1377, 1382 (Fed. Cir. 2022). As to the other patents at issue, the Federal Circuit states, "the '086, '621, and '755 Patents do not expressly define Downloadable but

1  incorporate patents by reference that include both the '520 Patent's restricted
2  definition of Downloadable with the word 'small' and the broader definition without
3  it." An accurate reading of the Opinion demonstrates that the Federal Circuit
4  considered the definitions in the patents, where such a definition was present.

5  ESET again misrepresents the Federal Circuit opinion in its request to revisit
6  indefiniteness in part 3 below.  ESET argues that the Federal Circuit's definition of
7  "Downloadable" "could be the case only if 'interpretable' does not have the
8  meaning attributed to it by persons of skill in the art, but instead, an 'interpretable
9  application program' is a sort of subspecies of 'executable program.'"  The Federal
10 Circuit's opinion is clear that "interpretable" is not necessarily a subspecies of
11 "executable," which is why it includes the term "or" in the definition of
12 Downloadable.  *Finjan LLC v. ESET, LLC*, 541 F.4th at 1383 ("the term
13 'Downloadable' as used in the '844, '780, '086, '621, and '755 Patents means 'an
14 executable *or* interpretable application program. . . .") (emphasis added).  The
15 Federal Circuit came to that conclusion, in part, because "[t]he definition of
16 'Downloadable' that does not include a size requirement refers to executable or
17 interpretable application programs of all sizes, including, but not limited to, 'small'
18 executable or interpretable application programs.  Because these two definitions can
19 exist in harmony within the patent family, we do not necessarily have to apply the
20 '520 Patent's definition to the asserted patents." *Id.*  Even setting aside ESET's
21 error in misrepresenting the Federal Circuit opinion, it could and should have argued
22 that the term "Downloadable" lacked § 112 support with or without the term
23 "small."  It should not be permitted to serially attack and raise issues that could have
24 been raised prior to the original trial.  For this same reason, ESET's statement (in
25 part 5 below) that Finjan will need to supplement its expert reports to address the
26 Federal Circuit's construction is inaccurate because the reports have already
27 addressed infringement by an "executable" application program.
28

1     ESET further misrepresents the status of fact discovery in part 4 of its position below.  Fact and expert discovery for all patents other than the '305 Patent concluded years ago.  *See* Dkt. No. 873 at 4 ("[Discovery in this case was proceeding as to all the patents-in-suit when this case was stayed as to the '305. . . however, all other discovery was completed, and the case proceeded to trial while the stay was in place.").  Judge Skomal expressly stated that "[t]he only discovery the parties were authorized to conduct when [the dispute regarding ESET's motion to compel certain acquisition documents] arose was '305 discovery" and accordingly limited the dispute to discovery on the '305 Patent.  *Id.*  Fact discovery for the '305 Patent closed in February 2021, with the limited exception described above.  Dkt. No. 852 at 2.  Opening expert reports on the '305 Patent were extended two days prior to their original due date to accommodate ESET's request for expert review of third-party source code.  Dkt. No. 863.  Judge Skomal granted a 5-week extension for that specific discovery and for the parties to submit their expert reports.  *Id.* at 2.  Below, ESET requests six months of extension to address the same discovery.  It also raises a potential motion to strike Finjan's infringement contentions for the '305 Patent.  These contentions were served on January 6, 2021.  On January 21, 2021, Judge Skomal directed ESET to "follow Judge Bencivengo's Civil Case Procedures. . . to file a motion to strike infringement contentions."  Dkt. No. 851.  ESET chose not to do so at the time and should not be heard to complain now.

    ESET also requests delay of this case to allow it to take a third bite at the summary judgment apple.  In part 2, it requests leave to re-file at least five summary judgment motions that the Court has already considered.  Such request is indicative of ESET's clear desire to delay Finjan's opportunity to present this case to a jury.

