UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, LLC., <br>                                   Plaintiff, <br> v. <br> ESET, LLC and ESET SPOL. SR.O., <br>                                   Defendant. | Case No.:  17-cv-183-CAB-BGS <br><br> **ORDER REGARDING FEBRUARY 10, 2023 STATUS REPORT** <br><br> [ECF 891] |

On February 10, 2023, the parties filed a Joint Status Report. (ECF 891.) The Status Report indicates the parties have met and conferred regarding discovery disputes and whether the Court's April 20, 2021 Order (ECF 873) resolved those disputes. (ECF 891 at 1.) The parties identify three disputes that were discussed.

**1. Issue Number One – Interrogatory Nos. 24 and 25**

The parties agree that the first dispute identified, responses to ESET's Interrogatory Nos. 24 and 25, is resolved. The parties agree that Finjan need not respond to Interrogatory No. 24 and will supplement its response to Interrogatory No. 25.

**2. Issue Number Two – Finjan's Supplemental Privilege Log**

The parties disagree about whether the second dispute, the sufficiency of Finjan's Supplemental Privilege Log, was resolved by the Court's April 20, 2021 Order.

Finjan argues the Court's narrowing of ESET's document requests in the April 20, 2021 Order and by Finjan's subsequent search in compliance with that Order resolved the dispute. However, Finjan indicates that to the extent ESET continues to take issue with

the "to" and "from" fields, Finjan is amendable to meeting and conferring further on the issue.

ESET maintains that Finjan's privilege log remains deficient, citing as examples the "From/Author" and "To" columns and the lack of identification of which individuals listed are attorneys. However, ESET does not address Finjan's position that the Court's narrowing of the RFP's in the April 20, 2021 Order resolved this dispute. ESET requests to brief this dispute.

Based on the information provided by the parties, it would appear that even if Finjan's Supplemental Privilege Log were deficient in some respect, it would only be required to supplement the Supplemental Privilege Log to correct deficiencies as to documents responsive to the Court's narrowed version of the RFPs in compliance with the Court's April 20, 2021 Order. If there is nothing responsive, there is no need to update the Supplemental Privileg Log. However, given the minimal information provided and ESET not addressing the impact of the April 20, 2021 Order on the Supplemental Privilege Log other than asserting the Order does not resolve the dispute, the Court ORDERS the parties to meet and confer on this issue on or before **February 24, 2023**. If they are unable to resolve it, they shall follow the Chambers Rules to raise it as a discovery dispute no later than March 9, 2023.

**3. Issue Number Three – Valuation Documents as to Potential Acquirers**

The parties also disagree about whether the third dispute was resolved by the Court's April 20, 2021 Order. The parties seem to agree that the Court's narrowing of relevant documents in the April 20, 2021 Order would also apply to document requests seeking the same as to other potential acquirers of Finjan. However, Finjan asserts that ESET has not propounded document requests that cover the valuation documents shared with other potential acquirers of Finjan other than Fortress. In short, it is Finjan's position that regardless of the narrowed scope, there can be no dispute on these documents because ESET never asked for them. Finjan indicates the parties will continue to meet an confer regarding this dispute and ESET requests to file briefing.

This dispute was raised with the Court on February 26, 2021. (ECF 858.) However, the Court delayed consideration of it until after its ruling on the acquisition documents as to Fortress because it appeared it might become moot after the Court's ruling. (*Id.*) The Court's expectation was that any decision on the scope of relevant discovery as to the '305 patent and acquisition documents would apply to any similar requests as to other potential acquirers. In short, if narrowed, Finjan might not have any responsive documents as to other potential acquirers of Finjan either.

Given the status of this case, the Court is not inclined to resolve a dispute regarding whether ESET's documents requests cover potential acquirers other than Fortress when there might not be any responsive documents given the Court's detailed Order narrowing the proper scope of discovery on this topic. Without ruling on Finjan's challenge as to what ESET's requests actually cover, the Court tentatively orders Finjan to search for documents within the Court's narrowed scope as to potential acquirers of Finjan and determine if they possess any responsive documents. If not, they should so indicate to ESET. If they do and there is any dispute remaining between the parties after meeting and conferring, they should follow the Chambers Rules to raise it as a discovery dispute no later than March 9, 2023.

To the extent Finjan does not accept this tentative decision to resolve this dispute, they must meet and confer with ESET on or before **February 24, 2023**. If they are unable to resolve it, they shall follow the Chambers Rules to raise it as a discovery dispute no later than March 9, 2023.

**IT IS SO ORDERED.**

Dated:  February 17, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge