NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
    JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
    JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC, <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC, et al., <br><br> Defendants. | Case No. 3:17-cv-0183-CAB-BGS <br><br> **REQUEST FOR LEAVE TO FILE MOTION TO EXCLUDE PLAINTIFF'S EXPERT DR. BIMS AND STRIKE EXPERT REPORT** <br><br> Judge:   Hon. Cathy Ann Bencivengo |
| AND RELATED COUNTERCLAIMS. | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

17cv0183

48466048.3

1    Pursuant to the Court's authorization in the Scheduling Order (D.I. 883), ESET, LLC and ESET, spol. s.r.o. (collectively, "ESET") make this proffer for leave to file a motion to exclude the testimony of Dr. Harry Bims, and to strike his expert report for violation of the Protective Order entered in this case.  D.I. 146-4, 206.

A protective order is designed "to prevent harm by limiting disclosure of relevant and necessary information.'"  *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1532 (9th Cir. 1992) (citation omitted).  Here, Finjan's counsel provided Dr. Bims, Finjan's purported tutorial expert, access to ESET's confidential information embodied in the confidential expert reports of Finjan's other experts, notwithstanding that Dr. Bims had never agreed to be bound by the Protective Order.

While Dr. Bims claimed to have authored his expert report, he conceded at trial that his report was co-authored by Finjan's counsel.  Dr. Bims's expert report is replete with ESET's non-public information, and copies verbatim – typographical errors and all – from reports of Finjan's other experts, who cited and relied upon ESET's highly confidential material, including source code.  Given that Dr. Bims's purported opinions are contaminated with ESET confidential information transmitted (at least) by the extensive copying by Finjan attorneys, it would be unduly prejudicial to ESET to permit Dr. Bims to testify at trial.  Dr. Bims should not be permitted to *endorse* testimony of other Finjan experts, under the guise of a "tutorial," where his opinions rely on Finjan's attorneys' violation of the Protective Order.  Instead, his unauthorized exposure to ESET's highly confidential information should preclude him from offering any opinions on behalf of Finjan.

Dr. Bims's testimony came early in Finjan's case and Finjan represented to the jury that it was a "tutorial … about network security and how it works at a high level[.]" Trial Tr. (Mar. 11, 2020) at 259:16-17.  Dr. Bims testified that his tutorial was based on his knowledge and experience, and he had not had access to Finjan's other experts' opinions.  Dr. Bims, who did not sign an undertaking under the Protective Order, told the jury he was restricting his testimony to publicly available information and his experience.

48466048.3

*Id.* at 267:22-268:1; 268:10-15.  But Dr. Bims's testimony incorporated opinions developed by Finjan's myriad experts that were based on ESET's highly confidential information, including source code.  As a seemingly "neutral" tutorial expert, Dr. Bims appeared to validate disputed opinions to be offered later by Finjan's experts based on their review of ESET's confidential information.  The only explanation how Dr. Bims was able to testify about those concepts – when he confirmed that he had not reviewed any of Finjan's other expert reports that were highly confidential – is that Finjan's attorneys wrote those sections of Dr. Bims's report and told him what to say.  *Id.* at 265:7-13; 268:16-269:18; 281:7-15.  Hence, Dr. Bims was able to mouth words and concepts contained in Finjan's disputed expert opinions as part of a purported "tutorial" on "network security and how it works at a high level."

ESET's cross-examination of Dr. Bims walked the jury through many (but not all) of the word-for-word similarities in the non-confidential report of Dr. Bims and the highly confidential reports of Finjan's other experts.  Indeed, ESET demonstrated that many portions of Dr. Bims's report were directly imported from Finjan's other experts' confidential expert reports.  *Id.* at 269:19-272:3; 275:9-280:20.  Even the typographical errors were faithfully transcribed into Dr. Bims's report.  *Id.* at 276:2-23; 280:9-14.

At a side bar during Dr. Bims's cross-examination, the Court expressed concern about exposing the jury to Finjan's violation of the Protective Order, and said that issue would be addressed at another time, outside the presence of the jury.  *Id.* at 272:16-274:3.  That time has arrived.  ESET's proposed motion will document extensive violations of the Protective Order, including 19 distinct paragraphs in Dr. Bims's report that were copied from highly confidential reports.  One particularly egregious example copied language from a Finjan expert report based on source code that reveals how ESET generates DNA as part of its proprietary processes.  On Day 2 of trial, it simply was not possible to engage in a full exposition how Dr. Bims's testimony, purportedly about network security generally, was tailored based upon his exposure to ESET's crown jewels.  That testimony also unfairly advantaged Finjan by requiring ESET to bring forth

to Day 2 of trial a focus on Finjan's forthcoming expert testimony later in the case, stripped of its context and the formidable forthcoming impeachment. Because Finjan's lawyers just wrote what Dr. Bims was supposed to say, Dr. Bims also was insulated from impeachment on opinions developed by Finjan's other experts.

This undue prejudice, and rank violation of the Protective Order, is simply unjustified given the lack of value to the trier of fact of Dr. Bims's testimony. Dr. Bims does not address infringement or validity, nor did he review the Claim Construction Order. *Id.* at 263:6-17. Dr. Bims did not opine that Finjan invented any aspect of network security, and was unaware whether the asserted claims reflected approaches to malware detection already known in network security. *Id.* at 263:18-264:11. And although Dr. Bims's report identifies over 30 ESET products, he did not test any of them. *Id.* at 264:12-266:18. He also did not know whether the 14 publicly available ESET documents Finjan's counsel provided to him addressed relevant matters in the case, for example whether the documents related solely to products sold after the expiration of the patents. *Id.* Nor could he explain how ESET's 2020 documents could even be a "general network tutorial," when the patents date from the 1990's. Indeed, during redirect, Finjan's counsel had to "represent" to Dr. Bims the timing of the documents because he himself had not performed the analysis as part of his report. *See id.* at 282:9-18. All of Dr. Bims's testimony touching on ESET's products based on copied confidential material he did not review, or impertinent publicly available ESET materials limited to 14 documents, is suspect, misinformed, misleading, not appropriate for a "tutorial" and unduly prejudicial. "Rule 37(b) of the Federal Rules of Civil Procedure provides that the court in which an action is pending may prohibit a party from introducing designated evidence as a sanction for failure to comply with a discovery order." *Mathews v. Traverse (In re Pappas)*, No. 91-16905, 91-16906, 1994 U.S. App. LEXIS 8881, at *4 (9th Cir. Apr. 13, 1994). Finjan violated the Protective Order and sought to admit improper testimony through Dr. Bims. ESET respectfully requests leave to move to exclude Dr. Bims and strike his report.

| | | |
|---|---|---|
| 1 | Dated: March 17, 2023 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

/s/ *Jose L. Patiño*
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
TELEPHONE:   858.252.6502
FACSIMILE:   858.252.6503

Attorneys for Defendants and Counter-Plaintiffs ESET, LLC and ESET, SPOL. S.R.O.

48466048.3