UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, LLC., <br><br> Plaintiff, <br><br> v. <br><br> ESET, LLC and ESET SPOL. SR.O., <br><br> Defendants. | Case No.: 17-cv-183-CAB-BGS <br><br> **ORDER ON JOINT STATEMENT REGARDING FURTHER RELIEF REGARDING RFPS 222, 226, AND 227** <br><br> [ECF 903] |

The parties have filed a Joint Statement to address a discovery dispute regarding ESET's RFPs 222, 226, and 227. (ECF 903.) These RFPs were addressed, along with eight others, in an April 20, 2021 Order. (ECF 873.) As detailed below, ESET requests the Court order numerous additional productions from Finjan, a three-hour deposition of Finjan Holdings Executive Chairman, and supplemental responses to three different RFPs. (ECF 903 at 2-6.[1]) Finjan is opposed and argues these requests are a fishing expedition seeking to expand the scope of discovery allowed in the Court's April 20, 2021 Order and an attempt to slow the Court's schedule. (ECF 903 at 7-11.) For the reasons set forth below, ESET's requests are **DENIED**.

---

[1] The Court cites the electronic CM/ECF pagination for citations to the parties' briefing.

## I. BACKGROUND[2]

### A. April 20, 2021 Order

On April 20, 2021, the Court issued an Order addressing ESET's motion to compel Finjan to produce documents in response to eleven RFPs. (ECF 873.) The Court briefly summarizes it here for the context of the current dispute. The discovery addressed in the April 20, 2021 Order related to the acquisition of Finjan Holdings, Inc. by Fortress Investment Group ("Fortress") on July 24, 2020 for $ 43.9 million. (*Id.* at 2.) As the Court's Order explained, ESET argued valuation documents were relevant to the calculation of a reasonable royalty. (*Id.* at 12.) The Court addressed both whether the RFPs were within the scope of discovery allowed at that time—limited to the '305 patent—and whether the discovery sought was relevant and proportional to the needs of the case. (*Id.* at 4-6 (Finding RFPs were not limited to '305 and had to be narrowed), 7-25 (narrowing based on relevance and proportionality).)

The three RFPs at issue in this dispute, RFPs 222, 226, and 227, were addressed with three other RFPs in a section addressing valuation documents. (*Id.* at 9-18.) As explained below, the Court narrowed the following RFPs:

> RFP 222:
> All Communications between Finjan, Inc. or Finjan Holdings, Inc. and Fortress Investment Group LLC regarding any valuation of the Patents-in-Suit or the Finjan patent portfolio as a whole.
>
> RFP 226:
> All Communications between Finjan, Inc. or Finjan Holdings, Inc. and Fortress Group LLC regarding any valuation assigned to the Patents-in-Suit.
>
> RFP 227:
> All Documents pertaining to any purchase price allocations associated with the acquisition of Finjan by Fortress Investment Group LLC.

---

[2] The Court only briefly addresses the background of this dispute given the narrow issues raised.

(*Id.* at 10-11.)

The Court will not repeat and does not alter the rather lengthy analysis provided in the April 20, 2021 Order. The Court notes only that after considering the relevance of valuation documents and considerations of proportionality, the Court found "valuations of the '305 or patents sold with it and documents allocating the acquisition price among the patents are relevant." (*Id.* at 17.) The Court limited the RFPs "to documents assigning a value to a patent conveyed in the acquisition or indicating an allocation among them." (*Id.* at 17-18.) The Court clarified this would include a communication or document that compared the value of the patents. (*Id.* at 18.) The Court also explained that "communications or documents that only relate to or regard valuations are overbroad and not proportional." (*Id.* at 18.)

In addressing other RFPs associated with valuations, the Court explained that valuations of Finjan's claims in litigation or against ESET specifically, were not relevant to the calculation of a reasonable royalty based on a hypothetical negotiation—the only basis argued for purposes of relevancy. (*Id.* at 18.)

