NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:       858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>ESET, LLC, et al.,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '305 PATENT BASED ON COLLATERAL ESTOPPEL**<br><br>Judge:    Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

17cv0183

48696539.2

1       Pursuant to the Scheduling Order (D.I. 883), ESET, LLC and ESET, spol. s.r.o. ("ESET") make this proffer for leave to file a motion for summary judgment of invalidity of U.S. Patent No. 7,975,305 ("the '305 patent") based on collateral estoppel. The asserted claims of the '305 patent are invalid as indistinguishable from claims found unpatentable by the U.S. Patent and Trademark Office ("USPTO") during reexamination, which judgment was affirmed on appeal by the Federal Circuit. In addition, recent Federal Circuit jurisprudence, as set forth in *Google LLC v Hammond Dev. Int'l, Inc.*, 54 F.4th 1377 (Fed. Cir. 2022), demonstrates that courts can and should apply collateral estoppel principles to other claims and later patents that seek to "re-patent" inventions already adjudged to be unpatentable. The proposed motion, if granted, will streamline the case and preserve the Court's, parties', and jury's time and energy.

      In this litigation, Finjan's Third Amended Infringement Contentions, dated April 27, 2018, asserted claims 1, 2, 3, 4, 6, 7, 11, 21, 23, and 25 of the '305 patent. On July 2, 2018, the USPTO's Patent Trial and Appeal Board ("PTAB") affirmed an Office Action rejecting claims 1, 2, 5, and 13 of the '305 patent as obvious either over U.S. Patent No. 8,140,660 to Wells ("Wells") alone or over Wells in combination with U.S. Patent Publication No. 2005/0172338 to Sandu ("Sandu").[1] Finjan appealed the PTAB decision to the Federal Circuit, which affirmed the rejection on September 6, 2019.

      Pursuant to the Court's December 21, 2020 Order (D.I. 837), Finjan served Supplemental Infringement Contentions in which it withdrew the specific claims of the '305 patent adjudged unpatentable but continued to assert claims 3, 4, 6, 7, 11, 21, 23, and 25. However, as explained by the Federal Circuit in *Google,* 54 F.4th at 1381, collateral estoppel has a much broader reach. Under that doctrine, Finjan can only avoid preclusion on ***all*** asserted claims of the '305 patent if some material difference exists between the previously-invalidated '305 claims and those currently being asserted. *Id.* This Finjan cannot do, as no such material differences exist. Instead, asserted

---

[1] Ex parte reexamination was sought only on claims 1, 2, 5, and 13. The Patent Office did not analyze the patentability of claims 3, 4, 6, 7, 11, 21, 23, and 25 asserted here.

independent claim 25 is **identical** to invalidated claim 13, while the limitations of the dependent claims all had been determined by the USPTO to be immaterial. Collateral estoppel precludes Finjan from re-litigating the issue of validity for the asserted claims of the '305 patent.

In particular, asserted claim 25 is identical to previously invalidated claim 13. Asserted claims 3, 4, 6, 7, 11, 21, and 23 recite the scanning of common types of internet content such as HTTP, HTTPS, SMTP, and that of web browsers. For the reasons to be more fully set out in ESET's proposed motion, collateral estoppel precludes Finjan from opposing a judgment of the invalidity of these claims.

ESET's motion will not be the first time that Finjan has confronted a collateral estoppel motion for the '305 patent. In *Finjan LLC v. Qualys, Inc.*, No. 4:18-cv-07229-YGR (N.D. Cal.), Qualys, Inc. ("Qualys") brought a Rule 12(c) motion for judgment on the pleadings that Finjan was estopped from asserting claims 6-12, 14, and 17-25 of the '305 patent. *Qualys*, D.I. 124. After that motion was fully briefed, including a substantive opposition by Finjan (*Qualys*, D.I. 132) and reply (*Qualys*, D.I. 142), Finjan stipulated to dismissal of its claims based on the '305 patent **with prejudice**. *Qualys*, D.I. 148. Qualys's motion included a chart demonstrating that independent claim 25 is identical to invalidated claim 13, which is reproduced on the following page (*Qualys*, D.I. 124 at 8-9). Under *Google*, Finjan is estopped from alleging infringement of claim 25 because virtually identical claim 13 was finally adjudged invalid.

The dependent claims of the '305 patent asserted against ESET are directed to features indicated by the Patent Examiner and patentee to be routine and well known in the prior art. For example, claims 3 and 4 relate to DFA and NFA's, different types of finite automata. In the specification of the '305 patent, the patentee expressly stated "DFA and NFA are well known in the art of compilers, as finite-state machine engines for pattern matching." '305 patent at 11:20-21. Claims 6, 7, 11, 21, and 23 add nothing other than that the incoming content be specific to HTTP, HTTPS, POP3, or be destined for a web browser. In other words, the alleged invention of the independent claim

remains the same, but handles different types of incoming content. Those features cannot support patentability when combined with invalidated claims 1 and 13 from which they depend. Moreover, the Examiner noted in the Office Action dated September 5, 2008, at pages 3-5, and in every subsequent Office Action, that the additional features recited in dependent claims 3, 4, 6, 7, 11, 21, and 23 were well known in the prior art. *Id.* at 10. In responding to multiple rejections of the claims, Finjan neither challenged the Patent Examiner's position that the subject matter of the dependent claims was well known nor argued that the recitations of those claims independently supported patentability. *Id.* at 10-11. Instead, Finjan amended only the now-invalidated independent claims.

| Claim 13: A method for scanning content within a computer, comprising: | Claim 25: A computer-readable storage medium, the medium excluding signals, storing program code for causing a computer to perform the steps of: |
|---|---|
| receiving, at the computer, incoming content from the Internet on its destination to an Internet application; | receiving incoming content from the Internet on its destination to an Internet application; |
| selectively diverting, by the computer, the received incoming content from its intended destination; | selectively diverting the received incoming content from its intended destination; |
| scanning, by the computer, the selectively diverted incoming content to recognize potential computer exploits therewithin, based on a database of parser and analyzer rules corresponding to computer exploits, computer exploits being portions of program code that are malicious, wherein the parser and analyzer rules describe computer exploits as patterns of types of tokens, tokens being program code constructs, and types of tokens comprising a punctuation type, an identifier type and a function type; | scanning the selectively diverted incoming content to recognize potential exploits therewithin, based on a database of parser and analyzer rules corresponding to computer exploits, computer exploits being portions of program code that are malicious, wherein the parser and analyzer rules describe exploits as patterns of types of tokens, tokens being program code constructs, and types of tokens comprising a punctuation type, an identifier type and a function type; |
| and updating the database of parser and analyzer rules periodically to incorporate new behavioral rules that are made available. | and updating the database of parser and analyzer rules periodically to incorporate new parser and analyzer rules that are made available. |

As the issues to be decided are exclusively matters of law, ESET requests leave to file a motion for summary judgment that Finjan is collaterally estopped from asserting the claims of the '305 patent.

48696539.2

| | | |
|---|---|---|
| 1 | Dated: April 4, 2023 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
　　NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
　　JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
　　JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
　　ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:　858.252.6502
FACSIMILE:　858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

48696539.2