NICOLA A. PISANO, CA Bar No. 151282
NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: 858.252.6502
FACSIMILE: 858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>ESET, LLC, et al.,<br><br>Defendants. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**REPLY BRIEF IN SUPPORT OF ESET, LLC AND ESET, SPOL. S.R.O.'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT DR. BIMS AND STRIKE EXPERT REPORT**<br><br>Judge: Hon. Cathy Ann Bencivengo |
| AND RELATED COUNTERCLAIMS. | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Finjan's assertion that it does not intend to call Dr. Bims at trial based on a change of "heart" inspired by this Court's suggestion to streamline witnesses for trial at a status conference on January 26, 2023 is, at best, not credible, and at worst, subject to sanctions.

At the same January 26 telephonic status conference with the Court where Finjan apparently became inspired to drop Dr. Bims as a witness, the Court gave the parties a deadline of May 26, 2023 to file 3-page proffers on pretrial motions (other than motions *in limine*). *See* Scheduling Order, D.I. 883. In addition to advising the parties to thrift their witnesses for trial, as Finjan correctly recalls, the Court also took a special interest at the January 26 conference in the forthcoming 3-page proffer for Dr. Bims. The Court explicitly requested that ESET expedite the 3-pager for Dr. Bims as soon as practicable, and well before the May 26 deadline. Declaration of Scott A. Penner in Support of Reply Brief in Support of ESET, LLC and ESET, spol. s.r.o.'s Motion to Exclude Plaintiff's Expert Dr. Bims and Strike Expert Report ("Penner Decl.") at ¶ 3. Finjan was thus on notice since January 26 – more than three months ago – that the Court, in addition to ESET, was proceeding to work extensively on the Dr. Bims issue absent disclosure of an intent to withdraw Dr. Bims as a witness.

As requested by the Court, ESET filed its proffer to file a Motion to Exclude Dr. Bims and Strike Expert Report on March 17. *See* D.I. 897. The Court in turn studied the proffer and issued its Order granting leave for the requested motion regarding Dr. Bims on March 29. *See* D.I. 900. The Court ordered ESET to file its motion by April 7. *Id.* At no time prior to that filing did Finjan advise ESET that any such motion would be moot because Finjan would not be calling Dr. Bims. As such, ESET expended significant resources briefing the Motion to Exclude, and preparing associated pleadings, including a Motion to File Under Seal for the Court's consideration. *See* D.I. 910, 911. Nor did Finjan alert the Court that it need not spend time on the Motion to Seal because Finjan had decided to withdraw Dr. Bims as a witness. Instead, it spent the next two weeks drafting a 19-page "opposition" to the Motion, and its own motion to seal certain materials for the Court's consideration, filed on April 21. *See* D.I. 920, 921. Notably,

Finjan also filed a declaration from Dr. Bims (D.I. 921-2) on April 21, seeking to justify testimony that will now not proceed because, supposedly, "Finjan has taken to heart the Court's guidance given during the parties' January 26, 2023 teleconference to streamline the case" (D.I. 921 at 1:2-5).

Finjan has had ESET working with intensity on the question of Dr. Bims's trial testimony since January 26, and waited almost three months to disclose that it will not call Dr. Bims. Even then, it created more work for both ESET and the Court by failing to file a Statement of Non-Opposition or reaching out to ESET to negotiate taking the motion regarding Dr. Bims off-calendar. Sanctions are appropriate. 28 U.S.C. § 1927 ("Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (superseded by statute on other grounds)); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct."); *Id.* at 994 ("Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); *La Jolla MD, Inc. v. Avidas Pharms., LLC*, No. 17-cv-1124-MMA(WVG), 2019 U.S. Dist. 148721, at *11-14 (S.D. Cal. Aug. 30, 2019) (discussing the court's inherent power to impose fee-based sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose").

Moreover, and contrary to Finjan's representation that it is excluding Dr. Bims, Finjan has not withdrawn Dr. Bims's proposed testimony. Instead, on the same day that Finjan filed its concession to exclude Dr. Bims, it served a Supplemental Expert Report

of Nenad Medvidović regarding the '305 patent. Penner Decl. at Ex. 1 (Supplemental Medvidović Report). The Supplemental Medvidović Report copies extensive sections of the Report of Dr. Bims at length. For example, compare the referenced paragraphs below from the Supplemental Medvidović Report, attached as Exhibit 1 to the Bims Report (D.I. 911-4):

| Supp. Medvidović Report, Paragraph 45 | Bims Report, Paragraph 8 |
| --- | --- |
| **Computer Networks and High-Level Web Communication**<br><br>… A computer network is formed when computing devices, such as PCs, laptops, end user devices, or servers are linked together in an arrangement that facilitates communication among them. Regardless of the arrangement of computing devices, the devices need to identify each other and communicate with each other within the bounds of the computer network. All of this is done using a common language that is called a communication protocol, examples of which include Bluetooth, or WiFi. … | **Computer Networks and High-Level Web Communication**<br><br>A computer network is formed when computing devices, such as servers, PCs, laptops, and/or end user devices are linked together in an arrangement that allows them to communicate with each other. Regardless of the arrangement of computing devices, computing devices need to identify each other, and communicate with each other within the bounds of the computer network using a common language. This common language is called a communication protocol, such as Bluetooth, or WiFi. … |

