Juanita R. Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
K. Nicole Williams (SBN 291900) nwilliams@fr.com
Megan A. Chacon (SBN 304912) chacon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff & Counter-Defendant
FINJAN LLC

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ESET, LLC and ESET SPOL. S.R.O., <br><br> Defendants. <br><br><br> AND RELATED COUNTERCLAIMS | Case No. 17-cv-0183 CAB (BGS) <br><br> **PLAINTIFF FINJAN LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE COLLATERAL ESTOPPEL** <br><br> District Judge: Hon. Cathy Ann Bencivengo <br> Magistrate Judge: Hon. Bernard G. Skomal |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................... 1

II. STATEMENT OF FACTS .................................................................................. 2

   A.   The '305 Patent ............................................................................................. 2

   B.   Proceedings Involving the '305 Patent ..................................................... 3

      1.   Reexamination Proceedings ................................................................ 3

      2.   Claim Construction for the '305 Patent .......................................... 5

III. LEGAL STANDARDS ..................................................................................... 7

   A.   Summary Judgment ..................................................................................... 7

   B.   Collateral Estoppel ...................................................................................... 7

IV. ARGUMENT ..................................................................................................... 8

   A.   ESET'S Fails to Meet its Burden of Demonstrating Element 1 of the Ninth Circuit Test .......................................................................................... 9

   B.   Material Disputes of Fact Regarding the Identicality Precluding Summary Judgment ...................................................................................................... 9

      1.   ESET's Arguments for Claims 1, 13, and 25 based on its Faulty Claim Construction Premise Fail to Support Summary Judgment ...................................................................................10

      2.   Material Disputes of Fact Exist as to the Identicality of Independent Claim 25 with Invalid Claims 1 and 13 .............................12

   C.   Material Disputes of Fact Exist as to the Identicality of the Asserted Dependent Claims ......................................................................13

   D.   ESET's Public Policy Argument is Irrelevant to the Burden of Demonstrating No Genuine Dispute of Material Fact .............................17

V. CONCLUSION ..................................................................................................18

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

5

*Anderson v. Liberty Lobby Inc.*,
477 U.S. 242 (1986)..............................................................7

6

7

*Armco, Inc. v. Cyclops Corp.*,
791 F.2d 147 (Fed. Cir. 1986)...............................................7

8

9

*Davis & Cox v. Summa Corp.*,
751 F.2d 1507 (9th Cir. 1985)...............................................8

10

*ESET, LLC et al. v. Finjan, Inc.*,
809 Fed.Appx. 1005 (Fed. Cir. 2020)............................1, 5

11

12

*Finjan LLC v. Qualys, Inc.*,
No. 4:18-cv-07229-YGR (N.D. Cal.) ....................................13

13

14

*In re Finjan, Inc.*,
777 Fed. Appx. 508 (Fed. Cir. 2019)....................................4

15

16

*First Nat'l Bank v. Cities Serv. Co.*,
391 U.S. 253 (1968)..............................................................7

17

18

*Hydranautics v. FilmTec Corp.*,
204 F.3d 880 (9th Cir. 2000)....................................8, 12, 13

19

20

*Massachusetts Eye & Ear Infirmary v. Novartis Ophthalmics, Inc.*,
199 F. App'x 960 (Fed. Cir. 2006) .........................................7

21

22

*Montana v. United States*,
440 U.S. 147 (2008)..............................................................17

23

24

*Northrop Corp. v. Triad Int'l Mktg. S.A.*,
842 F.2d 1154 (9th Cir. 1988)...............................................8

25

*Nuance Commc'ns, Inc. v. ABBYY USA Software House, Inc.*,
818 F.3d 1368 (2016)......................................................11, 12

26

27

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) ............................................7, 9

28

*Sovereign Software LLC v. Victoria's Secret Direct Brand Mgmt. LLC*,
    778 F.3d 1311 (Fed. Cir. 2015) ................................................................8, 14

**Statutes**

35 U.S.C. § 315(e) ...............................................................................................12

35 U.S.C. 315(e)(1) ..........................................................................................1, 5

35 U.S.C. § 282 ...................................................................................................18

**Other Authorities**

Fed. R. Civ. P. 12(c) ...........................................................................................13

Fed. R. Civ. P. 56...............................................................................................13

Fed. R. Civ. P. 56(a) .............................................................................................7

FINJAN'S OPP. TO MSJ RE COLLATERAL ESTOPPEL
Case No. 17-cv-0183 CAB (BGS)

# I.    INTRODUCTION

Defendants ESET, LLC and ESET SPOL. S.R.O.'s (collectively "ESET") motion for summary judgment (Doc. No. 916) should be denied. Disputed material facts exists as to the validity of U.S. Patent No. 7,975,305 (the "'305 Patent") asserted claims 6, 7, 11, 21, 23, and 25 (the "Asserted Claims"). ESET's motion glosses over these disputes. Instead ESET argues in conclusory fashion that it is undisputable that any differences between the Asserted Claims and three claims of the '305 Patent (claims 1, 5, and 13) found unpatentable during a 2016 ex parte reexamination proceeding before the U.S. Patent and Trademark office ("USPTO") are immaterial to patentability and thus collateral estoppel applies. Not so. What is undisputable, however, is that (1) after exhaustive review, the Examiner found a subset of the Asserted Claims (i.e., claims 6, 11, 25) patentable during a 2020 ex parte reexamination proceeding, and (2) the alleged invalidity of the Asserted Claims has not been litigated to final judgment in any previous proceeding.

