NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
  JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
  JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ESET, LLC, et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '780 PATENT BASED ON COLLATERAL ESTOPPEL**<br><br>Judge:   Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

17cv0183

48825265.2

Pursuant to the Scheduling Order (D.I. 883), ESET, LLC and ESET, spol. s.r.o. ("ESET") make this proffer for leave to file a motion for summary judgment of non-infringement of U.S. Patent No. 6,804,780 ("the '780 patent") based on collateral estoppel. Finjan's theories for ESET's alleged infringement of the '780 patent are identical to those found to be insufficient as a matter of law as affirmed by the Federal Circuit of a judgment by the United States District Court for the Northern District of California in *Finjan, Inc. v. Juniper Networks, Inc.*, Case No. 17-05659 (WHA). The dispute in that case focused on the Court's construction of the limitation of claim 9 of "performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID." This Court's construction is identical to that adopted in *Juniper*, and affirmed by the Federal Circuit. Finjan's expert report, expert testimony, and trial demonstratives establish that Finjan intends only to present the very same failed arguments to the jury in this case. Finjan is estopped from doing so. The proposed motion, if granted, will streamline the case and conserve the Court's, parties', and jury's time and energy.

In this litigation, Finjan's Third Amended Infringement Contentions, dated April 27, 2018, asserted claims 1, 2, 5, 9, 10, 12, 13, 15, 17, and 18 of the '780 patent. The January 22, 2019 report of Finjan's infringement expert for the '780 patent, Dr. Mitzenmacher, confined his opinions solely to claims 9, 13 and 18, of which claims 9 and 18 are independent.[1] Claims 9 and 18 each include the limitation "performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID" (the "hashing" limitation). In *Juniper*, as here, that limitation was construed as "performing a hashing function on the Downloadable *together* with its fetched software components." D.I. 195. In *Juniper*, as here, Dr. Mitzenmacher opined that the hashing limitation encompasses hashing the Downloadable and fetched software components *individually*, and combining the separate hashes to create the Downloadable ID. Dr. Mitzenmacher also opines that the hashing limitation is met by extracting and hashing multiple parts of a single file, without fetching an external software component.

---

[1] Dr. Mitzenmacher was Finjan's '780 patent infringement expert in the *Juniper* case.

By March 2020, the *Juniper* Court already had granted summary judgment of no infringement based on Finjan's improper reading of the hashing limitation, as noted in ESET's Motion for Summary Judgment of Non-Infringement of the '780 patent.  D.I. 488-1 at 2-3.  Finjan appealed that judgment to the Federal Circuit, Case No. 19-2405, which affirmed the District Court judgment on October 9, 2020.  Finjan's appeal brief sets forth the very same arguments for construing the hashing limitation that Finjan employs here in this litigation.  Finjan already had its bite at that apple, and collateral estoppel precludes presentation of those same arguments to the jury in this case.  In contrast to the situation when this Court considered ESET's summary judgment motion for the '780 patent in 2017, where Finjan argued that it was a factual issue whether the multiple hashes were "***together***," the Federal Circuit has now affirmed that the method Dr. Mitzenmacher proposes is, as a matter of law, non-infringing.

During the March 2020 trial, Finjan provided the demonstrative exhibits reproduced below to illustrate Dr. Mitzenmacher's proposed testimony on the '780 patent.  ***None*** of Dr. Mitzenmacher's other slides depict a Downloadable fetching an external software component, combining it with the Downloadable, and then hashing that combined file to



create a single Downloadable ID.  Instead, Dr. Mitzenmacher's expert report only ever describes combining ***individually*** hashed components (as illustrated) or a multi-component file ***without*** fetching an external software component.  Those infringement theories were

48825265.2

advanced by Finjan in *Juniper*, and were finally and conclusively rejected by the Federal Circuit's affirmance in October 2020.

When this issue was raised with the Court in advance of Dr. Mitzenmacher's proposed testimony on Day 3 of the March 2020 trial (*see* Trial Transcript at 392-293), Finjan characterized the slides as "actually relevant" because "[ESET's] products do do hashes of multiple hashes and then a final hash." *Id.* at 392:17-19. The above slides do not provide "background," but rather the only infringement theory that Finjan has advanced through its expert in this litigation. Irrespective of the creativity of Finjan's counsel in attempting to recast Finjan's infringement theories, Dr. Mitzenmacher never opined in his expert report or expert deposition that ESET's accused products infringe by hashing a Downloadable and a fetched software component together as required by the '780 patent. Finjan is estopped from arguing otherwise, and it can offer no expert opinion consistent with the properly construed claims of the '780 patent.

As the issues to be decided on this motion are exclusively matters of law, ESET requests leave to file a motion for summary judgment that Finjan is collaterally estopped from asserting infringement of the '780 patent based on Dr. Mitzenmacher's improper interpretation of the claims. Leave to file a motion for summary judgment of non-infringement based on collateral estoppel is appropriate.

48825265.2

| | |
|---|---|
| Dated: May 5, 2023 | Respectfully submitted, |
| | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.