NICOLA A. PISANO, CA Bar No. 151282
 NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
 JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
 JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
 ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ESET, LLC, et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '844 PATENT BASED ON DR. COLE'S MARCH 2020 TRIAL TESTIMONY**<br><br>Judge:   Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

17cv0183

48879521.1

Pursuant to the Scheduling Order (D.I. 883), ESET, LLC and ESET, spol. s.r.o. ("ESET") make this proffer for leave to file a supplemental pleading with respect to its prior motions for summary judgment of non-infringement of U.S. Patent No. 6,154,844 ("the '844 patent") based on Dr. Cole's expert testimony during the March 2020 Covid-shortened trial. Finjan's theories for ESET's alleged infringement of the '844 patent were thoroughly explored during Dr. Cole's testimony, and his answers – including answers elicited directly by the Court – establish that ESET's products do not infringe as a matter of law. Finjan's allegation that ESET's gateway products infringe lacks merit because Finjan disregards this Court's claim construction of the limitation "before the web server makes the Downloadable available to web clients" of asserted independent claims 1 and 15.[1] In addition, Finjan's allegation against the ESET gateway products attempts to recapture claim scope that Finjan expressly disclaimed to secure allowance of the '844 patent. Finjan's infringement theory, as set forth by Dr. Cole, for ESET's other products similarly ignores this Court's claim construction and moreover, rests entirely on the operation of ESET's Cloud Malware Protection System ("CMPS") in Slovakia. Dr. Cole testified that CMPS – which he equates with the claimed "inspector" – is based entirely in Slovakia. Thus, there is no factual dispute. The claimed "inspector" (i.e., CMPS) cannot, as a matter of law, constitute an infringing instrumentality under U.S. patent law because it exists and operates solely outside the U.S.

As the Court may recall, during the March 2020 trial, this Court recognized a dispute of law between the parties regarding whether the claims of the '844 patent could encompass an "inspector" located at a network gateway. *See*, March 12 trial transcript at 429-32 ("[ESET's] argument is somehow in the prosecution history, [Finjan] acknowledged that it can't be [a gateway] server. And ***that is an issue I am ultimately going to have to look at and decide to determine***."). In its Minute Order, D.I. 802, the Court authorized ESET to file a renewed motion for summary judgment on the '844 patent directed to prosecution

---

[1] Only claims 7 and 15 of the '844 patent remain in the case, the other claims having been dismissed. *See* Trial Transcript, Day 3, at 390:8-10. Because claim 7 depends from claim 1, if ESET's products do not infringe claim 1 they cannot infringe claim 7.

48879521.1

history disclaimer.[2]  The briefing on that motion, set forth in D.I. 807 (opening brief), D.I. 815 (opposition), and D.I. 817 (reply), was completed by September 25, 2020.  However, the Court did not decide that motion, instead deeming it moot in view of the Court's determination on indefiniteness.  *See* D.I. 865.  In view of subsequent events, ESET respectfully requests that this Court now consider and decide that motion.

In addition, Dr. Cole testified that regarding ESET's so-called "Cloud Products," CMPS constitutes the required "inspector" of claims 1 and 15.  In response to further questioning by the Court, Dr. Cole acknowledged that CMPS is located in, and operates solely in, Slovakia.  Accordingly, the method steps performed by the inspector, and attributed to CMPS, are ***not*** performed in the United States, nor is the infringing instrumentality located in or operated in the United States.  Again, there is no factual dispute here: CMPS exists entirely outside the U.S.  Because at least one method step is performed outside the U.S., by law, ESET's "Cloud Products" cannot infringe.  This basis for ESET's motion for summary judgment of non-infringement of the '844 patent was set out in detail in D.I. 481 (opening brief), D.I. 553 (opposition), and D.I. 672 (reply).  What is different now, however, is that Dr. Cole's testimony makes clear there is no longer any factual dispute regarding the location and operation of the CMPS system.  *See* Trial Transcript at 461-63.  The potential for any factual dispute has been conclusively resolved and all that remains is the purely legal question as to whether the extraterritorial location of CMPS can constitute an infringing method step; it cannot.

Finally, Dr. Cole's trial testimony with respect to his interpretation of "before a web server makes the Downloadable available to web clients" demonstrates that Finjan disregarded this Court's construction.  *See*, *e.g.*, Trial Transcript at 425:13-24.  Dr. Cole testified how "web crawlers" and ESET's LiveGrid system obtain files for analysis by ESET's CMPS system.  *See* Trial Transcript at 361-62 and 364-66.  As Dr. Cole testified,

---

[2] Although the Order refers to "prosecution history estoppel," the side bar at trial clearly refers to Finjan being estopped, by virtue of its claim amendment, from asserting that the claimed inspector could encompass a network gateway, scope that Finjan expressly disclaimed in view of the Ji reference cited by the Patent Examiner.

48879521.1

ESET's end-user products (a web client) can send a potentially suspicious file downloaded from the Internet (a web server) to Slovakia where it may be analyzed by CMPS.  If such a file is analyzed in Slovakia and it appears to be malicious, a hash (or "fingerprint") of the file may be posted to ESET's Live Grid Reputation Servers.  That way, a *later* ESET-protected end-user computer that encounters the same file can determine, by looking at the hash value in the Live Grid Reputation Servers, that the file is potentially malicious.  What Dr. Cole's trial testimony overlooked entirely is that in order to send the potentially malicious file to CMPS, ***the end-user computer (web client) first has to download the file from the Internet (web server)***.  This is exactly the ***opposite*** of the Court's construction that "before the web server makes the Downloadable available to web clients" means "***[b]efore the Downloadable is available on a web server to be called up or forwarded to a web client***" (D.I. 195 at 4) because the file was already available to an ESET-protected end-user (web client) from the web server before it is ever sent to the claimed "inspector."

  As the issues to be decided for the '844 patent now are exclusively matters of law, ESET requests that the Court consider and decide ESET's fully briefed motion on prosecution history disclaimer (D.I. 807) and revisit its decision on ESET's motion for summary judgment of non-infringement of the '844 patent (D.I. 481) in light of Dr. Cole's March 2020 trial testimony.  ESET further requests leave to file a short supplemental paper (e.g., less than 10 pages) highlighting how Dr. Cole's trial testimony eliminates any factual disputes and further confirms and supports ESET's non-infringement positions, as set forth in D.I. 481.  The requested relief likely will significantly streamline the parties' presentations at trial, if not completely dispose of the '844 patent, and may further shorten the scheduled trial.

48879521.1

| | | |
|---|---|---|
| 1 | Dated:  May 24, 2023 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
　　NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
　　JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
　　JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
　　ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:　858.252.6502
FACSIMILE:　858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

48879521.1