Juanita Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
K. Nicole Williams (SBN 291900) nwilliams@fr.com
Megan A. Chacon (SBN 304912) chacon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff & Counter-Defendant FINJAN LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 17-cv-0183 CAB (BGS)<br><br>**FINJAN LLC'S OPPOSITION TO ESET'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '780 PATENT**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Judge: Hon. Cathy Ann Bencivengo<br><br>**REDACTED VERSION** |

FINJAN'S OPPOSITION TO ESET'S MOTION FOR SUMMARY JUDGMENT
Case No. 17-cv-0183 CAB (BGS)

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...................................................................................1

II. BACKGROUND ....................................................................................1

III. ARGUMENT..........................................................................................2

    A. Dr. Mitzenmacher applies the Court's claim construction and fact disputes exist. ...................................................................................3

    B. ESET's arguments were previously rejected by the Court. .....................7

    C. ESET violated the Court's order. .........................................................10

IV. CONCLUSION ....................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AFG Industries, Inc. v. Cardinal IG Co., Inc.*,
   375 F.3d 1367 (Fed. Cir. 2004) ..................................................................... 8

*City of Pomona v. SQM N.A. Corp.*,
   750 F.3d 1036 (9th Cir. 2014) ........................................................................ 8

*Med. Device Techs., Inc. v. C.R. Bard, Inc.*,
   7 Fed. Appx. 945 (Fed. Cir. 2001) (unpublished) .......................................... 8

*Thomas v. Newton Intern. Enterprises*,
   42 F.3d 1266 (9th Cir. 1994) ...................................................................... 5, 6

*Total Containment, Inc. v. Intelpro Corp.*,
   No. 99-1059, 1999 WL 717946 (Fed. Cir. Sept. 15, 1999) ........................ 5, 6

## I. INTRODUCTION

Pursuant to the Order on Motion for Leave to File Motion for Summary Judgment (Dkt. No. 931), Finjan, Inc. (hereinafter "Finjan") submits this opposition to ESET, LLC and ESET SPOL. S.R.O.'s (collectively "ESET" or "Eset") Motion for Summary Judgment of Non-Infringement of the '780 Patent (Dkt. No. 937) and Memorandum of Points and Authorities in Support of ESET, LLC and ESET SPOL. S.R.O.'S Motion for Summary Judgment of Non-Infringement of the '780 Patent (Dkt. No. 936). Despite the Court confining ESET to filing a motion addressing *only* the admissibility Finjan's expert's opinion, ESET proceeded to file a sweeping motion for summary judgment of non-infringement—in clear violation of the Court's order. Indeed, instead of abiding by the Court's order, ESET chose to re-hash its previously rejected 2019 motion for summary judgment of non-infringement (Dkt. No. 487) (hereinafter the "2019 Motion"), now forcing Finjan to re-litigate well-settled issues with trial rapidly approaching. While this disregard of the Court's order is reason enough to deny relief, ESET's motion fails to establish that Dr. Mitzenmacher's testimony should be excluded, and fails to establish the absence of factual disputes precluding summary judgment. The record evidence demonstrates that Dr. Mitzenmacher applied the Court's construction and there are clear disputes of fact precluding summary judgment. Thus, ESET's motion should be denied.

## II. BACKGROUND

On May 5, 2024, ESET requested leave from the Court to file a "motion for summary judgment of noninfringement of U.S. Patent No. 6,804,780 ("the '780 patent") based on collateral estoppel." Dkt. No. 929 at 1. In its request, ESET argued that Dr. Mitzenmacher improperly interpreted the claims at issue, in conflict with the claim construction order of this Court. *See id.* at 3. In response, the Court granted in part ESET's motion for leave, but confined ESET to "***fil[ing] a motion concerning the admissibility of [Dr. Mitzenmacher's] opinion.***" Dkt. No. 931 at 1 (emphasis added).

1    ESET instead filed a motion for summary judgment of non-infringement of the '780 patent, far exceeding the scope of the Court's order. *See* Dkt. Nos. 936, 937. In addition to impermissibly addressing numerous issues beyond the admissibility of Dr. Mitzenmacher's testimony, ESET's motion is an obvious attempt at re-litigating a previously denied motion. *See infra* Section III.B. Indeed, ESET's 2019 Motion presented the same arguments, and was ultimately denied by the Court. *See* Dkt. Nos. 487 (Memo ISO ESET's MSJ of Non-Infring.), 550 (Finjan Opp. to ESET MSJ of Non-Infring.), 637 (ESET Reply ISO MSJ of Non-Infring.), and 699 (Order on MSJ and Mots. to Exclude or Strike).[1] ESET's present motion, like its prior motion, relies heavily on the *Juniper* litigation. But the Federal Circuit's issuance of a Rule 36 affirmance of the *Juniper* court's decision is not a change in circumstance or fact that warrants overturning the prior denial of summary judgment of non-infringement of the '780 patent. Just as in the 2019 Motion, ESET's current motion for summary judgment of non-infringement cherry-picks quotes, presents several quotes without context, and fails to show that Dr. Mitzenmacher used an incorrect construction.

