Nicola A. Pisano, CA Bar No. 151282
 NicolaPisano@eversheds-sutherland.com
Jose L. Patiño, CA Bar No. 149568
 JosePatino@eversheds-sutherland.com
Justin E. Gray, CA Bar No. 282452
 JustinGray@eversheds-sutherland.com
Scott A. Penner, CA Bar No. 253716
 ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 El Camino Real, Suite 100
San Diego, California  92130
Telephone:   858.252.6502
Facsimile:    858.252.6503

Attorneys for Defendants & Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>ESET, LLC, et al.,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL RELATING TO REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '780 PATENT**<br><br>Judge:     Hon. Cathy Ann Bencivengo |

48990048.1

Defendants and Counter-Plaintiffs ESET, LLC and ESET spol. s.r.o. (collectively referred to as "ESET"), through their undersigned counsel, hereby request leave to file a document under seal pursuant to Federal Rule of Civil Procedure 26(c), Civil Local Rule 79.2, Patent Rule 2.2, Judge Bencivengo's Chambers Rules, and the Modified Protective Order (Dkt. No. 146-4).

## I. DESCRIPTION OF CONFIDENTIAL DOCUMENTS

ESET seeks to file under seal the Reply Memorandum in Support of ESET, LLC and ESET, spol. s.r.o.'s Motion for Summary Judgment of the '780 patent (the "Reply Memo"). The Reply Memo discusses highly confidential details of the structure and operation of ESET's accused products.

## II. LEGAL STANDARD

Although there is a presumption to a public right of access to court documents, a motion to seal is proper upon a showing that compelling reasons support the need for secrecy. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "A trial court has broad discretion to permit sealing of court documents for the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Childs v. San Diego Family Hous., LLC*, No. 19cv2329 JM (MDD), 2020 U.S. Dist. LEXIS 85571, at *4 (S.D. Cal. May 14, 2020) (quoting Fed. R. Civ. P. 26(c)(1)(G)).

For purposes of a motion to seal, the Ninth Circuit has defined a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b); *see also In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13md2452 AJB (MDD), 2015 U.S. Dist. LEXIS 186540, at *378 (S.D. Cal. Nov. 18, 2015). Courts applying this definition "have concluded that detailed product-specific financial information, customer information and internal reports are appropriately sealable under the compelling reasons standard where that information could be used to the company's competitive disadvantage." *In re*

*Incretin-Based Therapies Prods.*, 2015 U.S. Dist. LEXIS 186540, at *378.  Sealing is also appropriate "to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'"  *Childs*, 2020 U.S. Dist. LEXIS 85571, at *5 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

### III. THERE IS A COMPELLING NEED TO SEAL CONFIDENTIAL ESET TECHNICAL INFORMATION

This case involves ESET's malware detection software.  If the confidential details of ESET software's structure, design, and operation were to become public, and thus known to hackers, such information could be used as a roadmap to defeat ESET's software.  ESET carefully compartmentalizes responsibility and handling of its software, even within company headquarters, to minimize the impact of any potential security breach, thereby minimizing the risk that ESET's software could be compromised, and to protect its millions of customers.  Disclosure of such information would put ESET's entire business at risk.  Thus, there is a compelling need to seal ESET's source code and technical documents describing the structure, design, and operation of its software, as well as other technical documents that discuss such source code or design decisions.  This is why, *inter alia*, "courts have found that source code presents a 'self-evident' risk of harm from disclosure."  *Univ. of Va. Patent Found. v. Gen. Elec. Co.*, No. 3:14cv51, 2015 U.S. Dist. LEXIS 157137, at *8 (W.D. Va. Nov. 20, 2015).  *See also Telebuyer, LLC v. Amazon.com, Inc.*, No. 13cv1677, 2014 U.S. Dist. LEXIS 147049, at *7-8 (W.D. Wash. July 7, 2014).

For at least the above reasons, ESET respectfully requests that the Reply Memo be filed under seal.  The Reply Memo discusses highly confidential details of the structure and operation of ESET's accused products.

### IV. RELIEF REQUESTED

For all the reasons set forth above, ESET respectfully submits that compelling reasons have been shown that supports an order by the Court permitting the Reply Memo

48990048.1

to be filed under seal.

ESET separately and concurrently submits a proposed order to the Court in accordance with Civ. L.R. 79.2 and Section 2(h) of the Electronic Case Filing and Administrative Policies and Procedures Manual.

Dated: June 21, 2023          Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Nicola A. Pisano*
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
TELEPHONE:   858.252.6502
FACSIMILE:   858.252.6503

Attorneys for Defendants & Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

48990048.1