NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
JOSE L. PATIÑO, CA Bar No. 149568
   JosePatino@eversheds-sutherland.com
JUSTIN E. GRAY, CA Bar No. 282452
   JustinGray@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:   858.252.6502
FACSIMILE:   858.252.6503

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ESET, LLC, et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**[PUBLIC REDACTED VERSION]**<br><br>**REPLY MEMORANDUM IN SUPPORT OF ESET, LLC AND ESET SPOL. S.R.O.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '780 PATENT**<br><br>Judge:   Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## I. INTRODUCTION

ESET, LLC and ESET, spol. s.r.o. ("ESET") submit this reply memorandum in support of their motion for summary judgment of non-infringement of U.S. Patent No. 6,804,780 ("the '780 patent"), and assert that Finjan's proposed expert testimony is legally inadmissible. Pursuant to the Court's Order, D.I. 932, ESET explained why the proposed testimony of Finjan's infringement expert, Dr. Mitzenmacher, was legally inadmissible in view of this Court's construction of the "hashing ... together" limitation of the only asserted independent claim, claim 9. ESET pointed out that Dr. Mitzenmacher's opinions also fail to meet the limitations of claim 9 that components to be "hash[ed] ... together" are both fetched and must "be executed by the Downloadable." Finjan fails to address ESET's showing regarding the deficiencies in Dr. Mitzenmacher's opinions, and instead offers arguments already considered and recently rejected by the Court. The required result is clear given the absence of any admissible expert testimony: Finjan's infringement claims for the '780 patent should be dismissed.

## II. ARGUMENT

Finjan relies on its expert's demonstrably false statement that he is applying the Court's construction. Instead, it is clear from the citations in his expert report and his many references to an "ID of hashes" (**plural**) that his interpretation is impermissibly broader than this Court's construction. Notwithstanding this Court's construction of the "hashing ... together" limitation and affirmance of that very same construction by the Federal Circuit, Finjan argues that "Dr. Mitzenmacher offered infringement opinions relating to ***'combining multiple hashes'*** into ***a single hash*** that ***results in a Downloadable ID consisting of a single hash value*** in satisfaction of the Court's construction." *See* D.I. 942-1 at 10. That is exactly what Dr. Mitzenmacher's demonstratives (reproduced on page 4 of ESET's opening memorandum (D.I. 937-1)), show, justifying filing of the present motion. As the Federal Circuit affirmance makes pellucidly clear, combining multiple *hashes* is legally impermissible to meet this Court's claim construction. Finjan's continued persistence in advancing that falsehood constitutes willful litigation misconduct.

Finjan accuses ESET of "cherry-picking" quotations from Dr. Mitzenmacher's expert report, but nothing could be further from the truth. ESET quoted *every* paragraph of Dr. Mitzenmacher's expert report that purports to analyze infringement by ESET's source code, and demonstrates that each and every citation refers either to a Downloadable ID generated as an ID of hashes (plural) or ambiguously recites the claim language without identifying what source code purportedly performs the infringing action.[1]

Finjan's excerpts from Dr. Mitzenmacher's expert report (D.I. 942-2) for source code embodying ESET's "Cloud Products" do not advance Finjan's arguments, but rather prove the legal inadmissibility of Dr. Mitzenmacher's proposed testimony. Finjan highlights portions of the paragraphs of Dr. Mitzenmacher's expert report that it alleges show application of the Court's construction to ESET's source code. *See*, D.I. 942-2. Yet, those paragraphs refer to "a hash of the file or scanned object and *related* hash of fetched software components" (¶ 335), "an ID of *hashes*" [plural] (¶¶ 337-338), "*hashes* [plural] of the Downloadable ... and reference software components" (¶¶ 356-357), and "a Downloadable ID of *hashes* ... such as (1) *hashes of the stream that include hashes [plural] of parent files and child objects*, 2) hashes of the object; 3) hashes of the nested files ... collection of hashes" (¶ 359) (all emphases added). Each of these opinions identifies a Downloadable ID generated from *multiple separate hashes*, not "hashing ... together." The remaining references (paragraphs 336, 339, 358) for the Cloud Products refer to hashing a stream or data buffer. Importantly, none of those paragraphs contain any opinion that the hashing function is performed on the Downloadable and the fetched components "together" as required by the claims. Again, the statement in Dr.

