1  Juanita R. Brooks (SBN 75934) brooks@fr.com
2  Roger A. Denning (SBN 228998) denning@fr.com
   Jason W. Wolff (SBN 215819) wolff@fr.com
3  Michael A. Amon (SBN 226221) amon@fr.com
   K. Nicole Williams (SBN 291900) nwilliams@fr.com
4  Megan A. Chacon (SBN 304912) chacon@fr.com
   FISH & RICHARDSON P.C.
5  12860 El Camino Real, Suite 400
   San Diego, CA 92130
6  Tel: (858) 678-5070 / Fax: (858) 678-5099

7
   Lawrence Jarvis (*pro hac vice*)
8  FISH & RICHARDSON P.C.
   1180 Peachtree St., NE
9  21st Floor
   Atlanta, GA 30309
10 Tel: (404) 891-5005 / Fax: (404) 892-5002

11
   Attorneys for Plaintiff & Counter-Defendant
12 FINJAN LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 17-cv-0183 CAB (BGS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINJAN LLC'S MOTION *IN LIMINE* NOS. 1-4**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Pretrial Conference: August 10, 2023<br>Time: 10:00 AM<br>Courtroom: 15A<br>Judge: Hon. Cathy Ann Bencivengo |

# TABLE OF CONTENTS

I. MOTION IN LIMINE NO. 1: THE COURT SHOULD PRECLUDE REFERENCE TO FINJAN'S PATENT ACQUISITION AND ENFORCEMENT PRACTICES ................................................................... 1

    A. Finjan's Patent Acquisition and Enforcement Practices Are Irrelevant to the Disputed Issues in this Case ............................................ 2

    B. Reference to Finjan's Patent Acquisition and Enforcement Practices at Trial Will Result in Unfair Prejudice, Confusion, and Misleading the Jury ................................................................. 3

II. MOTION IN LIMINE NO. 2: THE COURT SHOULD PRECLUDE REFERENCE TO FORTRESS INVESTMENT GROUP'S ACQUISITION OF FINJAN HOLDINGS, INC. ................................................ 4

    A. Fortress Investment Group's Acquisition of Finjan is Irrelevant to any Claim or Defenses in this Case ....................................... 4

III. MOTION IN LIMINE NO. 3: THE COURT SHOULD PRECLUDE REFERENCE TO ANY PRIOR TRIAL OR DEPOSITION TESTIMONY THAT HAS BECOME IRRELEVANT TO ANY ISSUE IN THE CASE DUE TO THE FEDERAL CIRCUIT'S RULING IN *FINJAN, INC. V. ESET, LLC*, NO. 21-2093 (FED. CIR. 2022). .................................................................. 5

IV. MOTION IN LIMINE NO. 4: THE COURT SHOULD PRECLUDE MR. RIGHARD ZWIENENBERG OR ANY OTHER LAY WITNESS FROM PROVIDING OPINIONS ON ALLEGED INVALIDITY ................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Cardiovascular Sys. Inc. v. Scimed Life Sys., Inc.*,
  887 F.2d 1070 (Fed. Cir. 1989) ................................................................... 8

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
  410 F.3d 701 (Fed. Cir. 2005) ..................................................................... 8

*Briese Lichttechnik Vertriebs GmbH v. Langton*,
  Case No. 09 Civ. 9790(LTS)(MHD), 2012 WL 5457681 (S.D.N.Y.
  Nov. 8, 2012) ................................................................................................ 8

*Cybergym Research, LLC v. ICON Health and Fitness, Inc.*,
  Case No. 2:05-CV-527 (DF), 2007 WL 9724237 (E.D. Tex. Oct. 7,
  2007) ............................................................................................................. 9

*Finjan LLC v. ESET, LLC*,
  51 F.4th 1377 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 1783 (2023) ............. 5, 6

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
  Case No. 15-cv-03295-BLF, Doc. No. 404 (N.D. Cal. Oct. 18,
  2017) ............................................................................................................. 4

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y 1970), *mod. and aff'd.*, 446 F.2d 295
  (2d Cir. 1971), *cert denied*, 404 U.S. 870 (1971) ......................................... 2

*Gilead Scis., Inc. v. Natco Pharma Ltd.*,
  753 F.3d 1208 (Fed. Cir. 2014) ................................................................... 5

*Henderson v. Peterson*,
  Case No. C 07-2838 SBA PR, 2011 WL 2838169 (N.D. Cal. July
  15, 2011) ....................................................................................................... 3

