Juanita R. Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
K. Nicole Williams (SBN 291900) nwilliams@fr.com
Megan A. Chacon (SBN 304912) chacon@fr.com
Tyler R. Train (SBN 318998) train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

*Additional Counsel Listed on Signature Page*

Attorneys for Plaintiff & Counterclaim-Defendant
FINJAN LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>                 Plaintiffs,<br><br>   v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>                 Defendants. | Case No. 17-cv-0183 CAB (BGS)<br><br>**FINJAN LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO CORRECT JUDGMENT (DKT. NO. 1017)**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Date: November 6, 2023<br>Courtroom: 15A<br>Judge: Hon. Cathy Ann Bencivengo |

1
2  AND RELATED COUNTERCLAIMS
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

On September 13, 2023, this Court entered Judgment Following a Civil Jury Trial ("Judgment") (Dkt. No. 1017).  The Judgment resulted from a jury trial that was held from August 28, 2023 through August 31, 2023 and September 5, 2023 through September 8, 2023 between Plaintiff/Counterclaim-Defendant Finjan LLC ("Finjan") and Defendant/Counterclaim-Plaintiffs ESET, LLC and ESET SPOL S.R.O. (collectively, "ESET").  Finjan brings this motion pursuant to Federal Rule of Civil Procedure 60, or alternatively pursuant to Rule 59(e), and respectfully requests that this Court correct the Judgment by specifying:

(1) the jury's verdict against Finjan was only with respect to its claims for infringement of claims 1, 7, and 15 of U.S. Patent No. 6,154,844 (the "'844 Patent"), claims 9 and 13 of the U.S. Patent No. 6,804,780 (the "'780 Patent"), and claim 24 of U.S. Patent No. 8,079,086 (the "'086 Patent") (the claims collectively referred to herein as the "Asserted Claims"; the patents collectively referred to herein as the "Patents-in-Suit"); and

(2) the jury's verdict against ESET's counterclaims for declaratory judgment of invalidity regarding the same Asserted Claims.  *See* Dkt. No. 1016 at 3-5; *see also* Dkt. No. 142 at 34-36; Dkt. No. 143 at 34-36.

## II. LEGAL STANDARDS

Rule 60(a) permits corrections based on clerical mistakes, oversights, and omissions.  *See* Fed. R. Civ. P. 60(a).  Courts have found that "a court's failure to memorialize part of its decision is a clerical error." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012).  A court may "correct omissions so long as those corrections are limited to clarifications of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *See id*.

Rule 59(e) permits a motion to alter or amend a judgment filed no later than 28 days after the entry of a judgment.  *See* Fed. R. Civ. P. 59(e).  A motion under Rule

59(e) may be granted to correct manifest error of law or fact or manifest injustice. *See Turner v. Burlington Norther Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

### III.  ARGUMENT

During the jury trial held from August 28, 2023 through August 31, 2023 and September 5, 2023 through September 8, 2023, the jury heard argument and evidence from Finjan in support of its claims for infringement and from ESET in support of its counterclaims for invalidity. Specifically, Finjan asserted that certain of ESET's accused products infringed claims 1, 7, and 15 of the '844 Patent, claims 9 and 13 of the '780 Patent, and claim 24 of the '086 Patent. For its part, ESET asserted counterclaims of declaratory judgment of invalidity for each of these same patents and claims. At trial, ESET expressly narrowed its counterclaims for invalidity of the Patents-in-Suit to invalidity based on anticipation for claims 1, 7, and 15 of the '844 Patent and claims 9 and 13 of the '780 Patent, invalidity based on obviousness for all Asserted Claims, invalidity based on inventorship for claim 24 of the '086 Patent, and invalidity based on patent ineligibility for claims 9 and 13 of the '780 Patent. *See* Dkt. No. 1016 at 3-5.

