Juanita R. Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
K. Nicole Williams (SBN 291900) nwilliams@fr.com
Megan A. Chacon (SBN 304912) chacon@fr.com
Tyler R. Train (SBN 318998) train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

*Additional Counsel Listed on Signature Page*

Attorneys for Plaintiff and Counter-Defendant
FINJAN LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 17-cv-0183 CAB (BGS)<br><br>**FINJAN LLC'S OPPOSITION TO ESET, LLC AND ESET, SPOL. S.R.O.'S APPLICATION FOR THEIR BILL OF COSTS (DOC. NO. 1025)**<br><br>Hearing Date: October 13, 2023<br>Time: 10:00 a.m.<br>Courtroom: 15A<br>Judge: Hon. Cathy Ann Bencivengo |

Finjan LLC (hereinafter "Finjan") submits this opposition to ESET, LLC and ESET SPOL. S.R.O.'s (collectively "ESET") application and memorandum for their Bill of Costs (Doc. No. 1025) (the "Application").

## I. INTRODUCTION

ESET requests an award of costs after succeeding on only one of six questions presented to the jury. Notably, ESET lost on every claim that it originally filed as a declaratory judgment plaintiff against Finjan. Against Finjan's request, ESET insisted that its invalidity and unenforceability claims be presented to the jury regardless of the jury's infringement decision. For ESET, a determination of non-infringement was not enough. It vigorously pursued the invalidation of Finjan's asserted patents (driving many of its now complained-of costs), and in the end did not prevail on any of its invalidity or license defenses. This does not meet the requirement that ESET be considered a "prevailing party" to be entitled to costs. Even if ESET were found to have prevailed, the difficulty of the technology in this case should cause the Court to exercise its discretion to deny ESET's request for costs. And that ESET inflates its bill of costs with expenses spent on losing issues and unnecessary witness expenses only further cuts against ESET's request and failure to explain how many of those costs were necessary for the case or the particular non-infringement issues the jury found in its favor. For the reasons discussed below, the Court should deny ESET's Application for an award of costs.

## II. LEGAL STANDARDS

Courts consider two steps in determining whether a party is entitled to an award of costs under Fed. R. Civ. P. 54(d): "(1) does that party meet the definition of a 'prevailing party' under Rule 54(d); and (2) should the Court exercise its broad discretion and award only low costs or no costs at all." *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2013 WL 12094820, at *3 (S.D. Cal. Feb. 6, 2013), *aff'd*, 571 F. App'x 955 (Fed. Cir. 2014). Federal Circuit law controls under the first step, while the second step is a matter of regional circuit law. *Mformation*

*Techs., Inc. v. Rsch. in Motion Ltd.*, No. C-08-4990 EMC, 2012 WL 6025746, at *2 (N.D. Cal. Dec. 4, 2012).

The Federal Circuit has explained that for a party to be determined a prevailing party, it must obtain relief that "materially alters the legal relationship between the parties." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Courts have repeatedly found that the legal relationship between a patentee and an accused infringer has not been materially altered when, as is the case here, a partial judgment rendered the asserted patents not infringed and not invalid. *See, e.g., Lifescan Inc. v. Home Diagnostics, Inc.*, 2001 WL 1339405 (D. Del. 2001); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F. Supp. 2d 819 (W.D. Wis. 2008), *aff'd*, 607 F.3d 784 (Fed. Cir. 2010); *Dentsply Int'l Inc. v. Hu-Friedy Mfg. Co. Inc.*, 2007 WL 2409739 (M.D. Pa. 2007); *Senior Tech., Inc. v. R.F. Tech., Inc.*, 190 F.R.D. 642 (D. Neb. 2000); *Compro-Frink v. Valk Mfg. Co.*, 595 F.Supp. 302 (E.D. Pa. 1982).

In considering whether to deny or lower an award of costs, the Ninth Circuit has considered factors such as whether "the issues in the case were close and difficult" and whether "the prevailing party's recovery was nominal or partial." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Courts in this circuit have also considered acts by the party seeking costs, such as "calling unnecessary witnesses" and "inflating costs." *Mformation Techs.*, 2012 WL 6025746, at *2.

### III.   ARGUMENT

#### A.   ESET Is Not a Prevailing Party

Whether a party is the prevailing party is a threshold inquiry in awarding costs. *Manildra*, 76 F.3d at 1182. ESET largely fails to address this threshold issue and simply assumes that "as the prevailing party," it is entitled to recover costs. *See* Appl. at 1. Without explanation, ESET claims that "the jury returned a verdict in ESET's favor," but this disregards the majority of the jury's verdict deciding against

1  ESET.  Although the jury decided in favor of ESET for the first presented question
2  regarding infringement, the jury decided in favor of Finjan for the remaining five
3  questions regarding invalidity by anticipation, obviousness, and inventorship, patent
4  ineligibility, and licensing.  See Doc. No. 1016.

