NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
REGIS C. WORLEY, CA Bar No. 234401
   RegisWorley@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:      858.252.6502
FACSIMILE:      858.252.6503

JOSE L. PATIÑO, CA Bar No. 149568
   JPatino@buchalter.com
**BUCHALTER, APC**
655 WEST BROADWAY, SUITE 1600
SAN DIEGO, CALIFORNIA  92101
TELEPHONE:      619.219.5335
FACSIMILE:      619.219.5344

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ESET, LLC, et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**MEMORANDUM IN OPPOSITION TO FINJAN LLC'S MOTION TO CORRECT JUDGMENT (D.I. 1017)**<br><br>Date:    November 6, 2023<br>Place:   Courtroom 15A<br>Judge:  Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

17cv0183

49348324.2

## I. INTRODUCTION

Following a two-week jury trial, Finjan left the court room completely empty handed while ESET obtained a resounding and complete victory. While Finjan sought monetary damages for alleged infringement of its patents, ESET sought nothing but to be left alone. The jury agreed with ESET, finding none of Finjan's patents infringed and awarding Finjan not a single dollar. In accordance with the Federal Rules of Civil Procedure and clear precedent from the Federal Circuit, this Court declared ESET the prevailing party, explaining that the "[v]erdict is in favor of the Defendants." D.I. 1017.

Finjan's Motion to Correct Judgment ("Motion"), D.I. 1029, is a naked attempt to forestall Finjan's deadline to appeal, and to continue to run up ESET's legal bills. Finjan further seeks to derail this Court's determination that Finjan should reimburse ESET for its costs and fees incurred in responding to Finjan's bad faith enforcement and blatant litigation misconduct. Finjan's motion lacks any basis in fact or case law. Even a cursory review of Finjan's brief makes clear that it cannot cite a single case from the Federal Circuit supporting its position, or even a single case relating to patent law. This is not surprising, as the case law is clear on two directly applicable points: (1) there can be only one prevailing party in a litigation; and (2) when a defendant challenging claims brought by a patentee wins on non-infringement, that defendant is the prevailing party even if the claims are not also invalidated.

Finjan's motion is a further waste of this Court's time and effort to needlessly increase ESET's defense costs.

## II. LEGAL STANDARD

Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to *the* prevailing party." Fed.R.Civ.P. 54(d)(1) (emphasis added). The Federal Circuit has explained "the plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular. Had Congress intended for there to be multiple prevailing parties, it could easily have said so, substituting

49348324.2

'parties' for 'party.'" *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). Thus, there can be only a single prevailing party in a case. *See id.*; *see also Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, Case No. 3:17-cv-01781-HZ, 2018 U.S. Dist. LEXIS 64694, at *2 (S.D. Cal. Apr. 17, 2018) (quoting *Former Employees of Motorola Ceramic Prod. v. United States*, 336 F.3d 1360, 1363 (Fed. Cir. 2003) ("The Federal Circuit has found that, 'by definition' there can be 'only one prevailing party.'"))[1]. This is true even where there is a mixed result on various claims because "[a] party is not required…to prevail on all claims in order to qualify as a prevailing party under Rule 54." *Id.* at 1367-1368; *see also Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 3:15-cv-01879-BEN-BLM, 2020 U.S. Dist. LEXIS 173879, at *11 n.2 (S.D. Cal. Sep. 21, 2020) (quoting *Shum*, 629 F.3d at 1367-68) ("There can be only one prevailing party, but '[a] party is not required ... to prevail on all claims in order to qualify.'").

In patent cases, "the determination of who is the prevailing party is governed by Federal Circuit precedent." *Columbia Sportswear*, 2018 U.S. Dist. LEXIS 64694 at *3. The Federal Circuit has further confirmed that in a patent case, where the defendant wins on non-infringement, even if the defendant loses on its invalidity case, the defendant is considered the sole "prevailing party." *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) ("Thus when Brooks established its non-infringement of the Dutailier patent, it prevailed in the litigation. That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in Brooks' favor."), abrogated by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014) on other grounds. Despite the abrogation of *Brooks* on other grounds in 2014, district courts continue to find its core premise – that a non-infringement verdict alone is sufficient to declare the defendant a prevailing party – still good law. *See, Golden Bridge Tech. v. Apple Inc.*, Case No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *3-4 (N.D. Cal. Dec. 21, 2015) ("In patent infringement cases,

---

[1] Finjan's counsel should be well-aware of this holding, as named counsel from Fish & Richardson in the *Columbia Sportswear* action was also named counsel in the present action.

**a party that establishes non-infringement and avoids liability may be the prevailing party even though it is unsuccessful on an invalidity defense**." (emphasis added)); *Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*, Case No. ED CV19-00257 JAK (KKx), 2020 U.S. Dist. LEXIS 262865, at *10 (C.D. Cal. Oct. 21, 2020); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-1079-PSG, 2015 U.S. Dist. LEXIS 35366, at *9 (N.D. Cal. Mar. 20, 2015) ("Emblaze brought suit against Apple. **When the jury found noninfringement in Apple's favor, Emblaze lost. Emblaze therefore did not achieve its litigation objective.** That Apple did not succeed in its additional objective—invalidating Emblaze's patent—does not change the fact that **Apple did achieve its primary objective—avoiding liability**. **In short, Apple is the prevailing party.**" (emphasis added)).

### III. ARGUMENT

#### A. ESET Is the Prevailing Party and There Was No Clerical Error

As should be evident from the case law cited above, there was no "clerical error" (as Finjan alleges) in identifying ESET as the prevailing party in this litigation.[2]  Just as in the *Brooks* case, "because [ESET] established its non-infringement of the [Finjan] patent[s], it prevailed in the litigation.  That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in [ESET]'s favor." *See*, 393 F.3d at 1381 (Fed. Cir. 2005).

