Juanita R. Brooks (SBN 75934) brooks@fr.com
Roger A. Denning (SBN 228998) denning@fr.com
Jason W. Wolff (SBN 215819) wolff@fr.com
Michael A. Amon (SBN 226221) amon@fr.com
K. Nicole Williams (SBN 291900) nwilliams@fr.com
Megan A. Chacon (SBN 304912) chacon@fr.com
Tyler R. Train (SBN 318998) train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005 / Fax: (404) 892-5002

*Additional Counsel Listed on Signature Page*

Attorneys for Plaintiff and Counter-Defendant
FINJAN LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>             Plaintiff,<br><br>  v.<br><br>ESET, LLC and ESET SPOL. S.R.O.,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 17-cv-0183 CAB (BGS)<br><br>**FINJAN LLC'S REPLY IN SUPPORT OF ITS MOTION TO CORRECT JUDGMENT (DKT. NO. 1017)**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Date: November 6, 2023<br>Courtroom: 15A<br>Judge: Hon. Cathy Ann Bencivengo |

## I. INTRODUCTION

Finjan's motion to correct the judgment is a straightforward ministerial matter: Finjan seeks the judgment to accurately reflect the mixed verdicts found by the jury and reflected in the verdict form. ESET prevailed on infringement but did not prevail on its counterclaims for invalidity based on anticipation, obviousness, patent ineligible subject matter, and inventorship. Instead of agreeing to this straightforward request, or even responding directly on the merits, ESET's response strays far afield and does not actually address Finjan's Rule 60 or 59 arguments or the jury's verdict. Finjan's motion was not about costs or attorneys' fees, or who was the prevailing party. Nevertheless, ESET meanders off in irrelevant vitriol about its many grievances as a backdoor for more pages on its requests for costs (Doc No. 1025) and fees (Doc No. 1026). These issues are briefed, and ESET's opposition is unhelpful in assisting the Court to resolve judgment. The issue is appropriately capturing the mixed verdict found by the jury, which the current judgment does not do and which ESET does not dispute. The Court should thus grant Finjan's motion to correct the judgment.

## II. ARGUMENT

As Finjan's Opening brief succinctly states, the Court may correct a judgment under Federal Rule of Procedure 60(a) to correct clerical mistakes, oversights, and omissions. (Doc. No. 1929-1 at 1.) Nothing in ESET's brief actually refutes that the judgment in this case contains a clerical mistakes, oversights, or omissions. The judgment does not reflect the jury's mixed verdict finding that ESET did not prevail on its invalidity counterclaims based on anticipation for claims 1, 7, and 15 of the '844 Patent and claims 9 and 13 of the '780 Patent, invalidity based on obviousness for all Asserted Claims, invalidity based on inventorship for claim 24 of the '086 Patent, and invalidity based on patent ineligibility for claims 9 and 13 of the '780 Patent. (Doc. No. 1016 at 3-5.)

Correcting the judgment to reflect the jury's mixed verdict is not a "change of course" or a "modification to the intended legal effect of a judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). Nor does it change any analysis of who the prevailing party is, even if one entertains ESET's opposition as reflecting the true legal issue in dispute in this motion. The jury in this case unanimously found that ESET did not meet its burden to demonstrate Finjan's asserted claims were invalid based on anticipation, obviousness, patent ineligible subject matter, or lack of inventorship by clear and convincing evidence. To retain a judgment that suggests to the public that ESET was successful on all of its counterclaims—"Verdict is in favor of Defendants" (i.e., that the disputed claims were found invalid, when they were not)—would be manifestly unjust to Finjan and may be addressed via amendment under Fed. R. Civ. P. 59(e) if not considered a straightforward correction under Fed. R. Civ. P. 60(a). *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("Rule 59(e) may be granted . . . if such motion is necessary to prevent manifest injustice" or where "the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment.").

Instead of addressing these issues, ESET set forth a swath of cases relating to who is a prevailing party under Fed. R. Civ. P. 54. (Doc. No. 1043 at 1-3.) These cases do not address with the relief sought by Finjan: correction or amendment of a judgment under Fed. R. Civ. P. 59 or 60. ESET's cases, rather, relate to motions or awards for costs or attorneys' fees. More important, many of ESET's cases illustrate the importance of accurately capturing a mixed verdict in the judgment. For example, in *Shum v. Intel Corp.*, the Federal Circuit affirmed an award of costs to each party with respect to the claims on which they each prevailed regardless of one party being found to be the prevailing party. 629 F.3d. 1360, 1364 (Fed. Cir. 2010) (finding the district court did not abuse its discretion in awarding costs to each party with respect to the claims on which they each prevailed). The Court discussed in detail the district

court's findings as to what claims each party prevailed on as it was a mixed decision on the disputed inventorship claims and statement law claims. *See id*. at 1365. Indeed, that mixed decision was specified in the judgment, as the Court should do here. *See* Exh. 1 (*Shum v. Intel Corp., et al.*, Case No. 4:02-cv-03262-DLJ, Doc. No. 979 (specifying partial judgment as to claims for correction of inventorship pursuant to 35 U.S.C. § 256 for certain patents in favor of Shum); Exh. 2 (*Shum v. Intel Corp., et al.*, Case No. 4:02-cv-03262-DLJ, Doc. No. 980 (specifying partial judgment as to state law claims and claims for correction of inventorship pursuant to 35 U.S.C. § 256 for certain patents in Intel Corp.'s favor.). The same is true in *Columbia v. Seirus*, where the court accurately captured the mixed decisions on the parties' respective claims in the judgment. *See* Exh. 3 (*Columbia Sportswear N.A., Inc. v. Seirus Innovative Accessories, Inc.*, Case No. 3:17-cv-01781-HZ, Doc. No. 403 (specifying judgment in favor of Columbia on infringement and damages and judgment in favor of Seirus as to no willful infringement and invalidity as to specific claims and patents). That is all Finjan is asking here.

## III.   CONCLUSION

Whether Finjan or ESET is considered the prevailing party is a separate issue the parties have taken up in the course of their briefing for ESET's motions for costs (Doc No. 1025) and attorneys' fees (Doc. No. 1026). The Court need not reach that decision here, and instead address the straightforward issue of whether the jury's mixed verdict is accurately and completely captured in the judgment issued by the Court on September 13, 2023. Currently, it is not. Finjan thus respectfully requests that the Court grant its motion to correct the judgment.

Dated:  October 30, 2023            Respectfully Submitted,

                                    By:  */s/ Megan A. Chacon*
                                         Juanita R. Brooks, brooks@fr.com
                                         Roger A. Denning, denning@fr.com

Jason W. Wolff, wolff@fr.com
Michael A. Amon, amon@fr.com
K. Nicole Williams, nwilliams@fr.com
Megan A. Chacon, chacon@fr.com
Tyler R. Train, train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Lawrence Jarvis (*pro hac vice*)
jarvis@fr.com
Nicholas A. Gallo (*pro hac vice*)
gallo@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Tel: (404) 891-5005
Fax: (404) 892-5002

Riley J. Green (*pro hac vice*)
rgreen@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (212) 747-5070
Fax: (212) 747-2091

Attorneys for Plaintiff and Counter-Defendant Finjan LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 30, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Megan A. Chacon*
Megan A. Chacon