NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
REGIS C. WORLEY, CA Bar No. 234401
   RegisWorley@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:    858.252.6502
FACSIMILE:    858.252.6503

JOSE L. PATIÑO, CA Bar No. 149568
   JPatino@buchalter.com
**BUCHALTER, APC**
655 West Broadway, Suite 1600
San Diego, California  92101
Telephone:   (619) 219-5335
Facsimile:   (619) 219-5344

Attorneys for Defendants and Counter-Plaintiffs
ESET, LLC and ESET, SPOL. S.R.O.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ESET, LLC, et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-0183-CAB-BGS<br><br>**SUPPLEMENTAL DECLARATION OF SCOTT A. PENNER IN SUPPORT OF BILL OF COSTS**<br><br>Date:    November 1, 2023<br>Time:    10:00 a.m. |

50056650.1

I, Scott A. Penner, declare and state as follows:

1. I am an attorney at law duly licensed in the States of California and Texas and before this Court. I am a partner at the law firm of Eversheds Sutherland (US) LLP, counsel of record for Defendants and Counter-Plaintiffs ESET, LLC and ESET, spol. s.r.o. ("ESET"). I make this declaration based upon my personal knowledge and am willing to testify to the truth of the matter asserted herein if called to do so.

2. On November 17, 2023 the parties had a joint conference call with Mr. Hazzard regarding ESET's request for taxable costs. During the conference, Mr. Hazzard permitted ESET to file a declaration by November 22, 2023 supplementing certain information submitted with ESET's initial filing.

3. With respect to the witness fees, ESET provides the following table that identifies the days each witness was reasonably in the district for the trial and for which of those dates ESET seeks reimbursement. With respect to the dates in 2020, the witnesses arrived in the district, the trial began on March 10, 2020, and ESET's witnesses were present in the district to be called in Finjan's case in chief. After three full days of trial, the Court declared a mistrial on March 16, 2020 due to Covid. (D.I. 783). As shown in the chart, despite the witnesses reasonably being in the district several days before the trial (due to the international nature of their travel), and for some witnesses even over a weekend before their expected testimony, ESET conservatively has sought only reimbursement for *trial days* that the witnesses needed to reasonably be ready for and the day of the witness testimony. No witness fees are sought for any witness after the date of their testimony with the exception of ESET spol s.r.o.'s CEO and corporate representative Mr. Marko and ESET LLC's corporate representative Alexandra Albro, who reasonably attended each day of trial.

| Name | Deposition Days | Trial Days[1] | Travel Days | Attendance Fee |
|---|---|---|---|---|
| Alexandra Albro | 1 | 11 | - | $480 |

---

[1] Combined trial days from the 2020 and 2023 trials.

| Name | Deposition Days | Trial Days[1] | Travel Days | Attendance Fee |
|---|---|---|---|---|
| Marcin Gabryszewski | 1 | 7 | 4 | $480 |
| Juraj Janosik | 2 | 7 | 4 | $520 |
| Peter Kosinar | 4 | 8 | 4 | $640 |
| Peter Kovac | 1 | - | - | $40 |
| Michal Kovacik | 2 | - | - | $80 |
| Matej Krizan | 1 | - | - | $40 |
| Pavel Luka | 1 | - | - | $40 |
| Juraj Malcho | 1 | 7 | 4 | $480 |
| Richard Marko | 1 | 11 | 4 | $640 |
| Jana Michalikova | 1 | - | - | $40 |
| Vladimir Paulen | 1 | - | - | $40 |
| Viliam Simovic | 1 | - | - | $40 |
| Wojciech Skora | 2 | 8 | 4 | $560 |
| Ivan Somlo | 1 | - | - | $40 |
| Patrik Sucansky | 2 | 7 | 4 | $520 |
| Juraj Sustek | 2 | - | - | $80 |
| Jan Vrabec | 1 | - | - | $40 |
| Peter Vrana | 1 | - | - | $40 |
| Mateusz Wojcik | 2 | 8 | 4 | $560 |
| **Total:** | | | | **$5,400** |

**Alexandra Albro (corporate representative) [total 11 days]:**

    March 10-12, 2020 (3 days)

    August 28-31, 2023 (4 days)

    September 5-8, 2023 (4 days)

Ms. Albro arrived in the district by August 25, 2023 for the second trial and was also in the district over the weekend of September 1-4, but ESET is not seeking reimbursement for those days. As a corporate representative, Ms. Albro attended each day of trial in both 2020 and 2023. ESET conservatively seeks reimbursement only for the days Court was in session during which time Ms. Albro was in attendance in Court.

