UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ESET, LLC, et al,<br><br>          Defendants. | Case No.: 17-cv-183-CAB-BGS<br><br>**ORDER DENYING MOTION FOR ATTORNEYS FEES**<br><br>**[Doc. No. 1026]** |

Originally filed in 2016, this case was "exceptional" in many ways. However, the Court declines to find it exceptional pursuant to 35 U.S.C. § 285 and grant an award of attorney fees.

**I.    INTRODUCTION**

This case was heavily litigated by both parties in seven years of litigation. Finjan filed this case against ESET, LLC and ESET, Spol. S.R.O. (collectively "ESET") in 2016 alleging willful infringement of six patents related to complicated anti-malware source code. An initial trial on five patents commenced in early March 2020. That trial was

abruptly terminated due to the COVID-19 pandemic, and the Court declared a mistrial for the public health and safety of the jury, witnesses, and litigants. [Doc. No. 783].

This case was tried again before this Court between August 28, 2023 and September 8, 2023 for eight days, in which Finjan asserted that the ESET entities infringed claims 1, 7, and 15 of U.S. Patent No. 6,154,844 ('844), claims 9 and 13 of U.S. Patent No. 6,804,780 ('780), and claim 24 of U.S. Patent No. 8,079,086 ('086). ESET counterclaimed alleging non-infringement, invalidity of the asserted patents, and other affirmative defenses.

After eight days of trial, the jury returned its verdict that Finjan failed to establish that ESET infringed any of the asserted patents. While this rendered ESET the prevailing party in the litigation, the jury also found that ESET failed to establish any of its asserted defenses. ESET now brings a motion for attorney fees of $9.7 million. For the reasons asserted below, the Court **DENIES** ESET's motion.

## II.   STANDARD OF REVIEW

Reasonable attorney fees may be awarded to the prevailing party in a patent infringement case only in "exceptional cases." 35 U.S.C. § 285. A case is exceptional if it stands out from others with respect to either the (1) substantive strength of a party's litigating position or (2) the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

Parties seeking attorney fees have the burden of establishing the case is exceptional by a preponderance of the evidence. *Id.*  In determining whether to award fees, district courts may consider a nonexclusive list of factors, including "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). There is no precise rule or formula for determining whether to award attorney's

fees, but instead equitable discretion should be exercised in light of the above considerations. *Id.* At 554.

### III.  DISCUSSION

ESET requests attorney fees in the amount of $9.7 million for the period following the Court's October 2017 claim construction order. In its motion, ESET argues this amount is justified because Finjan (1) knew or should have known that its infringement theories were "baseless"; (2) asserted "unserious" damages theories; and (3) engaged in trial misconduct throughout discovery and both trials. [Doc. No. 1026-1]. The Court is not convinced.

"To be objectively baseless, the patentee's assertions—whether manifested in its infringement allegations or its claim construction positions—must be such that no reasonable litigant could reasonably expect success on the merits." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013) (quoting *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008)) (internal quotations omitted). "The strength of a party's litigation position is what is relevant to an exceptional case determination, not the correctness or success of that position." *FireBlok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 739 (Fed. Cir. 2021). "Fee awards are not to be used as a 'penalty for failure to win a patent infringement suit.'" *Stone Basket Innovations, LLC v. Cook Medical LLC,* 892 F.3d 1175, 1184 (Fed. Cir. 2018).

The Court does not find Finjan's infringement or damages theories were baseless or objectively unreasonable given the history of dispositive motions filed in this case. In October 2016, ESET filed two motions to dismiss for failure to state a claim, which were denied. [Doc. Nos. 105, 106]. In April 2019, both parties brought voluminous motions for summary judgment. The Court denied nearly all those motions except as to the exclusion of some of expert opinions and willful infringement. [Doc. Nos. 699, 720]. In August 2020, after the mistrial, the parties filed renewed motions for summary judgment. The Court granted ESET's renewed motion as to indefiniteness, and judgment was entered in favor

of ESET. [Doc. No. 875]. Finjan appealed that judgment to the Federal Circuit. The Federal Circuit issued a mandate which reversed-in-part the Court's October 2017 claim construction order, vacated the Court's grant of summary judgment, and remanded the case for further proceedings. [Doc. No. 886]. Finally, after returning to this Court, ESET filed another set of summary judgment motions in advance of the 2023 trial, which were withdrawn and denied. [Doc. Nos. 928, 950].

In light of the denial of the motions to dismiss, the failure of ESET to prevail on multiple motions for summary judgment, and the Federal Circuit's mandate, ESET's argument that Finjan should have known of its "baseless" infringement theories since the October 2017 claim construction is unpersuasive. Regardless of whether Finjan's infringement theories shifted throughout the litigation, those theories withstood scrutiny by both this Court and the Federal Circuit. Additionally, ESET's argument that Finjan dropped patents and claims on the eve of the 2023 trial is similarly unpersuasive, as it was done at the Court's suggestion for a more efficient trial.

Furthermore, Finjan's damages theories were not "unserious" enough to render this case exceptional pursuant to section 285. The Court assessed the damages theories and, as ESET mentioned in its motion, "the Court permitted [Damages Expert Kevin Arst] a 'do-over' on his damages opinions, so long as he could tie his revised opinion to Finjan's prior licenses.'" [Doc. No. 1026-1 at 18]. At the 2023 trial, Mr. Arst relied on the 2005 Licensing Agreement between Finjan and Microsoft and the *Georgia-Pacific* factors to give an opinion on damages. This is what the Court required of Finjan, and ESET has not demonstrated Finjan's damages theories were "unserious" by a preponderance of the evidence. This case is not exceptional merely because Finjan's theories did not prevail at trial. *See FireBlok IP Holdings, LLC*, 855 F. App'x at 739.

Finally, ESET's argument that Finjan engaged in exceptional trial misconduct is also unconvincing. In its motion, ESET argues that former counsel for Finjan violated protective orders during discovery. As with most discovery disputes, these violations were addressed by the magistrate judge. ESET also argues this case should be considered

exceptional because Finjan's counsel and experts tried to "mislead and confuse the jury" during the 2023 trial. [Doc. No. 1026-1 at 21]. The examples provided in ESET's motion, such as Finjan's allegedly "fake" impeachment practices and "fictitious" expert opinions [Doc. No. 1026-1 at 21], merely demonstrate Finjan's ill-fated litigation strategy more than intentional misconduct.[1]

## IV. CONCLUSION

Upon review of the totality of the circumstances, the Court does not find this case as "exceptional" to warrant attorney fees under section 285. The parties fought each other for seven years via voluminous motions for summary judgment, an appeal, and two trials. The jury found in ESET's favor on Finjan's claims and in Finjan's favor on ESET's defenses except the denial of infringement which ultimately made ESET the prevailing party. The litigation was not however so one-sided or objectively unreasonable as to find it exceptional and allow ESET to recover $9.7 million in fees. ESET's motion is hereby **DENIED.**

It is **SO ORDERED**.

Dated: November 21, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] ESET also states that "Finjan's counsel attempted to incite panic amongst the jury by suggesting ESET's witness could have jeopardized the health of the jury" when it "realized its infringement case had collapsed." [Doc. No. 1026-1 at 21-22]. While the Court was displeased with Finjan's counsel's tactic to illustrate potential bias of a witness by invoking a COVID exposure issue in front of the jury, the Court declines to find this litigation strategy was designed to provoke a mistrial because Finjan assessed its case as failing.