**ESET'S Position**

    ESET respectfully submits for the Court's consideration the following items in connection with setting its schedule for retrial of the '844, '086, '780, '621 and '755

patents and trial of the '305 patent. During a telephonic conference between the undersigned counsel and Finjan's counsel conducted on January 17, 2023, Finjan's counsel proposed that this Court should continue the stay on the '305 patent and set a trial date for the '844, '086, '780, '621 and '755 patents in March of 2023. ESET submits that it already made a substantial investment to prepare for trial in early 2020 and should not be subjected to the expense and disruption of separate serial trials on (i) the five Finjan patents that expired in 2017 and then (ii) a later trial on the '305 patent. As this Court may recall, ESET plans to have many of its engineers, who live and work in Slovakia and Poland, testify live at trial. Several of those witnesses would overlap for both trials, and it would be costly and unduly burdensome to ESET's business to have those witnesses travel multiple times to the United States. ESET submits that a consolidated trial schedule, including the '305 patent, will avoid such unnecessary disruption and expense. In addition, a consolidated trial would allow this Court sufficient time to address a renewed motion for indefiniteness and summary judgment (as discussed in more detail below) before reaching trial.

1. **Further Stay Pending Petition for Writ of Certiorari**

ESET submits that the Federal Circuit's panel opinion on Finjan's appeal is both legally incorrect and counterfactual. The Federal Circuit, for decades, has suggested that where a patentee acts as his own lexicographer, the inventor's definition of a newly-coined claim term controls. The panel opinion's ruling on Finjan's appeal of this Court's indefiniteness decision ignores its prior precedent regarding such lexicography. ESET will shortly submit its petition for writ of certiorari to the United States Supreme Court asking, as a matter of first impression for that Court, whether the Federal Circuit's lexicography jurisprudence is controlling or merely *ipse dixit*. ESET plans to request this Court to stay further action in this case until that petition is decided.

2. **Request to Renew Certain of ESET's Motions for Summary Judgment**

ESET notes that this Court denied several of ESET's earlier motions for summary judgment of non-infringement, invalidity and unenforceability. In view of the Court's experience with Finjan's infringement theories at the trial in March 2020, and issuance of subsequent Federal Circuit decisions relating to collateral estoppel, ESET requests leave to refile certain of its motions for summary judgment. In addition, ESET requests that this Court grant leave to re-file two motions previously denied as moot in view of this Court's decision on indefiniteness: Dkt. No. 807 (ESET's Notice of Motion and Renewed Motion for Summary Judgment of Prosecution History Disclaimer for U.S. Patent No. 6,154,844); Dkt. No. 808 (ESET's Renewed Motion for Partial Summary Judgment Regarding the Effective Filing Date of U.S. Patent No. 6,154,844). ESET submits that doing so may substantially reduce the number of patents and products at issue in any re-trial of Finjan's patents.

In particular, at trial, Dr. Cole made clear during his testimony that Finjan's '844 patent theory of infringement for ESET's end product software depended upon the analysis of potential malware *in Slovakia* to meet the claim limitation "generating by the inspector a first Downloadable security profile that identifies suspicious code in the received Downloadable." As the Court recognized, alleged completion of such method steps in Slovakia could not meet the claim requirement. *See*, Trial Transcript 462-63 (Day 3). Dr. Cole's testimony, which was completed, makes a motion for summary judgment of non-infringement of the '844 patent by ESET's end product software ripe for determination.

Similarly, the Court may recall addressing a dispute during the March 2020 trial regarding demonstratives that Dr. Mitzenmacher planned to use to illustrate his infringement testimony for the '780 patent. In particular, the demonstratives stated that generating a hash of *separately* hashed subcomponents of a Downloadable meets the limitation of claim 8 of the '780 patent, which requires "performing a hashing function on the Downloadable and the fetched components to generate a Downloadable ID." As the Court may recall, the Court admonished Finjan's counsel

not to introduce testimony contrary to the Court's claim construction and stated that the Court would be inclined to grant a request for an instruction for the jury to disregard such testimony as representative of infringement. *See* Trial Transcript 392-393 (Day 4). As can be shown, there is no dispute that ESET's products hash every file independently. Finjan's own experts agree and have attempted to claim that the combination of hashes is sufficient to meet the Court's construction. As the Court made clear at trial, such a theory would violate the Court's construction. ESET accordingly seeks leave to renew its motion for summary judgment of non-infringement of the '780 patent.