Assuming Finjan had any responsive documents after the Court's narrowing of these and the other RFPs, Finjan was to provide the responsive documents to the Court for *in camera* review along with the Non-Disclosure Agreement and Common Interest Agreement. (*Id.* at 24.[3]) The parties were not required to take this step at the time the Order was issued because the case had been stayed, but they were instead required to provide an update to the Court on the status seven days after the stay was lifted. (*Id.* at

---

[3] ESET asserts that "[n]either the Court nor ESET anticipated that Finjan would interpret the Order so that nothing in Finjan's possession, custody, or control would be responsive." (ECF 903 at 2.) The Court expected Finjan would search for documents responsive to the Court's narrowed version of these RFPs based on the Court's Order, as it has. (Decl. of Nicole Williams ("Williams Decl.") [ECF 903-7] ¶ 3.) The Court had no expectation whether Finjan would or would not have responsive documents following the Court's narrowing.

3

25.) The parties provided the required status regarding this and other associated disputes. (ECF 888, 891.)

### B. Discovery Conference

The Court held a discovery conference with counsel for the parties on March 8, 2023 in an effort to resolve this dispute without further Court intervention, including asking Finjan to conduct further searches to address ESET's concerns about the lack of responsive documents. (ECF 896.) However, the Court did not alter the April 20, 2021 Order. The Court clarified that a document or communication valuing the overall patent portfolio would fall within the scope of the Court's April 20, 2021 Order and requested Finjan include this within its searches. The Court also requested Finjan determine if it could obtain and review the documents exchanged between Atlas and Fortress for documents that fell within the scope of the Court's April 20, 2021 Order. (ECF 896.) Because Finjan was able to do so, (Williams Decl. ¶ 3), the Court did not need to resolve whether documents or communications in Atlas' possession, rather than Finjan's, fell within the scope of these RFPs based on Atlas being an agent of Finjan. Finjan searched as the Court requested. (*Id.*)

## II. DISCUSSION

ESET requests the Court order Finjan to: (1) produce the supporting documentation for the "intangible assets" line items in the balance sheets of Exhibits 3 and 4; (2) identify ESET in a Licensing Pipeline document and produce supporting documentation for that valuation; (3) confirm the existence of the data room employed during Fortress' diligence, and provide a directory of the valuation materials stored therein; (4) permit ESET to request a limited set of files identified as responsive to their request #3; (5) require Finjan to supplement its responses to RFP Nos. 24, 30, and 148; and (6) order a three-hour deposition of Mr. Phil Harstein, the Executive Chairman of Finjan Holdings. (ECF 903 at 5-6.)

///

///

### A. Request Numbers 1 and 5

#### 1. Request Number 1

ESET argues it is entitled to production of Finjan's internal accounting records associated with the "intangible assets" line items on Exhibits 3 and 4 because they would allocate a portion of those amounts to the portfolio asserted against ESET. (*Id.* at 4.) ESET then asserts those documents must have been shared with Fortress via Finjan's data room and Finjan's assertion otherwise is implausible. (*Id.* at 5.) Finjan argues first that this request is outside the scope of the Court's April 20, 2021 Order because the documents sought were not exchanged with Fortress and the Court did not expand its Order to include internal Finjan valuations of the '305 patent or patent portfolios wholly disconnected from the Fortress transaction. (*Id.* at 7-8.) Second, Finjan argues these documents need not be produced because ESET has had access to the documents they seek for six years. (*Id.* at 9-10.)

The Court need not reach the second basis asserted by Finjan because the Court agrees that Finjan's internal accounting documents underlying these line items are not within the scope of the Court's April 20, 2021 Order. As noted above, RFPs 222 and 226 seek "[c]ommunications between Finjan Inc or Finjan Holdings, Inc. and Fortress Investment Group LLC." Finjan has indicated to the Court that the documents underlying these line items were not exchanged with Fortress. Accordingly, they are not within the scope of the RFPs 222 and 226. RFP 227 seeks "[a]ll documents pertaining to any purchase price allocations associated with the acquisition of Finjan by Fortress Investment Group LLC." Even as originally propounded, these underlying internal Finjan documents are not within the scope of RFP 227 because, they would not "pertain[] to any purchase price allocations associated with the acquisition of Finjan by Fortress Investment Group LLC." They would have to be both associated with the acquisition and connect to the purchase price. Additionally, the Court's April 20, 2021 Order further limited the scope of the RFPs addressed in that Order, including RFP 227. Specifically, the Court found "[c]ommunications or documents that only relate to or regard valuations

are overbroad and not proportional." Even if the internal underlying documents sought here had some relation to some sort of valuation, they are to beyond the scope of the Court's April 20, 2021 Order.