Another example is the following:

| Supp. Medvidović Report, Paragraph 47 | Bims Report, Paragraph 10 |
| --- | --- |
| The underlying process that enable this communication requires the user to identify the unique name of the Internet server, along with the name of a file to be retrieved from the Internet server. For example, the text string http://www.aubonpain.com/menu | The underlying process that enable this communication requires the user to identify the unique name of the Internet server, along with the name of a file to be retrieved from the Internet server. For example, the text string http://www.starbucks.com/menu |

| | |
|---|---|
| identifies the unique name of the Internet server and the name of the file to be retrieved, as well as the language that will be used for this dialogue. This text string is called a Uniform Resource Locator (URL). Typically, the user enters the text string through a browser interface. | identifies the unique name of the Internet server and the name of the file to be retrieved, as well as the language that will be used for this dialogue. This text string is called a Uniform Resource Locator (URL), and is typically entered by a user through a browser interface. |

We also offer the following sections of the Report of Dr. Bims copied extensively into the Supplemental Report of Dr. Medvidović for the Court's consideration:

1. *Compare* Dr. Medvidović at ¶¶ 48-50 to Dr. Bims at ¶¶ 11-13.
2. *Compare* Dr. Medvidović at ¶¶ 51-52 to Dr. Bims at ¶ 14.
3. *Compare* Dr. Medvidović at ¶ 53 to Dr. Bims at ¶ 15.
4. *Compare* Dr. Medvidović at ¶¶ 55-57 to Dr. Bims at ¶ 17 (including same heading in bold, "**Secure Communications**").
5. *Compare* Dr. Medvidović at ¶¶ 58-63 to Dr. Bims at ¶¶ 18-23.
6. *Compare* Dr. Medvidović at ¶ 64 to Dr. Bims at ¶ 24 (including same heading in bold, "**Computer Network Security**").
7. *Compare* Dr. Medvidović at ¶¶ 65-68 to Dr. Bims at ¶¶ 25-27.
8. *Compare* Dr. Medvidović at ¶¶ 69-73 to Dr. Bims at ¶¶ 28-32.
9. *Compare* Dr. Medvidović at ¶ 74 to Dr. Bims at ¶ 37 (including same heading in bold, "**Viruses and Malware**").
10. *Compare* Dr. Medvidović at ¶¶ 76-80 to Dr. Bims at ¶¶ 38-41.
11. *Compare* Dr. Medvidović at ¶ 82 to Dr. Bims at ¶ 43.
12. *Compare* Dr. Medvidović at ¶ 87 to Dr. Bims at ¶ 50 (including same heading in bold, "**Databases**").

Finjan's attempt to introduce Dr. Bims's testimony through Dr. Medvidović seeks to circumvent the deadlines as to expert reports in this case. There is a pending motion for summary judgment on the '305 patent. The Court granted leave to file that pretrial

motion on the same day as ESET filed its 3-page proffer on the ’305 patent. *See* D.I. 907, 908. Should that motion be granted and the ’305 patent excluded from the forthcoming trial, the wholesale copying of Dr. Bims by Dr. Medvidović for purposes of the ’305 patent is not proper. As that material is not set forth in the Medvidović Report regarding the other patents-in-suit, that new matter is untimely and should be excluded. Fed. R. Civ. P. 26(a)(2)(D), 37(c)(1); *Elhouty v. Lincoln Ben. Life Co.*, 886 F.3d 752, 756-57 (9th Cir. 2018) (affirming the district court’s striking of plaintiff’s expert report, in part, due to missing the deadline for disclosure); *Quevado v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) (affirming a district court’s decision to disregard a late-filed expert report); *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183 (S.D. Cal. 2020) (striking plaintiff’s supplemental expert report for failure to comply with the disclosure deadline); *Allen v. Similasan Corp.*, 306 F.R.D. 635, 639-41 (S.D. Cal 2015) (striking the supplemental reports of two expert witnesses as untimely); *United States v. 14.3 Acres of Land*, No. 07-cv-886-W(NLS), 2009 U.S. Dist. LEXIS 7148 (S.D. Cal. Jan. 30, 2009) (striking two sets of expert designations and reports as untimely); *Cont’l Lab. Prods., Inc. v. Medax Int’l, Inc.*, 195 F.R.D. 675 (S.D. Cal. 2000) (granting defendant’s motion to strike two expert reports for failure to comply with the court’s scheduling order).