What is also undisputable is ESET's own ex parte reexamination request (No. 90/014,535)—which it fails to mention—was denied as improper since ESET "is estopped under 35 U.S.C. 315(e)(1) from requesting reexamination of claims 3, 4, 7, 8, 10, 14-16, and 18-24 of U.S. Patent No. 7,975,305 on the grounds raised in the request." Exh. A (FINJAN-ESET 690660-675—USPTO Decision Sua Sponte Vacating Ex Parte Reexam. Request) at FINJAN-ESET 690662-663. The reason why ESET was estopped is due to the Patent Trial and Appeals Board (PTAB)'s Final Written Decision finding that ESET failed to prove that claims 1-25 are unpatentable in a 2017 *inter partes* review proceeding, which was subsequently affirmed by the Federal Circuit. *See* Exh. A at FINJAN-ESET 690665-666; *ESET, LLC et al. v. Finjan, Inc.*, 809 Fed.Appx. 1005 (Fed. Cir. 2020). As such, ESET's ability to challenge the Asserted Claims is limited.

Underpinning ESET's summary judgment motion are its faulty theories regarding claim construction. Namely, ESET mischaracterizes the record suggesting

Finjan purportedly waited for the '305 Patent to expire and then offered "new" claim construction positions for the terms "parser rules," "analyzer rules," and "rules-based scanner" under the narrower *Phillips*-standard for claim construction after the USPTO found claims 1, 2, 5, and 13 invalid in the first reexamination under the broadest reasonable interpretation (BRI) standard. ESET, however, fails to recognize that Finjan has been consistent in its claim construction positions for these terms, repeating the same statements and relying on the same supporting expert declarations in the 2020 second reexamination as in the 2016 first reexamination.  To the extent ESET has any grievance regarding the interpretation of these terms, ESET offers no explanation for why, despite being aware of Finjan's statements made during the 2016 reexamination, it chose not pursue construction of these terms during the 2017 claim construction phase of this case.

In any case, ESET's claim construction arguments do nothing to show a lack of material disputed facts here.  Quite the opposite is true.  The parties dispute whether there has been a final judgment on the merits of the Asserted Claims—which, there has not. The parties also dispute the identicality of the invalidity issues for claim 1, 5, and 13 presented in the first reexamination with those presented for the Asserted Claims here. These materials disputes of fact are critical to determining the application of collateral estoppel, and thus, ESET's motion for summary judgment should be denied.

## II.   STATEMENT OF FACTS

### A.   The '305 Patent

The '305 Patent is generally directed towards network security and, in particular, rule based scanning of web-based content for exploits. Doc. No. 1 at ¶ 18. One of the ways this is accomplished is by using parser and analyzer rules to describe computer exploits as patterns of types of tokens. *Id*. Additionally, the system provides a way to keep these rules updated. *Id*. The '305 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional

network security technology that was available at the time of filing of the '305 Patent and are more than just generic software components performing conventional activities. *Id.*

System claims 6, 7, and 11 depend from Independent claim 1, but present further limitations with respect to "the incoming content received from the Internet by said network interface" referenced in the independent claim or with respect to the identification of "the designation Internet application." Method claims 21 and 23 depend from Independent claim 13, and have similar limitations with respect further describing "the incoming content received from the Internet by said network interface" referenced in claim 13. Claim 11 and claim 23 recite similar limitations, whereas claim 21 differs from claims 6 and 7 in that it relates to SMPT content instead of HTTP or HTTPS content. Unlike the other Asserted Claims, claim 25 is an Independent claim. It is directed to a computer-readable storage medium, the medium including signals, that stores program code for a computer to conduct a series of steps to receive internet content, selectively divert that content, scan that content for malicious behavior using parser and analyzer rules, and updating a database of those rules for future identification.

### B. Proceedings Involving the '305 Patent

#### 1. Reexamination Proceedings

On December 11, 2015, Proofpoint, Inc. filed a reexamination request of the '305 Patent (the "first reexamination" (No. 90/013,660)), challenging the validity of Claims 1, 2, 5, and 13 (the "Reexamination Claims"). Exh. B (FINJAN-ESET 451603-604 (Req. for *Ex Parte* ReExam)). In evaluating the Reexamination Claims, the USPTO considered the Wells (US 8,140,660) and Sandu (US 2005/0172338 Al) prior art references. The Sandu reference was previously considered by the Examiner during prosecution of the '305 Patent. The USPTO issued a final rejection of the Reexamination Claims (and only the Reexamination Claims) on August 24, 2016, which the Patent Trials and Appeals Board ("PTAB") affirmed on July 2, 2018. *See*

Doc. No. 916-5 (PTAB Appeal No. 2017-010477, Ex. 2) at 35. Using the broadest reasonable construction standard, rather than the *Phillips* standard, the Patent Office found claims 1, 2, 5, and 13 of the '305 Patent were not patentable during the first reexamination. The Federal Circuit subsequently affirmed the PTAB's decision on September 6, 2019. *See In re Finjan, Inc.*, 777 Fed. Appx. 508 (Fed. Cir. 2019). With the appeal concluded, on September 6, 2019, the USPTO published the reexamination certificate for the '305 Patent, reflecting the August 24, 2016 invalidation of the Reexamination Claims (claims 1, 2, 5, and 13). Doc. No. 916-7 (2020-01-29 *Ex Parte* Reexamination Certificate). Asserted Claims 6, 7, 11, 21, 23, and 25 were ***not*** at issue in these proceedings.