The crux of ESET's present motion revolves around the following claim language from the '780 patent: "performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID." Dkt. No. 936 at 1. The Court construed this phrase to mean "performing a hashing function on the Downloadable together with its fetched software components." *See* Dkt. No. 195 at 4. In his report, Dr. Mitzenmacher acknowledges the Court's construction, states he applied it (*see, e.g.*, Ex. A (Mitzenmacher Inf. Rep.) ¶¶ 69, 89), and thereafter appropriately applies it throughout his analysis, despite ESET's claims to the contrary.

### III. ARGUMENT

ESET's motion should be denied because it (1) fails to establish that Dr.

---

[1] ESET also previously moved to exclude Dr. Mitzenmacher's testimony (Dkt. No. 479), however this was also denied by the Court. *See* Dkt. No. 699 at 3.

2
FINJAN'S OPPOSITION TO ESET'S MOTION FOR SUMMARY JUDGMENT
Case No. 17-cv-0183 CAB (BGS)

Mitzenmacher ignored the Court's construction; (2) repeats previously considered and rejected arguments; and (3) violates the Court's order.

### A. Dr. Mitzenmacher applies the Court's claim construction and fact disputes exist.

ESET fails to establish that Dr. Mitzenmacher is testifying in contravention of the Court's claim construction order. Just as in the 2019 Motion, ESET relies on a series of cherry-picked quotes and quotes taken out of context to argue that Dr. Mitzenmacher's testimony is legally impermissible and does not show infringement.

ESET purports to include every instance in which Dr. Mitzenmacher identifies how the Downloadable ID is generated for both ESET Cloud Products and Endpoint Products and further claims that "Dr. Mitzenmacher never describes even a single instance within the ESET source code for the Cloud Products in which a single hash value is created by hashing the combined contents of a Downloadable and its fetched software components. . . ." *See* Dkt. No. 936 at 11. ESET's claim is not true.

At the outset of his report, Dr. Mitzenmacher acknowledges the Court's claim construction order, and provides a chart containing the Court's construction. *See* Ex. A (Mitzenmacher Infr. Rpt.) ¶ 89. Dr. Mitzenmacher further states that he used the constructions in forming his opinions. *Id.* ¶ 69 ("In forming my opinions regarding infringement of the Asserted Patents, I applied the constructions that the Court has construed and/or agreed-upon constructions by both parties which I provide below in a chart."). Indeed, Dr. Mitzenmacher applied the Court's construction throughout his report. For example, in many instances, Dr. Mitzenmacher offers opinions addressing performing a singular hash of both a Downloadable and fetched software components in providing his infringement opinion for ESET Cloud Products. *See, e.g., id.* ¶ 278 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. ESET0038932 at 954-960." (emphasis added)); *id.* ¶ 280 ("▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌" (emphasis added));

1  id. ¶ 336 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, including **buffering the Downloadable**
4  **and the fetched software components** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓ **to generate a Downloadable ID**." (emphasis added)); id. ¶ 358
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ perform a hashing function
8  on the Downloadable and the fetched software components to generate a
9  Downloadable ID through hashing of the data buffer containing the dropper and
10 dropped files."). Thus, Dr. Mitzenmacher applied the Court's construction by
11 showing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
13     Dr. Mitzenmacher also offers opinions addressing performing a singular hash
14 of both a Downloadable and fetched software components in satisfaction of the
15 Court's construction while providing his infringement opinion for ESET Endpoint
16 Products. See, e.g., id. ¶ 388 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (emphasis added)); id. ¶
21 390 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓." (emphasis added)); id. ¶ 403 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (emphasis added)); id. ¶ 405
27 ("Eset Endpoint Products . . . ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (emphasis
2 added)); *id.* ¶ 406 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Eset Endpoint Products . . . ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (emphasis added)); *id.* ¶
7 410 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8 performing a hashing function on the Downloadable and the fetched software
9 components to generate a Downloadable ID, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓ *to generate a Downloadable ID*." (emphasis added)). As shown above, Dr.
12 Mitzenmacher repeatedly applied the Court's construction.
13    ESET, perhaps recognizing that Dr. Mitzenmacher offered opinions addressing
14 situations in which a downloadable and fetched software components are hashed
15 together, attempts to preemptively rebut some of Dr. Mitzenmacher's positions with
16 its own expert's opinion. *See* Dkt. No. 936 at 12 ("Moreover, as Dr. Spafford explains
17 in his expert report (D.I. 511-4 at ¶ 606), the source code module Dr. Mitzenmacher
18 identified does not combine data streams for a file and referenced component."). In
19 doing so, ESET implicitly admits that factual issues exist that preclude summary
20 judgment. *See id.* Particularly here, where the case depends on "specific, plausible
21 and detailed testimony by dueling expert witnesses," summary judgment is not
22 appropriate. *Total Containment, Inc. v. Intelpro Corp.*, No. 99-1059, 1999 WL
23 717946, at *4 (Fed. Cir. Sept. 15, 1999); *see also Thomas v. Newton Intern.*
24 *Enterprises*, 42 F.3d 1266, 1270 (9th Cir. 1994) ("Expert opinion evidence is itself
25 sufficient to create a genuine issue of disputed fact sufficient to defeat a summary
26 judgment motion."). Indeed, ESET's expert disputes whether ESET's products
27 combine data streams. Dkt. No. 511-4 at ¶ 606. Whether ESET's products combine
28 data streams for a downloadable and fetched software components and perform a

1  singular hash is a factual question for the jury to decide. *See Total Containment*, No.
2  99-1059, 1999 WL 717946, at *4; *Thomas*, 42 F.3d at 1270; *see also infra* Section
3  III.B.  Simply because Dr. Mitzenmacher presents relevant information surrounding
4  other plausible hashing operations, such as combining multiple hashes, does not
5  remove the underlying factual issues at play.
6  　　　Moreover, as Dr. Mitzenmacher explained in his deposition, hashing is a highly
7  contextual operation, which can be accomplished through a variety of methods.  Ex.
8  B (Mitzenmacher Dep. Tr.) at 122:10-11 ("▮
9  ▮"); *id.* at 122:13-15 ▮
10 ▮
11 ▮").  And when asked whether the downloadable and their referenced
12 software components are hashed together to create a single hash value, Dr.
13 Mitzenmacher responded in the affirmative. *Id.* at 122:2-5 ("▮
14 ▮
15 ▮
16 ▮").  Therefore, it makes sense that in his report Dr. Mitzenmacher
17 would address the various situations and contexts in which ESET products perform
18 hashing operations, including some situations that may be merely providing context.
19 　　　Furthermore, ESET's attempts to conflate Dr. Mitzenmacher's demonstratives
20 from the prior trial in March 2020 as somehow showing that Dr. Mitzenmacher did
21 not apply the Court's construction are misguided.  *See* Dkt. No. 936 at 2–3.  ESET
22 leaves out that Finjan explained that the slides were simply "explanatory" and that the
23 Court ultimately declined to exclude the slides.  *See* Dkt. No. 805 (Trial Transcript,
24 Day 3) at 5–6.  As shown previously, Dr. Mitzenmacher applied the Court's
25 construction correctly.
26 　　　Similar to its overall motion, ESET's attempts at disparaging Dr.
27 Mitzenmacher's deposition testimony are based on out of context quotes. *See* Dkt.
28 No. 936 at 14.  ESET criticizes Dr. Mitzenmacher for not being able to recall or

explain certain aspects of his infringement report, but in reality, ESET refused to provide Dr. Mitzenmacher with the pertinent source code during the deposition to enable him to fully answer ESET's questions. *See, e.g.*, Ex. B at 163:22-164:1 ▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬). ESET had every opportunity to provide Dr. Mitzenmacher with ESET's source code to answer questions as he requested, yet opted instead to continuously ask Dr. Mitzenmacher questions about ESET's source code in the abstract. Dr. Mitzenmacher's inability to recall on demand thousands of pages of ESET's source code that he had analyzed and relied upon to form his opinions does not in any way discount his testimony. *See id.* at 167:8-168:19. Nor is such criticism relevant to whether Dr. Mitzenmacher applied the correct claim construction. As shown previously, Dr. Mitzenmacher applied the Court's construction and cited record evidence supporting his opinions.

Finally, ESET claims that "[t]he parties agree that ESET's products create a separate and independent hash for each and every file and each and every fetched (or extracted) component." *See* Dkt. No. 936 at n.8. ESET's claim is not correct. As discussed previously, Dr. Mitzenmacher offered opinions relating to ESET's products creating a single hash for files and fetched components, which ESET conveniently ignores.