---

[1] As the Court will recognize, Finjan cannot prove infringement by relying on non-specific marketing literature alone, where the source code does not contain that which allegedly constitutes the claimed infringing instrumentality. *Glaxo, Inc. v. Novopharm Ltd.*, 110 F.3d 1562, 1565 (Fed. Cir. 1997) ("In order to prove infringement, a patentee must show that every limitation of the claims asserted to be infringed is found in the accused device."); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) ("marketing material is full of imprecise puffery that no one should take at face value"); *CCC Grp., Inc. v. Martin Eng'g Co.*, No. 05-cv-00086-RPM-MJW, 2008 U.S. Dist. LEXIS 70578, at *25 (D. Colo. Sept. 17, 2008) ("Infringement is determined by comparing an accused product with the claims-in-suit, not by comparing the accused product to another commercial product or marketing materials.").

Mitzenmacher's report is at best ambiguous regarding whether the hashing function is performed on the combination of the Downloadable and fetched components (as required by the Court's construction) or whether it is simply the same hashing function that is performed on the Downloadable and the fetched components separately. Even if the ambiguity were insufficient to reject the opinion as failing to comply with the Court's Order, Dr. Mitzenmacher actually explained in paragraph 359, that his analysis of hashing a stream or data buffer results in multiple separate hashes!

Likewise, Finjan's analysis of excerpts from Dr. Mitzenmacher's expert report (D.I. 942-2) for source code embodying ESET's "Endpoint Products" prove that his testimony is legally inadmissible. Here, as Finjan did with respect to the source code for the "Cloud Products," Finjan highlights all of the quoted text *except that referring to plural hashes*, which demolishes Finjan's argument. For example, paragraph 403 merely recites the claim language. Paragraph 404 describes "generat[ing] an ID of **hashes** [plural]." Paragraphs 405-406 mention creating and hashing streams, but there is no description of "hashing ... together." Paragraphs 407-409 describe a "*related* hash" of fetched components, an admission that the fetched components are *not* hashed together with the Downloadable (and hence are only "related"). Paragraph 410 refers to "buffering the Downloadable and the fetched software components into a stream ▓▓▓▓▓▓ hash of the stream," but as noted for paragraph 359 above, Dr. Mitzenmacher himself admitted that hashing of that stream results in *multiple* hashes. Paragraph 411 refers to "**hashes** [plural] of the dropper in relation to its dropped components" and thus also does not comport with the Court's construction. Finjan cites to no evidence that its expert can present any infringement opinions for the '780 patent that comport with the Court's construction. Rather, Finjan's citation to its expert's report and deposition testimony confirm the inadmissibility of his proposed testimony.

Finjan tacitly concedes that Dr. Mitzenmacher nowhere in his expert report or expert deposition testimony stated with specificity where in ESET's source code the "hashing ... together" limitation can be found. But in a remarkable display of audaciousness, Finjan

1  argues that *its failure to do so is ESET's fault* because ESET did not bring its source code
2  to Dr. Mitzenmacher's expert deposition.  It is Finjan's burden to prove infringement, not
3  ESET's burden to prove the negative.  Here, faced with a gaping deficiency in its proof,
4  Finjan fails to adduce *any* evidence showing a genuine issue of triable fact.  Notably, Dr.
5  Mitzenmacher could have identified the source code alleged to embody the "hashing ...
6  together" limitation by referring to the specific lines of the ESET source code pages as set
7  forth on the Bates labeled source code pages provided by ESET (e.g., lines XX-YY at
8  ESETSC####) – and without violating the Protective Order.  Dr. Mitzenmacher did not,
9  because it was not there to feature in his expert report.  At his deposition, Dr. Mitzenmacher
10 claimed he could not recall where that allegedly infringing source code was located in the
11 many pages of ESET source code.  But Dr. Mitzenmacher had those Bates labeled source
12 code pages in his possession, and chose not to bring that material to his expert deposition.
13 Moreover, Finjan had access to the entirety of ESET's source code and could have, in
14 conjunction with this Motion, brought to this Court's attention any specific lines of code
15 that could demonstrate a triable issue of fact.  It did not.