*In re Homestore.com, Inc. Sec. Litig.*,
  No. CV 01-11115, 2011 WL 291176 (C.D. Cal. Jan. 25, 2011) ................. 2

*HVLPO2, LLC v. Oxygen Frog, LLC*,
  949 F.3d 685 (Fed. Cir. 2020) ................................................................. 8, 9

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) ........................................................................................ 8

*Mendenhall v. Cedarapids, Inc.*,
    5 F.3d 1557 (Fed. Cir. 1993) ........................................................................................ 4

*Optis Wireless Tech., LLC, et al., v. Apple Inc.*,
    Case No. 2:19-cv-066, Doc. No. 437 (E.D. Tex. July 28, 2020) ................................. 7

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) .................................................................................... 8

*Seals v. Mitchell*,
    Case No. CV 04-3764 NJV, 2011 WL 1399245 (N.D. Cal. April 13, 2011) ................................................................................................................... 4

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    940 F. Supp. 2d 480 (E.D. Tex. 2013), *aff'd,* 769 F.3d 1073 (Fed. Cir. 2014) ...................................................................................................................... 8

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    No. 07-md-01819 CW, 2010 WL 10086747 (N.D. Cal. Dec. 16, 2010) ..................................................................................................................... 2

*United States v. Nace*,
    561 F.2d 763 (9th Cir. 1977) ........................................................................................ 6

**Other Authorities**

FED. R. CIV. P. 26 .................................................................................................................. 8

FED. R. EVID. 401 ....................................................................................................... 1, 4, 5, 6

FED. R. EVID. 402 ............................................................................................................. 4, 5, 6

FED. R. EVID. 403 ....................................................................................................... 1, 3, 4, 5

FED. R. EVID. 701 ............................................................................................................. 7, 8, 9

FED. R. EVID. 702 ............................................................................................................. 7, 8, 9

I. **MOTION IN LIMINE NO. 1: THE COURT SHOULD PRECLUDE REFERENCE TO FINJAN'S PATENT ACQUISITION AND ENFORCEMENT PRACTICES**

At the previous trial, counsel for ESET told the jury in opening statement that: "So why did Finjan get such short-lived patents? So it could sue everyone in the anti-malware business, to reap what it had not sown. You'll hear Finjan has sued more than 23 companies in the last ten years and has, I believe, right now, five other pending litigations. Is this illegal? No. Sadly, it's not. But does it promote science and useful arts as envisioned in the Constitution? Absolutely not. Finjan's conduct just adds to the expense of litigation and increases costs to consumers with no benefit." Ex. A, Trial Tr. Vol. 1 at 130:17-25 (Mar. 10, 2020).[1] ESET's counsel also argued: "And because many of Finjan's patents have expired, Finjan is now in the business of buying third-party patents to fuel its business." *Id.* at 127:23-25. These are just two examples of ESET's counsel attempting to paint Finjan as a patent troll with no redeeming value.

The Court should preclude ESET from presenting any argument or evidence regarding Finjan's practices relating to acquisition or enforcement of its intellectual property under FED. R. EVID. 401, 402, and 403. Finjan has lawfully sought redress for infringement of its intellectual property by other companies and their accused products. In all instances that intellectual property was homegrown, such as the three patents in this case, and none were acquired. Regardless, the mere existence of Finjan's enforcement actions against other infringers, or acquisition of intellectual property, has no bearing or relevance on the claims and defenses here—they do not have "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Worse, any argument or evidence presented by ESET

---

[1] All exhibits are attached to the accompanying Omnibus Declaration of Megan A. Chacon In Support of Finjan LLC's Motion *in Limine* Nos. 1-4.

suggesting Finjan is unduly litigious by nature of its enforcement or acquisition practices is highly prejudicial to Finjan. ESET has already stipulated it will not use the terms "patent troll," "paper patent," and "shell corporation" in reference to Finjan. Doc. No. 764 at 19:21-22. Such a stipulation is meaningless, however, if ESET is allowed to describe Finjan in the pejorative manner it did at the last trial.