After discussion between the parties and the Court, a final jury verdict was formulated to specifically identify each of Finjan's claims for infringement and each of ESET's counterclaims for invalidity. *See* Dkt. No. 1016. After deliberation, a unanimous jury found that Finjan did not meet its burden to demonstrate infringement of the Asserted Claims. *Id*. at 1-2. The jury also unanimously found that ESET did not meet its burden to demonstrate invalidity of the Asserted Claims. *Id*. at 3-5. The September 13, 2023 Judgment, however, does not sufficiently and completely reflect the jury's findings. Dkt No. 1017.

A judgment is sufficient under Fed. R. Civ. P. 58 when "it is self-contained, clearly stating all of the relief that the district court found [the plaintiff] entitled to." *Pacific Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270, 1278 (9th Cir. 1998); *see also Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (a

"judgment should be self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion."). The judgment here is incomplete under this rule, in that it omits the jury's unanimous finding against ESET's counterclaims for declaratory judgment of invalidity for the Patents-in-Suit and therefore does not state all of the relief to which the Court has found Finjan is entitled. Rather, the Judgment presently states without clarity "**The issues have been tried and the jury has rendered its verdict. IT IS HEREBY ORDERED AND ADJUDGED: Verdict is in favor of Defendants.**" Dkt. No. 1017 (emphasis added).

There can be no dispute that this omission from the Judgment was no more than a clerical error that can be corrected under Rule 60(a). *See Garamendi*, 683 F.3d at 1077. The verdict form is clear on its face reflecting the jury's finding in favor of Finjan with respect to ESET's invalidity counterclaims. And nothing prohibits this Court from correcting this clerical error now as neither party has docketed an appeal of any issue to date. *See* Fed. R. Civ. P. 60(a) ("But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.") The Court should thus correct the Judgment pursuant to Fed. R. Civ. P. 60 to also reflect the jury's finding against ESET's counterclaims for invalidity, which is no more than an inadvertent omission supported by the original intent of the final jury verdict form.

To the extent the above-noted omission from the Judgment is not deemed a clerical error pursuant to Fed. Cir. Civ. P. 60, the Judgment may be amended to properly reflect the jury's verdict under Fed. R. Civ. P. 59(e). To date, ESET has filed motions for costs and attorneys' fees based on a Judgment that does not accurately reflect ESET's failure to prove by clear and convincing evidence that the Asserted Claims of the Patents-in-Suit should be declared invalid. *See* Dkt. Nos. 1025, 1026. Denial of Finjan's requested relief would constitute a manifest error of law and fact, and would be manifestly unjust to Finjan. The Court should thus alternatively amend

the Judgment pursuant to Fed. R. Civ. P. 59(e) to reflect the jury's finding against ESET's counterclaims for invalidity.

## IV. CONCLUSION

For the reasons set forth above and pursuant to Federal Rule of Civil Procedure 60, or alternatively Rule 59(e), Finjan respectfully requests that this Court grant its motion and correct the September 13, 2023 Judgment Following Civil Jury Trial by (1) specifying that judgment against Finjan was only with respect to its claims for infringement of claims 1, 7, and 15 of the '844 Patent, claims 9 and 13 of the '780 Patent, and claim 24 of the '086 Patent and (2) specifying the jury's finding of a verdict against ESET's counterclaims for declaratory judgment of invalidity for each of the same.

DATED: October 2, 2023

Respectfully Submitted,

By: /s/ *Juanita R. Brooks*
Juanita R. Brooks, brooks@fr.com
Roger A. Denning, denning@fr.com
Jason W. Wolff, wolff@fr.com
Michael A. Amon, amon@fr.com
K. Nicole Williams, nwilliams@fr.com
Megan A. Chacon, chacon@fr.com
Tyler R. Train, train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
jarvis@fr.com
Nicholas A. Gallo (*pro hac vice*)
gallo@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309

1 | Tel: (404) 891-5005
2 | Fax: (404) 892-5002
3 | Riley J. Green (*pro hac vice*)
4 | rgreen@fr.com
  | FISH & RICHARDSON P.C.
5 | 1717 Main Street, Suite 5000
6 | Dallas, TX 75201
  | Tel: (212) 747-5070
7 | Fax: (212) 747-2091

Attorneys for Plaintiff & Counterclaim-Defendant Finjan LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Juanita R. Brooks*
Juanita R. Brooks