5  Courts frequently find there to be no prevailing party with partial decisions
6  such as the jury's verdict in this case.  In *Silicon Graphics*, the court found that
7  "neither side prevailed and neither side lost" where the jury found non-infringement
8  and no invalidity because "defendants learned that their products did not infringe the
9  [asserted] patent but lost when they tried to prove invalidity of certain claims of the
10 [asserted] patent."  569 F. Supp. 2d at 833.  The court concluded that "[u]nder the
11 circumstances, no reason exists to award fees and costs to either side."  *Id.*
12 Similarly in *Dentsply*, the court found no prevailing party where judgment was
13 entered for the defendant on plaintiffs' claim of infringement and for the plaintiffs
14 on the defendant's counterclaim of patent invalidity because "both parties benefitted
15 from the judgment" in that "[p]laintiffs have obtained a judicial declaration of the
16 validity of their patent, and defendant has obtained a judicial declaration that their
17 product does not infringe plaintiffs' patent."  2007 WL 2409739, at *1 n.2; *see also*
18 *Lifescan*, 2001 WL 1339405, at *2 (finding no prevailing party where the defendant
19 succeeded against the plaintiff's infringement allegations and the plaintiff succeeded
20 against the defendant's invalidity and unenforceability allegations because "[t]he
21 litigation resulted in a tie" in that "each party achieved some success and enhanced
22 its position by virtue of this litigation."); *Senior Tech.*, 190 F.R.D. at 644 (same);
23 *Compro-Frink v. Valk Mfg. Co.*, 595 F.Supp. at 304 (same).

24 Here, ESET not only raised invalidity as an affirmative defense and
25 counterclaim in the present action, but it also filed its own declaratory judgment
26 action for invalidity in this district while Finjan's infringement case was still
27 pending in the Northern District of California (both cases were subsequently
28 consolidated with this action).  See Doc. No. 60 at 2 (discussing ESET's complaint

and amended complaint for declaratory judgment of all asserted patents).  Further, Finjan's proposed verdict form directed the jury only to continue to decide ESET's claims for patent claims that the jury found to be infringed.  *See* Doc. No. 976 at 3.  ESET disagreed and insisted that the jury also render a decision on all of ESET's defenses no matter what the jury determined regarding infringement.  *See* Doc. No. 964.  The final verdict form that was ultimately presented to the jury reflected ESET's desire to obtain a decision on validity and enforceability.  In its determination, the jury found against ESET on every one of those issues that ESET put before it.  *See* Doc. No. 1016 at 3-5 (Questions 2-6).  ESET cannot ignore that the jury's finding was not limited to non-infringement.  Because the jury made substantive determinations against ESET at ESET's request, there can be no dispute that Finjan prevailed as to these claims and defenses.  With the jury finding in favor of both parties as to different issues, ESET cannot be considered the "prevailing party."  As such, ESET cannot recover costs made available only to prevailing parties under Rule 54(d).

   **B.**  **ESET Is Not Entitled to its Requested Award of Costs**

     **1.**  **The Court Should Exercise Its Discretion to Deny Costs**

Courts may exercise their discretion to deny costs where "the issues in the case were close and difficult" and "the prevailing party's recovery was nominal or partial."  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Here, the cybersecurity technology at issue in this case made the issues very difficult for the jury to learn and comprehend over a two-week period.  In the course of the trial, the jury listened to hours of dense, technical expert testimony and source code review.  The jury's understandable difficulty in grasping these highly technical concepts, where ESET disputed the accuracy of its own documents, led to a verdict determining that no party had met its burden on any Issue presented.  ESET's partial win in a difficult case on the single issue where it did not carry the burden of persuasion should not entitle it to recover costs here.  Thus, even if the

Court finds ESET to be the prevailing party, it should exercise its discretion to deny an award of costs.

## 2. To the Extent Any Costs Are Awarded to ESET, It Should Be Lowered From ESET's Inflated Request

When deciding what, if any, costs to award, courts have considered instances of the moving party "calling unnecessary witnesses" and "inflating costs." *Mformation Techs.*, 2012 WL 6025746, at *2. ESET's Application includes numerous unnecessary and inflated costs that should be excluded from its bill of costs.

First, ESET's Application fails to distinguish between which costs it incurred in defending against Finjan's infringement claims and which costs it incurred in pursuing its own invalidity claims. ESET should not be awarded costs relating to its failed invalidity claims because these costs were not necessary to support the only issue that ESET succeeded on (infringement). For example, ESET requests costs relating to the subpoenaed deposition of Dawn-Marie Bey ($204.95, $89.95, $739.70, $295.00, $1,020.65). Appl. at 2, 5. But as the prosecuting attorney of the asserted patents, Ms. Bey's testimony only related to ESET's invalidity and unenforceability claims. These costs should not be taxable.