Similarly, as described in the *Emblaze* case, here ESET's litigation goal was to avoid liability.  When the jury found noninfringement in ESET's favor, ESET achieved its litigation goal in full.  Consequently, Finjan lost, failing to achieve its litigation objective.  That ESET did not succeed in its additional objective to invalidate already expired patents does not change the fact that ESET did achieve its primary objective.  In short, ESET is the *sole* prevailing party. *See Emblaze*, Case No. 5:11-cv-1079-PSG, 2015 U.S. Dist. LEXIS 35366 at *9.

---

[2] Putting aside the "prevailing party" issue, should the Court determine that there is some error in the judgment that requires correction, ESET requests that the Court clarify that the error is a clerical error under Rule 60(a) to remove any question about tolling the time for a notice of appeal. *See*, *e.g.*, *Icho v. MC Hammer*, 434 F. App'x 588, 590 (9th Cir. 2011) ("corrections under 60(a) do not toll applicable time limitations").

1    Finjan's brief fails to cite a single case from the Federal Circuit, nor does it identify
2 even a single patent case in its favor. Instead, each of Finjan's cases is clearly
3 distinguishable. For example, Finjan first cites to *Garamendi v. Henin*, 683 F.3d 1069,
4 1077 (9th Cir. 2012). *See* Brief at 1. But *Garamendi* says nothing about what happens in
5 a mixed verdict case, let alone a patent case. Instead the "correction" the *Garamendi* Court
6 made to the judgment resulted in clarification that no "punitive damages" had been
7 included so that a default judgment could be enforced by a foreign court. *Garamendi*, 684
8 F.3d at 1076. "If a judgment, as worded, is too vague to permit enforcement, the court may
9 reword the judgment as necessary to reflect its original intent." *Id.* at 1078. For example,
10 where a judgment cancelled a trademark but failed to specify what trademark number was
11 cancelled, it was appropriate to use Rule 60 to permit the Patent and Trademark Office to
12 properly enforce the judgment. *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444-46 (9th
13 Cir. 1990). Here, there is no ambiguity in the judgment: it is clear that the "verdict is in
14 favor of Defendants." D.I. 1017.

15    Finjan's citation to *Turner v. Burlington Northern Santa Fe R.R. Co.,* 338 F.3d 1058,
16 1063 (9th Cir. 2003) is equally puzzling. Motion at 1-2. In *Turner*, the Ninth Circuit
17 explained that there are only four reasons for a court to modify a judgment under Rule
18 59(e), one of which was to "correct manifest errors of law or fact upon which the judgment
19 is based." *Turner* concluded that the only basis for applying Rule 59 in that case was an
20 allegation of an alleged manifest error. *Id.* But the Ninth Circuit concluded the district
21 court was **not** wrong to deny alteration of the verdict under Rule 59 because the jury heard
22 sufficient evidence to support the jury's verdict. *Id.* Nothing in *Turner* related to a mixed
23 judgment, finding multiple parties "prevailing" or even demonstrating when it would be
24 proper to amend the judgment. *Turner* is simply inapplicable.

25    Finjan next relies on *Pacific Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d
26 1270, 1278 (9th Cir. 1998). Motion at 2. But again, that case does not involve correcting
27 a judgment, a mixed result, patent law, or any issue raised in Finjan's Motion. Instead the
28 only issue in *Domino's* related to Rule 58 and whether an amendment to a final judgment

resets the 30-day clock within which an appeal should be filed. *Id.* at 1278. *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) similarly has nothing to do with correcting a judgment, what happens in a mixed result, or patent case. Those four cases are the sum total of Finjan's "support" for its "analysis."

Finjan relies on generic statements in the foregoing cases to contend that the judgment entered here is somehow "incomplete." Motion at 3. But Finjan offers no case law explaining why, where a jury finds a patent infringement defendant is found not to infringe and is therefore the "prevailing party" under Federal Circuit precedent, there is any basis to correct that judgment under Rule 59(e)[3] or 60(a). Rather, Finjan's request to amend the judgment's identification of the prevailing party runs afoul of the limitations on Rule 60(a) precluding use of that Rule to change the substantive terms of the judgment. *See ACT 898 Prods. v. WS Indus.*, 774 F. App'x 1012, 1015 (9th Cir. 2019) (quoting *Garamendi*, 683 F.3d at 1080) ("Rule 60(a) … does not allow for changes to the 'operative, substantive terms of the original judgment.'"). Here, in accordance with Federal Circuit law, the judgment simply reflects the required finding that the "Verdict is in favor of Defendants."

## IV. CONCLUSION

For the reasons stated above, Finjan's baseless motion should be denied.

---

[3] Finjan's motion recites both FRCP 59(e) and 60(a) as bases for the requested relief. But Rule 59(e) is merely a timing rule and says nothing about modification of a judgment.

49348324.2

| | | |
|---|---|---|
| 1 | Dated:  October 23, 2023 | Respectfully submitted, |
| 2 | | **EVERSHEDS SUTHERLAND (US) LLP** |

*/s/ Scott A. Penner*
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
REGIS C. WORLEY, CA Bar No. 234401
   RegisWorley@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:     858.252.6502
FACSIMILE:     858.252.6503

JOSE L. PATIÑO, CA Bar No. 149568
   JPatino@buchalter.com
**BUCHALTER, APC**
655 WEST BROADWAY, SUITE 1600
SAN DIEGO, CA 92101
TELEPHONE:     619.219.5335
FACSIMILE:     619.219.5344

Attorneys for Defendants and Counter-Plaintiffs ESET, LLC and ESET, SPOL. S.R.O.

49348324.2