50056650.1

**Marcin Gabryszewski (fact witness) [total 7 days][2]**

       March 10-12, 2020 (3 days)

       August 28-31, 2023 (4 days)

Finjan identified Mr. Gabryszewski on its witness list for both trials. Mr. Gabryszewski traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness. With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Gabryszewski was waiting to be called to testify. With respect to the 2023 trial, Mr. Gabryszewski arrived in the district by August 24, 2023. Finjan rested its case in chief on August 31, 2023. Thus, despite reasonably being in the district for 8 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Gabryszewski was waiting for Finjan to call him as a witness. Because Finjan opted not to call Mr. Gabryszewski and dropped its allegations regarding HIPS, it only became apparent that Mr. Gabryszewski's testimony would not be needed once Finjan rested its case in chief.

**Juraj Janosik (fact witness) [total 7 days][3]**

       March 10-12, 2020 (3 days)

       August 28-31, 2023 (4 days)

Finjan identified Mr. Janosik on its witness list for both trials. Mr. Janosik traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness. With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Janosik was waiting to be called to testify. With respect to the 2023 trial, Mr. Janosik arrived in the district by August 24, 2023. Finjan rested its case in chief on August 31,

---

[2] ESET has reduced its request for days for Mr. Gabryszewski by one day and has reflected the change in the chart above.

[3] ESET has reduced its request for days for Mr. Janosik by one day and has reflected the change in the chart above.

50056650.1

2023 and Mr. Janosik testified on August 31, 2023.  Thus, despite reasonably being in the district for 8 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Janosik was waiting for Finjan to call him as a witness and the day he actually testified.

**Peter Kosinar (fact witness) [total 8 days]**

March 10-12, 2020 (3 days)

August 28-31, 2023 (4 days)

September 5, 2023 (1 day)

Finjan identified Mr. Kosinar on its witness list for both trials.  Mr. Kosinar traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness.  With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Kosinar was waiting to be called to testify.  With respect to the 2023 trial, Mr. Kosinar arrived in the district by August 24, 2023.  Finjan rested its case in chief on August 31, 2023 and Mr. Kosinar took the stand on September 5, 2023.  Thus, despite reasonably being in the district for 13 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Kosinar was waiting for Finjan to call him as a witness and the day he actually testified.  As shown from the above, ESET was conservative in its request and did not seek reimbursement for the Friday September 1, 2023 when the Court was not in session or the long Labor Day weekend September 2-4, 2023.

**Juraj Malcho (fact witness) [total 7 days][4]**

March 10-12, 2020 (3 days)

August 28-31, 2023 (4 days)

Finjan identified Mr. Malcho on its witness list for both trials.  Mr. Malcho

---

[4] ESET has reduced its request for days for Mr. Malcho by one and has reflected the change in the chart above.

traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness. With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Malcho was waiting to be called to testify. With respect to the 2023 trial, Mr. Malcho arrived in the district by August 24, 2023. Finjan rested its case in chief on August 31, 2023 and Mr. Malcho testified on August 31, 2023. Thus, despite reasonably being in the district for 8 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Malcho was waiting for Finjan to call him as a witness and the day he actually testified.

**Richard Marko (corporate representative / fact witness) [total 11 days]:**

       March 10-12, 2020 (3 days)

       August 28-31, 2023 (4 days)

       September 5-8, 2023 (4 days)

Mr. Marko arrived in the district by August 24, 2023 for the second trial and was also in the district over the weekend of September 1-4, but ESET is not seeking reimbursement for those days. As a corporate representative, Mr. Marko attended each day of trial in both 2020 and 2023 and ESET conservatively seeks reimbursement only for the days Court was in session during which time Mr. Marko was in attendance in Court.

Finjan also identified Mr. Marko on its witness list for both trials. Mr. Marko also traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness. With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Marko was waiting to be called to testify. With respect to the 2023 trial, Mr. Marko arrived in the district by August 24, 2023. Finjan rested its case in chief on August 31, 2023 and Mr. Malcho testified on August 31, 2023.

50056650.1

**Wojciech Skora (fact witness) [total 8 days]**

      March 10-12, 2020 (3 days)

      August 28-31, 2023 (4 days)

      September 5, 2023 (1 day)

      Finjan identified Mr. Skora on its witness list for both trials.  Mr. Skora traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness.  With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Skora was waiting to be called to testify.  With respect to the 2023 trial, Mr. Skora arrived in the district by August 24, 2023.  Finjan rested its case in chief on August 31, 2023 and Mr. Skora took the stand on September 5, 2023.  Thus, despite reasonably being in the district for 13 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Skora was waiting for Finjan to call him as a witness and the day he actually testified.  As shown from the above, ESET was conservative in its request and did not seek reimbursement for the Friday September 1, 2023 when the Court was not in session or the long Labor Day weekend September 2-4, 2023.