In addition, since ESET filed its motion for summary judgment of invalidity of the '621 patent, the Federal Circuit decided *Google LLC v. Hammond Dev. Int'l Inc.*, Case No. 21-2218 (Fed. Cir. Dec. 8, 2022). In *Google*, the Federal Circuit held that a patent with nearly identical claims to one previously invalidated also is invalid on the basis of collateral estoppel. As the Court may recall, claims 1, 5-7, 10, 11, 13 and 24 of the '621 patent are virtually identical to certain claims of Finjan's '962 patent, which was adjudged invalid in an earlier trial and/or in reexamination. During prosecution of the '621 patent, the Examiner noted that the claims were "not patentably distinct from" and "broader in every respect" than those of the previously invalidated '962 patent, the invalidation of which Finjan failed to inform the Examiner. In view of the intervening *Google* case law, ESET seeks leave to renew its motion for summary judgment of invalidity of the '621 patent. *See, e.g.*, Dkt. No. 531-1. In addition, while the Court previously had deferred trial on the issue of inequitable conduct for the '621 and '755 patents until completion of the March 2020 trial, ESET submits that an early bench trial on that issue, for example while discovery is ongoing for the '305 patent, may obviate the need for jury consideration of those patents. *Id.*

3. **Revisit Indefiniteness of "Downloadable"**

The Federal Circuit's decision reversed this Court's claim construction for "Downloadable" and vacated and remanded the decision on indefiniteness. In particular, the panel decision held that the term "Downloadable" should be construed as "interpretable or executable application program…" because, according to the Federal Circuit, the two definitions, that a Downloadable "is an executable application program …" and "a small executable or interpretable application program…," are "not competing." Panel Opinion at 8. ESET notes that this could be the case only if "interpretable" does not have the meaning attributed to it by persons of skill in the art, but instead, an "interpretable application program" is a sort of subspecies of "executable program." ESET accordingly requests this Court to now consider, with appropriate ancillary fact findings, whether there is appropriate Section 112 support for the word "interpretable" in the Federal Circuit's construction of the word Downloadable. ESET submits that as newly construed by the Federal Circuit, the term "Downloadable" now lacks support in the asserted patents such as would be cognizable to a person of ordinary skill in the art.

### 4. Fact Discovery

Just after this Court's decision invalidating the five Finjan patents for indefiniteness of the term "Downloadable," the parties agreed to suspend fact discovery and all other activity on Finjan's '305 patent until after the conclusion of Finjan's appeal. Simultaneously, the parties suspended on-going fact discovery regarding Finjan's sale of itself to a New York-based investment firm, Fortress Investment Group, in June 2020. ESET has maintained from the outset of this litigation that Finjan's infringement allegations are baseless and that Finjan's own internal documents valuing its case against ESET in connection with the acquisition will demonstrate that to be the case. At the time of the acquisition, Finjan had infringement litigations pending against several other anti-malware companies, including companies that are multiple times larger than ESET. Yet the publicly-reported $44 million acquisition price for Finjan is comparable to the amount that

1   Finjan seeks in damages from ESET alone. ESET seeks discovery from Finjan
2   Holdings LLC in the United States District Court for the District of Columbia and
3   from Fortress Investment Group LLC in the United States District Court for the
4   Southern District of New York. While that information indisputably is relevant to
5   Finjan's damages claim in this case, Finjan has, to date, blocked ESET's efforts to
6   obtain such discovery. ESET is entitled to discovery on the true value that Finjan
7   attributed to its litigation against ESET in its non-privileged arms-length negotiations
8   with Fortress Investment Group.

9       ESET requests a period of six months to conduct the foregoing discovery, as
10  well as for Finjan to update its infringement contentions for the '305 patent. Those
11  infringement contentions continue to omit any alleged proof of the existence of
12  critical limitations of claims 1 and 13, including "a database of parser and analyzer
13  rules," "a rules-based content scanner that communicates with said database," and "a
14  rule update manager that communicates with said database." Finjan's supplemental
15  infringement contentions, revised after the COVID-19 cancelled trial and, therefore,
16  with full knowledge of ESET's products and source code, continue to reference as
17  "evidence" of infringement prototype systems that were discontinued a decade or
18  more before Finjan first alleged infringement of the '305 patent (and which Finjan
19  entirely jettisoned in its trial materials) and fail to identify several limitations.