### 2. Request Number 5

ESET's fifth request relates to its first. (ECF 903 at 4.) ESET seek an order requiring Finjan to supplement its responses to RFP Nos. 24, 30, and 148. (ECF 903 at 4.) When faced with Finjan's assertion that the above underlying internal records as to the intangible assets line items were not exchanged with Fortress, ESET argues these records are responsive to "other ESET RFPs, such as RFP Nos. 24, 30, and 148." (*Id.* at 4.) Those RFPs are listed in a footnote. (ECF 903 at 4 n.4.) Finjan asserts that this issue was "raised for the first time in this joint statement, rather than prior to the close of fact discovery in February 2021" and that these RFPs are not limited to the '305 patent. Finjan also points out that it previously produced valuation documents in response to these RFPs. (*Id.* at 8-9.)

As an initial matter, the Court could deny this request because ESET raised it for the first time in the Joint Statement. Not only does it violate ESET's obligation to meet and confer and attempt to resolve this dispute without Court intervention, but it also violates the undersigned's Chambers Rules which require the parties to meet and confer and raise disputes with the Court through specific procedures the parties in this case are familiar with. However, given the need to move this case forward, the Court briefly addresses this request.

Federal Rule of Civil Procedure 26(e) governs supplementing discovery responses. Subsection (1) of that Rule states:

> A party who has … responded to an interrogatory, request for production, or request for admission…must supplement or correct its … response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

"Under Rule 26(e), parties have an ongoing obligation to continuously supplement their discovery responses. That obligation is in no way limited by the discovery deadlines imposed by the Court's Scheduling Order pursuant to Rule 16." *Harper v. City of Dallas*, No. 3:14-cv-2647-M, 2017 WL 3674830 *16, (N.D. Tex. Aug. 25, 2017) (quoting *United States v. State of La.*, No. CV 11-470-JWD-RLB, 2015 WL 5595630, at *1 (M.D. La. Sept. 21, 2015)); *see also* Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment.

Here, it is not clear that Finjan's prior responses to these RFPs are "in some material respect … incomplete or incorrect" as they would have to be to require a supplemental response. Rule 26(e)(1)(A) ("*if* the party learns that in some material respect the …response is incomplete or incorrect") (emphasis added). Finjan notes that it has produced valuation documents requested in these RFPs as well as additional documents. (ECF 903 at 8.) The production of additional documents also brings into question whether "the additional or corrective information has not otherwise been made known to [ESET]." Rule 26(e)(1)(A)(Requiring supplement when incomplete or incorrect "*and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.) (emphasis added). Accordingly, the Court is not persuaded that it should order Finjan to provide supplemental responses to these other RFPs when ESET only raised this issue with Finjan in the filing of this Joint Motion, without meeting and conferring, and without any explanation for the Court as to what was previously produced, how it is now "incomplete or incorrect," or if "additional or corrective information" has been provided to ESET. Both parties must comply with their obligations under Rule 26(e), but no specific order to Finjan is warranted here.

B.  **Request Number 2**

ESET argues the Court should require Finjan to identify ESET in a Licensing Pipeline document and produce supporting documentation for that valuation. ESET

argues the Licensing Pipeline "shows income Finjan expected to receive from its ongoing litigations seeking to monetize its patent portfolios, including the portfolio with the '305 patent." (ECF 903 at 5.) ESET notes the companies associated with the estimated income are not identified and asserts this and more had to be communicated to Fortress through the data room employed during the Finjan Holdings purchase. (*Id.* at 5.) Finjan again argues these documents falls outside the scope permitted by the Order because the documents requested were not shared with Fortress and did not allocate the purchase price associated with the acquisition. (*Id.* at 10.) Finjan also notes this is beyond the scope of the Court's April 20, 2021 Order because the Court already found the value Finjan assigned to the ESET litigation is not relevant to the calculation of a reasonable royalty. (*Id.* at 10 (citing ECF 873 at 18).)