Even if the ’305 patent remains in the case, it would be improper for Dr. Medvidović to testify on new matter parroting an excluded expert who, in turn, parroted other testimony without a proper foundation. *See generally* D.I 911-1; *accord Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV 18-1882 JGB (SHKx), 2022 U.S. Dist. LEXIS 214145, at *66 (C.D. Cal. Aug. 2, 2022) (granting motion to exclude because the expert’s use of other expert opinions went “beyond background reliance” and was instead “parroting, which Rule 703 prohibits”); *In re Imperial Credit Indus. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003) (“The rules do not permit an expert to rely upon excerpts from opinions developed by another expert for purposes of litigation”); *see also Am. Key Corp. v. Cole Nat’l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) (“Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions

are in evidence or not."); *Deutz Corp. v. City Light & Power, Inc.*, No. 1:05-cv-3113-GET, 2008 U.S. Dist. LEXIS 110202, at *16-18 (N.D. Ga. Mar. 21, 2008) (excluding expert as unreliable because Rule 703 "does not permit an expert to simply parrot the opinions of other experts").

Moreover, how would ESET cross-examine the copying of an expert not before the jury, and who cannot attest to the jury the pilfered grounds for his testimony? The prejudice to ESET in this regard is not tenable. *See Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 613-14 (7th Cir. 2021) (barring an expert from offering testimony regarding work completed and conclusions reached by another expert, who is not offered for testimony and cross-examination at trial); *In re James Wilson Assocs.*, 965 F.2d 160, 173 (7th Cir. 1992) ("the judge must make sure that the expert isn't being used as a vehicle for circumventing the rules of evidence"); *Woods v. City of Hayward*, No. 19-cv-01350-JCS, 2021 U.S. Dist. LEXIS 169344, at *56-57 (N.D. Cal. Sept. 7, 2021) ("'Rule 703 … is not a license for an expert witness to simply parrot the opinions of non-testifying experts.' … The Court concludes that to the extent [the expert]'s opinions rest on [the non-testifying expert]'s test analysis, he would impermissible serve as a mouthpiece for a non-testifying expert." (quoting *Villagomes v. Lab'y Corp. of Am.*, No. 2:08-cv-00387-RLH-GWF, 2010 U.S. Dist. LEXIS 124185, at *12-13 (D. Nev. Nov. 8, 2010)); *Escamilla v. C.R. Bard Inc.*, No. SA-19-cv-01103-FB, 2021 U.S. Dist. LEXIS 160339, at *16 (W.D. Tex. Aug. 25, 2021) ("For the same reasons the Court has decided to strike the expert designation of Dr. LaDisa, the Court will also prohibit Dr. Feldstein from circumventing this ruling by incorporating all of Dr. LaDisa's opinions into his report. Although Plaintiff is correct that an expert may generally cite the conclusions of others in his field in offering his opinions, an expert may not parrot another expert's opinions and offer them as his own."); *Quiles v. Bradford-White Corp.*, No. 10-cv-747, 2012 U.S. Dist. LEXIS 54662, at *25-26 (N.D.N.Y. Apr. 18, 2012) ("An expert cannot simply parrot the findings of another arrived at in another context" because to "allow otherwise would deprive the opposing party of the opportunity to cross-examine the

expert on the basis of the non-testifying expert's opinion." (internal citations omitted)); *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004) ("Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system"). The Court should strike from the Supplemental Medvidović Report all matter copied from the Dr. Bims Report who is no longer a witness, and who is not subject to cross-examination.

For the foregoing reasons, the Court should issue an Order to Show Cause to Finjan as to sanctions for imposing extensive, wasted effort by ESET and the Court regarding the status of Dr. Bims as a witness. In addition, the Court should issue corrective rulings that preclude Finjan from introducing Dr. Bims's opinions via other experts incorporating those opinions via a Supplemental Report applicable only to one patent, and that is not subject to viable cross-examination because of the dropped witness.

Dated: April 28, 2023

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Jose L. Patiño*

NICOLA A. PISANO, CA Bar No. 151282
NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: 858.252.6502
FACSIMILE: 858.252.6503

Attorneys for Defendants and Counter-Plaintiffs ESET, LLC and ESET, SPOL. S.R.O.