Two additional reexamination requests were filed in 2020. The first, filed jointly on March 19, 2020 by third parties SonicWall and Rapid7 (the "second reexamination" (No. 90/014,477)), requested reexamination of claims **6**, 9, **11**, 12, 17, and **25** (asserted claims here bolded), based on the Wells (US Patent 8,140,660), Sandu (US Pub. No. 2005/0172338 Al), and/or Freund (US Patent 5,987,611) prior art references. *See* Doc. No. 916-8. Like the Sandu reference, the Freund reference was previously considered by the Examiner during original prosecution of the '305 Patent. After in depth review, the Examiner issued a notice of intent to issue a reexamination certificate for the '305 Patent on February 4, 2021 after applying the *Phillips* standard for construction of certain terms (e.g., "parser rules," "analyzer rules," and "rules based content scanner"). *See* Exh. C (FINJAN-ESET 690838-842 (*Ex Parte* Ntc. of Intent to Issue ReExam Cert.). Specifically, the Examiner found claims 6, 9, 11, 12, 17, and 25 distinguishable over the prior art (i.e., Sandu) given they recite parser rule and analyzer rules and found claims 6, 9, 11, and 12 distinguishable over Sandu, Wells, and Freund "because no functional equivalent or obvious realization of the claimed rule based content scanner appears to be disclosed in any of the references."

Peculiarly, ESET fails to tell the Court that it too attempted to invalidate certain

4

claims of the '305 Patent through a third reexamination request, filed on June 19, 2020. As part of its reexamination request, ESET requested reexamination of a partially overlapping group of the Asserted Claims here, specifically claims 7, 21, and 23, again based on the Wells, Sandu, and/or Freund prior art references. (Exh. D (BEY3016-18 (ESET Reexamination)). The third reexamination request was terminated via estoppel pursuant to 35 U.S.C. § 315(e)(1) given ESET's previous attempt and failure to invalidate the '305 Patent before the USPTO in *ESET, LLC and ESET spol s.r.o. v. Finjan, Inc.*, IPR2017-01738. Exh. A (FINJAN-ESET 690660-675—USPTO Decision Sua Sponte Vacating Ex Parte Reexam. Request) at FINJAN-ESET 690662-663. There ESET raised a similar claim construction arguments that the PTO rejected. *See id.* at FINJAN-ESET 690669-671.

Specifically, on July 31, 2018, the PTAB instituted review of claims 1-25 of the '305 Patent, challenging the claims as invalid based on anticipation and/or obviousness, while the first reexamination was on appeal. The PTAB held a full trial in its review of these claims and on January 24, 2019 issued its Final Written Decision determining that the prior art at issue (Chandani and—*again*—Freund) did not anticipate or render obvious any of the '305 Patent claims. The PTAB's decision was subsequently affirmed by the Federal Circuit. *See ESET, LLC v. Finjan, Inc.*, 809 Fed. Appx. 1005 (Fed. Cir. 2020).

Thus, there is no reexamination proceeding of record demonstrating the USPTO or the Federal Circuit have issued a final judgment of invalidity of asserted claims 6, 7, 11, 21, 23, and 25.

### 2. Claim Construction for the '305 Patent

ESET's motion makes much of purported "new" claim construction positions by Finjan with respect to the terms "parser rules," "analyzer rules," and "rules-based scanner." While incorrect that Finjan's positions are "new", a recitation of the claim construction history for the '305 Patent is warranted. Indeed, the alleged "new" claim construction positions date back to June 2016 before claim construction in this

1   litigation had even begun.

2          The arguments made in the second reexamination were originally made in the
3   first reexamination occurring during 2016. *See* Doc. No. 916-22 (Ex. 19, Decl. of Dr.
4   Nenad Medvidovic in Response to Non-Final Office Action for reexamination no.
5   90/013,660, signed June 13, 2016). Finjan's response in both the first reexamination
6   and the second reexamination was supported by the same 2016 declaration[1] of one of
7   Finjan's experts in the present litigation, Dr. Nenad Medvidovic. *Compare* Exh. E
8   (FINJAN-ESET 690856-949—(Response to Non-Final Office Action in Second
9   Reexamination) at 890-949 (citing Jun. 13, 2016 – Medvidovic Declaration)) at 949
10  *with* Exh. F (FINJAN-ESET 451166-243 – (Response to Non-Final Office Action in
11  First Reexamination) at 184-243 (citing same Jun. 13, 2016 Medvidovic Declaration))
12  at 60. Using the *Philips* standard following the expiration of the '305 Patent, the
13  examiner in the 2020 second reexamination agreed with Finjan's response which was
14  simply a repeat of Finjan's response during the 2016 first reexamination. *See, e.g.,*
15  Exh. C (FINJAN-ESET 690836-842) at FINJAN-ESET 690839.