As shown above, ESET's motion fails to show that Dr. Mitzenmacher subverted the Court's claim construction order, and further fails to show the absence of disputed factual issues precluding summary judgment. Thus, the Court should deny ESET's motion.

**B.     ESET's arguments were previously rejected by the Court.**

As mentioned above, ESET has previously moved for summary judgment of non-infringement of the '780 patent, presenting the same arguments included in the present motion. *See* Dkt. Nos. 487, 550, 637, and 699. In an effort to escape this

reality, ESET argues its positions are now novel in light of the Federal Circuit affirming the *Juniper* court's "identical" construction of the same phrase. Dkt. No. 936 at 1. Yet nothing ESET argues is new, and the same fact issues that precluded summary judgment remain. Just as ESET is arguing now, ESET's previous motion argued that Dr. Mitzenmacher's testimony was "legally deficient" on the grounds that it allegedly stated "that the Downloadable ID of the claims could be generated from a combination of multiple hashes." *See* Dkt. No. 487 at 8–9. ESET is incorrect.

Here, much like in its prior motion, ESET's argument focuses on a portion of Dr. Mitzenmacher's opinions and ignores that Dr. Mitzenmacher both applied the Court's construction and opined how ESET's products satisfied the construction, i.e., "performing a hashing function on the Downloadable together with its fetched software components" while citing evidence showing the same. Notably, ESET's expert disagrees with Finjan's expert regarding what the evidence shows. *See supra* Section III.A. This disagreement alone is sufficient to preclude summary judgment. *See, e.g.*, *City of Pomona v. SQM N.A. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("A factual dispute is best settled by a battle of the experts before the fact finder, not by judicial fiat. Where two credible experts disagree, it is the job of the fact finder, not the trial court, to determine which source is more credible and reliable."); *AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004) ("In particular, a trial court cannot reach a conclusive finding of noninfringement if the record shows some evidence supporting a finding of noninfringement and some evidence to the contrary."); *Med. Device Techs., Inc. v. C.R. Bard, Inc.*, 7 Fed. Appx. 945, 949 (Fed. Cir. 2001) (unpublished) (finding summary judgment "inappropriate" where "detailed evidence by dueling expert witnesses was submitted"). As such, fact issues preclude summary judgment both then and now. *See, e.g.*, Dkt. No. 699 at 2 (denying ESET's Motion for Summary Judgment of Non-Infringement of the '780 Patent because of "numerous material facts in dispute.").

ESET incorrectly alleges that "Finjan's theories for ESET's alleged infringement of the '780 patent are identical to those found to be insufficient as a matter of law" in *Juniper*. Dkt. No. 929 at 1. However, the *Juniper* decision pertained to a different set of products and technologies, as well as a slightly different construction. In granting summary judgment, Judge Alsup construed the same claim language as meaning: "performing a hashing function on the Downloadable together with its fetched software components to generate a single hash value that identifies the contents of both the Downloadable and the fetched components." *See* Ex. C (Order Granting Early Motion for Summary Judgment on '780 Patent) at 10. The Federal Circuit issued a Rule 36 affirmance that had no discussion regarding whether combining multiple hashes into a single hash would satisfy the construction.

ESET attempts to stretch the Federal Circuit's affirmance of the *Juniper* decision far beyond its bounds in its motion. Judge Alsup's decision in *Juniper* rested on undisputed facts regarding product operation, which is not the case here as discussed previously. Ex. C at 10. Indeed, ESET is again trying to take the *Juniper* decision as a basis for non-infringement here, which this Court has already rejected. The Federal Circuit's Rule 36 affirmance of the *Juniper* court's decision does not negate the fact issues that precluded summary judgment of non-infringement previously and still preclude it now.

ESET attempts to further distinguish the prior briefing in this case by arguing that Finjan can no longer argue that it is a factual issue whether multiple separate hashes meet the "together" limitation of the claims. But that was only one piece of Finjan's successful opposition to ESET's original motion. *See* Dkt. No. 550 at 10–12. ESET ignores that the Federal Circuit offered no discussion about whether the single hash construction in *Juniper* is met if the single hash is made up of multiple hashes and that Dr. Mitzenmacher offered opinions regarding a single hash satisfying the claim construction. Instead, ESET claims that "[t]here is no dispute that Dr. Mitzenmacher's theories are based on combining multiple hashes" because in its 2019

opposition, Finjan "did not argue that ESET misstated Dr. Mitzenmacher's opinions." Dkt. No. 936 at 4. This is untrue. In its 2019 opposition, Finjan pointed out that ESET's motion only cited to "a portion" of Dr. Mitzenmacher's report and "narrow[ed]" Dr. Mitzenmacher's actual testimony in an effort to avoid infringement. Dkt. No. 550 at 10.