16      Similarly, Finjan's reliance on ambiguous language in ESET marketing materials
17 and on Dr. Mitzenmacher's mischaracterization of ESET deposition testimony is
18 unavailing.  For example, Finjan alleges that ESET038932 shows "[t]he hash of the
19 Downloadable and its software components is compared against a database of white and
20 blacklisted items." (D.I. 942 at 3, 4) (the document only refers to *hashes* [plural]).  Finjan
21 also quotes Dr. Mitzenmacher's assertion that "the Charon server also ▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮ of Downloadables and their software components," (D.I. 942 at 3) – a
23 gross mischaracterization of Mr. Sustek's actual deposition testimony.[2]  Neither statement
24 relates to combining multiple files together nor generating a hash formed of more than a
25 single file.  Finjan cannot rely on Dr. Mitzenmacher's ambiguous language to meet its

---

[2] Mr. Sustek's t▮▮▮▮▮▮▮n full: "Q: I thought you just said that the ▮▮▮▮
calculates the ▮▮▮▮▮▮▮.  A: Yes, it's o▮
▮▮▮ is ▮▮▮▮▮▮m only checking ▮▮▮▮
▮▮▮▮▮." (2018-06-12 Sustek Deposition at

infringement burden, especially as there is no source code that embodies his fanciful misinterpretation of the underlying document and testimony.

Because Finjan bears the burden of proof on infringement, it was incumbent upon *Finjan* to have Dr. Mitzenmacher identify the source code in his expert report and/or deposition upon which it intended to prove its case, not for ESET to prove the negative. Finjan was not denied an opportunity to prove its case by ESET; Finjan simply did not, because it cannot.  And the time for Finjan to identify its proof has long since passed.  As the record stands, Dr. Mitzenmacher has identified ***no specific instances of source code where a Downloadable is hashed together with its fetched (executable) component***, and has identified no admissible basis on which a trier of fact could find infringement by a preponderance of the evidence.  There is no reason to allow Finjan to burden the jury with an infringement claim that is devoid of evidentiary support.

Finjan devotes much of its Opposition to its arguments that ESET's motion should be denied because the 2019 ruling is "law of the case" and ESET's motion "raises no new issues."  However, the Court specifically rejected those arguments during the May 11 telephonic status conference.  The Court pointed out that when it considered ESET's prior motion: (1) the Federal Circuit had not yet affirmed Judge Alsup's claim construction, which is identical to that adopted by this Court; and (2) it had not seen Dr. Mitzenmacher's demonstratives for the March 2020 trial, which described infringement *only* in the context of hashing multiple hashes together, not creating a single hash for a combined Downloadable and its fetched executable components.  As demonstrated in ESET's opening memorandum, and again herein, Dr. Mitzenmacher's expert opinions do not comport with the Court's claim construction for the "hashing ... together" limitation, and thus are inadmissible to support a jury finding of infringement.

Finjan further argues that the Federal Circuit's affirmance of the *Juniper* claim construction does not apply here because the Juniper ***products*** somehow may have been different than ESET's products.  But as the Court recognized in granting ESET's proffer, application of the proper construction of the claims of the '780 patent by Dr. Mitzenmacher

has nothing to do with operation of ESET's products, and it cannot as a matter of law. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc) (claims may not be construed by reference to the accused device); *Optical Disc Corp. v. Del Mar Avionics*, 208 F.3d 1324, 1333 (Fed. Cir. 2000) (claim scope is a question of law and "is determined without regard to the accused device"). To be clear, ESET's argument is that the Federal Circuit affirmed the *Juniper* district court determination that the **scope** of the claim, as interpreted, does not permit multiple hashes. The proper scope requires that the **content** of the fetched components be combined and that the combined **content** be hashed. It is therefore legally impermissible to claim, as Finjan does here, that a combination of multiple **hashes** can meet the properly construed limitation.