### A. Finjan's Patent Acquisition and Enforcement Practices Are Irrelevant to the Disputed Issues in this Case

Any reference to Finjan's practices of enforcing its intellectual property rights or acquiring other intellectual property is irrelevant to the disputed issues in this case and should be precluded. Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence. FED. R. EVID. 402. If true to form, rather than focus on the claims and defenses, ESET hopes to obscure the issues in the case with irrelevant facts related to the number of companies Finjan has sued over the years and the purported need to acquire more patents to "fuel" its business. *See* Ex. A, Trial Tr. Vol. 1 at 127:23-128:1, 130:17-25 (Mar. 10, 2020). This type of mudslinging lacks any tendency to make any material fact regarding Finjan's claims or ESET's defenses more or less probable and will only serve to prejudice the jury against Finjan. *In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (finding that "evidence of Plaintiff's involvement in other litigation . . . is also irrelevant and carries with it a high risk of prejudice."); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (granting motion in limine to exclude reference to party's other litigation, finding "[s]uch evidence does not appear relevant"). This lack of relevance alone is grounds for preclusion. FED. R. EVID. 402.

Finjan recognizes that license agreements which resulted from prior litigations involving patents or parties not at issue in this case may be relevant to damages, including to *Georgia-Pacific* factors 4, 12 and 15. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y 1970), *mod. and*

*aff'd.*, 446 F.2d 295 (2d Cir. 1971), *cert denied*, 404 U.S. 870 (1971).  Finjan is not attempting to prevent the damages experts from considering and discussing licenses that arose from such prior litigation.  There is no reason, however, for the damages experts to go into irrelevant and inflammatory details of the cases or for allowing ESET to paint Finjan as particularly litigious.  It is improper to conflate irrelevant and pejorative descriptions of Finjan's patent acquisition or enforcement practices with the analysis of comparable licenses for damages.  The Court should thus preclude ESET from presenting irrelevant argument or evidence regarding Finjan's patent acquisition or enforcement practices.

**B.   Reference to Finjan's Patent Acquisition and Enforcement Practices at Trial Will Result in Unfair Prejudice, Confusion, and Misleading the Jury**

Even if there were any probative value in ESET's presentation of Finjan's patent acquisition or enforcement practices—which, there is not—it is heavily outweighed by the prejudicial effect to Finjan.  Federal Rule of Evidence 403 states that the court may exclude relevant evidence "if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury. . . ."  FED. R. EVID. 403.  Unfair prejudice warranting preclusion includes an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  FED. R. EVID. 403 Advisory Committee Notes.  The Court should thus preclude ESET from offering prejudicial evidence or argument regarding Finjan's patent acquisition or enforcement practices.

The parties have already stipulated that ESET will not use the terms "patent troll," "paper patent," and "shell corporation" to describe Finjan before the jury, as that would clearly be prejudicial to Finjan.  Doc. No. 764 at 19:21-22.  ESET should not be allowed to do an end-run around that stipulation by referencing Finjan's other enforcement actions or its alleged need to buy patents to "fuel" its ongoing litigation practices.  Pejorative reference to Finjan's enforcement actions—including recent and

ongoing lawsuits to paint Finjan as a highly litigious entity is exactly the type of evidence courts have excluded. *See Henderson v. Peterson*, Case No. C 07-2838 SBA PR, 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011) ("As a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias."); *Seals v. Mitchell*, Case No. CV 04-3764 NJV, 2011 WL 1399245, at *3 (N.D. Cal. April 13, 2011) ("The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged.").

Moreover, any reference to the decisions in other Finjan cases would pose a substantial risk of impairing the jury's ability to reach a fair and independent decision here where there are different accused products at issue. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1572–75 (Fed. Cir. 1993) (prior judicial opinion was properly excluded from the jury under Rule 403); Ex. B, *Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 15-cv-03295-BLF, Doc. No. 404 at 5 (N.D. Cal. Oct. 18, 2017) (excluding litigations involving different defendants and different accused products).

Given the lack of relevance combined with the prejudicial effect ESET's arguments would have on the jury, this Court should preclude reference to Finjan's patent acquisition and enforcement practices.

## II. MOTION IN LIMINE NO. 2: THE COURT SHOULD PRECLUDE REFERENCE TO FORTRESS INVESTMENT GROUP'S ACQUISITION OF FINJAN HOLDINGS, INC.

### A. Fortress Investment Group's Acquisition of Finjan is Irrelevant to any Claim or Defenses in this Case

The Court should preclude ESET from eliciting testimony, presenting evidence, or otherwise referencing facts related to Fortress Investment Group's ("Fortress") July, 2020 acquisition of Finjan Holdings, Inc.[2] (the "Fortress

---

[2] Plaintiff Finjan LLC, previously Finjan, Inc., is a wholly-owned subsidiary of Finjan Holdings, Inc.