Second, ESET should not be awarded its unnecessary and inflated witness costs. None of ESET's witnesses testified at the first trial, so none of ESET's requested witness expenses from that trial should be awarded. This includes the 2020 travel expenses of $25,201.82 and $15,714.00 (Appl. at 11) and the subsistence expenses for "Trial 1 Days" ($173/day for three days of eight witnesses ($4,152)) (*id.* at 13).

Civil Local Rule 5.1 requires each document filed with the Court to be in English, yet ESET provides no translations of its foreign language invoices. Demonstrative of the issue is that an online translation of the invoice attached as Exhibit 4 to ESET's Application suggests that ESET took a private plane

5
FINJAN LLC'S OPPOSITION TO APPLICATION FOR BILL OF COSTS
Case No. 17-cv-0183 CAB (BGS)

("privátnym lietadlom") for the first trial, which clearly is not a "common carrier" as required for taxation under 28 U.S.C. § 1821(c). No explanation as for the necessity of this expense is provided.

For the second trial, ESET similarly requests unexplained and inflated flight expenses for Richard Marko ($5,247.77) and Juraj Malcho ($6,060.78), which each are nearly the same as the combined travel expenses for three ESET employees who apparently departed on the same day and returned earlier. *See* Appl. at 11-12. Further, ESET includes change fees for Wojciech Skora and Mateusz Wojcik that included flight upgrades ($1,748.38) but provides no explanation as to the necessity for this expense. *See Rodriguez v. Gen. Dynamics Armament & Tech. Prod., Inc.*, 775 F. Supp. 2d 1217, 1223 (D. Haw. 2011) (finding that an "unsupported and conclusory explanation" as to the necessity of the requested costs is insufficient). Finjan objects to ESET's foreign language invoices that are in Slovak without an English translation under Civil Local Rule 5.1. Because ESET failed to provide delineated, translated invoices, and inexplicably redacted invoices, any inferences that can be gleaned from these invoices should be drawn in favor of Finjan. *See In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) ("[T]he burden is on the prevailing [party] to establish the amount of compensable costs and expenses to which they are entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden.").

ESET also submits attendance ($520), travel (one-third of $6,046.02 ($2,015.34)), and subsistence ($161/day for five days ($805)) expenses for Marcin Gabryszewski, who did not testify. *Id.* at 10-13. ESET does not provide an explanation as to the necessity of Mr. Gabryszewski's attendance, so these expenses should not be taxable. Further, ESET requests five days of subsistence expenses for its employee fact witnesses (*id.* at 13), when each of these witnesses only testified on one day of trial ($161/day for four additional days for six witnesses ($3,864)). The witnesses asked the Court if they could stay for the rest of trial after they

testified, but their attendance after testifying was voluntary and should not be taxable.

In total, to the extent the Court is inclined to award costs to ESET and declines to accept Finjan's other objections as to the failure to provide English language invoices and a sufficient explanation of the necessity of the costs, its bill of costs is inflated by at least $67,159.34.

## IV. CONCLUSION

For the reasons discussed above, Finjan respectfully requests that the Court deny ESET's request for an award of costs. If the Court awards any costs, Finjan requests that it exclude ESET's unnecessary and inflated costs.

| | |
|---|---|
| DATED: October 6, 2023 | Respectfully Submitted, |
| | By: /s/ *Juanita R. Brooks* |
| | Juanita R. Brooks, brooks@fr.com |
| | Roger A. Denning, denning@fr.com |
| | Jason W. Wolff, wolff@fr.com |
| | Michael A. Amon, amon@fr.com |
| | K. Nicole Williams, nwilliams@fr.com |
| | Megan A. Chacon, chacon@fr.com |
| | Tyler R. Train, train@fr.com |
| | FISH & RICHARDSON P.C. |
| | 12860 El Camino Real, Suite 400 |
| | San Diego, CA 92130 |
| | Tel: (858) 678-5070 |
| | Fax: (858) 678-5099 |
| | |
| | Lawrence Jarvis (*pro hac vice*) |
| | jarvis@fr.com |
| | Nicholas A. Gallo (*pro hac vice*) |
| | gallo@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1180 Peachtree Street, NE |
| | 21st Floor |
| | Atlanta, GA 30309 |
| | Tel: (404) 891-5005 |
| | Fax: (404) 892-5002 |
| | |
| | Riley J. Green (*pro hac vice*) |
| | rgreen@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1717 Main Street, Suite 5000 |
| | Dallas, TX 75201 |
| | Tel: (212) 747-5070 |
| | Fax: (212) 747-2091 |
| | |
| | Attorneys for Plaintiff & Counter-Defendant Finjan LLC |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 6, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Juanita R. Brooks*
Juanita R. Brooks