**Patrik Sucansky (fact witness) [total 7 days][5]**

      March 10-12, 2020 (3 days)

      August 28-31, 2023 (4 days)

      Finjan identified Mr. Sucansky on its witness list for both trials.  Mr. Sucansky traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness.  With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Sucansky was waiting to be called to testify.  With respect to the 2023 trial, Mr. Sucansky arrived in the district by August 24, 2023.  Finjan rested its case in chief on

---

[5] ESET has reduced its request for days for Mr. Sucansky by one and has reflected the change in the chart above.

50056650.1

August 31, 2023 and Mr. Sucansky testified on August 31, 2023. Thus, despite reasonably being in the district for 8 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Sucansky was waiting for Finjan to call him as a witness and the day he actually testified.

**Mateusz Wojcik (fact witness) [total 8 days]**

   March 10-12, 2020 (3 days)

   August 28-31, 2023 (4 days)

   September 5, 2023 (1 day)

Finjan identified Mr. Wojcik on its witness list for both trials. Mr. Wojcik traveled to the district to testify in both 2020 and 2023 in anticipation of Finjan calling him as witness. With respect to the 2020 trial, despite arriving by March 7, 2020, ESET is only seeking the three days that the trial actual proceeded and during which time Mr. Wojcik was waiting to be called to testify. With respect to the 2023 trial, Mr. Wojcik arrived in the district by August 24, 2023. Finjan rested its case in chief on August 31, 2023 and Mr. Wojcik took the stand on September 5, 2023. Thus, despite reasonably being in the district for 13 days due to the international nature of his trip, ESET only seeks reimbursement for the four days of trial where Mr. Wojcik was waiting for Finjan to call him as a witness and the day he actually testified. As shown from the above, ESET was conservative in its request and did not seek reimbursement for the Friday September 1, 2023 when the Court was not in session or the long Labor Day weekend September 2-4, 2023.

4. Attached as **Exhibit 4a** is a true and correct copy of a machine translation into English of what was previously submitted as Exhibit 4 (D.I. 1025-7).

5. As shown in Exhibit 4a, the return flight to Europe from the 2020 trial was by means of private plane. Here, the cost is taxable because there was no other way for the individuals to return to Europe. On March 16, 2020, the Court declared a mistrial

50056650.1

due to the start of the Covid pandemic. D.I. 783. A few days earlier, on March 11, 2020, President Trump announced a 30-day travel ban on flights from most of Europe including the countries from which the witnesses needed to return. See, e.g., https://www.bbc.com/news/world-us-canada-51883728. At the time the mistrial was declared, there was no common carriers that could return ESET's employees from the United States to Slovakia or Poland. Notably, the price per person for the private flight chartered by ESET to return its employees home was only 2,619 euros, which is comparable to the price per person for a one-way ticket on a common carrier for tickets purchased last minute.

6. As shown in Exhibit 4a, the flights for Richard Marko ($5,244.77) and Juraj Malcho ($6,060.78) were purchased on different dates from those of the other witnesses and involved different routing. Nothing in the purchase receipt indicates that the routing or price was anything other than "the most direct route, and on the most economical rate reasonably available." In fact, as shown in the various receipts, the routing for Mr. Marko and Mr. Malcho are more "direct" than the routing for the other witnesses. Mr. Marko and Malcho each flew directly from Vienna to London and then to Southern California whereas other witnesses were required to fly from Vienna to London and then to Canada and then to Southern California. Thus, if anything, ESET again conservatively purchased the tickets for the vast majority of its witnesses sending them on the less than ideal direct routing. But merely because ESET saved money by flying some witnesses on a less than direct route, does not mean ESET is not entitled to recover the full cost of Mr. Marko and Mr. Malcho's flights.

7. As shown in Exhibit 4a, Mr. Skora and Mr. Wojcik changed their flights ($1,748.38 total or $874.19 / person) to return on September 6, 2023 instead of September 8, 2023 ("from 8/9/2023 to 6/9/2023" where dates are written in DD/MM/YYYY format in accordance with international convention). Prior to the start of the trial it was not known when Mr. Skora and Mr. Wojcik would complete their testimony. Thus, when they completed their testimony on September 5, 2023, instead of

1 staying additional days and incurring the cost of hotel, food and transportation, each
2 returned home early.

3       8.     Based on my knowledge of the work completed on this case and my review
4 of the above listed documents, the costs claimed in ESET's Bill of Costs are correctly
5 stated, to the best of the my knowledge, the costs claimed were necessarily incurred
6 during the course of this litigation, and the services for which fees have been charged
7 were actually and necessarily performed.

8     I declare under penalty of perjury under the laws of the United States that the
9 foregoing is true and correct.

Dated:  November 20, 2023        Respectfully submitted,

*/s/ Scott A. Penner*
Scott A. Penner

Attorneys for Defendants and Counter-Plaintiffs ESET, LLC and ESET, SPOL. S.R.O.