20      ESET intends to file a motion to strike Finjan's infringement contentions for
21  the '305 patent for failing to satisfy the disclosure requirements, as these contentions
22  include the same types of deficiencies identified by other courts. *See*, *e.g.*, *Finjan,*
23  *Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 U.S. Dist. LEXIS 44038, at *18-
24  19 (N.D. Cal. Apr. 2, 2015) ("Finjan's infringement contentions are largely comprised
25  of generic marketing literature and screenshots …. These unexplained references
26  comprise the majority of Finjan's over 1,000 pages of claim charts … the same
27  handful of screenshots and website addresses are copied and pasted into hundreds of
28  cells, often with little or no explanation for what information contained in those

sources relates to the relevant claim elements"); *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-cv-02621-WHO, 2019 U.S. Dist. LEXIS 31516, at *22 (N.D. Cal. Feb. 27, 2019) ("the way Finjan frames its source code citations creates incalculable alternatives of infringement theories and it is next to impossible to know what its infringement theories are"); *Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST, 2018 U.S. Dist. LEXIS 149435, at *4 (N.D. Cal. Aug. 31, 2018) (Finjan's infringement "contentions lack any meaningful, clear, or specific description"); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17-cv-04467-BLF (VKD), 2019 U.S. Dist. LEXIS 79694, at *7 (N.D. Cal. May 1, 2019) ("The use of open-ended language and references to other unidentified components renders Finjan's disclosure of the accused instrumentalities unacceptably vague."); *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-cv-02621-WHO, 2020 U.S. Dist. LEXIS 70202, at *19 (N.D. Cal. Apr. 21, 2020) (appointing a special "master to 'determine if other contentions should also be struck for inadequate source code explanations and/or failure to explain why the same source code applies in different cases'").

ESET submits that Finjan should either propound a credible set of infringement contentions for the '305 patent (which it cannot do because ESET's products are architected in a fundamentally different way) or more reasonably, Finjan should dismiss the '305 patent from this case with prejudice.

### 5. Expert Reports and Discovery

In view of the Federal Circuit's change to the construction of "Downloadable," ESET submits that the parties' experts (particularly Finjan's infringement experts) should propound expert reports that address the specific issue of what constitutes an "interpretable" application program as noted above, where it finds support in the asserted patents and, further, explain where in ESET's software (with pin cites to ESET's source code) such alleged infringement is substantiated. In addition, Finjan's experts should prepare and serve expert report(s) regarding alleged infringement by ESET's products of the '305 patent. After close of fact discovery on the '305 patent,

and a further exchange of the parties' expert reports, the Court should allocate sufficient time for the parties to conduct expert depositions, e.g., 2-3 months.

### 6. Motions Period Following Close of Expert Discovery

ESET submits that if Finjan does not voluntarily dismiss the '305 patent from this case with prejudice, the Court should set a motions period to address, *inter alia*, ESET's motion for summary judgment of non-infringement of the '305 patent. As noted above with respect to Finjan's Infringement Contentions for the '305 patent, ESET's products simply do not have any components that correspond to the elements of the claims of the '305 patent. There is no reason to burden a jury when Finjan cannot make out even a prima facie case of infringement.

In addition, ESET expects to renew certain of its motions-in-limine that previously were denied or which the Court held in abeyance. In particular, as the Court may recall, there was concrete proof presented at trial that Dr. Bims had been passed Highly Confidential Information regarding ESET's source code by Finjan's counsel, whether unintended or otherwise. *See* Trial Transcript at 267-274 (Day 2). As the Court may further recall, Dr. Bims did not execute an Undertaking as required by the Protective Order to be eligible to receive Highly Confidential or Highly Confidential – Source Code information. Having been tainted by such information in the course of his work to date in this case, in violation of the Protective Order, Dr. Bims should be excluded from any further participation in this litigation.

### 7. Scheduling and Witness Availability

Five of Finjan's patents expired on November 6, 2017; the '305 patent expired on August 18, 2020. ESET is an established business in the San Diego community since 1999. For security purposes, knowledge of the inner workings of ESET's anti-malware products is highly compartmentalized within the company. During the March 2020 trial, ESET had more than a dozen of its software engineers come to San Diego from Slovakia and Poland to serve as witnesses at trial. Undersigned counsel for ESET began contacting those individuals shortly after issuance of the recent

Scheduling Order requiring submission of this Joint Statement. Subsequently, counsel learned that certain ESET employees based in Slovakia have left ESET to join other employers, and counsel is attempting to locate those witnesses regarding their availability. ESET's counsel also has initiated contact with its experts to ascertain availability and is awaiting feedback from those experts.