The Court agrees with Finjan as to both. First, in addressing a different RFP, the Court did find "the Court is not persuaded that valuations of its claims in all its litigations (RFP 230) or against ESET (RFP 231) are relevant to the calculation of a reasonable royalty." (ECF 873 at 18.) The Court explained that the further the requests were removed from the actual values of the patents conveyed, "the less relevant they are to the hypothetical negotiation, the basis argued for relevancy." (*Id.*) As ESET's own interpretation of the Licensing Pipeline document reflects, it shows income anticipated from litigation. That puts this request outside the scope of the Court's April 20, 2021 Order. Second, these underlying documents were not exchanged with Fortress and they are not an allocation of the acquisition price among the patents.

**C.     Request Numbers 3 and 4**

ESET requests the Court order Finjan to confirm the existence of a data room employed during Fortress' diligence process with a directory of the valuation materials stored in it (Request Number 3) and then requests ESET be allowed to request a limited set of files from that directory (Request Number 4). The basis for these requests appears to be that ESET does not believe Finjan's representations as to the searches it has conducted and ESET wants to search itself. As noted above, the Court has considered

ESET's counsel's declaration regarding his experience with similar acquisitions, including one with Fortress, and considered counsel's skepticism regarding the exchange of information regarding the value of patents. (Decl. of Nicola A. Pisano ("Pisano Decl.") ¶¶ 1-8.) The Court has also considered Finjan's counsel's explanation that this transaction was different from those ESET relies on because there were alternative ways to value the company that did not involve valuing the patents. (ECF 903 at 10.) What is more significant to the Court, however, is that Finjan has provided a declaration from counsel explaining the searches they have conducted:

> Between February and March 2023, counsel for Finjan (including myself) performed multiple good faith reviews of documents exchanged between Finjan and Fortress Investment Group, LLC ("Fortress") as well as documents exchanged between Atlas Technology Group LLC and Fortress. Counsel identified no documents valuing the '305 Patent, patents sold with it, or the overall patent portfolio, nor any documents allocating the purchase price of the acquisition among the patents. Out of an abundance of caution, Finjan produced three presentations that include balance sheets identifying a line item for "intangible assets."

(Williams Decl. ¶ 3.)

"A court cannot order a party to produce documents that do not exist." *MGM Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083 JAK (SSx), 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011) (collecting cases finding suspicions insufficient to justify a motion to compel). The Court recognizes that ESET's declaration is more substantial than attorney argument. However, here the Court has already ordered Finjan to search for documents responsive to its April 20, 2021 Order both in that Order and during the March 8, 2023 Discovery Conference when the Court requested Finjan attempt to obtain access to the Atlas documents. Finjan has also provided the declaration above attesting to the searches. Given the steps already taken, the Court is not persuaded that ESET must additionally be provided with access to directories and files for the data room for this acquisition to address its skepticism. The searches conducted by Finjan's counsel and attested to are sufficient.

### D. Request Number 6

ESET requests a three-hour deposition of Mr. Phil Harstein, the Executive Chairman of Finjan Holdings to confirm what valuation information was communicated to Fortress and how that information is reflected, if at all, in the purchase price. (ECF 903 at 6.) Finjan notes that none of the discovery pursued by ESET regarding these issues is testimonial and ESET could have, but did not, pursue it through a deposition of Mr. Harstein during fact discovery. (*Id.* at 9.)

As noted above (II.C), the Court has considered ESET's argument and declaration outlining why ESET believes there would have been documents exchanged with Fortress that valued the patents or allocated the acquisition price. However, like providing access to the data room and its directory or documents, ESET's skepticism does not necessitate the deposition of Mr. Harstein. Finjan's counsel has provided a declaration explaining their searches and indicated there are no responsive documents as a result of those searches.[4] A deposition is not warranted or proportional.

**IT IS SO ORDERED.**

Dated: April 3, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[4] The Court would add that, although the Atlas searches came after the Discovery Conference, Finjan's counsel made similar representations regarding the scope of its searches during the Discovery Conference with the Court.