16         The 2017 claim construction phase in this litigation overlapped with the first
17  reexamination and proceeded the second reexamination. Notably, the parties
18  exchanged constructions in May 2017 and ESET filed its responsive brief in August
19  2017. *See* Exh. G (2017-05-08 ESET's Preliminary Claim Constructions); Doc. No.
20  149 (ESET's Responsive Claim Construction Brief). Neither Finjan nor ESET raised
21  the terms "parser rule," "analyzer rule," or "rules-based scanner" for construction.
22  The Court issued its claim construction order on November 14, 2017. Doc. No. 195.
23  ESET did not raise a dispute regarding the above mentioned terms at any point after
24  the Court's claim construction order, after the second reexamination decision, or when

25

26  _____

27  [1] Finjan's reexamination counsel referred to the 2016 Medvidovic Declaration from
    the 2016 first reexamination as "Medvidovic Declaration I" during the 2020 second
28  reexamination.

1    the stay of this case pending ESET's IPR petition for the '305 Patent was lifted in

2    2021.

3    **III.   LEGAL STANDARDS**

4        **A.    Summary Judgment**

5        Summary judgment can only be granted if there is no genuine issue of material

6    fact and if no reasonable factfinder could return a verdict for the non-moving party.

7    Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In

8    assessing whether there are genuine issues of material fact, the Court must view all

9    evidence in the light "most favorable to the party opposing the motion," Finjan, and

10   must resolve any doubts in favor of the opponent. *Massachusetts Eye & Ear Infirmary*

11   *v. Novartis Ophthalmics, Inc.*, 199 F. App'x 960, 962 (Fed. Cir. 2006). ESET, as the

12   movant, bears the burden to establish both the absence of any genuine issue of

13   material fact and a legal entitlement to judgment. *See* Fed. R. Civ. P. 56(a); *Anderson*,

14   477 U.S. at 250. In order to defeat summary judgment, Finjan need only "point to an

15   evidentiary conflict created on the record." *Armco, Inc. v. Cyclops Corp*., 791 F.2d

16   147, 149 (Fed. Cir. 1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-289

17   (1968) ("[A]ll that is required is that sufficient evidence supporting the claimed

18   factual dispute be shown to require a jury or judge to resolve the parties' differing

19   versions of the truth at trial.").

20       **B.    Collateral Estoppel**

21       Issue preclusion (sometimes called collateral estoppel) bars relitigation of

22   issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue

23   necessarily decided at the previous proceeding is identical to the one which is sought

24   to be relitigated; (2) the first proceeding ended with a final judgment on the merits;

25   and (3) the party against whom collateral estoppel is asserted was a party or in privity

26   with a party at the first proceeding. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,

27   442 F.3d 741, 746 (9th Cir. 2006). With respect to the identicality element, in a patent

28   case, "[i]f the differences between the unadjudicated patent claims and adjudicated

patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Sovereign Software LLC v. Victoria's Secret Direct Brand Mgmt. LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) ("*Sovereign II*").

Regarding the final judgment element, the moving party "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (quoting *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997)). "If there is doubt, however, collateral estoppel will not be applied." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985), superseded by statute on other grounds as stated in *Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154 (9th Cir. 1988). Even where the requirements for collateral estoppel are met, the Court has discretion not to apply the doctrine. *Id*. at 1519

## IV.   ARGUMENT

Collateral estoppel does not apply here because the Asserted Claims have never been held invalid, nor has any judicial or administrative body evaluated their validity and determined they are invalid. In fact, the opposite occurred: the original examination resulted in the issuance of the Asserted Claims and each subsequent examination did not find the Asserted Claims unpatentable.

ESET's motion is principally based on the first reexamination, ignoring the entirety of the factual record, which demonstrates material disputes of fact. ESET's comparison of the subject matter of the asserted claims at issue here with those assessed during the first reexamination of the '305 Patent is misplaced as it fails to acknowledge the undisputable fact that the Patent Office found claims of the '305 Patent enforceable during the *Second* reexamination. ESET instead buries its head in the sand, insisting the Court assess its alleged collateral estoppel arguments solely based on the first reexamination. The difference in subject matter between the first and second reexaminations, and difference in outcome, alone present material disputes of fact regarding the scope of the prior art and scope of the asserted claims

here that preclude a summary judgment finding of collateral estoppel.  To the extent that ESET premises its summary judgment motion on the idea that Finjan is shifting its claim construction positions that too is faulty.