Indeed, Dr. Mitzenmacher offered infringement opinions relating to "combining multiple hashes" into a single hash that results in a Downloadable ID consisting of a single hash value in satisfaction of the Court's construction of "performing a hashing function on the Downloadable together with its fetched software components" in addition to offering opinions regarding a single hash having a single hash value satisfying the Court's construction, which ESET ignores. *See, e.g.*, Ex. A (Mitzenmacher Infr. Rep.) ¶¶ 278, 280, 358, 388. As explained in more detail previously in Section III.A, Dr. Mitzenmacher applies the Court's construction, and ESET's arguments to the contrary are unpersuasive.

As a whole, ESET's current motion repeats the very same arguments as the 2019 Motion, which are just as unconvincing now as when previously presented, and thereafter denied. Thus, ESET's present motion should be denied.

### C. ESET violated the Court's order.

Finally, ESET violated the Court's order allowing it "to file a motion concerning the admissibility of Plaintiff's expert's opinion." Dkt. No. 931 at 1 Although ESET was given leave to address **only** the admissibility of Dr. Mitzenmacher's testimony, ESET spends the vast majority of its motion repeating its previously rejected non-infringement arguments for the '780 patent. Without even digging into the substance of the present motion, the title alone of ESET's motion makes it clear that ESET violated the Court's order: "MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '780 PATENT." *See* Dkt. No. 936. Even more striking is the conclusion to ESET's motion, which does not mention or request any relief regarding, Dr. Mitzenmacher's testimony:

> ESET respectfully submits that, as a matter of law, Finjan has failed to establish a triable issue of infringement for the '780 patent, and that ESET is entitled to summary judgment of non-infringement of the '780 patent for all of its accused products.

*Id.* at 15.  ESET cannot genuinely claim that this is a "motion concerning the admissibility of Plaintiff's expert's opinion" in accordance with this Court's order. *See* Dkt. No. 931 at 1.

Turning to the substance of ESET's motion, inspection further reveals that the motion is riddled with attorney argument—repeatedly arguing for non-infringement—while purportedly discussing Dr. Mitzenmacher's testimony.  For example, ESET spends multiple pages attempting to distinguish its prior failed attempt at moving for summary judgment of non-infringement of the '780 patent. *See* Dkt. No. 936 at 2-4.  However, ESET repeats the same arguments in the present motion that were previously rejected in its 2019 motion. *See* Dkt. No. 487 at 8–9.  In addition, ESET, seemingly unable to explain how Dr. Mitzenmacher did not appropriately apply the Court's construction (because Mitzenmacher ***did*** apply the Court's construction as discussed previously), spends a paragraph arguing that "Dr. Mitzenmacher's analysis consists [sic] is legally insufficient to overcome Finjan's burden on summary judgment." *See* Dkt. No. 936 at 12.

Similarly, ESET devotes nearly an entire page of attorney argument to explain what it contends is the difference between "extracting" and "fetching" and as a result, why ESET does not infringe. *See id.* at 13.  However, ESET was not given leave to file a motion for summary judgment of non-infringement but instead leave "to file a motion concerning the admissibility of Plaintiff's expert's opinion." Dkt. No. 931 at 1.  Furthermore, ESET's inclusion of an entire sub-section arguing that Finjan has failed to meet its burden in proving infringement is also well outside the scope of the Court's order. *See* Dkt. No. 936 at 14.

Indeed, ESET's motion is not "a motion concerning the admissibility of Plaintiff's expert's opinion," but rather a motion for reconsideration of its 2019 motion for summary judgment of non-infringement in a poor disguise. By way of violating the Court's order, ESET has now forced the parties to engage in this litigation sideshow, costing Finjan valuable time and money, and prejudicing Finjan's ability to focus on preparing for the rapidly upcoming trial. Thus, ESET's motion should be also denied for plainly violating the Court's order.

## IV.   CONCLUSION

Finjan respectfully submits that the Court should deny ESET's motion for summary judgment.

DATED: June 16, 2023

Respectfully Submitted,

By: /s/ *Juanita Brooks*

Juanita Brooks, brooks@fr.com
Roger A. Denning, denning@fr.com
Jason W. Wolff, wolff@fr.com
Michael A. Amon, amon@fr.com
K. Nicole Williams, nwilliams@fr.com
Megan A. Chacon, chacon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005
Fax: (404) 892-5002

Attorneys for Plaintiff & Counter-Defendant Finjan LLC