Finjan's final challenge to ESET's motion is an *ad hominem* attack, accusing ESET of violating the Court's Order granting leave to file the instant motion. Finjan's argument is meretricious. The Court granted ESET leave to file a motion explaining why Dr. Mitzenmacher's expert testimony diverges from the Court's claim construction. ESET has done just that. No infringement opinion offered by Dr. Mitzenmacher based upon an "ID of hashes" can meet the Court's construction. Neither can his opinion be admissible when it ignores the claim requirement that components be "fetched" or are "to be executed by the Downloadable." *See VR Optics, LLC v. Peloton Interactive, Inc.*, Nos. 2021-1900, 2021-1901, 2021-1918, 2023 U.S. App. LEXIS 3678, at *17 (Fed. Cir. Feb. 16, 2023) (expert "testimony cannot preclude summary judgment because it is based on an unduly narrow reading of the district court's claim construction"); *Duncan Parking Techs., Inc. v. IPS Grp., Inc.*, 914 F.3d 1347, 1363 (Fed. Cir. 2019) ("the district court is not obligated to credit an expert's testimony" on summary judgment when the testimony is "foreclosed by the district court's claim construction"). The few remaining instances where Dr. Mitzenmacher ambiguously refers to hashing "streams" of buffered data also are shown to be inadmissible where he concedes (e.g., in ¶ 359) that such hashing results in *plural* hashes, not a single value as required by the Court's construed claim language.

ESET's motion proves that Dr. Mitzenmacher's source code infringement opinions rely on creating an "ID of hashes" from separately hashed components. Finjan's expert's remaining "infringement proofs" are insufficient as a matter of law as either relying on marketing materials, relying on ambiguous citations to source that merely mimic the asserted claim language, or ignore other required claim limitations, *e.g.*, that the referenced components be "fetched" and also are "to be executed." Finjan's opposition does not substantively address any of the foregoing arguments. Instead, Finjan resorts to revisionist history, name-calling, and blaming ESET for Finjan's expert's failure.

Finjan's infringement case for the '780 patent is predicated entirely upon its improper interpretation of the hashing limitation of claim 9, which was rejected by the Federal Circuit in *Juniper*. At a minimum, this Court should strike from Dr. Mitzenmacher's proposed testimony every opinion and source code citation that refers to combining multiple hashes to generate a Downloadable ID. His opinions about hashing non-executable embedded files likewise should be stricken because those files – whether or not "fetched" (and they are not) – are not executable, as required by the claims, and thus are inadmissible. Dr. Mitzenmacher's remaining infringement opinions, *e.g.*, about "hashing a data stream" should be stricken as lacking specificity, and thus an adequate factual basis, to meet Finjan's burden of proof. And should the Court find that Dr. Mitzenmacher's contentions do not provide enough specificity as to exactly how the claimed hashing function is performed on a combined Downloadable and its fetched component to generate a single hash – and none do – Finjan has failed to establish infringement by a preponderance of the evidence.

## II.  CONCLUSION

Finjan has failed to identify ***any*** admissible expert testimony by Dr. Mitzenmacher to support Finjan's infringement claim for the '780 patent. ESET respectfully submits that, as a matter of law, Finjan has failed to establish a triable issue of infringement for the '780 patent, and that ESET is entitled to summary judgment of non-infringement of the '780 patent for all of its accused products.

| | |
|---|---|
| Dated: June 21, 2023 | Respectfully submitted,<br><br>**EVERSHEDS SUTHERLAND (US) LLP**<br><br>*/s/ Nicola A. Pisano*<br>NICOLA A. PISANO, CA Bar No. 151282<br>    NicolaPisano@eversheds-sutherland.com<br>JOSE L. PATIÑO, CA Bar No. 149568<br>    JosePatino@eversheds-sutherland.com<br>JUSTIN E. GRAY, CA Bar No. 282452<br>    JustinGray@eversheds-sutherland.com<br>SCOTT A. PENNER, CA Bar No. 253716<br>    ScottPenner@eversheds-sutherland.com<br>12255 EL CAMINO REAL, SUITE 100<br>SAN DIEGO, CALIFORNIA  92130<br>TELEPHONE:     858.252.6502<br>FACSIMILE:      858.252.6503<br><br>Attorneys for Defendants and Counter-Plaintiffs ESET, LLC and ESET, SPOL. S.R.O. |