Acquisition") for lack of relevance under FED. R. EVID. 401 and 402. For evidence to be relevant, it must have "tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. The Asserted Patents, U.S. Patent Nos. 6,154,844 (the "'844 Patent"), 6,804,780 (the "'780 Patent"), and 8,079,086 (the "'086 Patent"), all expired in 2017, roughly three years before the Fortress Acquisition. Because expired patents are dedicated to the public domain, Fortress could not have owned the Asserted Patents. *Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1214 (Fed. Cir. 2014) ("[I]t is a bedrock principle of our patent system that when a patent expires, the public is free to use" the patented invention) Accordingly, the amount Fortress paid to acquire Finjan and its patent portfolio has no bearing on the value of the Asserted Patents in this case.[3] Indeed, neither parties' damages expert has provided any opinions or testimony related to the Fortress Acquisition. The Court should thus preclude any discussion at trial of the Fortress Acquisition as it is irrelevant and would only serve to confuse and mislead the jury. *See* FED. R. EVID. 401-403.

### III. MOTION IN LIMINE NO. 3: THE COURT SHOULD PRECLUDE REFERENCE TO ANY PRIOR TRIAL OR DEPOSITION TESTIMONY THAT HAS BECOME IRRELEVANT TO ANY ISSUE IN THE CASE DUE TO THE FEDERAL CIRCUIT'S RULING IN *FINJAN, INC. V. ESET, LLC*, NO. 21-2093 (FED. CIR. 2022).

Pursuant to Federal Rules of Evidence 401 and 402, Finjan respectfully requests the Court preclude reference to any prior trial or deposition testimony that has become irrelevant to any issue in the case due to the Federal Circuit's ruling in *Finjan LLC v. ESET, LLC*, 51 F.4th 1377, 1383 (Fed. Cir. 2022), *cert. denied*, 143 S.

---

[3] Finjan's concern stems from ESET's protracted and unsuccessful efforts to obtain irrelevant discovery on the Fortress Acquisition during the limited discovery period opened for the '305 Patent, which is no longer at issue in this case. Doc. Nos. 904, 928.

Ct. 1783 (2023). Specifically, the Court should exclude testimony regarding the definition of "small" in the Court's previous construction of the term "Downloadable." The Court should preclude such reference or testimony because any testimony from the previous trial that has been rendered irrelevant by the Federal Circuit's decision would be unduly prejudicial to Finjan. It risks confusing the jury or encouraging it to decide the issues before it based on irrelevant considerations.

During the first trial, ESET argued that the Asserted Patents were indefinite because of the Court's claim construction order, which construed the term "Downloadable" to mean "a small executable or interpretable application program which is downloaded from a source computer and run on a destination computer." Doc. No. 195, Claim Construction Order at 3. This indefiniteness defense made up a large part of ESET's trial strategy: the cross-examination of Dr. Cole alone contains 22 pages of questions and answers devoted solely to the meaning of the term "small." Ex. A, Trial Tr. Vol. 3 at 395:19–416:9 (Mar. 12, 2020). The Federal Circuit, however, took a different view, holding that the term "Downloadable" meant "an executable or interpretable application program, which is downloaded from a source computer and run on the destination computer." The term "small" is no longer included. *Finjan LLC v. ESET, LLC*, 51 F.4th at 1383.

The Federal Circuit's opinion renders the meaning of the term "small," and any witness's opinion about it irrelevant. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The testimony of *any* witness as to what "small" means in the context of the Asserted Patents is thus no longer relevant to the case since the meaning of the term is no longer a "fact of consequence." The rules are clear—"[i]rrelevant evidence is not admissible." FED. R. EVID. 402.

To the extent that ESET wishes to use purported contradictions in a witness's testimony regarding this topic to attack their credibility, such impeachment would be

improper. Impeachment on a collateral matter should properly be excluded. *United States v. Nace*, 561 F.2d 763, 770 (9th Cir. 1977). Because the term "small" is no longer pertinent in the context of the Asserted Patents, testimony as to what constitutes a "small" Downloadable is collateral. Any introduction of testimony pertaining to the meaning of the term "small" should be excluded.