In view of the considerable coordination and expense of preparing for a consolidated trial that includes the '305 patent, ESET respectfully requests that trial be scheduled no sooner than late November 2023, or more preferably, early in the first quarter of 2024 or thereafter at the Court's earliest convenience.

A.   **ESET's Response to Finjan's Position**

Finjan's criticisms of ESET's positions are meritless.

The '844 and '780 patents expressly define a "Downloadable" as "executable application programs…" The Federal Circuit held that "Downloadable" also includes "interpretable application programs." For the '086, '621 and '755 patents, the Federal Circuit held that definition of "executable or interpretable application programs" without "small" applies, even though no patent defines Downloadable as "executable" or "interpretable" without including the modifying term "small." The panel decision's rationale that the various definitions were "not competing" requires an understanding of the term "interpretable" (as a species of executable) that has no support in any of the asserted (or incorporated) patents. Finjan's criticisms do not change that reality, or provide any basis why ESET should be denied fact and expert discovery relevant to the change in the factual underpinnings of Finjan's infringement case.

In addition, contrary to Finjan's implication, no expert reports were exchanged for the '305 patent, and Judge Skomal had extended discovery (which was still open when this Court's ruling on indefiniteness issued). Moreover, there is nothing in this Court's civil case procedures that would preclude ESET's ability to take discovery regarding third-party prior art source code relevant to invalidity of the '305 patent or

to foreclose ESET's challenge to Finjan's deficient infringement claim charts for the '305 patent.

  Finjan first proposed the parties engage in mediation in a draft of this statement exchanged today. ESET's counsel has not yet had an opportunity to discuss that suggestion with its client. ESET's counsel will provide an update at the status conference.

Dated: January 20, 2023       Respectfully Submitted,

               By:   */s/ Roger A. Denning*
                  Juanita Brooks, brooks@fr.com
                  Roger A. Denning, denning@fr.com
                  Jason W. Wolff, wolff@fr.com
                  Michael A. Amon, amon@fr.com
                  K. Nicole Williams, nwilliams@fr.com
                  FISH & RICHARDSON P.C.
                  12860 El Camino Real, Suite 400
                  San Diego, CA 92130
                  Tel: (858) 678-5070 / Fax: (858) 678-5099

                  Lawrence Jarvis (*pro hac vice*)
                  jarvis@fr.com
                  FISH & RICHARDSON P.C.
                  1180 Peachtree St., NE
                  21st Floor
                  Atlanta, GA 30309
                  Tel: (404) 891-5005
                  Fax: (404) 892-5002

                  Attorneys for Plaintiff & Counter-Defendant Finjan LLC

Dated: January 20, 2023       Respectfully Submitted,

               By:   */s/ Nicola A. Pisano*
                  Nicola A. Pisano (SBN 151282)

13
JT STATEMENT RE STATUS HEARING
Case No. 17-cv-0183 CAB (BGS)

| | |
|---|---|
| 1 | NicolaPisano@eversheds-sutherland.com |
| 2 | Jose L. Patiño (SBN 149568) |
| | JosePatino@eversheds-sutherland.com |
| 3 | Justin E. Gray (SBN 282452) |
| 4 | JustinGray@eversheds-sutherland.com |
| | Scott A. Penner (SBN 253716) |
| 5 | ScottPenner@eversheds-sutherland.com |
| 6 | EVERSHEDS SUTHERLAND (US) LLP |
| | 12255 El Camino Real, Suite 100 |
| 7 | San Diego, California 92130 |
| 8 | Tel:(858) 252-6502 |
| | Fax: (858) 252-6503 |

Attorneys for Defendants & Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

## ECF ATTESTATION

I, Roger Denning, am the ECF User whose identification and password are being used to electronically file this JOINT STATEMENT RE STATUS HEARING. In accordance with the Electronic Case Filing Administrative Policies and Procedures Manual 2(f)(4), concurrence in and authorization of the filing of this document has been obtained from the counsel for defendants, and Fish & Richardson P.C. shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 20, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Roger A. Denning*
Roger A. Denning