### A.    ESET'S Fails to Meet its Burden of Demonstrating Element 1 of the Ninth Circuit Test

ESET has failed to meet its burden to demonstrate that asserted claims 6, 7, 11, 21, 23, and 25 were subject to a first proceeding that ended with a final judgment on the merits.  Much like the rest of its motion, ESET's near sighted analysis focuses on the final judgment on the merits related to claims, 1, 2, 5, and 13 stemming from the first reexamination.  Claims **6**, 9, **11**, 12, 17, and **25** of the '305 Patent were challenged and found *patentable* by the USPTO in the second reexamination.  Neither the USPTO nor the Federal Circuit rendered a final judgment on the patentability of asserted claims 7, 21, and 23.  In a footnote, ESET admits, as it must, that "the Patent Office did not analyze patentability of claims 3, 4, 6, 7, 11, 23, and 25, asserted here." D.I. 916-1 ("ESET Br.") at 2, fn. 1.  In sum, ESET has not and cannot show a first proceeding ending with a final judgment on the merits of the asserted claims at issue here.

### B.    Material Disputes of Fact Regarding the Identicality Precluding Summary Judgment

The Court should deny ESET's motion for summary judgment of invalidity based on collateral estoppel as ESET cannot show that the issues decided during the first reexamination proceeding are identical to those sought to be litigated here for the Asserted Claims (claims 6, 7, 11, 21, 23, and 25). *See Rey's Pasta Bella, LLC*, 442 F.3d at 746.  ESET's motion fails because (1) it is rooted in faulty claim construction arguments; and (2) there are numerous disputed issues of fact with respect to the scope of the Asserted Claims as compared to those evaluated during the first reexamination and with respect to the prosecution history of the '305 Patent.

1

2

3

      1.     **ESET's Arguments for Claims 1, 13, and 25 based on its Faulty Claim Construction Premise Fail to Support Summary Judgment**

4

5

6

7

8

ESET's argument that Finjan "belatedly seeking to redefine its invention" and thus is collaterally estopped from litigating the validity of asserted claim 25 and asserted claims depending from claims 1 and 13 is wrong. Contrary to ESET's assertions, both the facts and the law weigh in Finjan's favor and against a finding of summary judgment.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Beginning with the facts, as discussed above, Finjan set forth its claim construction positions for the terms "parser rules," "analyzer rules," and "rules-based scanner" during the first reexamination in 2016 through its expert Dr. Nanad Medvidovic. *See* Doc. No. 916-22 (Ex. 19, Decl. of Dr. Nenad Medvidovic in Response to Non-Final Office Action for reexamination no. 90/013,660, signed June 13, 2016). Finjan set forth those constructions *again* during the second reexamination in a second nearly identical declaration by Dr. Medvidovic.[2] *Compare* Exh. E (FINJAN-ESET 690856-949 (Response to Non-Final Office Action in Second Reexamination) at 890-949 (citing Jun. 13, 2016 – Medvidovic Declaration)) at 949 *with* Exh. F (FINJAN-ESET 451166-243 (Response to Non-Final Office Action in First Reexamination) at 184-243 (citing same Jun. 13, 2016 Medvidovic Declaration)) at 60. And while ESET knows this—recognizing as much in its footnote 2—it proceeds to suggest incorrectly that Finjan's positions are nothing more than "concocted" attorney argument. *See* ESET Br. at 8:24-9:1, fn. 2. ESET cannot credibly allege that it was prejudiced or Finjan made "new" claim construction arguments during the second reexamination in 2020 when it simply repeated

25

26

27

28

---

[2] Finjan's reexamination counsel referred to the 2016 Medvidovic Declaration from the original '305 Patent reexamination as "Medvidovic Declaration I" during the second '305 Patent reexamination from 2020.

1  statements made in the first reexamination in 2016.

2  Nor should ESET be heard to complain about the plain and ordinary meaning

3  of "parser rule," "analyzer rule," and "rule-based scanner" now.  ESET insists the

4  onus was on Finjan to raise the terms "parser rule," "analyzer rule," and "rule-based

5  scanner" for construction here.  ESET further insists repeatedly—without support–

6  that, in December 2020, Finjan "concocted its redefinitions of the 'parser rules,'

7  'analyzer rules,' and 'rules-based scanner'" terms.  *See, e.g.*, ESET Br. at 5:19-21;

8  11:19-22.  Neither allegation, however, makes any sense as Finjan's position both

9  during the reexaminations and here has been that the terms do not require construction

10  and should be afforded their plain and ordinary meaning.  ESET, however, was aware

11  of Finjan's positions since 2016 and chose not to raise these terms for construction

12  either during the 2017 claim construction phase of this case or when the stay was

13  lifted on the '305 Patent in 2021.  ESET had multiple opportunities to raise these

14  claim constructions if it believed necessary but chose not to.  In that regard, Finjan

15  agrees with ESET that its opportunity to raise a dispute regarding the meaning of these

16  terms "has long since passed."[3]  *See* ESET Br. at 9:2-11.