## IV. MOTION IN LIMINE NO. 4: THE COURT SHOULD PRECLUDE MR. RIGHARD ZWIENENBERG OR ANY OTHER LAY WITNESS FROM PROVIDING OPINIONS ON ALLEGED INVALIDITY

Finjan requests the Court preclude lay witnesses, such as Mr. Righard Zwienenberg, from offering expert opinions. *See Optis Wireless Tech., LLC, et al., v. Apple Inc.*, Case No. 2:19-cv-066, Doc. No. 437 at 195:3-10 (E.D. Tex. July 28, 2020). In the parties' previous pretrial order submission, for example, ESET describes fact witness Mr. Zwienenberg as "a consultant to ESET" who ESET intended to testify about "prior art anti-virus software development, distribution, functionality, and availability, including, but not limited to, Thunder Byte." Doc. No. 764 at 13:11-12, 15:1-4. However, ESET's Chief Technology Officer, Juraj Malcho, testified that Mr. Zwienenberg was asked to and requested permission from ESET to testify as an expert witness regarding Thunder Byte in another Finjan case. Ex. C (Juraj Malcho Dep. Tr.) at 265:10-266:3. Finjan seeks to preclude Mr. Zwienenberg and any other lay witnesses from offering expert opinions. Instead of stipulating to this straightforward motion *in limine*, ESET would rather leave open the door for its fact witnesses to provide improper opinions on infringement, invalidity, and claim scope—all without complying with expert disclosures and requirements of Rule 702.

First, Federal Rule of Evidence 701 allows opinion testimony by a lay witness "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Thus, as a general matter, lay witnesses may offer opinion

testimony as to matters within their personal experience and based upon ordinary reasoning, but may not offer opinions as to ultimate legal questions such as invalidity or technical matters requiring the application of complex principles or methodologies. *See, e.g.*, *HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 690–91 (Fed. Cir. 2020) (finding "the district court abused its discretion by admitting lay witness testimony regarding obviousness").

Second, Fed. R. Civ. P. 26 requires parties to disclose the identity of witnesses who will present evidence under Fed. R. Evid. 702 and provide these witnesses' written reports or disclosures, and ESET did not comply with these requirements for any of its employees or Mr. Zwienenberg.  *See* FED. R. CIV. P. 26(a)(2).

Finally, opinions regarding invalidity fall within the realm of expert testimony, not lay witness testimony.  Applying technical understanding of a product to the limitations of the claim is a quintessential expert function.  FED. R. EVID. 702; *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980-81 (Fed. Cir. 1995); *Advanced Cardiovascular Sys. Inc. v. Scimed Life Sys., Inc.*, 887 F.2d 1070, 1076 (Fed. Cir. 1989).  This is because claims must be understood from the standpoint of a person of skill in the art at the time of the effective filing date of the patent application. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005).  Under Fed. R. Evid. 701(c), lay opinion testimony is limited to opinions that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FED. R. EVID. 701(c).  As such, "it would be significantly prejudicial to allow a fact witness[] to testify as to his opinions on the issues of infringement and validity." *SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 500 (E.D. Tex. 2013), *aff'd,* 769 F.3d 1073 (Fed. Cir. 2014).  Thus, courts routinely hold that comparison of patent claims or claim language to an instrumentality or prior art reference by fact witnesses such as Mr. Zwienenberg is inappropriate under Rule 701.  *See, e.g.*, *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713-14 (Fed. Cir. 2005) (excluding testimony of lay witness as to "both the structural components of the accused device and to their

respective functions"); *Briese Lichttechnik Vertriebs GmbH v. Langton*, Case No. 09 Civ. 9790(LTS)(MHD), 2012 WL 5457681, at *6 (S.D.N.Y. Nov. 8, 2012) (granting motion to strike lay witness testimony "to the extent that it offers any infringement opinion or claim construction" because a lay witness cannot "parse the terms of the patent claims to opine as to whether the patent reads on" the products). This type of testimony necessarily "would have required an expert report based on 'scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Cybergym Research, LLC v. ICON Health and Fitness, Inc.*, Case No. 2:05-CV-527 (DF), 2007 WL 9724237, at *2 (E.D. Tex. Oct. 7, 2007) (precluding a "technical" lay witness from "providing a legal determination of infringement" under Rule 701); *see also HVLPO2*, 949 F.3d at 690–91 (Fed. Cir. 2020) (finding "the district court abused its discretion by admitting lay witness testimony regarding obviousness"). Thus, it would be improper to allow a lay witness, such as Mr. Zwienenberg, to offer testimony regarding invalidity.

DATED: July 20, 2023

Respectfully Submitted,

By: */s/ Juanita R. Brooks*
Juanita R. Brooks, brooks@fr.com
Roger A. Denning, denning@fr.com
Jason W. Wolff, wolff@fr.com
Michael A. Amon, amon@fr.com
K. Nicole Williams, nwilliams@fr.com
Megan A. Chacon, chacon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tel: (404) 891-5005
Fax: (404) 892-5002

Attorneys for Plaintiff & Counter-Defendant Finjan LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 20, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Juanita R. Brooks*
Juanita R. Brooks