17  Turning to the law, ESET missteps there as well.  ESET suggests that that the

18  Federal Circuit's *Nuance Commc'ns* decision is instructive of resolution of its Motion.

19  ESET Br. at 11:8-18.  ESET misapplies the Federal Circuit's decision here.  First, the

20  posture of this case is unlike Nuance, which was an appeal from a jury verdict of non-

21  infringement based on what Nuanced argued was an improper claim construction of

22  disputed limitations in the patent-at-issue.  *See Nuance Commc'ns, Inc. v. ABBYY*

23  *USA Software House, Inc.*, 818 F.3d 1368, 1370 (2016).  Second, unlike here, the term

24  at issue in Nuance was actually raised for construction in the first instance, construed,

25

26  _____

27  [3] To the extent ESET alleges any deficiencies regarding Finjan's January 6, 2021
Supplemental Infringement Contentions, there too the time to do so has long since
28  passed.  *See* ESET Br. at 6:3-6.

and a later dispute regarding the Court's construction arose. *See id*. at *1372-1373. As a result, Nuance argued that the district court failed to resolve the parties' claim construction dispute before trial in violation of *O2 Micro*. *Id.* at 1373. And this argument was subsequently rejected by the Federal Circuit. Here, Finjan did not previously and is not now asking the Court to construe the "parser terms," "analyzer terms," and "rules-based scanning" terms that *ESET now disputes*.

## 2. Material Disputes of Fact Exist as to the Identicality of Independent Claim 25 with Invalid Claims 1 and 13

A fulsome examination of the record shows materials issues of disputed fact exist regarding the identicality of claim 25 with invalid claims 1 and 13 that preclude summary judgment. It is ESET's burden to show with clarity and certainty that Finjan is collaterally estopped from asserting the validity of claim 25 in view of a prior final judgment. *See Hydranautics*, 204 F.3d at 885. ESET cannot make that showing here.

As an initial matter, there can be no dispute that the first reexamination did not include claim 25. ESET admits as much in its Motion. *See* ESET Br. at fn. 1. To the contrary, the USPTO in the second reexamination found claim 25 patentable. There can also be no dispute that ESET already tried and failed to invalidate claim 25 (and the other asserted claims here) at the USPTO. Nowhere to be found in ESET's Motion is any mention of the PTAB's Final Written Decision finding claim 25 (among others) enforceable as ESET failed to carry its burden of demonstrating invalidity by the lower IPR standard—a preponderance of the evidence. Importantly, and again unmentioned, the Federal Circuit affirmed the PTAB's decision. ESET also does not recognize that its failed efforts resulted in the USPTO's rejection of its request for reexamination of the very claims in dispute here based on statutory estoppel under 35 U.S.C. § 315(e).

Instead of showing how the PTAB or Federal Circuit got it wrong for claim 25 in view of the USPTO's first reexamination decision regarding claims 1 and 13, ESET

makes no effort to compare the substance of these claims in any meaningful way. Indeed, ESET piggybacks off of a chart prepared by Qualys in *Finjan LLC v. Qualys, Inc.*, No. 4:18-cv-07229-YGR (N.D. Cal.) comparing the limitations of claim 13 to claim 25.  *See* ESET Br. at 3:25-4:19. This bare bones comparison is far from sufficient from demonstrating no disputes of material fact exist as to the scope of claim 13 versus claim 25.  Rather, this chart was prepared in the context of a Rule 12(c) motion—a different standard than that compelled by Rule 56 here—and ESET makes no effort to explain how this chart satisfies the "clarity and certainty" required for a finding of collateral estoppel. *See Hydranautics*, 204 F.3d at 885.  Notably, ESET ignores that claim 13 and claim 25 are fundamentally different in that claim 13 is "[a] method for scanning content within a computer" whereas claim 25 is "[a] computer-readable storage medium excluding signals, storing program code for causing a computer to perform" certain steps.

ESET's bare assertion that claim 25 is "virtually identical" to claim 13 should be rejected.

## C.  Material Disputes of Fact Exist as to the Identicality of the Asserted Dependent Claims

ESET misapprehends both the law and the '305 Patent prosecution history in arguing claims 6, 7, 11, 21, and 23 are invalid based on collateral estoppel.  ESET asserts that "the USPTO already determined that the content of these claims was already well-known in the prior art and do not alone render the claims patentable." ESET Br. at 12.  ESET is wrong.

As an initial matter, ESET's position flies in the face of two indisputable facts—(1) after exhaustive prosecution the Examiner found claims 6, 7, 11, 21, and 23 patentable, and (2) the alleged invalidity of claims 6, 7, 11, 21, and 23 has not been litigated to final judgment in any previous proceeding.

ESET then misapplies the law by suggesting that the Court apply the Federal

1    Circuit's *Sovereign I* and *Sovereign II* decisions to this case.  ESET Br. at 12.  The

2    *Sovereign* facts, however, are distinguishable from those here.  In *Sovereign II*, the

3    Federal Circuit explained that it previously found claims 34 and 51 of the '314 Patent

4    and claims 17, 41, and 61 of the '492 Patent invalid based on obviousness.  *See*

5    *Sovereign II*, 778 F.3d at 1312. The Court was tasked with whether issue preclusion

6    should apply to claims 15 of the '492 Patent, amongst other claims, as a result of the

7    Court's previous determination.  *See id*. at 1314-1315. With respect to claim 15 of the

8    '492 Patent, the Court reasoned it was precluded given its dependent claim, claim 41,

9    was previously found invalid.  *See id*. at 1315 (citing *Calloway Golf Co. v. Acushnet*

10   *Co*., 576 F.3d 1331, 1344 (Fed. Cir. 2009) ("A broader independent claim cannot be

11   nonobvious where a dependent claim stemming from that independent claim is invalid

12   for obviousness.").)

13          Unlike *Sovereign II*, there is no instance here of a prior dependent claim being

14   held invalid that inherently renders any of the Asserted Claims invalid.  The *Sovereign*

15   *II* Court then evaluated whether claim 39 that depended from newly precluded claim

16   15 should also be precluded. *Id*. at 1319. The Court found claim 39 was also precluded

17   despite not previously being found obvious because the substance of claim 39 did not

18   materially alter the question of the validity of claim 39.  *Id*.  Notably, the Court relied

19   upon expert testimony in assessing claim 39, particularly a concession by the

20   patentee's expert that it did not invent the substance of claim 39 and that it was a

21   "routine incorporation of Internet technology." *Id*. at 1319-1320. Here, by contrast,

22   Finjan has not admitted that the dependent limitations of the Asserted Claims against

23   ESET are not inventive aspects of the claims or that they are routine. Importantly, the

24   procedural posture of *Sovereign II* is different from this case. The Federal Circuit had

25   the benefit of considering a full trial on the merits of the validity of the asserted claims,

26   including the presentation of expert testimony, in its assessment as to whether it could

27   apply collateral estoppel to Claim 39. Conversely, this case is in the middle of expert

28   discovery relating to the validity of the Asserted Claims, many of which were never

1    evaluated by the USPTO in the first or the second reexaminations.

2        ESET's assessment of the '305 Patent prosecution history is also wrong.  Each

3    of the rejections identified by ESET was contested and the independent claims from

4    which these claims depend were amended several times to place the claims in

5    condition for allowance. Exh. H (FINJAN-ESET 000745-756) at 754 (contesting

6    Freund discloses various limitations of the independent claims, e.g., "Freund does not

7    teach categorization of tokens into types, nor description of computer exploits in terms

8    of patterns of types of tokens."), Exh. I (FINJAN-ESET 000810-823) at 820

9    (disputing what Freund allegedly teaches, e.g., "[t]he claim invention, as amended,

10   scans for patterns of types of tokens, which is not disclosed in Freund."), Exh. J

11   (FINJAN-ESET 000847-860) at 855 (disagreeing with the Examiner's application of

12   the art and explaining how Freund is different, e.g., "Freund concerns monitoring

13   outbound access to the Internet, whereas the claimed invention concerns protection

14   from inbound computer exploits."), Exh. K (FINJAN-ESET 000992-1004)

15   (amending the claims and arguing that the prior art fails to disclose several elements

16   of the invention), Exh. L (FINJAN-ESET 001054-1076) (contesting that Freund

17   discloses numerous limitations including parser and analyzer rules).

18       ESET also incorrectly alleges that "Finjan only ever amended independent

19   claims 1 and 13 to support its arguments for patentability."  ESET Br. at 13:17-18. To

20   the contrary, the dependent claims under dispute were also amended. *See, e.g.*, Exh. J

21   (FINJAN-ESET 000847-860). Moreover, ESET ignores that the claims of the '305

22   Patent were twice allowed over the Freund prior art reference, which ESET alleges

23   discloses the asserted claims. *See id*. at Exh. M (FINJAN-ESET 000725); *see also*

24   Exh. C (FINJAN-ESET 690836-695473) at 692004-2005, 2047.

25       Even if ESET's characterization of the '305 Patent prosecution history is

26   correct—which it is not—collateral estoppel would not apply. The Federal Circuit's

27   decision in *Purdue Pharma L.P. v. Iancu* is illustrative. 767 Fed. Appx. 918 (Fed. Cir.

28   2019). In *Purdue*, defendant Amneal filed an IPR petition based on two grounds, both

of which relied on the Joshi prior art reference that Purdue Pharma argued did not qualify as Section 102(e) prior art. Id. at 920. Amneal argued that Purdue was collaterally estopped from raising this argument as it did not raise it in relation to a previous district court litigation for a different patent (the '888 Patent) stemming from the same provisional application as the patent at issue in the IPR (the '376 Patent). *Id.* at 921. The PTAB agreed with Amneal and found the '376 Patent unpatentable for obviousness. *Id.* On appeal, Purdue Pharma argued that the Joshi reference's priority was not actually litigated in the district court litigation. *Id.* at 922. The Federal Circuit agreed and rejected the PTAB's application of collateral estoppel. *Id.* at 923. Notably, the Court reasoned the Director erred in its argument on appeal that Purdue Pharma's failure to distinguish between Joshi provisional and non-provisional applications in the district court litigation amounted to an implicit admission supporting collateral estoppel. *Id.* The Court also rejected the Director's argument that "[t]he fact that Purdue did not directly challenge the sub-issue of Joshi's entitlement to its provisional filing date does not mean that the issue was not actually litigated—it was an essential part of Amneal's case" as that did not change the fact that the issue was not actually litigated. *Id.*

Like the Director in *Purdue*, ESET attempts to argue that Finjan implicitly admitted that the dependent limitations in claims 3, 4, 6, 7, 11, 21, and 23 are of no patentable weight because it did not explicitly challenge the Examiner's findings regarding these claims during prosecution. Similarly here, the Court should reject ESET's reasoning as it does not change two crucial facts—(1) after exhaustive prosecution the Examiner found asserted claims 6, 7, 11, 21, and 23 patentable, and (2) the alleged invalidity of asserted claims 6, 7, 11, 21, and 23 has not been litigated to final judgment in any previous proceeding.

With respect to the first reexamination, ESET argues that the Examiner's description of the prior art during these proceedings also supports its position. See ESET Br. at 13-14. ESET admits, however, that the asserted claims here were not

challenged in the reexamination proceeding. ESET Br. at 14 ("…had the requester sought to invalidate those dependent claims at the time of the first reexam . . ."). Thus, collateral estoppel does not apply since those claims were not challenged. *See Purdue Pharma L.P.*, 767 Fed. Appx. 918 at 923. Moreover, the patent owner challenged the Examiner's characterization of the references during the reexamination when contesting the rejections. Exh. N (FINJAN-ESET 450921-450964) at 450923 ("the Examiner continues to misinterpret both the claim elements and the cited references, Wells and Sandu, from the vantage of one of ordinary skill"); Exh. F (FINJAN-ESET 451166-451243) at 451172-183). To allege that these statements were unrefuted is simply not true.

ESET's mischaracterization of the record and misapplication of the law prohibit any finding of summary judgment based on collateral estoppel.

### D.     ESET's Public Policy Argument is Irrelevant to the Burden of Demonstrating No Genuine Dispute of Material Fact

As it cannot refute that the asserted claims were allowed after rigorous and protracted examination by the USPTO in various proceedings and that the asserted claims have never been subject to a final judgment of invalidity, ESET retreats to public policy. ESET's public policy arguments, however, do nothing to show that ESET has met its burden of demonstrating material issues of disputed fact do not exist warranting summary judgment. As discussed above, quite the opposite is true as numerous disputed facts exist and are currently being battled by the experts in expert discovery.

But even if the Court were to consider public policy, such consideration weighs in favor of Finjan.  As is clear in the *Montana v. United States* Supreme Court decision that ESET cites, collateral estoppel only precludes parties from contesting matters that they "have had a full and fair opportunity to litigate." *See* ESET Br. at 15:13-20 (citing *Montana v. United States*, 440 U.S. 147, 153-54 (2008)). That is not the case here where there has never been a final judgment of invalidity by the USPTO, district

court, or Federal Circuit.

As discussed above, ESET's summary judgment motion is fundamentally flawed in that it wishes the Court to ignore the second reexamination holding patentable claims of the '305 Patent. Instead ESET insists that "when rejection of the claims in the first reexam became final, Finjan was on notice that the other unchallenged claims of the '305 Patent were all invalid based on that same art." ESET Br. at 15-16. ESET's position is legally unsound and completely contrary to Section 282 of the patent statute, which says:

> A patent shall be presumed valid. **Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims**; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

35 U.S.C. § 282 (emphasis added).

Moreover, ESET's re-casting of Finjan's position that "parser rules," "analyzer rules," and "rules-based scanner" terms should be afforded their plain and ordinary meaning as new is of no moment. As discussed above, Finjan has been consistent with its position of the plain and ordinary meaning of these terms for years, including between the first and second reexamination proceedings.

## V.    CONCLUSION

As set forth above, ESET fails to carry its burden of demonstrating that no material disputed facts exist as to the alleged invalidity of asserted claims 6, 7, 11, 21, 23, and 25 and the application of collateral estoppel. Finjan thus respectfully requests the Court deny ESET's motion for summary judgment of invalidity based on collateral estoppel.

1   DATED:  May 2, 2023                              Respectfully Submitted,

2                                        By:    _/s/ Megan A. Chacon_

3                                                Juanita R. Brooks, brooks@fr.com
                                                 Roger A. Denning, denning@fr.com
4                                                Jason W. Wolff, wolff@fr.com
                                                 Michael A. Amon, amon@fr.com
5                                                K. Nicole Williams, nwilliams@fr.com
6                                                Megan A. Chacon, chacon@fr.com
                                                 FISH & RICHARDSON P.C.
7                                                12860 El Camino Real, Suite 400
8                                                San Diego, CA 92130
                                                 Tel: (858) 678-5070
9                                                Fax: (858) 678-5099

10
                                                 Lawrence Jarvis (*pro hac vice*)
11                                               FISH & RICHARDSON P.C.
12                                               1180 Peachtree St., NE
                                                 21st Floor
13                                               Atlanta, GA 30309
14                                               Tel: (404) 891-5005
                                                 Fax: (404) 892-5002
15
                                                 Attorneys for Plaintiff and Counter-
16                                               Defendant Finjan LLC

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>**CERTIFICATE OF SERVICE**</u>

2          The undersigned hereby certifies that a true and correct copy of the above and

3   foregoing document has been served on May 2, 2023, to all counsel of record who

4   are deemed to have consented to electronic service via the Court's CM/ECF system

5   per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic

6   mail, facsimile and/or overnight delivery.

7

8                                                */s/ Megan A. Chacon*
                                               Megan A. Chacon
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINJAN'S OPP. TO MSJ RE COLLATERAL ESTOPPEL
Case No. 17-cv-0183 CAB (BGS)